# EXHIBIT A

## PROMISSORY NOTE

$5,900,000.00                                                                                                    Effective Date: April 11, 2024

FOR VALUE RECEIVED, HELLER CAPITAL GROUP, LLC, a Delaware limited liability company, with an address at 415 N Prince Street, Lancaster, Pa 17603 (the "Maker"), promises and agrees to pay to the order of the DEERFIELD CAPITAL, LLC (the "Holder"), with an address at 16 Deerfield Road, Lancaster PA 17603, in lawful money of the United States of America, [FIVE MILLION NINE HUNDRED THOUSAND 00/100 DOLLARS] (the "Amount") which includes $5,100,000 principal amount plus 800,000 financing/loan fee) (collectively, the "Obligations").

1. **Loan Fee.** The loan fee will be $800,000 paid at time of loan repayment

2. **Payments.**

    (a) Payment to Holder will occur on or before April 15, 2024, and paid directly from the advance funder Madison Group as defined in disbursement email

    (b) All payments due hereunder shall be in lawful money of the United States of America in cash, by wire transfer of immediately available funds to such account of Holder as Holder may from time to time designate in writing to the Maker.

3. **Prepayment; Acceleration.**

    (a) This Note may be prepaid in full or in part at any time, without penalty, premium or additional interest.

4. **Default Interest Rate.** Following and during the continuation of an Event of Default, interest on the unpaid principal balance of the Note shall accrue at a simple rate (computed on the basis of a year of 365 days and actual number of days elapsed) of seventeen (17%) per annum or the maximum rate permissible by applicable law, whichever is less (the "Default Interest Rate").

5. **Events of Default.**

    (a) The occurrence of any of the following events will be deemed to be an "Event of Default" under this Note:

        (i) a default in the payment when due of all or any part of any obligation payable by the Maker hereunder (whether on the stated maturity or at any other time provided for in this Note) if not cured within One (1) calendar days after the Maker's receipt of written Notice from Holder;

        (ii) the filing of any petition or the commencement of any case or

proceeding by or against the Maker under any provision or chapter of the United States Bankruptcy Code, as amended, relating to insolvency, bankruptcy, or the reorganization (and, in the case of any such proceeding instituted against the Maker, such proceeding is not dismissed or stayed within sixty (60) days of the commencement thereof); or

    (iii) the appointment of or the taking possession by a custodian, trustee, or receiver of all or any assets of the Maker.

  (b) Upon the occurrence of an Event of Default, at Holder's option and upon written Notice to the Maker: (i) the then Outstanding Principal Balance and accrued and unpaid interest and loan fees hereunder shall be accelerated and become immediately due and payable; and/or (ii) this Note, including the Outstanding Principal Balance, together with the Loan Fee and all other obligations from the Maker to the Holder will bear interest at the Default Interest Rate from the date of such written Notice from Holder to the Maker.

  6. **Secured Note; Personal Guaranty.**

  (a) Except as provided in this Note, this Note is, and at all times shall be, a general unsecured obligation of the Maker.

  (b) The Maker hereby pledges and grants and shall cuase Heller Investment Holdings, LLC to pledge and grant a security interest to the Holder in the Maker's and Heller Investment Holdings, LLC's direct and indirect interests in GCC Investment Holdings, LLC, including ownership interest, capital invested, right to return of capital, right to return of payment, the proceeds of any loans. Maker agrees to sign additional pledge agreements and to authorize Maker and Heller Investment Holdings, LLC to file UCC-1 financing statements. To the extent the ownership interests are certificated, the Maker agrees to sign stock powers and give such certificates to the Holder upon the request of Holder.

  (c) Notwithstanding the foregoing, the Obligations due and owing under this Note shall be personally guaranteed by Daryl Heller pursuant to that certain Personal Guaranty, the form of which is attached hereto as <u>Exhibit A</u> (the "<u>Personal Guaranty</u>").

  7. **Governing Law and Jurisdiction.** This Note will be governed by and interpreted in accordance with the internal laws of the State of Pennsylvania. **EACH OF THE MAKER AND HOLDER HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE STATE OF PENNSYLVANIA AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS, WITH REGARD TO ANY ACTIONS, CLAIMS, DISPUTES OR PROCEEDINGS RELATING TO THE NOTE, OR ANY TRANSACTIONS ARISING THEREFROM, OR ENFORCEMENT AND/OR INTERPRETATION OF THE FOREGOING.**

  8. Upon the occurrence of an Event of Default, the whole of the principal sum and interest and loan fees thereon shall become due and payable at the option of the Holder, and one or more executions for collection of said principal sum with loan fees, interest accrued thereon at the rate specified to the date of default and thereafter at the Default Interest Rate, together with costs of suit and a reasonable attorney's fee for collection may issue forthwith on any judgment or

judgments obtained by the Holder hereof against the undersigned; and Holder (in addition to all other rights and remedies it may have) may exercise any and all rights and remedies which it may have under any document, statute, law or rule and all such rights and remedies, along with those set forth specifically herein shall be cumulative and enforceable alternatively, successively or concurrently.

THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER. IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE MAKER, THE MAKER HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE MAKER, UNCONDITIONALLY WAIVE ANY AND ALL RIGHTS THE MAKER HAVE OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR A HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.

UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, MAKER HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ATTORNEYS OF ANY COURT OF COMMON PLEAS OF PENNSYLVANIA, OR ANY ATTORNEY OR ATTORNEYS OF ANY OTHER COURT OF RECORD ELSEWHERE, OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN PENNSYLVANIA OR ELSEWHERE, TO APPEAR FOR MAKER IN SUCH COURT IN AN APPROPRIATE ACTION THERE OR ELSEWHERE BROUGHT OR TO BE BROUGHT AGAINST MAKER AT THE SUIT OF HOLDER ON THIS NOTE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN CONFESS OR ENTER JUDGMENT AGAINST MAKER FOR THE EXACT SUM WHICH SHALL BE THE AMOUNT OF THE AFORESAID PRINCIPAL SUM OF THIS NOTE, WITH LOAN FEES, INTEREST AND WITH ANY OTHER PAYMENTS AND CHARGES WHICH ARE PAYABLE BY THE MAKER UNDER THE TERMS OF THE LOAN DOCUMENTS, AND WITH COSTS OF SUIT AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) FOR COLLECTION (BUT IN NO EVENT LESS THAN TEN THOUSAND DOLLARS ($10,000.00) NOR MORE THAN THE ACTUAL ATTORNEY FEES INCURRED); AND FOR SO DOING, THIS NOTE OR A COPY THEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT, WITHOUT FURTHER STAY, AND WITH FULL RELEASE OR ERRORS, ANY LAW, USAGE OR CUSTOM TO THE CONTRARY NOTWITHSTANDING. SUCH AUTHORITY AND POWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS THERE IS OCCASION THEREFOR.

MAKER ACKNOWLEDGES AND AGREES THAT (i) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (ii) HOLDER'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH MAKER'S REASONABLE EXPECTATIONS, AND (iii) MAKER HEREBY WAIVES THE EFFECT AND APPLICATION OF, AND AGREES THE HOLDER SHALL NOT BE BOUND BY, THE DUTIES AND OBLIGATIONS IMPOSED BY 20 PA.C.S SECTION 5601.3(b) WITH REGARD TO ANY RIGHT, POWER OR REMEDY GRANTED TO THE HOLDER IN THIS NOTE OR

ANY OTHER RELATED LOAN DOCUMENTS.

9. **WAIVER OF JURY TRIAL.** EACH OF THE MAKER AND HOLDER HEREBY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING RELATING TO THIS NOTE OR THE OBLIGATIONS HEREUNDER. THE MAKER AND HOLDER EACH REPRESENTS TO THE OTHER THAT THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY GIVEN.

10. **Assignment.** This Note may be assignable by Holder. Maker acknowledges that Holder will be transferring participation interests in the Note and may assign all or part of the Holder's interests in the Note to such participants. Maker shall not assign, pledge, hypothecate or otherwise transfer its interest in this Note or any of its rights or interests hereunder without the prior written consent of the other party, which consent may not be unreasonably withheld or delayed.

11. **Amendment.** This Note may not be amended or modified other than pursuant to a written agreement executed by Maker and Holder.

12. **Binding Effect.** This Note shall be binding on and inure to the benefit of the Maker and Holder and their respective successors and permitted assigns. This Note is not intended to confer any rights or remedies upon any person except the Maker and Holder.

13. **Severability.** If any provision or provisions of this Note are held by a court of competent jurisdiction, for any reason, to be invalid, void or unenforceable, such court is expressly empowered to reform such provision(s) to the minimum extent required to bring such provision(s) in compliance with applicable law, and such provision(s) shall be deemed so reformed to minimum extent required to bring such provision(s), and the remaining provision or provisions will nevertheless be valid, enforceable and carried into effect. For avoidance of doubt, the invalidity or unenforceability of any such provision as written herein shall not invalidate or render unenforceable the remaining provisions hereof, all of which shall nevertheless remain in full force and effect.

14. **Notices.** All notices, requests, consents, claims, demands, waivers and other communications hereunder (each, a "Notice") shall be in writing and shall be deemed to have been given (a) when delivered by hand (with written confirmation of receipt); (b) when delivered to the addressee if sent by a nationally recognized overnight courier; (c) on the date sent by facsimile or e-mail of a PDF document (with confirmation of transmission) if sent during normal business hours of the recipient, and on the next business day if sent after normal business hours of the recipient; or (d) on the third day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid. Such communications must be sent to the respective parties at the addresses as set forth above (or at such other address for a party as shall be specified in a Notice given in accordance with this Section 14).

15. **Miscellaneous.** Unless the context clearly indicates otherwise, references to "Section" refers to the corresponding Section of this Note. Section headings contained in this Note are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope or the intent of any of the provisions of this Note. The words "hereof," "herein," "hereto"

and "hereunder" and words of like import used in this Note refer to this Note as a whole and not to any particular provision of this Agreement. This Note will be construed as if drafted jointly by the Maker and Holder and no presumption or burden of proof will arise favoring or disfavoring either of them by virtue of the authorship of any provision in this Note.

16. **Entire Agreement.** This Note and the Purchase Agreement constitute the entire agreement between the Holder and Maker with respect to the subject matter hereof as a complete and final integration thereof, and supersede all prior agreements and understandings (whether written or oral and whether express or implied) between the Holder and Maker with respect to the subject matter hereof.

17. **Counterparts.** This Note may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement. Counterparts of the signature pages to this Note may be delivered electronically and shall be deemed to have the same legal effect as delivery of an original signed Note.

*[Signatures follow on next page.]*

**IN WITNESS WHEREOF**, the Maker and Holder have executed this Note as of April 11, 2024 to be effective as of the Effective Date.

**MAKER:**

**HELLER CAPITAL GROUP, LLC**

By: */s/ Daryl Heller/* (DocuSigned)
Name: Daryl Heller
Title: CEO

**HOLDER:**

**DEERFIELD CAPITLAL, LLC**

By: */s/ Eric Warfel/* (DocuSigned)
Name: Eric Warfel
Title: Manager

By:
Name:
Title:

By:
Name:
Title:

By:

*[Signature Page to Promissory Note]*

# EXHIBIT A
# PERSONAL GUARANTY

See attached.