# EXHIBIT B

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

Lancaster County Prothonotary E-Filed - 5 Dec 2024 06:01:46 PM
Case Number: CI-24-08740

## GUARANTY AGREEMENT

**THIS GUARANTY AGREEMENT** (this "Guaranty"), dated as of April 11, 2024, is executed and delivered by **DARYL F. HELLER**, an individual ("Guarantor"), to and for the benefit of **DEERFIELD CAPITAL, LLC** ("Lender"). Guarantor and Lender are sometimes individually referred to herein as a "Party" and collectively as the "Parties".

### RECITALS:

**WHEREAS**, the Lender and Heller Capital Group, LLC a Delaware limited liability company ("HCG") entered into that certain Promissory Note dated April 11, 2024 in the original principal amount of [FIVE MILLION NINE HUNDRED THOUSAND HUNDRED 00/100 Dollars ($5,900,000.00)] (the "Promissory Note"); and

**WHEREAS**, in order to induce Lender the Promissory Note, Guarantor is entering into this Guaranty.

**NOW, THEREFORE**, in consideration of the foregoing recitals and of the mutual covenants contained herein, and such other good and valuable consideration, receipt of which is hereby acknowledged, the Parties, intending legally to be bound, agree as follows:

### AGREEMENTS:

1. Guaranty. Guarantor hereby absolutely, irrevocably and unconditionally guarantees (the "Guaranty") to Lender the full and prompt payment and performance of payment due under the Promissory Note and all other payment or monetary obligations of HCG under the Promissory Note, whether direct or indirect, absolute or contingent (all such obligations under the Promissory Note being the "Obligations").

2. Guaranty of Payment. This Guaranty constitutes a continuing guarantee of payment, and not of collection. The liability of Guarantor hereunder is direct, irrevocable and unconditional, and may be enforced at any time following an Event of Default (as defined in the Promissory Note), subject to any cure period set forth therein, without requiring the Lender to resort to any other right, remedy or security against HCG or other source of repayment.

3. Security. Lender understands and acknowledges that this Guaranty is unsecured; provided, however, that in the event of an Event of Default by HCG and Guarantor fails to pay the Obligations timely, the Parties shall provide a secured position on personal assets of Guarantor.

4. Representations and Warranties of Guarantor. Guarantor represents and warrants to Lender that:

    a. Guarantor has the full right, power and authority to execute, deliver and perform under this Guaranty.

    b. This Guaranty constitutes the legal, valid and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms.

1

DocuSign Envelope ID F14047F1-F41D-44B4-8A60-B053F0E345D0

Lancaster County Prothonotary E-Filed - 5 Dec 2024 06:01:46 PM
Case Number: CI-24-08740

    c. Guarantor's execution, delivery and performance of this Guaranty will not violate the terms of any instrument, document or agreement to which Guarantor is party, or by which the Guarantor is bound, or result in the creation or imposition of any lien upon any of the property or assets of Guarantor which such lien would (or would reasonably be likely to) impair, in any material respect, Guarantor's ability to perform his obligations hereunder.

    d. To Guarantor's actual knowledge, there are no litigation, arbitration, governmental or administrative proceedings, actions, examinations, claims or demands pending, or threatened that could materially and adversely affect performance by Guarantor of his obligations under this Guaranty.

    e. Neither this Guaranty nor any statement or certification as to facts previously furnished or required herein to be furnished to Lender by Guarantor, contains any material inaccuracy or untruth in any representation, covenant or warranty or omits to state a fact material to this Guaranty.

5. **Event of Default; Acceleration**. The term "Event of Default" shall have the meaning given to such term in the Notes, and the acceleration events contained in Section 5 of the Promissory Note shall be deemed "Acceleration Events".

6. **Remedies**. Upon the occurrence of an Event of Default or an Acceleration Event with respect to the Promissory Note, Lender shall have the right to declare the entire principal amount outstanding under the Promissory Note and all accrued but unpaid interest thereunder, immediately due and payable, and seek payment from HCG under the Promissory Note, and if such amounts are not paid from HCG within thirty (30) calendar days after its receipt of written notice from Lender, then Lender may seek payment of such amounts from Guarantor directly. Interest on the then outstanding principal amount of the Promissory Note together with the Loan Fee shall be at the Default Interest Rate (as defined in the Promissory Note) while the Obligations remains in default and unpaid.

7. Upon the occurrence of an Event of Default and such amounts are not paid by HCG within thirty (30) calendar days after receipt of written notice from Lender, the whole of the principal sum and interest and loan fees thereon shall become due and payable at the option of the Lender, and one or more executions for collection of said principal sum with loan fees, interest accrued thereon at the rate specified to the date of default and thereafter at the Default Interest Rate, together with costs of suit and a reasonable attorney's fee for collection may issue forthwith on any judgment or judgments obtained by the Lender hereof against the undersigned; and Lender (in addition to all other rights and remedies it may have) may exercise any and all rights and remedies which it may have under any document, statute, law or rule and all such rights and remedies, along with those set forth specifically herein shall be cumulative and enforceable alternatively, successively or concurrently.

8. THE FOLLOWING PARAGRAPH SETS FORTH A WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE GUARANTOR. IN GRANTING THIS WARRANT OF ATTORNEY TO CONFESS JUDGMENT AGAINST THE GUARANTOR, THE GUARANTOR HEREBY KNOWINGLY, INTENTIONALLY

2

AND VOLUNTARILY, AND, ON THE ADVICE OF SEPARATE COUNSEL OF THE GUARANTOR, UNCONDITIONALLY WAIVE ANY AND ALL RIGHTS THE GUARANTOR HAVE OR MAY HAVE TO PRIOR NOTICE AND AN OPPORTUNITY FOR A HEARING UNDER THE RESPECTIVE CONSTITUTIONS AND LAWS OF THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA.

9. UPON THE OCCURRENCE OF AN EVENT OF DEFAULT AND THE OBLIGATIONS ARE NOT PAID IN FULL BY HCG WITHIN THIRTY (30) CALENDAR DAYS, GUARANTOR HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ATTORNEYS OF ANY COURT OF COMMON PLEAS OF PENNSYLVANIA, OR ANY ATTORNEY OR ATTORNEYS OF ANY OTHER COURT OF RECORD ELSEWHERE, OR THE PROTHONOTARY OR CLERK OF ANY COURT OF RECORD IN PENNSYLVANIA OR ELSEWHERE, TO APPEAR FOR GUARANTOR IN SUCH COURT IN AN APPROPRIATE ACTION THERE OR ELSEWHERE BROUGHT OR TO BE BROUGHT AGAINST GUARANTOR AT THE SUIT OF LENDER ON THIS NOTE, WITH OR WITHOUT DECLARATION FILED, AS OF ANY TERM OR TIME THERE OR ELSEWHERE TO BE HELD, AND THEREIN CONFESS OR ENTER JUDGMENT AGAINST GUARANTOR FOR THE EXACT SUM WHICH SHALL BE THE AMOUNT OF THE AFORESAID PRINCIPAL SUM OF THIS NOTE, WITH LOAN FEES, INTEREST AND WITH ANY OTHER PAYMENTS AND CHARGES WHICH ARE PAYABLE BY THE GUARANTOR UNDER THE TERMS OF THE LOAN DOCUMENTS, AND WITH COSTS OF SUIT AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) FOR COLLECTION (BUT IN NO EVENT LESS THAN TEN THOUSAND DOLLARS ($10,000.00) NOR MORE THAN THE ACTUAL ATTORNEY FEES INCURRED); AND FOR SO DOING, THIS NOTE OR A COPY THEREOF VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT, WITHOUT FURTHER STAY, AND WITH FULL RELEASE OR ERRORS, ANY LAW, USAGE OR CUSTOM TO THE CONTRARY NOTWITHSTANDING.  SUCH AUTHORITY AND POWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, AND JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME AS THERE IS OCCASION THEREFOR.

10. GUARANTOR ACKNOWLEDGES AND AGREES THAT (i) THE FOREGOING WARRANT OF ATTORNEY TO CONFESS JUDGMENT IS BEING EXECUTED IN CONNECTION WITH A COMMERCIAL TRANSACTION, (ii) LENDER'S CONFESSION OF JUDGMENT FOLLOWING AN EVENT OF DEFAULT AND IN ACCORDANCE WITH THE FOREGOING WARRANT OF ATTORNEY WOULD BE IN ACCORDANCE WITH GUARANTOR'S REASONABLE EXPECTATIONS, AND (iii) GUARANTOR HEREBY WAIVES THE EFFECT AND APPLICATION OF, AND AGREES THE LENDER SHALL NOT BE BOUND BY, THE DUTIES AND OBLIGATIONS IMPOSED BY 20 PA.C.S SECTION 5601.3(b) WITH REGARD TO ANY RIGHT, POWER OR REMEDY GRANTED TO THE LENDER IN THIS NOTE OR ANY OTHER RELATED LOAN DOCUMENTS.

11.

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

Lancaster County Prothonotary E-Filed - 5 Dec 2024 06:01:46 PM
Case Number: CI-24-08740

12. <u>Termination</u>. This Guaranty shall automatically terminate without the need for further action or execution by any Party when all payments due and owing under the Promissory Note has been paid and all related Obligations have been fully paid.

13. <u>Further Assurances; No Waiver</u>. Guarantor agrees to do such further acts and things, and to execute and deliver such additional conveyances, assignments, agreements and instruments, as Lender may at any time reasonably request in connection with the administration or enforcement of this Guaranty in order better to assure its rights, powers and remedies hereunder. Any forbearance, failure or delay by Lender in exercising any right, power or remedy hereunder shall not be deemed to be a waiver of such right, power or remedy, and any single or partial exercise of any right, power or remedy hereunder shall not preclude the further exercise thereof; and every right, power and remedy of Lender hereunder shall continue in full force and effect until such right, power or remedy is specifically waived by an instrument in writing executed by Lender.

14. <u>Binding Agreement</u>. This Guaranty, and the terms, covenants and conditions hereof, shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

15. <u>Assignment</u>. This Guaranty shall not be assignable by Guarantor without the advance written consent of the Lender. This Guaranty may be assigned by Lender without the advance written consent of Guarantor. Guarantor acknowledges the Lender may be transferring participation interest.

16. <u>Notices</u>. All notices, requests, demands and other communications which are required or may be given pursuant to the terms of this Guaranty will be in writing and shall be deemed duly given when personally delivered, when delivered if (a) sent via overnight courier, (b) sent via electronic mail (with receipt confirmed by the recipient) or, (c) if mailed, three (3) business days following after being posted in the United States registered or certified mail with postage pre-paid, return receipt requested, provided that, a copy of any notice, request, demand, or other communication must be sent via email if delivered pursuant to Section 11(a) or 11(b), as follows:

   If to the Guarantor:
   Daryl Heller
   415 N. Prince Street, Suite 200
   Lancaster, PA 17603
   Email: dheller@hellercg.com

   If to Lender:
   DEERFIELD CAPITAL, LLC
   16 Deerfield Road
   Lancaster PA 17603

17. <u>Modification of Agreement</u>. Neither this Guaranty nor any provisions hereof may be amended or waived, except by an instrument in writing duly signed by the Parties.

4

DocuSign Envelope ID: F14047F1-F41D-44B4-BA60-B053F0E345D0

Lancaster County Prothonotary E-Filed - 5 Dec 2024 06:01:46 PM
Case Number: CI-24-08740

18. <u>Applicable Law</u>. This Guaranty and all matters pertaining to it shall be construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to conflict of laws principals thereof.

19. <u>Prevailing Party</u>. The prevailing party will be entitled to recover his fees, costs and expenses incurred in connection with any action at law or in equity related to this Guaranty, including reasonable attorneys' fees and expenses.

20. <u>Severability</u>. In case any one or more of the provisions contained herein should be invalid, illegal or unenforceable in any respect, the validity, legality or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

21. <u>Headings</u>. The section headings used herein are for convenience or reference only and shall not define or limit the provisions of this Guaranty.

22. <u>Drafting Ambiguities</u>. Each party and its legal counsel have reviewed and participated in the drafting of this Guaranty. The rule of construction that any ambiguities are to be resolved against the drafting parties shall not be applicable to the construction of this Guaranty.

23. <u>Jury Waiver</u>. TO THE EXTENT PERMITTED BY LAW, THE PARTIES HEREBY WAIVE THEIR RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, OR RELATED TO, THE SUBJECT MATTER OF THIS GUARANTY AND THE RELATIONSHIP THAT IS BEING ESTABLISHED. THIS WAIVER IS KNOWINGLY, INTENTIONALLY AND VOLUNTARILY MADE BY EACH PARTY.

24. <u>Execution in Counterparts</u>. This Guaranty may be executed in any number of counterparts, each of which shall be an original but all of which together shall constitute one and the same instrument. Facsimile or electronically transmitted signatures to this Guaranty shall be deemed the equivalent to original signatures for all purposes.

[signature page follows]

**IN WITNESS WHEREOF,** the parties have executed and delivered this Guaranty Agreement as of the day and year first above written.

**GUARANTOR:**

By: _[signature]_
Name: Daryl F. Heller

**LENDER:**

By: ERIC WARFEL GROUP
Name: _[signature]_
Title: President