# EXHIBIT C

Docusign Envelope ID: 88F4883F-58F6-42B6-908C-8822DB56B88E

## FIFTH FORBEARANCE AGREEMENT

THIS FIFTH FORBEARANCE AGREEMENT ("Agreement") made on this ___ day of October, 2024, by and between Daryl F. Heller ("Guarantor"), Heller Capital Group, LLC ("Borrower") and Heller Investment Holdings, LLC (collectively, Daryl F. Heller, Heller Capital Group, Inc., and Heller Investment Holdings, LLC are hereinafter referred to as "Debtors") with an address of 415 N. Prince Street, Lancaster, PA 17603 and Deerfield Capital, LLC, having an address of 16 Deerfield Road, Lancaster, PA 17603 (hereinafter referred to as the "Lender").

### I. FACTUAL BACKGROUND

On or about April 11, 2024, Debtors borrowed the sum of $5,900,000.00 from the Lender as evidenced by the Promissory Note ("Note") ("Loan Obligation") which was tied to a refinancing project with Gold Capital and Madison Group.

In order to secure the Note also on April 11, 2024, the Debtors executed and delivered to the Lender a Membership Pledge Agreement ("Pledge Agreement") by which Daryl F. Heller and Heller Capital Group, LLC pledged any and all indirect ownership, equity and right to receive payments from Heller Investment Holdings LLC ("HIH Membership Interests"). Heller Investment Holdings LLC further pledged any and all direct or indirect ownership, equity and right to receive payments from GCC Investment Holdings LLC (the "GCC Membership Interests" and together with HIH Membership Interests the "Membership Interests").

In order to further secure the Loan Obligation of the Borrower, on or about April 11, 2024, Daryl F. Heller executed a Guaranty whereby he unconditionally guaranteed payment of all amounts owed under the Note by the Borrower.

On or about April 17, 2024, the Debtors executed a forbearance agreement (the "Forbearance Agreement"), whereby they were required to make an initial payment of an extension fee on or before April 18, 2024 at 3:00 p.m. est.

On or about April 23, 2024, the Debtors executed a Second Forbearance Agreement (the "Second Forbearance Agreement") which, *inter alia*, incorporated all terms and conditions in the Forbearance Agreement and the Loan Documents, reaffirmed the Loan Obligation, reaffirmed that the Loan Obligation and all additions were owed without setoff or counterclaim and provided additional collateral.

The Second Forbearance Agreement expired on May 10, 2024 and the Debtors are in default for failing to pay the Loan Obligation in full on May 10, 2024.

A Third Forbearance Agreement was executed on June 4, 2024 which, inter alia, extended loan maturity to July 12, 2024. Borrowers are in default under the Third Forbearance Agreement for, among other defaults as detailed in the Notice of Default dated July 18, 2024, failure to satisfy all outstanding amounts on or before July 12, 2024.

1

Docusign Envelope ID: 88F4883F-58F6-4286-806C-8822DB58B88E

A Fourth Forbearance Agreement was executed on August 12, 2024 which, inter alia, extended loan maturity to August 14, 2024. Borrowers are in default under the Fourth Forbearance Agreement for, among other defaults failure to satisfy all outstanding amounts on or before August 14, 2024. The Fourth Forbearance Agreement was amended on September 14, 2024 and Borrower is in default under that Fourth Forbearance Agreement and the Amendment to the Fourth Forbearance Agreement.

The Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and the Amendment to Fourth Forbearance Agreement are incorporated herein; *provided, however*, that none of the financial terms set forth in the Forbearance Agreement, the Second Forbearance Agreement, Third Forbearance Agreement, and Fourth Forbearance Agreement or Amendment to Fourth Forbearance Agreement will apply from and after the date of this Fifth Forbearance Agreement. Thereafter, all financial terms shall be as set forth in this Amendment. Nothing herein is a waiver or release of any of the defaults or provisions of the Loan Documents or the Forbearance Agreement or the Second Forbearance Agreement or the Third Forbearance Agreement or the Fourth Forbearance Agreement or Amendment to Fourth Forbearance Agreement.

The Note, Pledge Agreements, Guaranty, Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement are hereinafter sometimes referred to as the "Loan Documents".

## II. DEFAULT

The Debtors defaulted on the Loan Obligation arising under the Loan Documents as they failed to make the payment to Lender on or before April 15, 2024 (the "Maturity Date"). Thereafter, the Loan Obligation of the Debtors was in default and remains in default.

The Debtors defaulted on the Forbearance Agreement by failing to make the necessary payment of the extension fee by the time set forth in the Forbearance Agreement.

The Debtors have defaulted on the Second Forbearance Agreement.

The Debtors have defaulted on the Third Forbearance Agreement.

The Debtors have defaulted on the Fourth Forbearance Agreement.

The Debtors have defaulted on the Amendment to Fourth Forbearance Agreement.

The Lender and Debtors have agreed to this Fifth Forbearance Agreement.

Docusign Envelope ID: 68F4883F-58F6-4286-806C-8822DB58B88E

1. **Reaffirmation of Amount Due**

The Debtors acknowledge and agree that as of October 16, 2024, the Lender is owed the total sum of $7,349,250.86, plus additional legal fees (if any), costs, and interest (after October 16, 2024).

2. *Repayment and Other Covenants*

The Lender and Debtors agree to the following:

    a.    The Debtors hereby agree to pay an additional default fee of $500,000.00 (the "Default Fee") as part of the consideration for the Lender's agreement to forebear until October 31, 2024. This Default Fee is earned as of the execution of this Agreement and shall be added to the principal balance.

    b.    The Debtors acknowledge and agree on October 31, 2024 (the "Final Payoff Date"), the entire balance of principal interest and fees on the Loan Obligation shall become immediately due and payable together with any fees and costs which may have been incurred before and after the execution of this Fifth Forbearance Agreement in the amount of $7,349,250.86 including additional legal fees, default interest, the Default Fee and costs, less any payments made hereunder.

    c.    If the Note is not paid in full by the close of business on October 31, 2024, the Debtors agree that an additional $750,000 default fee (the "Second Default Fee") is earned and payable and shall be added to the principal balance of the Note.

    d.    In addition, to the extent not specifically modified herein, the terms and conditions of the Loan Documents, Forbearance Agreement, Second Forbearance Agreement and Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement remain in full force and legal effect; provided, however, that none of the financial terms set forth in the Forbearance Agreement or the Second Forbearance Agreement or the Third Forbearance Agreement will apply from and after the date of this Fourth Forbearance Agreement. Thereafter, all financial terms shall be as set forth in this Amendment to the Fourth Forbearance Agreement.

    e.    Nothing herein shall in any way impair the security now held for the loan obligation set forth above, or any other security provided for the outstanding loan obligation and all grants of collateral and security interests under the Loan Documents, Forbearance Agreement and Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement are ratified and confirmed.

    f.    The Debtors represent and warrant that they do not have any intent at this time to (i) file any voluntary petition under any Chapter of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, (the "Bankruptcy Code"), or in any manner to seek any proceeding for relief, protection, reorganization, liquidation, dissolution or similar relief for debtors under any local, state, federal or other insolvency law or laws providing relief for debtors (each a "Debtor

3

Docusign Envelope ID: 88F4683F-56F6-42B6-908C-6822DB58B68E

Proceeding"), (ii) directly or indirectly cause or permit any involuntary Borrower or Guarantor, and (iii) directly or indirectly cause or permit the Properties or any portion therefore, or any interest of the Borrower and Guarantor in the Properties to become property of any bankruptcy estate or the subject of any Debtor Proceeding. The Debtors acknowledge that the filing of any petition or the seeking of any relief in a Debtor Proceeding by the Borrower and Guarantor, whether directly or indirectly, would be in bad faith and solely for the purposes of delaying, inhibiting or otherwise impeding the Lender's exercise of its rights and remedies upon the occurrence of an Event of Default under the Loan Documents and this Agreement against the Borrower and Guarantor pursuant to the Loan Documents and this Agreement. Without limiting the foregoing, the Lender shall be and is entitled to, and the Borrower and Guarantor hereby consent to relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, as amended, or from any other stay or suspension of remedies imposed in any other manner with respect to the Lender's exercise of any rights and remedies against the Property and/or the Collateral and any proceeds thereof which otherwise is available to the Lender under Article 9 of the Uniform Commercial Code or other applicable state law of any jurisdiction in which any Collateral or the proceeds thereof may now or hereafter be located.

g. In addition to the Default Fee in Section 2.a. and Second Default Fee in Section 2.c., the Lender may charge interest at lesser of the highest rate permitted by law or 25% per annum, which shall accrue daily on the Total Amount Due (Principal, Unpaid Forbearance Fees or Default Fees, Unpaid Costs, Unpaid Interest) and unless paid shall be capitalized daily and added to the Total Amount due for calculation of interest the following day until all amounts due are satisfied (the "Default Interest"). This Default Interest started to accrue upon default under the Third Forbearance Agreement on July 12, 2024, is continuing to accrue hereunder and will continue to accrue as set forth herein until all Obligations are fully satisfied.

h. Additional Collateral. Simultaneously with the execution of this Fifth Forbearance Agreement, the Borrower and Guarantors shall cause execution and delivery of the following:

i. Assignment of Note from Project Catapult LLC to Heller Capital LLC in the approximate amount of $1,000,000.00. An Allonge shall be executed assigning such Note to Lender.

ii. Pledge of Heller Capital's equity interest in Project Catapult LLC which shall be assigned and pledged outright and noted on the records of Project Catapult LLC.

iii. Assignment of a Note from Avail Technologies to Heller Capital LLC in the amount of $1,660,000. An Allonge shall be executed assigning such Note to Lender.

iv. Assignment of a Note from Premier Technologies Group, LLC to Heller Capital LLC in the amount of $1,978,449. An Allonge shall be executed assigning such Note to Lender.

v. Assignment of a Note from Prestige Investment Group to Heller Capital LLC in the amount of $2,000,000.00. An Allonge shall be executed assigning such Note to Lender.

4

Docusign Envelope ID: 88F4883F-58F6-4286-906C-8822DB58B86E

vi. Assignment of all distributions from PAAS a/k/a Green Cabbage that are due to be paid on October 25 and October 31, 2024.

Borrower and Guarantor represent and warrant that they are the owners of the aforementioned notes and rights to distributions (collectively, the "Additional Collateral") and no other person or party has a lien, claim or right to any of the foregoing. If any representation in this Section 2.g. is false, a default fee of $1,000,000.00 shall be added to the principal balance of the Note. Borrower and Guarantor shall deliver the original notes, security agreements, operating agreements or other documents to perfect the pledges and assignments referenced above with the execution of this Fifth Forbearance Agreement, or as soon thereafter as possible. Lender agrees that: (A) all funds collected or received by Lender from or under any of the Additional Collateral shall be applied against the Loan Obligation; and (B) if, after paying off the Loan Obligation in full, any balance remains, such balance shall be immediately paid over to Borrower or its designee.

3. *Reaffirmation of Loan Documents*

All of the terms, conditions, and provisions of the Loan Documents, Forbearance Agreement or Second Forbearance Agreement, Third Forbearance Agreement, Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement executed and delivered by the Debtors revised or modified hereby shall remain in full force and legal effect.

The validity, priority and security of the Lender's secured interest and any other documents or instruments executed and delivered by the Borrower and Guarantor shall not be impaired by anything contained in this Fifth Forbearance Agreement.

4. *Reaffirmation of Loan and Collateral*

The Debtors hereby represent, warrant, and reaffirm to the Lender that all existing collateral security held by the Lender shall continue to remain in full force and legal effect including but not limited to the secured interest of the Lender which may exist in the collateral and assets described above. Additionally, the Debtors further acknowledge and agree that the validity, priority, and security of the Loan Documents as modified hereby and any other documents or instruments executed and delivered by the Borrower and Guarantor shall not be impaired by anything contained in this Fifth Forbearance Agreement.

5. *Partial Payment Not Waiver.*

Any partial payment amounts made by the Debtors or any other party on behalf of Debtors and accepted by the Lender will not constitute a waiver of any default, waiver of demand, or waiver of any other right held by the Lender under the Loan Documents or this Agreement. Except as otherwise modified or amended by this Agreement, all of the terms of the Loan Documents evidencing the Loan Obligation described above shall remain in full force and effect and are expressly ratified and confirmed by the Borrower and Guarantor.

5

Docusign Envelope ID: 6BF4683F-56F6-42B6-906C-6822DB58B68E

6. *Representations of Debtors by Counsel; General Release; No Representations by the Lender*

(a) The Debtors represent to the Lender that they have at all times pertinent to this Agreement, been represented by advisors of their own selection including but not limited to attorneys at law and certified public accountants; that they have not relied upon any representation, warranty, agreement or information provided by the Lender, its employees, agents or attorneys; that they acknowledge that they have been and are informed of their duties and obligations with respect to the commercial loan due the Lender under all applicable laws; that they have no set-offs, defenses counterclaims or claims against the Lender with respect to the commercial loan due the Lender by the Debtors; and that the Debtors are indebted to the Lender in the amounts recited in this Agreement. Additionally, the Debtors release and relinquish any claims they may have had or could have asserted against the Lender up until this time and at all times hereafter arising under the commercial Loan Obligation described above. In this regard, the Debtors, their successors, heirs, and assigns, hereby release waive and further discharge the Lender, and its officers, directors, employees, attorneys and agents from all claims and causes of action of any type or nature whatsoever, known or unknown, suspected or unsuspected and whether sounding in contract, tort, or otherwise that may exist as a result of any event or events occurring before the date of this Agreement having anything to do with the Loan Obligation reflected herein.

(b) The Debtors acknowledge and confirm that they are in default of the Note, Forbearance Agreement, Second Forbearance Agreement, Third Forbearance Agreement Fourth Forbearance Agreement and Amendment to Fourth Forbearance Agreement.

7. *Governing Law*

This Agreement is executed and delivered in the Commonwealth of Pennsylvania (the "Governing Jurisdiction"), and it is the desire and intention of the parties that it be in all respects interpreted according to the laws of the Governing Jurisdiction. The Debtors specifically and irrevocably consent to the jurisdiction and venue of the federal and state courts of the Governing Jurisdiction with respect to all matters concerning this Agreement or the Loan Documents or the enforcement of any of the foregoing. The Debtors agree that the execution and performance of this Agreement shall have a Governing Jurisdiction situs and accordingly, the Debtors consent to personal jurisdiction in the Governing Jurisdiction.

8. *Binding Effect; No Oral Modification; Ratification of Loan Documents*

(a) All of the terms and conditions of the Loan Documents supporting the Loan Obligation described above and executed and delivered by the Debtors to the Lender not expressly revised or modified hereby, shall otherwise remain in full force and legal effect.

(b) This Agreement shall be binding upon and inure to the benefit of the parties hereto and their heirs, executors, administrators, successors, and assigns. The Borrower and Guarantor hereby acknowledge receipt of a true copy of this Agreement.

6

Docusign Envelope ID: 68F4683F-58F6-42B6-906C-8822DB58B66E

(c) This Agreement, together with the Loan Documents as modified hereby, represent the entire agreement by the parties, supersedes all prior modifications and discussions, and cannot be modified except by a writing signed by all parties to this Agreement.

(d) This Agreement is specific to the Loan Obligation and Loan Forbearance described herein and does not include any other obligation that the Debtors may have with the Lender.

9. **Waiver of Jury Trial**

THE BORROWERS, GUARANTORS, AND THE LENDER UPON ADVICE OF THEIR RESPECTIVE ATTORNEYS, HEREBY KNOWINGLY, INTENTIONALLY, VOLUNTARILY, EXPRESSLY AND MUTUALLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (I) ARISING UNDER THIS AGREEMENT OR ANY OTHER DOCUMENT EVIDENCING THE LOAN, OR (II) IN ANY WAY CONNECTED WITH OR INCIDENTAL TO THE DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THIS AGREEMENT OR ANY OF THE OTHER DOCUMENTS EVIDENCING THE LOAN, OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE, AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE THIS ORIGINAL AGREEMENT OR A COPY THEREOF WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO THE TRIAL BY JURY.

10. **Limitation of Liability; Wavier of Punitive Damages**

THE BORROWERS, GUARANTORS, AND THE LENDER BY ACCEPTANCE HEREOF, AGREE THAT ANY LEGAL PROCEEDINGS OR ANY CLAIM OR CONTROVERSY AMONG THEM (A "DISPUTE") THAT MAY ARISE OUT OF OR BE IN ANY WAY CONNECTED WITH THIS AGREEMENT, THE LOAN DOCUMENTS OR ANY OTHER AGREEMENT OR DOCUMENTS BETWEEN OR AMONG THEM OR THE OBLIGATIONS EVIDENCED HEREBY OR RELATED HERETO, IN NO EVENT SHALL ANY PARTY HAVE A REMEDY OF, OR BE LIABLE TO THE OTHER FOR (1) INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES, OR (2) PUNITIVE OR EXEMPLARY DAMAGES. THE BORROWERS, GUARANTORS, AND THE LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT OR CLAIM TO ANY PUNITIVE OR EXEMPLARY DAMAGES THEY MAY HAVE OR WHICH MAY ARISE IN THE FUTURE IN CONNECTION WITH ANY DISPUTE WHETHER THE DISPUTE IS RESOLVED BY ARBITRATION, MEDIATION, JUDICIALLY OR OTHERWISE.

Docusign Envelope ID: 88F4883F-58F6-4288-806C-8822DB58888E

## 11. CONFESSION OF JUDGMENT

BORROWER, HELLER CAPITAL GROUP, INC., PLEDGOR, HELLER INVESTMENT HOLDINGS, LLC AND GUARANTOR, DARYL HELLER, HEREBY AUTHORIZE AND EMPOWER ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR DEBTORS, FOR ALL OBLIGATIONS AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THE OBLIGATIONS, TOGETHER WITH COSTS OR SUIT, AND AN ATTORNEY'S COMMISSION OF (10%) OF THE OBLIGATIONS FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN ONE HUNDRED THOUSAND DOLLARS ($100,000.00) ON WHICH JUDGMENT OR JUDGMENTS ONE OF MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THE WITHIN AGREEMENT SHALL BE SUFFICIENT WARRANT, THE AUTHORITY GRANTED IN THE WITHIN AGREEMENT TO CONFESS JUDGMENT AGAINST DEBTORS SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS AGREEMENT, DEBTORS HEREBY WAIVE ANY RIGHT DEBTORS MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT TO THE EXTENT THE ATTORNEY FEES AND OTHER COSTS AND EXPENSES DEMANDED BY LENDER FROM DEBTORS EXCEED TEN PRECENT (10%) OF THE OBLIGATIONS, DEBTORS HEREBY AUTHORIZE LENDER TO PETITION THE COURT FOR AN ADDITIONAL AWARD OF FEES AND EXPENSES AND AGREES NOT TO OPPOSE SUCH PETITION.

DEBTORS STATE THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO DEBTORS' ATTENTION OR DEBTORS HAVE HAD THE OPPORTUNITY TO BE REPRESENTED BY INDEPENDENT LEGAL COUNSEL OF DEBTOR'S CHOICE.

Borrower's Initials  *DFH*          Guarantor's Initials  *DFH*

Pledgor's Initials  *DFH*

Docusign Envelope ID: 58F4883F-58F6-4286-906C-8822D856B88E

IN WITNESS WHEREOF, the parties have hereunder executed this Amendment the day and year first above written.

Witness: *Rose Cole*

BORROWER:
Heller Capital Group, LLC.

*Daryl Heller*
Name: Daryl Heller
Title: CEO

COMMONWEALTH OF PENNSYLVANIA : SS
COUNTY OF Lancaster :

ON THIS 20th day of October, 2024, before me, a Notary Public, personally appeared Daryl P Heller, known or satisfactorily proven to be the person who signed the foregoing instrument and who acknowledged himself to be CEO of Heller Capital Group, LLC and that he being duly authorized to do so executed the foregoing instrument on behalf of Heller Capital Group, LLC for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

*Rose Cole*
Notary

Witness: *Rose Cole*

Heller Investment Holdings, LLC

*Daryl Heller*
Name: Daryl Heller
Title: CEO

COMMONWEALTH OF PENNSYLVANIA : SS
COUNTY OF Lancaster :

ON THIS 20th day of October, 2024, before me, a Notary Public, personally appeared Daryl P Heller, known or satisfactorily proven to be the person who signed the foregoing instrument and who acknowledged himself to be CEO of Heller Investment

9

Docusign Envelope ID: 88F4883F-68F6-4288-906C-8822D868888E

Holdings, LLC and that he being duly authorized to do so executed the foregoing instrument on behalf of Heller Investment Holdings, LLC for the purposes therein contained.

    IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                    *Rose Cole*
                    Notary

Witness:
*Rose Cole*
Name: Rose Cole

GUARANTOR:
*Daryl Heller*
Daryl F. Heller

COMMONWEALTH OF PENNSYLVANIA   : SS
COUNTY OF Lancaster          :

  ON THIS 20th day of October, 2024, before me, a Notary Public, personally appeared Daryl F. Heller, who, I am satisfied, is the person named in the foregoing instrument, and he acknowledged that he executed the foregoing instrument as his voluntary act and deed.

    IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

                    *Rose Cole*
                    Notary

DEERFIELD CAPITAL, LLC

*EWW*
Names: Eric G. Watt
Title: President

COMMONWEALTH OF PENNSYLVANIA   : SS
COUNTY OF Lancaster          :

  ON THIS 5th day of December, 2024, before me, a Notary Public, personally appeared Eric Watt, known or satisfactorily proven to be the person who signed the foregoing instrument and who acknowledged himself to be authorized representative of Deerfield Capital, LLC, and

10

Docusign Envelope ID: 88F4883F-58F6-4286-806C-8822DB58B86E

that he being duly authorized to do so executed the foregoing instrument on behalf of Deerfield Capital, LLC, for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
Notary

Commonwealth of Pennsylvania - Notary Seal
Joshua M. Resch, Notary Public
Lancaster County
My commission expires October 2, 2028
Commission number 1454297
Member, Pennsylvania Association of Notaries

11