**MS&B**  McMANIMON · SCOTLAND · BAUMANN          75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Anthony Sodono, III**
Direct Dial: (973) 721-5038
Direct Fax: (973) 712-1463
asodono@msbnj.com

February 13, 2025

<u>Via ECF</u>

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Fl.
Camden, NJ 08101

**Re:   Daryl Fred Heller**
**Chapter 11; Case No. 25-11354 (JNP)**

Dear Judge Poslusny:

This firm represents Daryl Fred Heller, debtor/debtor-in-possession in the captioned matter.

This is in response to Mr. Ciardi's letter to Your Honor of earlier today (Doc. No. 19). Mr. Ciardi represents Deerfield Capital, LLC ("Deerfield"). Deerfield filed a Motion for Relief from the Automatic Stay and to Prohibit Use of Cash Collateral, Transfer Venue, and Expedited Discovery (the "Motion") (Doc. No. 9). In connection therewith, Deerfield requests Your Honor's intervention to address "serious factual issues" requiring discovery.

We would hope that Deerfield did not file the Motion frivolously when it did not understand the "serious factual issues." In fact, there are many serious "alleged" facts in the Motion that will be addressed in the Debtor's response to the Motion. The request by Deerfield is solely meant to continue to harass Mr. Heller. The issues to be addressed in the Motion are legal—not factual. In fact, I asked Mr. Ciardi if he could provide some context as to what "factual," let alone "serious factual issues," need to be addressed. Mr. Ciardi did not respond.

Moreover, the Notice of Deposition was served pursuant to Rule 9014, not pursuant to Local Rule 2004. Although allowed under Rule 9014, I asked Mr. Ciardi to provide the exact reference to the timeframe for a deposition under Rule 9014, response dates under the Rule, and how service would be effectuated under such Rule. Again, I did not receive a response.

There are threshold issues in the Motion that need to be addressed before any discovery. Namely, whether: (1) Venue is appropriate, (2) Deerfield has a valid, duly perfected lien on cash collateral, and (3) stay relief is warranted. These are purely legal issues ostensibly "supported" by Deerfield's copious pleadings in support of the Motion. If Deerfield is now

McManimon, Scotland & Baumann, LLC
Newark · Roseland · Trenton · New York

Honorable Jerrold N. Poslusny, Jr.
February 12, 2025
Page 2

doubting the validity of its facts, perhaps it should withdraw the Motion. The Debtor will respond to the Motion in the ordinary course, and Your Honor will decide the issues raised therein. Thereafter, Deerfield can proceed in whatever manner it deems appropriate on proper motion. Of course, the Debtor reserves any and all rights.

If Mr. Ciardi still insists for whatever reason and wants to proceed properly and file a motion for discovery so the Debtor can respond, we would welcome that. That said, however, since the Motion was already filed, it seems reasonable that the Debtor should respond in accordance with Your Honor's directive and decided on the return date for the Motion. Although I am in depositions today and tomorrow, I will, of course, make myself available for a conference call if Your Honor's deems appropriate.

As always, Your Honor's courtesy is much appreciated.

Respectfully submitted,

/s/ Anthony Sodono, III

Anthony Sodono, III

AS:dp

cc: (via ECF or email)
Albert A. Ciardi, III, Esq. (aciardi@ciardilaw.com)
Jeffrey M. Sponder, Esq. (Jeffrey.m.sponder@usdoj.gov)
Jerrold S. Kulback, Esq. (jkulback@archerlaw.com)
Matthew Haverstick, Esq. (mhaverstick@kleinbard.com)
Martin J. Weis, Esq. (mweis@dilworthlaw.com)
Joslin E. Monahan, Esq. (monahanj@millerjohnson.com)
Alyssa M. Radovanovich, Esq. (aradovanovich@klehr.com)
Michael Fencer, Esq. (fener@caseredwards.com)
Adam R. Martin, Esq. (adam.martin@troutman.com)
Gerald S. Catalanello, Esq. (Gerard.catalanello@alston.com)
Brian Bisignani, Esq. (bbisignani@postschell.com)
Ryan Morris, Esq. (rmorris@postschell.com)
Daniel S. Siedman, Esq. (dsiedman@ciardilaw.com)