ALBERT A. CIARDI, III, ESQUIRE
aciardi@ciardilaw.com

# CIARDI CIARDI & ASTIN

1905 Spruce Street
Philadelphia, PA 19103
Phone: 215-557-3550
Fax: 215-557-3551

February 12, 2025

*Via Electronic Filing and Electronic Mail*
The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
For the District of New Jersey
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, NJ 08101
Chambers_of_jnp@njb.uscourts.gov

      Re:    *Daryl Fred Heller*
                *Bankruptcy No. 25-11354-JNP*

Dear Judge Poslusny:

      My initial letter was to request a conference and not argue by letter the support for discovery. The Debtor chose this forum which is available to honest and transparent debtors. It is hardly harassment to ask a debtor to explain why he failed to include his "principal asset" in a financial statement submitted to the Internal Revenue Service (IRS) no less than eight months ago. It is not harassment of a debtor to request that he explain how a property in which he may have $2,000,000 in equity is now his principal asset when a year ago he showed a $300,000,000 net worth.

      There is no need for Motion for Discovery. Rule 9014 provides for discovery. Venue issues are subject to discovery. The only basis for venue is the debtor's partial interest in a beach house. Movant is entitled to discovery on how that house became his principal asset.

      To be clear, the Movant has substantial evidence to support its Motion. The Movant is entitled to discovery on how the Debtor will oppose that Motion. I directed counsel to the very serious and substantiated averments in the Motion which are also referenced above.

PHILADELPHIA
1905 Spruce Street
Philadelphia, PA 19103
Phone: (215) 557-3550
Fax: (215) 557-3551

WILMINGTON
1204 North King Street
Wilmington, DE 19801
Phone: (302) 658-1100
Fax: (302) 658-1300

NEW JERSEY
52 Haddonfield-Berlin Road
Suite 1000
Cherry Hill, NJ 08034
Phone: (856) 368-2001
Fax: (856) 368-2002

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
For the District of New Jersey
February 12, 2025
Page 2 of 3

---

It is abundantly clear that the Debtor is once again trying to avoid discovery. The Movant is seeking discovery with regard to his assets relating to venue issues and use of cash. This bankruptcy was filed three (3) days after an injunction was entered in Court of Common Pleas Lancaster County prohibiting the Debtor and his wife Charlene Heller from transferring any asset in excess of $1,000. That order was served on counsel to the Debtor in a related Court of Common Pleas Lancaster County matter who was also on notice of an Order to Show Cause filed in Superior Court of New Jersey. Those attorneys indicated to the Superior Court that they had called their client on the Order to Show Cause. Yet, while that order was pending, Debtor's wife transferred money in violation of that order to Debtor's counsel.

Simply because the Debtor's counsel has not availed himself of Rule 9014 in the past does not make it mysterious. The Rule is very simple. If there is a contested matter, which this Motion is, the 7000 series rules apply. The hearing date is March 3, 2025. Discovery takes place before the motion is heard. In fact, the motion specifically requests expedited discovery. Service is on the Debtor's counsel as the Debtor is a party.

There is nothing surprising or mysterious about Movant's requests. The Debtor has had receivers appointed over vast chunks of his businesses in the last two months. The Debtor has been held in contempt in the Court of Common Pleas Lancaster County with one of his businesses. The Debtor has stymied all efforts at discovery in the Paramount matter in Lancaster County. A judge in New York has entered restraints against the Debtor as has the Court of Common Pleas in Lancaster County where two additional petitions to appoint receiver are pending and unopposed. However, despite that backdrop, the Debtor believes the people to whom he owes money are harassing him by asking him to provide the facts in support of his Petition.

Again, it is not my practice to argue by letter which is why my request for a conference did not contain argument. However, Debtor's letter to the Court required a response. Our simple request is that the Court hold a conference on discovery. If the

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
For the District of New Jersey
February 12, 2025
Page **3** of **3**

---

Debtor is refusing to attend the deposition, we expect to call him as a witness at the hearing. Under any circumstance, the requested records must be produced. We are available at the Court's convenience.

Respectfully,

Albert A. Ciardi, III

AACIII/dt

cc:   Anthony Sodono, Esquire asodono@msbnj.com
Sari B. Placona, Esquire splacona@msbnj.com
Jeffrey M. Sponder, Esquire Jeffrey.m.sponder@usdoj.gov
Jerrold S. Kulback, Esquire jkulback@archerlaw.com
Matthew Haverstick, Esquire mhaverstick@kleinbard.com
Martin J. Weis, Esquire mweis@dilworthlaw.com
Joslin E. Monahan, Esquire monahanj@millerjohnson.com
Alyssa M. Radovanovich, Esquire aradovanovich@klehr.com
Michael Fencer, Esquire fencer@casneredwards.com
Adam R, Martin, Esquire adam.martin@troutman.com
Gerard S. Catalanello, Esquire Gerard.catalanello@alston.com
Brian Bisignani, Esquire bbisignani@postschell.com
Ryan Morris, Esquire rmorris@postschell.com
Daniel S. Siedman, Esquire dsiedman@ciardilaw.com
(*All with enclosure*)