| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004-2(c)*<br><br>Ciardi Ciardi & Astin<br>Albert A. Ciardi, III, Esquire<br>Daniel S. Siedman, Esquire<br>1905 Spruce Street,<br>Philadelphia, PA 19103<br>Telephone:  215-557-3550<br>Facsimile:  215-557-3551<br>aciardi@ciardilaw.com<br>dsiedman@ciardilaw.com |

| | |
|---|---|
| *In re:*<br><br>Daryl Fred Heller<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 |

### CERTIFICATION OF ALBERT A. CIARDI III IN SUPPORT OF MOTION FOR THE APPOINTMENT OF CHAPTER 11 TRUSTEE

Certification of Albert A. Ciardi III in support of the Motion of Deerfield Capital, LLC ("Deerfield" or "Movant") for the Appointment of Chapter 11 Trustee and in support thereof avers as follows:

### PARTIES

1. Deerfield Capital, LLC ("Deerfield") is a limited liability company formed and operating in the Commonwealth of Pennsylvania, with a mailing address of 16 Deerfield Road, Lancaster, PA 17603.

2. Daryl Heller ("Heller" or "Debtor") is an individual and resident of the Commonwealth of Pennsylvania who owns seventy-six percent (76%) of a property in Cape May County located at 7605 Pleasure Avenue, Sea Isle City, NJ 08243 (the "Property"). Heller has

1

fraudulently filed for bankruptcy relief in the District of New Jersey claiming that his principal asset is in New Jersey[1].

## FACTS

3. On February 11, 2025, I filed a Certification in Support of the Motion of Deerfield Capital for Relief from the Automatic Stay, Prohibit Use of Cash, Transfer Venue and Expedited Discovery ("Relief Certification").

4. The Relief Certification is incorporated herein as if fully set forth.

5. Since the filing of the Relief Certification, the Movant has been trying to schedule the deposition of the Debtor and obtain documents.

6. While there is some progress being made on the production of documents, the Debtor has stated that he will assert the Fifth Amendment at the deposition, potentially at the hearing on the Motion for Relief scheduled for March 6, 2025 and at the first Meeting of Creditors held pursuant to Section 341 of the Bankruptcy Code which is scheduled for March 19, 2025.

7. The Debtor has removed to this Court a Complaint filed in the Court of Common Pleas of Lancaster County against Debtor's wife, children and companies to which it is believed the Debtor has transferred assets in fraud of creditors ("Lancaster Fraud Complaint"). A true and correct copy of the Notice of Removal is attached hereto as **Exhibit A**.

8. As part of the Lancaster Fraud Complaint, the Movant sought and obtained temporary restraints against all defendants, including Charlene Heller, the Debtor's wife, prohibiting them from engaging in any transfer of assets or funds in excess of $1,000.00.

---

[1] While Heller is no stranger to fraud, this most recent action is one of his more desperate. After injunctions were entered against him in Pennsylvania on February 6, 2025, and New York on December 17, 2024, the Debtor has violated those orders. Heller has provided financial statements which do not list any assets in New Jersey. His petition, signed under penalty of perjury, indicates that his principal asset is a house in Sea Isle City, clearly a false statement, however, given the number of false statements he has made in the last six months alone, not a surprise.

2

9. Despite those restraints and the Debtor's full knowledge of the restraints, the Debtor had his wife pay the retainer to Debtor's counsel in the amount of $40,000.00. Debtor, therefore, has demonstrated a lack of respect for orders entered by courts with jurisdiction over him.

10. Debtor has provided materially false financial statements to the Movant and to the Internal Revenue Service on two separate occasions in the last twelve months. In addition, the statement presented to the Internal Revenue Service shows a reduction of almost $200,000,000.00 in his net worth and fails to mention the Sea Isle property in which he is a partial owner.

11. Because the Debtor will assert his Fifth Amendment privileges, the Movant is entitled to an adverse inference. *In re Global Protection USA, Inc.*, 2015 WL 194198 at *4 (Bankr. D.N.J. 2015).

12. More importantly, the creditors and the US Trustee will be unable to examine the Debtor on the location and value of assets, transfers made in the prior four years, and the going concern value of businesses and assets which he owns, controls, and or has a financial or other interest in.

13. The Debtor is a fiduciary to all creditors while in possession. Under the requirements of the Bankruptcy Code and interpretative case law, the Debtor has an obligation to be transparent and make full and complete disclosure. The Debtor also has the right to invoke his protections against self-incrimination under the Fifth Amendment. However, in this case, such an approach is improper - - a debtor such as this Debtor cannot do both and remain in possession.

14. Receivers have been appointed over operating entities directly as a result of the Debtor's misconduct as found by other courts. Attached hereto as **Exhibit B** and **Exhibit C** are orders entered in both the State of Michigan and the Eastern District of Pennsylvania.

15. The Debtor has been sanctioned in the Court of Common Pleas of Lancaster County as recently as January 2025 for utterly failing to comply with court orders and provide information. A true and correct copy of the Contempt Order is attached hereto as **Exhibit D**.

16. The Debtor has consistently demonstrated over the past year that he will go to extreme lengths to avoid providing information and protect transfers he may have made to his family, including, but not limited to, his wife, his son, his brother, and possibly his daughter.

17. The Court can review the financial statements provided to the Movant and the Internal Revenue Service and can note for itself the blatant discrepancies in such statements as made by the Debtor. True and correct copies of the Financial statements with social security numbers redacted and address information (redacted as necessary) attached as **Exhibit E** and **Exhibit F**.

18. Considering the bankruptcy petition filed by the Debtor, the Movant notes how the primary creditors viewed the Debtor's trustworthiness and competence, to-wit:

   a. Needham Bank (#1, #5 and #8). Sought and obtained receiver. Owed $54,000,000.00.

   b. Silverview Partners (#2). Filed Involuntary Petition against Debtor's company, Blackford, obtained a trustee, have a restraining order in New York. Owed $28,000,000.00.

   c. Deerfield (#6). Petitions to Appoint Receiver of Heller Capital and Heller Investment pending, Petition for Temporary Restraining Order granted, Complaint filed to avoid transfers. Owed $9,000,000.00.

   d. The Debtor also failed to list on his Petition the IRS, possibly because of the false financial statement which did not list his Sea Isle property.

  e. The Debtor failed to list Prestige Funds which has obtained a $2,000,000.00 contempt award against the Debtor as a creditor[2]. *See* **Exhibit D**.

19. Heller, at a recent hearing in the Paramount Action, declined to testify based upon his Fifth Amendment right not to self-incriminate. However, his right to preserve his liberty creates serious concerns about the value of Deerfield's collateral and the management of the entities under Heller's control.

20. The Movant is aware of sales of assets from Heller Capital Group or the Debtor in the past year for which there has been no accounting to the creditors of Heller Capital, *i.e.* the Movant, and for which there is no explanation of the use of the proceeds. Based upon the Debtor's assertion of the privilege, the Debtor will not provide any explanation of various transfers, including:

  a. Grandview Jets, an entity owned in part by Defendant Heller, sold a jet aircraft in December 2024[3]. Heller Capital owns a substantial portion of Grandview Jets and, despite the security interest of Deerfield in Heller Capital, none of the funds related to that sale were paid to Deerfield.

  b. Heller Capital sold an interest in Prevail Ventures to KGH Synergies in December 2024. Again, no proceeds were paid to Deerfield.

---

[2] Deerfield is aware of the allegations asserted against Heller in the Paramount action pending in the Court of Common Pleas for Lancaster County at CI-24-06012 (the "Paramount Action") and the action filed by Jerry D. Hostetter in that same court at CI-24-06517. Given the nature and gravity of the allegations in the Paramount action and the fraudulent conduct which has occurred in conjunction with Deerfield's attempts to collect in the present action, Deerfield sought supplementary relief to protect its collateral. A $2,000,000 contempt award was entered against Heller, however, Heller's fraudulent Chapter 11 petition does not mention this claim, another false statement under oath. A true and correct copy of the Order for Contempt is attached to the Relief Certification as **Exhibit H**.
[3] Deerfield has just learned of this sale and reserves the right to take further action with regards to the sale in December 2024

5

    c. Heller purchased a parcel of improved real property in Lancaster County in January 2024 for $439,000 and then, in July 2024, transferred the property to his son, Ethan Heller, for One Dollar.

    d. Heller transferred an interest in a company known as Green Cabbage in September/October 2024 and advised Deerfield that almost $8,000,000.00 would be paid from the sale to Deerfield. However, Deerfield determined from metadata contained within the documents that the documents provided by Heller were fraudulent and, in fact, actually created just moments before Heller sent an email to Deerfield concerning that transaction. Upon further investigation, counsel to the buyer confirmed to Deerfield that the documents provided by Heller were fraudulent, that Heller was paid several million dollars already, and that he would not be paid any further sums.

21. Heller Capital Group transferred $1,300,000.00 to the Heller Family Foundation in 2023 at a time when Heller was clearly insolvent.

22. However, the Movant cannot examine the Debtor on these issues because of the asserted privilege under the Fifth Amendment.

23. The Movant will put on evidence at the hearing in support of each of the above and call the Debtor to the stand. Once the Debtor asserts the Fifth Amendment privilege, this Court may make an adverse inference concerning the Debtor's requested testimony.

24. A debtor-in-possession is a fiduciary. The debtor in possession must be honest, transparent and competent to manage his affairs. The Debtor's assert of the privilege is not regarding an isolated act or conduct unrelated to his duties as a fiduciary, but rather, is a blanket assertion going to all aspects of the Debtor's conduct. Moreover, the Debtor's assertion goes to

the very essence of his role as a fiduciary. This he cannot do in any way that is consistent with the equitable requirements of the Bankruptcy Code governing the conduct of debtors.

25. This creditor has zero confidence in the Debtor's ability to honestly and effectively manage his affairs.

26. Upon information and belief, the creditors of the Debtor, as a whole, not only have no interest in seeing this Debtor control or manage cash or assets, but rather are apprehensive regarding such prospect.

27. A chapter 11 trustee needs to be promptly appointed. The Movant had requested a receiver in the Lancaster County matters who is a current panel trustee with the bankruptcy court. If the Court orders the appointment of a chapter 11 trustee, the Movant will conference with the US Trustee and the other creditors regarding such appointment.

28. However, under no circumstances can this Debtor be in charge of the liquidation and recovery of assets. For the creditors to acquiesce in such a course of action would be foolish and reckless given the Debtor's demonstrated past conduct.

29. Simultaneously with the filing of this Certification, the Movant has requested authority from the Debtor to continue to assert the estate's causes of action in the Lancaster Fraud Complaint which was removed to this Court.

30. The Debtor cannot be trusted to investigate, much less adequately or properly investigate, the Lancaster Fraud Complaint. Therefore, Movant has also sent Bankruptcy Rule 2004 Subpoenas to Charlene Heller, Ethan Heller, Taite Heller, Accordo L.P. and Brookfield, L.P.

31. The Debtor has not provided any budget that shows income or expenses.

32. The Debtor will not testify as to what businesses in which he is involved remain operating and generating income.

7

33. It is clear that the Paramount entities, Blackford entities, and the entities involved in the cannabis business in Heller Investment are no longer viable sources of recovery other than as litigation assets.

34. A Chapter 11 Trustee should be promptly appointed to sell the New Jersey real estate and use the proceeds to conduct a full and complete investigation.

35. The Movant incorporates the attached Memorandum of Law as if fully set forth.

WHEREFORE, for the reasons set forth above, Deerfield Capital, LLC respectfully requests that the Court enter an order directing the appointment of a Chapter 11 Trustee and for such other and further relief as is just, necessary or appropriate.

**Ciardi Ciardi & Astin**

By: _____
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street,
Philadelphia, Pa 19103
215-557-3550
215-557-3551 (fax)
Attorneys for Deerfield Capital, LLC

Dated: February 18, 2025