# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

STEWARD CAPITAL HOLDINGS LP; and
AVENAERO HOLDINGS, LLC,

                Plaintiffs,

v.

GOLDEN GATE INVESTMENT
COMPANY, LLC; and PARAMOUNT
MANAGEMENT GROUP, LLC,

                Defendants.

Case No.: 5:24-cv-06257-JLS

## ORDER

**WHEREAS,** this matter having come before the Court on the above captioned Plaintiffs' application for entry of an order to show cause ("OTSC") issuing a preliminary injunction and appointing a receiver (the "Application"); and the Court having read and considered Plaintiffs' Complaint, supporting Memorandum of Law, the Declaration of Courtney Hayes, and such other documents and exhibits submitted by Plaintiffs in support thereof; and the Defendants' opposition thereto, if any; and the Court having heard arguments from counsel; and for good cause having been shown; and

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving certain assets of the Defendants; and

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district;

**IT IS THEREFORE** on this 2nd day of January, 2025, hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

1.  Steven J. Mitnick, Esq. of S. Mitnick Law, P.C. be and hereby is appointed as receiver (the "Receiver"), with authority to exercise all duties and powers vested in him as federal equity receiver over those certain 584 digital currency kiosk machines ("DCMs") collateralizing the Plaintiffs' Loans[1] made to Defendants and identified in further detail in the Application.

2.  The Receiver shall at all times be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable directly to this Court. In executing the Receiver's functions hereunder, and pursuant to, *inter alia*, Fed. R. Civ. P. 66, the Receiver's powers and duties shall include, but not be limited to, the power and duty to do the following:

    (a) Taking and having exclusive control, possession, and custody of the DCMs, together with all profits or proceeds therefrom, including any such profits or proceeds which may be now due and unpaid or which in the future become due;

    (b) Managing, maintaining, and preserving the DCMs, including, but not limited to, paying all expenses necessary to move, operate, maintain, and repair the DCMs, as may be necessary, maintaining necessary insurance coverages in relation to the DCMs, and if necessary, to make claims under such policies, and to prepare the DCMs for marketing and sale in accordance with the Uniform Commercial Code ("UCC") and other applicable law, in order to satisfy Plaintiffs' claims against Defendants;

    (c) Commencing, continuing, appearing, and/or intervening in all legal and administrative proceedings necessary for the preservation and adequate protection of the DCMs,

---

[1] Capitalized terms not defined herein shall have the same meanings ascribed to them in the Application.

against any and all third-parties, wherever located, as well as employing the assistance of law enforcement officers as the Receiver deems necessary to implement the provisions of this Order;

    (d) Taking all reasonable steps necessary to determine the nature, location, and value of the DCMs, and to recover said DCMs, including, but not limited to, issuing subpoenas, letters rogatory, written discovery, and/or notices of deposition to third-parties in furtherance of obtaining such information;

    (e) Choosing, employing, and engaging such attorneys, accountants, brokers, auctioneers, and/or other authorized professionals as the Receiver deems advisable and as may be necessary to perform the actions authorized by this Order;

    (f) Publishing this Order to any and all such persons as the Receiver deems necessary or appropriate in carrying out his powers and duties under this Order;

    (g) Maintaining accurate records of all receipts and expenditures that the Receiver makes as Receiver; and

    (h) Cooperating with reasonable requests for information or assistance from any state or federal law enforcement or investigative agency.

    3. Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, accountants, attorneys, professionals, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver in the discharge of his duties under this Order. This cooperation and assistance shall include, but not be limited to:

(a) Providing any information or documents that the Receiver deems necessary or appropriate to the exercise of the Receiver's authority and the discharge of the Receiver's responsibilities under this Order;

(b) Providing any password required to access any computer, electronic file, or telephonic data in any medium, relating to, or in connection with the DCMs;

(c) Providing full access to the DCMs, wherever located; and

(d) Maintaining and not wasting, damaging, disposing of, or transferring in any manner any of the DCMs.

4. Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, accountants, attorneys, professionals, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from directly or indirectly:

(a) Transacting any business relating to the DCMs or transferring any of the DCMs to anyone other than the Receiver;

(b) Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents pertaining to the DCMs and to the extent any such Documents are no longer in existence, failing to disclose the nature and contents of such documents and how, when and by whom such Documents were caused to no longer be in existence;

(c) Interfering with the Receiver's efforts to take control, possession, or exercise management of the DCMs, including, without limitation, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any DCMs;

(d) Dissipating, or otherwise diminishing the value of any DCMs, including, without limitation, excusing debts owed to the Defendants, attempting to cancel, modify, terminate, call, extinguish, revoke, or accelerate payment or the due date of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by the Defendants or taking any other action which otherwise affects any of the DCMs;

(e) Doing any act whatsoever to (a) interfere with, hinder or obstruct the Receiver in the Receiver taking custody, control, possession, or managing the DCMs or documents subject to this receivership; or (b) refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their powers, duties, or authority under any order of this Court; and

(f) Interfering with or harassing the Receiver or interfering in any manner with the exclusive jurisdiction of this Court over the receivership estate and DCMs subject thereto.

5. The Receiver shall not be required to post bond or give an undertaking of any type in connection with the Receiver's appointment in this matter. The Receiver shall be compensated in accordance with the fee arrangement between Plaintiffs and Receiver, at a rate of $750.00 per hour, and may be paid by Plaintiffs in the ordinary course without further Order of this Court. This Court retains jurisdiction with respect to any and all disputes which may arise involving compensation of the Receiver.

6. The Receiver and any party hereto may, at any time, upon notice to all parties who have appeared in this action, apply to this Court for further and other instruction and for further powers necessary to enable said Receiver to properly fulfill his duties hereunder.

7. Nothing in this Order shall be interpreted to permit the Receiver to impair or otherwise interfere with the rights of Plaintiffs as secured lenders/creditors with respect to the Loans.

8. Pursuant to Fed. R. Civ. P. 65, Golden Gate shall immediately (i) advise the Receiver as to the location of all of the collateralized DCMs; (ii) relinquish any and all control over the collateralized DCMs; (iii) deliver all of the collateralized DCMs and any and all books and records associated therewith to the Receiver; and (iv) not interfere in the Receiver's gathering possession of and liquidating the collateralized DCMs.

/s/ Jeffrey L. Schmehl
JEFFREY L. SCHMEHL           , U.S.D.J.