Order Filed on March 6, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004-1*<br><br>Ciardi Ciardi & Astin<br>Albert A. Ciardi, III, Esquire<br>Daniel S. Siedman, Esquire<br>1905 Spruce Street,<br>Philadelphia, PA 19103<br>Telephone:  215-557-3550<br>Facsimile:  215-557-3551<br>aciardi@ciardilaw.com<br>dsiedman@ciardilaw.com | |
| *In re:*<br><br>Daryl Fred Heller<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 |

**CONSENT ORDER PRESERVING STATUS QUO**

The relief set forth on the following page(s) is hereby **ORDERED.**

**DATED: March 6, 2025**

*/s/ Jerrold N. Poslusny, Jr.*

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

6170071v1
081844.79803

Consent Order Preserving Status Quo
In re Daryl F. Heller - Case No. 25-11354

Upon consideration of the *Motion of the Deerfield Capital, LLC* (the "Movant") *for Appointment of a Chapter 11 Trustee* (the "<u>Motion</u>") [D.N. 30]; and finding that due and sufficient notice of the Motion was given; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor, based upon the record and the agreement of the parties, Deerfield Capital, LLC ("Movant"), the Debtor, the Heller Entities (defined below) and the Heller Individuals (defined below) agree to the entry of the following Consent Order:

1. The Heller Entities shall be defined to include Accordo. L.P., Brookfield, L.P., Brigantine Group, L.P., and RAW Ventures, LLC. If Heller Capital Group, LLC and Heller Investment Holdings, LLC do not file their own individual Chapter 11 or 7 petition within 14 days hereof, Heller Capital Group, LLC and Heller Investment Holdings, LLC shall be included in the definition of Heller Entities and be bound by this Order.

2. The Heller Individuals shall include Daryl Heller's spouse and his two children.

3. The Heller Entities and the Heller Individuals agree that this Order shall expire within sixty (60) days upon the Examiner Report being filed or further extended by the Court or by the parties in writing. The Heller Entities and the Heller Individuals agree to the following:

    A. Within seven days of the date of this order provide to the Examiner, from and through counsel for Heller Entities and Heller Individuals.

- A Statement of current cash or digital currency position, the location of the same and the amount possessed as of the Petition Date;

- A budget for 90 days of ordinary business expenses or ordinary

        family expenses and the source of payment of those expenses. No separate budget or source of payment is required for Debtor's spouse and daughter as they are included within Debtor's budget. Debtor's son shall comply with this requirement but his budget and source of payment shall remain confidential and provided only to the examiner. See also 3D below regarding Debtor's son. The budgets and sources of payment for the Heller Entities shall also be subject to the obligation of confidentiality and only be disclosed to the examiner..

- A listing of all assets and liabilities including the date acquired or incurred. Heller Entities and the Heller Individuals shall, upon the request of the Examiner, produce such documents as reasonably requested or necessary to complete the Examiner Report, that are in their possession, custody or control, including but not limited to, financial account statements and records of real estate owned and/or transferred in order to allow the Examiner to confirm or further investigate Debtor

    B.    Heller Entities and the Heller Individuals shall upon the request of the Examiner, produce such documents as reasonably requested or necessary to complete the Examiner Report that are in their possession, custody or control, including but not limited to, financial account statements and records of real estate owned and/or transferred in order to allow the Examiner to confirm or further investigate Debtor.

      C.    Heller Entities and the Heller Individuals shall not transfer, sell or encumber any asset without prior approval of the Court. Transfer as utilized in this paragraph does not include ordinary course payments for expenses as set forth in the budget.

      D.    Heller Entities and the Heller Individuals may continue to pay their respective ordinary business and / or ordinary individual / family expenses, including their respective attorney fees as set forth in the Budgets. Extraordinary expenses may only be paid with agreement of Movant, after consultation with other creditors, or prior approval of the Court. Debtor's son is employed and does not live in the Debtor's household and his income from employment and expenses paid with his income from employment are not subject to or limited by this section as set forth in the budget.

      E.    Within forty-five days, shall identify all transfers received from the Heller Entities or the Debtor within four (4) years of the petition date.

4.    Other than the requests for information by the Examiner in Section 3A herein, discovery to Heller Entities and the Heller Individuals shall be stayed until, at least, fifteen (15) days after issuance of the Examiner's Report unless a Notice of Non-Compliance is filed by the Examiner or further Order of the Court.

5.    The Movant reserves all rights to assert that the injunction (the "Injunction") entered in the matter of *Deerfield Capital LLC v Accordo* in the Court of Common Pleas of Lancaster County, Pennsylvania which was removed to this Court (the "Removed Action") has remained in place since its issuance. The Debtor, Heller

Entities and Heller Individuals assert that the Injunction automatically dissolved pursuant to Pa. R.C.P 1531(d) and/or F.R.C.P. 65(b)(2), that Debtor's spouse and daughter were never served in the Removed Action and that there is no personal jurisdiction as to them in in the Removed Action or with respect to the Injunction, and further reserve their rights to assert the injunction has no force or effect. Regardless of the foregoing, upon entry of this order, the Court dissolves the order of the Court of Common Pleas of Lancaster Caster dated February 7, 2025 if such order was or is effective, and the Prothonotary of Lancaster County shall return any bond or similar financial instrument to Deerfield.

6. Nothing herein shall prejudice the rights of Deerfield or any other party to seek relief from the Bankruptcy Court to prosecute estate causes of action or the right of the Debtor to oppose the same, except that no additional discovery may take place with respect to Heller Entities and the Heller Individuals except as requested by the Examiner, but for depositions,[1] provided, however, once legal counsel is approved to represent the estate/creditors in the Removed Action, the parties to that action may proceed to obtain any necessary service, file answers, defenses and other pleadings, and engage in motions practice with respect to any pleadings. The Examiner is authorized to share all documents received pursuant to this Order other than the budget of the Debtor's son with any interested party. Nothing herein shall prejudice the rights of Orrstown Bank to pursue any claims or rights as to the Heller Entities or the Heller Individuals.

---

[1] Depositions of the Heller Group shall be stayed until at least fifteen (15) days after issuance of the Examiner Report, if necessary.

Consent Order Preserving Status Quo
In re Daryl F. Heller - Case No. 25-11354

7.  The parties hereby agree and acknowledge to be bound by this Order.

8.  If the Examiner files a Notice of Non-Compliance and the Court orders the appointment of a Chapter 11 Trustee, any agreement to stay discovery shall be terminated but the balance of this Order shall remain effective, provided, however, upon such occurrence, any party may seek relief or modification from the Court of the provisions remaining in effect.

**Signed and acknowledged by:**

/s/Albert Ciardi, Esq.
Counsel to Deerfield Capital LLC


/s/ Martin Weis, Esq.
Counsel to Orrstown Bank


/s/ Daryl Heller
Daryl Heller


/s/ Leo Gibbons, Esq.
Leo Gibbons, Esq.
Counsel for Debtor's Spouse and Children and
Accordo L.P., Brookfield, L.P., Brigantine Group, L.P., and RAW Ventures, LLC


/s/ Heidi Sorvino, Esq.
Counsel to Heller Capital Group, LLC


/s/ Heidi Sorvino, Esq.
Counsel to Heller Investment Holdings, LLC