| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>*Caption in Compliance with D.N.J. LBR 9004-1*<br><br>Ciardi Ciardi & Astin<br>Albert A. Ciardi, III, Esquire<br>Daniel S. Siedman, Esquire<br>1905 Spruce Street,<br>Philadelphia, PA 19103<br>Telephone:  215-557-3550<br>Facsimile:  215-557-3551<br>aciardi@ciardilaw.com<br>dsiedman@ciardilaw.com | Order Filed on March 7, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| *In re:*<br><br> Daryl Fred Heller<br><br>                    Debtor. | Chapter 11<br><br>Case No. 25-11354 |

## ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER

The relief set forth on the following page(s) is hereby **ORDERED.**

**DATED: March 7, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Order Directing Appointment of Examiner
In re Daryl F. Heller - Case No. 25-11354

Upon consideration of the *Motion of the Deerfield Capital, LLC* (the "Movant") *for Appointment of a Chapter 11 Trustee* (the "Motion") [D.N. 30]; and finding that due and sufficient notice of the Motion was given; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor, based upon the record and the agreement of the parties, the Court finds that there is the basis for appointment of an examiner, and has made the requisite findings pursuant to 11 U.S.C. § 1104(c).  Based on the foregoing, it is hereby **ORDERED** as follows:

1. The Motion is GRANTED in part.  The Motion shall remain pending until the earlier of (a) thirty (30) days after the submission of the Examiner Report or (b) a date set by the Court within five (5) days of a Notice of Non-Compliance filed by the Examiner (as defined herein).  Once the Examiner submits a Non-Compliance Notice to the parties and the court rules on such Non-Compliance, nothing in this Order shall prevent the Movant from relisting the Motion or any other party from filing a separate Motion for Appointment of a Trustee at any time. The Examiner shall provide a preliminary report or status within sixty (30) days of entry of this Order.

2. The U.S. Trustee, after consultation with the parties is directed to appoint an examiner (the "Examiner") pursuant to 11 U.S.C. § 1104(c).

3. The Examiner shall: (a) investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity, if any, in the management of the affairs of the Debtor or in any entity or entities owned or controlled by the Debtor, either directly or indirectly, or through any intermediate entity including but not limited to Heller Capital Group, LLC, Heller Investment Holdings, LLC, Accordo Limited Partnership, Brookfield LP, Brigantine Group, L.P., DHRC, LLC, I Employee Services, LLC, and RAW Ventures, LLC Golden Gate Investment

2

4933-4364-1125, v. 1

Order Directing Appointment of Examiner
In re Daryl F. Heller - Case No. 25-11354

Company, LLC, or Paramount Management Group, LLC, (collectively "Debtor Entities"), (b) investigate any and all transfers by the Debtor and any Debtor Entities including, but not limited to, all transfers or allegations referenced in the Removed Litigation,[1] (c) investigate the accuracy and completeness of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, including, but not limited to, the stated value of assets included therein, (d) otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively the "<u>Investigation</u>").

4. The Debtor shall fully and promptly cooperate with the Examiner in the performance of any of the Examiner's duties and in the Investigation. The Debtor and the Movant and any creditor (that so desires) shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation.

5. The Debtor shall provide to the Examiner all non-privileged documents and information within his possession that the Examiner deems relevant or necessary to perform the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtor asserts a claim of privilege, or otherwise objects to disclosing, including on the basis that the request is beyond the scope of the Investigation, and the Examiner and the Debtor are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. The Examiner has the authority based upon this order to request documents, information, and records from any accountant to the Debtor, any third party in possession of such records, the Internal Revenue Service or any other person or entity with regard to the Debtor or Debtor Entities and this

---

[1] The Removed Litigation refers to the matter originally filed in the Court of Common Pleas of Lancaster County Pennsylvania styled as Deerfield Capital LLC v. Accordo, L.P. et al now at docket number CI-25-00610.

Order constitutes the Debtor and Debtor Entities consent to the release of the information and records to the Examiner. .

      6.      Neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties until such time as the Examiner's Report is filed with the Court. The Examiner shall not communicate with the press, media, or other news or similar source regarding the Debtor or Debtor Entities other than by filing the Examiner Report.  The Examiner shall keep the Debtor's son's financial information confidential and shall not  disclose same in the Examiner's Report.  The Examiner shall not disclose the financial information of the Debtor's spouse or children unless it is relevant to a finding by the Examiner that the Debtor made an improper transfer to the Debtor's spouse or children and then only to the extent to disclose or document such improper transfer.

      7.      The Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above), including, but not limited to, any federal, state or local government agency that may be investigating the Debtor, Debtor Entities, their management or their financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies, if any.

      8.      The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary and reasonable to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

      9.      The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to 11 U.S.C. §§ 330, 331 and any administrative order governing interim compensation and reimbursement of expenses

of professionals which may be entered in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330. The Examiner shall provide a budget of approximate hours to complete the Examiner's Report. If the Examiner requires extra time, the Examiner must obtain permission from the parties by written consent or further order of the Court.

10. Before commencing the Investigation, the Examiner shall meet and confer with representatives from the Movant, the Debtor, Silverview, Orrstown, Steward, Avenaero, the Golden Gate Receiver, Prestige Funds, and any other party that the Examiner deems appropriate in order to discuss the Investigation.

11. The Examiner shall examine the Debtor informally, in the Examiner's discretion, and the Debtor shall cooperate fully with the reasonable requests of the Examiner. Nothing herein shall act as a waiver of any Fifth Amendment or Attorney Client Privilege or any other right of the Debtor nor shall any party have waived any challenge to any such privileges asserted by the Debtor. For abundance of clarity, reasonable requests shall include the following:

    A.    All passwords and usernames for all bank accounts, credit card accounts or other financial institutions where the Debtor is listed as owner, authorized signor or user for the Debtor or Debtor Entities used by the Debtor or such Debtor Entities in the past four years from the filing date of the Debtor's Petition (February 10, 2025).

    B.    All passwords and usernames to access all financial records of the Debtor and Debtor Entities. Passwords and usernames shall remain

confidential and the Examiner shall not share such information with any parties without further order of the Court.

C. All information provided to any accountant for the Debtor or Debtor Entities for the 2023 Federal and State tax returns which are currently on extension and the 2024 Federal and State tax returns that may not yet be complete.

D. All usernames and passwords for all bitcoin or crypto currency wallets or accounts, if any, used by the Debtor or any Debtor Entities in the past four years from the filing date of the Debtor's Petition (February 10, 2025).

E. The location of all books and records, including the physical location or cloud storage of all financial records of the Debtor or Debtor Entities or any entity controlled by Debtor, directly or indirectly.

F. Any proposed weekly budget for the Debtor which shall be reconciled with a budget to actual every two weeks.

G. All records of any sale of assets or transfer of assets of the Debtor or the Debtor Entities since January 1, 2023 to the date of this Order including, but not limited to, each alleged transaction identified in the Motion.

H. All records of any transfer of assets of the Debtor or the Debtor Entities to family members (including spouse, siblings, children

6

parents, nieces and nephews) of the Debtor since February 10, 2021.

Requests A-F shall be available for inspection and review on March 10, 2025, however the passwords and usernames shall only be provided to the Examiner. If A-F are not available or in the possession of Debtor's counsel prior to March 10, 2025 for review by counsel to Movant and any joinder parties or if A-F are materially deficient or unusable, the Movant and any joinder parties may proceed with the Motion and seek the appointment of a Chapter 11 Trustee or adjourn the Motion for one week (unless further extended by the Court). Passwords and usernames shall be for the Examiner's eyes only. Before the Examiner is appointed, the passwords and usernames shall be provided to counsel for the Debtor who shall verify to the Movant that such information is in their possession. In addition, the aforementioned list is not meant to be exclusive or limiting on the Examiner who may make all reasonable requests for information.

12. The Examiner shall in good faith and after meeting with the Debtor propose a work plan and timeline for the Debtor's compliance with the requests in Paragraph 11 and the issuance of a report (the "Examiner's Report"). The Debtor shall meet with the Examiner via Teams or Zoom or telephonically, within five (5) business days of the entry of this Order and shall confer with the Examiner in good faith regarding the requests in Paragraph 11. If necessary, the Examiner may request an in-person meeting with the Debtor after the initial meeting which would occur on March 17 or 18, 2025. The Examiner shall file his workplan and, timelines for the Debtor to provide documentation in response to the requests in Paragraph 11 and any other reasonable requests which timelines and workplan shall be considered incorporated in this Order once filed. If the Examiner determines that the Debtor is not in compliance with the requirements of cooperation mandated by this Order, the Examiner shall

file a Notice of Non-Compliance with the Court and the Court shall schedule a hearing on (a) such non-compliance and (b) the Motion on shortened notice of 5 days. On or before March 15, 2025, the Debtor shall submit to meet with the Examiner and answer all questions posed by the Examiner regarding, at a minimum, the Schedules and Statement of Financial Affairs, the topics in 11A-G, any cash budget, and the assets and liabilities of Heller Capital and Heller Investment. If the Debtor materially fails to answer the Examiner's questions or asserts a blanket Fifth Amendment Privilege, the Examiner shall file a Notice with the Court and the Court on shortened hearing shall hold a hearing on the Motion. The Debtor has the right to have counsel or any other professional present at the meeting.

13. The Examiner shall have the standing of a "party in interest" with respect to the matters that are within the scope of the Investigation and shall be entitled to appear and be heard at any and all hearings in these cases.

14. Nothing in this Order shall impede, impair and/or otherwise restrict any right of the Office of the United States Trustee. In addition, Federal Rule of Bankruptcy Procedure 2004 examinations by Deerfield, Silverview or Orrstown, Steward, Avenaero or the Golden Gate Receiver shall not be considered duplication of the Examiner's efforts. Such 2004 examinations shall be stayed until, at least, fifteen (15) days after the Examiner's Report is filed with the Court or upon the filing of a Notice of Non Compliance or further Order of the Court.

15. **<u>Supplemental Relief regarding the Removed Action</u>**. In order to preserve the status quo and assist the Examiner in the Examiner's duties, Debtor's spouse and children, Accordo, L.P., Brookfield, L.P., Brigantine Group, L.P. the Debtor Entities, and any entities by or under the direct or indirect control of any of the foregoing (collectively, referred to herein as the "Heller Group") have agreed to the entry of a Consent Order preventing transfers which

4933-4364-1125, v. 1

are not ordinary and necessary and providing information which is an integral part of this Order and shall be entered simultaneously. Any transfer outside the ordinary course of business for a disbursement needs the consent and approval of the Movant, after consultation with Orrstown, Silverview, Steward, Avenaero and the Golden Gate Receiver; such consent cannot be unreasonably withheld. Any discovery, including, but not limited to depositions of the Heller Group, shall be stayed until, at least, fifteen (15) days after issuance of the Examiner's Report. The Heller Group, as defined herein, shall provide a cash position as of the Petition Date, a budget of ordinary course expenses, and a list of assets and liabilities within five days of this order. Nothing herein shall limit the Examiner's ability to seek discovery.

16.     **Budget.**  On or before March 11, 2025, the Debtor shall provide to Deerfield, Silverview, Orrstown, Steward, Avenaero, the Golden Gate Receiver and the Office of the United States Trustee a budget showing all funds the Debtor has received since the Petition Date and may receive during the pendency of this case on a 13-week rolling basis which shall include sources, uses and projected uses of such cash, also on a weekly basis. If the parties cannot agree that the budget is acceptable, Debtor may petition the Court, on an expedited basis if necessary, for a determination of the propriety and permissibility of such proposed use of cash. The Debtor is required to stay within a fifteen percent (15%) variance of the budget, however, the Debtor reserves his right to amend the budget on consent of the Movant, after consultation with Silverview and Orrstown, or further order of the Court.

17.     The Debtor shall provide the Examiner with a list of all litigation pending against Heller Capital and Heller Investment and the Debtor agrees that he shall not permit Heller Capital or Heller Investment, to the extent Debtor has the authority to consent to any relief in such litigation without approval of the Examiner.

4933-4364-1125, v. 1

Order Directing Appointment of Examiner
In re Daryl F. Heller - Case No. 25-11354

      18.    The Debtor has indicated that Heller Capital and Heller Investment each may filed a petition within the next two weeks.  The Examiner shall defer his review of the entities underlying each of Heller Capital or Heller Investment for fourteen (14) days from the date of this order.  If Heller Capital or Heller Investment do not file a voluntary petition on or before fourteen (14) days from the date of this Order, the Examiner shall have no restrictions on his or her investigation.

4933-4364-1125, v. 1