**MS&B**  McMANIMON · SCOTLAND · BAUMANN                75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com
35240-001

March 31, 2025

<u>**Via ECF**</u>
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, NJ 08101

> **Re:    Daryl Fred Heller**
> **Ch. 11; Case No. 25-11354 (JNP)**
>
> **Limited Objection to the Retention of Reed Smith LLP as Counsel to
> Edward A. Philips, the Examiner, Pursuant to 11 U.S.C. § 330**

Dear Judge Poslusny:

This office represents Daryl Fred Heller, Chapter 11 Debtor ("Debtor"). Please accept this Letter in lieu of a formal brief as a limited objection to the retention of Reed Smith LLP ("Reed Smith") as counsel to Edward A. Philips, the Examiner ("Examiner") pursuant to 11 U.S.C. § 330.

11 U.S.C. § 330(a)(1)(A) requires the "reasonable compensation for actual, necessary services rendered" by an attorney. The Bankruptcy Code further requires courts to analyze (A) time spent, (B) rates charged, (C) necessity of services and its benefit to the estate, (D) timeliness, (E) certification/skill of the professional, and (F) reasonableness of compensation. 11 U.S.C.§ 330(a)(3).

Bankruptcy courts use the lodestar method to analyze the reasonableness of requested fees. Under the lodestar method, a court (1) determines the reasonable amount of hours expended by the professional and (2) multiply said hours by the billable rate. In re Busy Beaver Bldg. Ctrs. 19 F.3d 833 (3d Cir. 1994) n.21. See Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973). See also Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 102 (3d Cir. 1976). Likewise, reasonable hourly rates must be calculated in accordance "with the prevailing market rates in the relevant community." Perkins v. N. Park Realty Mgmt., LLC (In re Sakhe), 656 B.R. 370, 401 (Bankr. D.N.J. 2023)(citing to Stadler v. Abrams, No. CV 13-2741 (RBK/AMD), 2018 U.S. Dist. LEXIS 126499, 2018 WL 3617967, at *2 (D.N.J. July 30, 2018)).

Honorable Jerrold N. Poslusny
March 31, 2025
Page 2 of 2

Here, Reed Smith has requested the following rates for its representation of the Examiner:

| | | |
|---|---|---|
| Paralegals: | Kevin W. Cockerham | $382.50/hr |
| Associates: | Cameron A. Capp | $629.00/hr |
| Counsel: | Jason D. Angelo | $786.25/hr |
| Partners: | Kurt F. Gwynne | $1,258.00/hr |

Reed Smith's fees are excessive relative to Debtor's counsel. In fact, associate fees are close to the highest partner rates of Debtor's counsel. Such rates may not be reasonable in light of the engagement which is to represent the Examiner who has a limited role and not an adversarial party. The requested rates are significantly higher than those of other competent counsel available in this jurisdiction who could adequately perform the required services at a lower cost. Moreover, the retention of Reed Smith at its high fee rate would unnecessarily deplete estate assets that could otherwise be used for creditor recoveries. Further, the Examiner's rate is over $700 hourly.

The Debtor understands and recognizes the cost to obtain a competent, knowledgeable professional and is amenable to the Examiner's retention of Reed Smith, however, the Examiner should provide a budget for his hours and for Reed Smith so that all parties have an understanding as to the potential costs to be borne by the estate. If the Examiner and his counsel reach the budgeted hours, they should file a supplemental application to extend the budget. We appreciate Reed Smith's excellence, however, its fees should align with the costs to creditors.

Respectfully submitted,

*/s/ Sari B. Placona*
Sari B. Placona