---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Reed Smith LLP
Kurt F. Gwynne, Esq.
Jason D. Angelo, Esq.
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone:  (609) 987-0050
Facsimile:  (609) 951-0824
Email:  kgwynne@reedsmith.com
        jangelo@reedsmith.com

*Proposed Counsel for Examiner*

| | |
|---|---|
| In re: | Case No. 25-11354 (JNP) |
| DARYL FRED HELLER, | Judge Jerrold N. Poslusny Jr. |
| Debtor. | Chapter 11 |

## EXAMINER'S NOTICE OF SERVICE OF SUBPOENAS

**PLEASE TAKE NOTICE** that, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 45, Edward A. Phillips, as Examiner, by and through its undersigned counsel, intends to serve the following subpoenas, substantially in the form attached hereto, on April 14, 2025, or as soon thereafter as service may be effectuated, upon the following:

| **Name** | **Exhibit** |
|---|---|
| Citizens State Bank | 1 |
| Mid Penn Bank | 2 |
| Pathward Bank | 3 |
| PrimeSouth Bank | 4 |
| The Commercial Bank | 5 |

Date: April 14, 2025

Respectfully submitted,

By:  */s/ Kurt F. Gwynne* _____
REED SMITH LLP
Kurt F. Gwynne
Jason D. Angelo
1201 N. Market Street
Suite 1500
Wilmington, DE  19801
Telephone:  (302) 778-7500
Facsimile:   (302) 778-7575
Email:  kgwynne@reedsmith.com
Email:  jangelo@reedsmith.com

*Counsel for Edward A. Phillips, as Examiner*

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **New Jersey**

In re **DARYL FRED HELLER**
<br>
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **25-11354 (JNP)**

Chapter 11

_____
<br>
Plaintiff

v.

Adv. Proc. No._____

_____
<br>
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Citizens State Bank
<br>
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Appendix A

| PLACE<br> 32500 Woodward Ave., Royal Oak, MI 48073 | DATE AND TIME<br>Monday, April 28, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 14, 2025

CLERK OF COURT

OR

_____
<br>
*Signature of Clerk or Deputy Clerk*

_____
<br>
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Edward A. Phillips, as Examiner , who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP;
1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone:  (302) 778-7500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                         _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B)Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

**PLEASE TAKE NOTICE**, that pursuant to the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, you are commanded to produce, for the period January 1, 2021 to the present:

A.  Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of any of the following entities:

1.  DOBE Investment Group, LLC
2.  Doobie
3.  Electraleaf
4.  GCC Investment Holdings, LLC
5.  GCC MA Holdings, LLC
6.  GCC MI Holdings, LLC
7.  GCC MISO Holdings, LLC (d/b/a Glorious Cannabis Company)
8.  Golden Gate LLC
9.  Pure Green LLC
10.  RAW Ventures, LLC
11.  Superior Products Holdings, LLC
12.  Tycoon Holdings, LLC
13.  Tycoon I Operations, LLC
14.  Tycoon I RE, LLC

15.  Edie Heller Capital Group, LP
16.  48 on the Park Joint Ventures, LLC
17.  Altpay Holdings, LLC
18.  Apollo Investment Holdings, LLC
19.  Apollo Management, LLC
20.  Avail Technology Solutions, LLC
21.  Baller, LLC
22.  ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
23.  Blackford ATM Ventures, Fund D, LLC
24.  Blackford ATM Ventures, Fund M II, LLC
25.  Blackford ATM Ventures, Fund M III, LLC
26.  Blackford ATM Ventures, Fund M IV, LLC
27.  Blackford ATM Ventures, Fund M V, LLC
28.  Blackford ATM Ventures, Fund M, LLC
29.  Blackford ATM Ventures, LLC

30. Blackford Holdings, LLC
31. Cash Ventures II, LLC
32. Cash Ventures III, LLC
33. Cash Ventures IV, LLC
34. Cash Ventures V, LLC
35. Cash Ventures VI, LLC
36. Cash Ventures, LLC
37. Catapult LLC
38. Charlie Equipment, LLC
39. Charlie Management Services, LLC
40. Cloud2Beam
41. DataStaff Advisors, LLC
42. Datastaff, LLC
43. DDR Group, LLC
44. DDRB, LLC (d/b/a Eagle Air Grand Jets)
45. DECT, LLC
46. DHDZ, LLC
47. DHQM3, LLC
48. DHRL, LLC
49. EHCG Management Group, LLC
50. ExtraLead
51. Financial Initiatives, LLC
52. First Regents Holdings, LLC
53. First Regents, LLC
54. Frank Equipment, LLC
55. Frank Management Services, LLC
56. Frank RE, LLC
57. Grandis, LLC
58. Grandview Jets, LLC
59. Grizzly Equipment, LLC
60. Grizzly Management Services, LLC
61. Grizzly RE, LLC
62. H2 Ventures, LLC
63. H3 Ventures, LLC
64. Halo RE, LLC
65. HCG Leasing, LLC
66. HCG Management Services, LLC
67. HCG RE, LLC
68. Heller - Strite Group, LLC
69. Heller Capital Group, LLC
70. Heller Investment Holdings, LLC
71. HHG, LLC
72. Home Experience Holding Co., LLC
73. Horizon ATM Fund II, LLC
74. Horizon FC Fund I, LLC
75. Horizon Funds Management

76.  Horizon Wealth Generation, LLC
77.  HS Solar, LLC
78.  iEmployee Holdings, LLC
79.  iEmployee Services, LLC
80.  Innoventures Fund I, LLC
81.  Innoventures Fund II, LLC
82.  Innoventures Fund Three, LLC
83.  Invari, LLC
84.  Liberty Aviation Charter, LLC
85.  Paramount Management Group, LLC
86.  PERE, LLC
87.  PG Pharma, LP
88.  PgPharma, LP
89.  PowerCoin, LLC
90.  PowerQwest Financial, LLC
91.  Premier Companies, LLC
92.  Premier Drive Tycoon I, LLC
93.  Premier Prince Street, LLC
94.  Premier Real Estate Group, LLC
95.  Premier Solutions Group, LLC
96.  Premier Technology Group, LLC
97.  PremierComm Management, LLC
98.  PremierComm, LLC
99.  Prestige Fund A II, LLC
100.  Prestige Fund A IV, LLC
101.  Prestige Fund A IX, LLC
102.  Prestige Fund A V, LLC
103.  Prestige Fund A VI, LLC
104.  Prestige Fund A VII, LLC
105.  Prestige Fund A, LLC
106.  Prestige Fund B BTM I, LLC
107.  Prestige Fund B II, LLC
108.  Prestige Fund B IV, LLC
109.  Prestige Fund B V, LLC
110.  Prestige Fund B VI, LLC
111.  Prestige Fund B VII, LLC
112.  Prestige Fund B, LLC
113.  Prestige Fund C, LLC
114.  Prestige Fund D BTM I, LLC
115.  Prestige Fund D III, LLC
116.  Prestige Fund D IV, LLC
117.  Prestige Fund D V, LLC
118.  Prestige Fund D VI, LLC
119.  Prestige Fund D, LLC
120.  Prestige Fund DIV, LLC
121.  Prestige Funds Management II, LLC

122.    Prestige Funds Management II, LLC
123.    Prestige Funds Management III, LLC
124.    Prestige Funds Management, LLC
125.    Prestige Investment Group, LLC
126.    Prevail Ventures, LLC
127.    Project Catapult, LLC
128.    Procurement Analysis and Strategy, LLC
129.    ProSportsman, LLC
130.    Provectus Management Services, LLC
131.    RCG1, LLC
132.    RCGHW, LLC
133.    RD Capital, LLC
134.    RIG Properties, LLC
135.    Rockford Capital Group, LLC
136.    Rockford Flip, LLC
137.    Rockford Fund II, LLC
138.    Sharenet, LLC
139.    THC Venture Capital, LLC
140.    TSC Investment Group LLC
141.    WF Velocity Fund IV, LLC
142.    WF Velocity Fund V, LLC
143.    WF Velocity Fund VI, LLC
144.    WF Velocity Fund VII, LLC
145.    WF Velocity Funds Management, LLC
146.    WF Velocity I, LLC

B.  All signature cards (or other documents) for each Account sufficient to show the identity
of the signatory or signatories on such Account.

# **EXHIBIT 2**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ New Jersey _____

In re  DARYL FRED HELLER _____
<br>_____Debtor_____

*(Complete if issued in an adversary proceeding)*

Case No. 25-11354-JNP _____

Chapter 11 _____

_____
<br>_____Plaintiff_____

v.

Adv. Proc. No. _____

_____
<br>_____Defendant_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Mid Penn Bank _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **SEE APPENDIX A.**

| PLACE<br>Mid Penn Bank, 349 Union Street; Millersburg, Pennsylvania 17061 | DATE AND TIME<br>Monday, April 28, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 14, 2025 _____

CLERK OF COURT

OR

_____
<br>*Signature of Clerk or Deputy Clerk*

_____
<br>*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Edward A. Phillips (Examiner) _____, who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $  _____.

My fees are $  _____ for travel and $  _____ for services, for a total of $ _____.


      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

**PLEASE TAKE NOTICE**, that pursuant to the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, you are commanded to produce, for the period January 1, 2021 to the present:

A. Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of any of the following entities:

1.  DDRB, LLC (d/b/a Eagle Air Grand Jets)

2.  48 on the Park Joint Ventures, LLC
3.  Altpay Holdings, LLC
4.  Apollo Investment Holdings, LLC
5.  Apollo Management, LLC
6.  ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
7.  Avail Technology Solutions, LLC
8.  Baller, LLC
9.  Blackford ATM Ventures, Fund D, LLC
10. Blackford ATM Ventures, Fund M II, LLC
11. Blackford ATM Ventures, Fund M III, LLC
12. Blackford ATM Ventures, Fund M IV, LLC
13. Blackford ATM Ventures, Fund M V, LLC
14. Blackford ATM Ventures, Fund M, LLC
15. Blackford ATM Ventures, LLC
16. Blackford Holdings, LLC
17. Cash Ventures II, LLC
18. Cash Ventures III, LLC
19. Cash Ventures IV, LLC
20. Cash Ventures V, LLC
21. Cash Ventures VI, LLC
22. Cash Ventures, LLC
23. Catapult LLC
24. Charlie Equipment, LLC
25. Charlie Management Services, LLC
26. Cloud2Beam
27. DataStaff Advisors, LLC
28. Datastaff, LLC
29. DDR Group, LLC

30.  DECT, LLC
31.  DHDZ, LLC
32.  DHQM3, LLC
33.  DHRL, LLC
34.  DOBE Investment Group, LLC
35.  Doobie
36.  Edie Heller Capital Group, LP
37.  EHCG Management Group, LLC
38.  Electraleaf
39.  ExtraLead
40.  Financial Initiatives, LLC
41.  First Regents Holdings, LLC
42.  First Regents, LLC
43.  Frank Equipment, LLC
44.  Frank Management Services, LLC
45.  Frank RE, LLC
46.  GCC Investment Holdings, LLC
47.  GCC MA Holdings, LLC
48.  GCC MI Holdings, LLC
49.  GCC MISO Holdings, LLC (d/b/a Glorious Cannabis Company)
50.  Golden Gate LLC
51.  Grandis, LLC
52.  Grandview Jets, LLC
53.  Grizzly Equipment, LLC
54.  Grizzly Management Services, LLC
55.  Grizzly RE, LLC
56.  H2 Ventures, LLC
57.  H3 Ventures, LLC
58.  Halo RE, LLC
59.  HCG Leasing, LLC
60.  HCG Management Services, LLC
61.  HCG RE, LLC
62.  Heller - Strite Group, LLC
63.  Heller Capital Group, LLC
64.  Heller Investment Holdings, LLC
65.  HHG, LLC
66.  Home Experience Holding Co., LLC
67.  Horizon ATM Fund II, LLC
68.  Horizon FC Fund I, LLC
69.  Horizon Funds Management
70.  Horizon Wealth Generation, LLC
71.  HS Solar, LLC
72.  iEmployee Holdings, LLC
73.  iEmployee Services, LLC
74.  Innoventures Fund I, LLC
75.  Innoventures Fund II, LLC

76.   Innoventures Fund Three, LLC
77.   Invari, LLC
78.   Liberty Aviation Charter, LLC
79.   Paramount Management Group, LLC
80.   PERE, LLC
81.   PG Pharma, LP
82.   PgPharma, LP
83.   PowerCoin, LLC
84.   PowerQwest Financial, LLC
85.   Premier Companies, LLC
86.   Premier Drive Tycoon I, LLC
87.   Premier Prince Street, LLC
88.   Premier Real Estate Group, LLC
89.   Premier Solutions Group, LLC
90.   Premier Technology Group, LLC
91.   PremierComm Management, LLC
92.   PremierComm, LLC
93.   Prestige Fund A II, LLC
94.   Prestige Fund A IV, LLC
95.   Prestige Fund A IX, LLC
96.   Prestige Fund A V, LLC
97.   Prestige Fund A VI, LLC
98.   Prestige Fund A VII, LLC
99.   Prestige Fund A, LLC
100.  Prestige Fund B BTM I, LLC
101.  Prestige Fund B II, LLC
102.  Prestige Fund B IV, LLC
103.  Prestige Fund B V, LLC
104.  Prestige Fund B VI, LLC
105.  Prestige Fund B VII, LLC
106.  Prestige Fund B, LLC
107.  Prestige Fund C, LLC
108.  Prestige Fund D BTM I, LLC
109.  Prestige Fund D III, LLC
110.  Prestige Fund D IV, LLC
111.  Prestige Fund D V, LLC
112.  Prestige Fund D VI, LLC
113.  Prestige Fund D, LLC
114.  Prestige Fund DIV, LLC
115.  Prestige Funds Management II, LLC
116.  Prestige Funds Management II, LLC
117.  Prestige Funds Management III, LLC
118.  Prestige Funds Management, LLC
119.  Prestige Investment Group, LLC
120.  Prevail Ventures, LLC
121.  Procurement Analysis and Strategy, LLC

122. Project Catapult, LLC
123. ProSportsman, LLC
124. Provectus Management Services, LLC
125. Pure Green LLC
126. RAW Ventures, LLC
127. RCG1, LLC
128. RCGHW, LLC
129. RD Capital, LLC
130. RIG Properties, LLC
131. Rockford Capital Group, LLC
132. Rockford Flip, LLC
133. Rockford Fund II, LLC
134. Sharenet, LLC
135. Superior Products Holdings, LLC
136. THC Venture Capital, LLC
137. TSC Investment Group LLC
138. Tycoon Holdings, LLC
139. Tycoon I Operations, LLC
140. Tycoon I RE, LLC
141. WF Velocity Fund IV, LLC
142. WF Velocity Fund V, LLC
143. WF Velocity Fund VI, LLC
144. WF Velocity Fund VII, LLC
145. WF Velocity Funds Management, LLC
146. WF Velocity I, LLC

B.  All signature cards (or other documents) for each Account sufficient to show the identity
of the signatory or signatories on such Account.

## **EXHIBIT 3**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **New Jersey**

In re **DARYL FRED HELLER**

_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. **25-11354 (JNP)**

Chapter 11

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Pathward Bank
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Appendix A**

| PLACE | DATE AND TIME |
|---|---|
| 5501 South Broadband Lane, Sioux Falls, SD 57108 | Monday, April 28, 2025 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 14, 2025

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Edward A. Phillips (Examiner)**, who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP; 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

**PLEASE TAKE NOTICE**, that pursuant to the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, you are commanded to produce, for the period January 1, 2021 to the present:

A.  Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of any of the following entities:

1.      Sharenet, LLC

2.      48 on the Park Joint Ventures, LLC
3.      Altpay Holdings, LLC
4.      Apollo Investment Holdings, LLC
5.      Apollo Management, LLC
6.      Avail Technology Solutions, LLC
7.      Baller, LLC
8.      ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
9.      Blackford ATM Ventures, Fund D, LLC
10.     Blackford ATM Ventures, Fund M II, LLC
11.     Blackford ATM Ventures, Fund M III, LLC
12.     Blackford ATM Ventures, Fund M IV, LLC
13.     Blackford ATM Ventures, Fund M V, LLC
14.     Blackford ATM Ventures, Fund M, LLC
15.     Blackford ATM Ventures, LLC
16.     Blackford Holdings, LLC
17.     Cash Ventures II, LLC
18.     Cash Ventures III, LLC
19.     Cash Ventures IV, LLC
20.     Cash Ventures V, LLC
21.     Cash Ventures VI, LLC
22.     Cash Ventures, LLC
23.     Catapult LLC
24.     Charlie Equipment, LLC
25.     Charlie Management Services, LLC
26.     Cloud2Beam
27.     DataStaff Advisors, LLC
28.     Datastaff, LLC
29.     DDR Group, LLC

30.     DDRB, LLC (d/b/a Eagle Air Grand Jets)
31.     DECT, LLC
32.     DHDZ, LLC
33.     DHQM3, LLC
34.     DHRL, LLC
35.     DOBE Investment Group, LLC
36.     Doobie
37.     Edie Heller Capital Group, LP
38.     EHCG Management Group, LLC
39.     Electraleaf
40.     ExtraLead
41.     Financial Initiatives, LLC
42.     First Regents Holdings, LLC
43.     First Regents, LLC
44.     Frank Equipment, LLC
45.     Frank Management Services, LLC
46.     Frank RE, LLC
47.     GCC Investment Holdings, LLC
48.     GCC MA Holdings, LLC
49.     GCC MI Holdings, LLC
50.     GCC MISO Holdings, LLC (d/b/a Glorious Cannabis Company)
51.     Golden Gate LLC
52.     Grandis, LLC
53.     Grandview Jets, LLC
54.     Grizzly Equipment, LLC
55.     Grizzly Management Services, LLC
56.     Grizzly RE, LLC
57.     H2 Ventures, LLC
58.     H3 Ventures, LLC
59.     Halo RE, LLC
60.     HCG Leasing, LLC
61.     HCG Management Services, LLC
62.     HCG RE, LLC
63.     Heller - Strite Group, LLC
64.     Heller Capital Group, LLC
65.     Heller Investment Holdings, LLC
66.     HHG, LLC
67.     Home Experience Holding Co., LLC
68.     Horizon ATM Fund II, LLC
69.     Horizon FC Fund I, LLC
70.     Horizon Funds Management
71.     Horizon Wealth Generation, LLC
72.     HS Solar, LLC
73.     iEmployee Holdings, LLC
74.     iEmployee Services, LLC
75.     Innoventures Fund I, LLC

76. Innoventures Fund II, LLC
77. Innoventures Fund Three, LLC
78. Invari, LLC
79. Liberty Aviation Charter, LLC
80. Paramount Management Group, LLC
81. PERE, LLC
82. PG Pharma, LP
83. PgPharma, LP
84. PowerCoin, LLC
85. PowerQwest Financial, LLC
86. Premier Companies, LLC
87. Premier Drive Tycoon I, LLC
88. Premier Prince Street, LLC
89. Premier Real Estate Group, LLC
90. Premier Solutions Group, LLC
91. Premier Technology Group, LLC
92. PremierComm Management, LLC
93. PremierComm, LLC
94. Prestige Fund A II, LLC
95. Prestige Fund A IV, LLC
96. Prestige Fund A IX, LLC
97. Prestige Fund A V, LLC
98. Prestige Fund A VI, LLC
99. Prestige Fund A VII, LLC
100. Prestige Fund A, LLC
101. Prestige Fund B BTM I, LLC
102. Prestige Fund B II, LLC
103. Prestige Fund B IV, LLC
104. Prestige Fund B V, LLC
105. Prestige Fund B VI, LLC
106. Prestige Fund B VII, LLC
107. Prestige Fund B, LLC
108. Prestige Fund C, LLC
109. Prestige Fund D BTM I, LLC
110. Prestige Fund D III, LLC
111. Prestige Fund D IV, LLC
112. Prestige Fund D V, LLC
113. Prestige Fund D VI, LLC
114. Prestige Fund D, LLC
115. Prestige Fund DIV, LLC
116. Prestige Funds Management II, LLC
117. Prestige Funds Management II, LLC
118. Prestige Funds Management III, LLC
119. Prestige Funds Management, LLC
120. Prestige Investment Group, LLC
121. Prevail Ventures, LLC

122. Project Catapult, LLC
123. Procurement Analysis and Strategy, LLC
124. ProSportsman, LLC
125. Provectus Management Services, LLC
126. Pure Green LLC
127. RAW Ventures, LLC
128. RCG1, LLC
129. RCGHW, LLC
130. RD Capital, LLC
131. RIG Properties, LLC
132. Rockford Capital Group, LLC
133. Rockford Flip, LLC
134. Rockford Fund II, LLC
135. Superior Products Holdings, LLC
136. THC Venture Capital, LLC
137. TSC Investment Group LLC
138. Tycoon Holdings, LLC
139. Tycoon I Operations, LLC
140. Tycoon I RE, LLC
141. WF Velocity Fund IV, LLC
142. WF Velocity Fund V, LLC
143. WF Velocity Fund VI, LLC
144. WF Velocity Fund VII, LLC
145. WF Velocity Funds Management, LLC
146. WF Velocity I, LLC

B. All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.

# **EXHIBIT 4**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ New Jersey _____

In re DARYL FRED HELLER _____
_____Debtor_____

Case No. 25-11354-JNP _____

*(Complete if issued in an adversary proceeding)*

Chapter 11 _____

_____
_____Plaintiff_____

v.

Adv. Proc. No. _____

_____
_____Defendant_____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: PrimeSouth Bank _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE APPENDIX A.**

| PLACE<br>3473 Highway 84 West, Blackshear, GA, 31516, USA | DATE AND TIME<br>Monday, April 28, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 14, 2025 _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Edward A. Phillips (Examiner) _____ , who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP

1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

**PLEASE TAKE NOTICE** that, pursuant to the foregoing ***Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)***, you are commanded to produce, for the period January 1, 2021 to the present:

A.     Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of <u>PowerCoin, LLC</u> ending in 3655.

B.     Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account in the name of any of the following entities (also, an "Account"):

    1.     PowerCoin, LLC
    2.     Apollo Investment Holdings LLC
    3.     Altpay Holdings, LLC
    4.     ATM OPS LLC
    5.     ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
    6.     PowerQuest Financial, LLC

C.     All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.

## EXHIBIT 5

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ New Jersey _____

In re  DARYL FRED HELLER _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 25-11354-JNP _____

Chapter 11 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The Commercial Bank

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **SEE APPENDIX A.**

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP (Attn:  Kurt F. Gwynne); 999 Peachtree Street NE, Suite 2500, Atlanta, GA 30309 | Monday, April 28, 2025 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 14, 2025 _____

CLERK OF COURT

OR

_____                _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Edward A. Phillips (Examiner) _____ , who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP

1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7550

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $ _____for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

**PLEASE TAKE NOTICE** that, pursuant to the foregoing ***Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)***, you are commanded to produce, for the period January 1, 2021 to the present:

A.     Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of <u>PowerCoin, LLC</u> ending in the following:

1.     5361
2.     8793
3.     5701

B.     Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account in the name of any of the following entities (also, an "Account"):

1.     PowerCoin, LLC
2.     Apollo Investment Holdings LLC
3.     Altpay Holdings, LLC
4.     ATM OPS LLC
5.     ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
6.     PowerQuest Financial, LLC

C.     All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.