| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Reed Smith LLP<br>Kurt F. Gwynne, Esq.<br>Jason D. Angelo, Esq.<br>506 Carnegie Center, Suite 300<br>Princeton, NJ 08540<br>Telephone:  (609) 987-0050<br>Facsimile:  (609) 951-0824<br>Email:  kgwynne@reedsmith.com<br>           jangelo@reedsmith.com<br><br>*Proposed Counsel for Examiner* | |
| In re: <br><br>DARYL FRED HELLER,<br><br>                                   Debtor. | Case No. 25-11354 (JNP)<br><br>Judge Jerrold N. Poslusny Jr.<br><br>Chapter 11 |

### EXAMINER'S NOTICE OF SERVICE OF SUBPOENA(S)

**PLEASE TAKE NOTICE** that, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 45, Edward A. Phillips, as Examiner, by and through its undersigned counsel, intends to serve the following subpoena(s), substantially in the form attached hereto, on April 15, 2025, or as soon thereafter as service may be effectuated, upon the following:

| **Name** | **Exhibit** |
|---|---|
| Community Choice Credit Union | 1 |

- 2 -

Date: April 15, 2025            Respectfully submitted,

By: */s/ Kurt F. Gwynne*
REED SMITH LLP
Kurt F. Gwynne
Jason D. Angelo
1201 N. Market Street
Suite 1500
Wilmington, DE  19801
Telephone:  (302) 778-7500
Facsimile:   (302) 778-7575
Email:  kgwynne@reedsmith.com
Email:  jangelo@reedsmith.com

*Counsel for Edward A. Phillips, as Examiner*

# **EXHIBIT 1**

Case 25-11354-JNP    Doc 184    Filed 04/15/25    Entered 04/15/25 11:48:08    Desc Main
Document    Page 3 of 7

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of New Jersey

In re DARYL FRED HELLER
            Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 25-11354 (JNP)

Chapter 11

_____
        Plaintiff
            v.

Adv. Proc. No. _____

_____
        Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Community Choice Credit Union

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Appendix A**

| PLACE   31155 Northwestern Highway, Farmington Hills, MI 48334. | DATE AND TIME Tuesday, April 29, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 15, 2025

            CLERK OF COURT                            OR

_____            _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Edward A. Phillips (Examiner)____, who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP; 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7550

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                      _____
                                                           *Server's signature*

                                                      _____
                                                         *Printed name and title*

                                                      _____
                                                          *Server's address*

Additional information concerning attempted service, etc.:

Case 25-11354-JNP    Doc 184    Filed 04/15/25    Entered 04/15/25 11:48:08    Desc Main
Document      Page 6 of 7

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

   *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

   *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **APPENDIX A**

**PLEASE TAKE NOTICE**, that pursuant to the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, you are commanded to produce, for the period January 1, 2021 to the present:

A. Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of Daryl F. Heller.

B. Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account in the name of any of the following entities (also, an "Account"):

1. Edie Heller Capital Group, LP
2. Heller Capital Group, LLC
3. Heller Investment Holdings, LLC
4. DOBE Investment Group, LLC
5. Doobie
6. Electraleaf
7. GCC Investment Holdings, LLC
8. GCC MA Holdings, LLC
9. GCC MI Holdings, LLC
10. GCC MISO Holdings, LLC (d/b/a Glorious Cannabis Company)
11. Golden Gate LLC
12. Pure Green LLC
13. RAW Ventures, LLC
14. Superior Products Holdings, LLC
15. Tycoon Holdings, LLC
16. Tycoon I Operations, LLC
17. Tycoon I RE, LLC

C. All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.