| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Reed Smith LLP<br>Kurt F. Gwynne, Esq.<br>Jason D. Angelo, Esq.<br>506 Carnegie Center, Suite 300<br>Princeton, NJ 08540<br>Telephone:  (609) 987-0050<br>Facsimile:  (609) 951-0824<br>Email:  kgwynne@reedsmith.com<br>          jangelo@reedsmith.com<br><br>*Proposed Counsel for Examiner* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>                              Debtor. | Case No. 25-11354 (JNP)<br><br>Judge Jerrold N. Poslusny Jr.<br><br>Chapter 11 |

## EXAMINER'S NOTICE OF SERVICE OF SUBPOENA(S)

**PLEASE TAKE NOTICE** that, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 45, Edward A. Phillips, as Examiner, by and through its undersigned counsel, intends to serve the following subpoena(s), substantially in the form attached hereto, on April 15, 2025, or as soon thereafter as service may be effectuated, upon the following:

| **Name** | **Exhibit** |
|---|---|
| Needham Bank | 1 |
| Orrstown Bank | 2 |

- 2 -

Date: April 15, 2025            Respectfully submitted,

By: */s/ Kurt F. Gwynne*
REED SMITH LLP
Kurt F. Gwynne
Jason D. Angelo
1201 N. Market Street
Suite 1500
Wilmington, DE  19801
Telephone:  (302) 778-7500
Facsimile:   (302) 778-7575
Email: kgwynne@reedsmith.com
Email: jangelo@reedsmith.com

*Counsel for Edward A. Phillips, as Examiner*

# **EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of New Jersey

In re DARYL FRED HELLER
           Debtor

Case No. 25-11354 (JNP)

*(Complete if issued in an adversary proceeding)*

Chapter 11

           Plaintiff

v.

Adv. Proc. No.

           Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Needham Bank

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Appendix A**

| PLACE | DATE AND TIME |
|---|---|
| 1063 Great Plain Ave., Needham MA 02492 | Tuesday, April 29, 2025 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 15, 2025

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Edward A. Phillips (Examiner), who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP; 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **APPENDIX A**

**PLEASE TAKE NOTICE**, that pursuant to the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, you are commanded to produce, for the period January 1, 2021 to the present:

A. Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of any of the following entities:

1. Heller Capital Group, LLC
2. Heller Investment Holdings, LLC

3. 48 on the Park Joint Ventures, LLC
4. Altpay Holdings, LLC
5. Apollo Investment Holdings, LLC
6. Apollo Management, LLC
7. ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
8. Avail Technology Solutions, LLC
9. Baller, LLC
10. Blackford ATM Ventures, Fund D, LLC
11. Blackford ATM Ventures, Fund M II, LLC
12. Blackford ATM Ventures, Fund M III, LLC
13. Blackford ATM Ventures, Fund M IV, LLC
14. Blackford ATM Ventures, Fund M V, LLC
15. Blackford ATM Ventures, Fund M, LLC
16. Blackford ATM Ventures, LLC
17. Blackford Holdings, LLC
18. Cash Ventures II, LLC
19. Cash Ventures III, LLC
20. Cash Ventures IV, LLC
21. Cash Ventures V, LLC
22. Cash Ventures VI, LLC
23. Cash Ventures, LLC
24. Catapult LLC
25. Charlie Equipment, LLC
26. Charlie Management Services, LLC
27. Cloud2Beam
28. DataStaff Advisors, LLC
29. Datastaff, LLC

30. DDR Group, LLC
31. DDRB, LLC (d/b/a Eagle Air Grand Jets)
32. DECT, LLC
33. DHDZ, LLC
34. DHQM3, LLC
35. DHRL, LLC
36. DOBE Investment Group, LLC
37. Doobie
38. Edie Heller Capital Group, LP
39. EHCG Management Group, LLC
40. Electraleaf
41. ExtraLead
42. Financial Initiatives, LLC
43. First Regents Holdings, LLC
44. First Regents, LLC
45. Frank Equipment, LLC
46. Frank Management Services, LLC
47. Frank RE, LLC
48. GCC Investment Holdings, LLC
49. GCC MA Holdings, LLC
50. GCC MI Holdings, LLC
51. GCC MISO Holdings, LLC (d/b/a Glorious Cannabis Company)
52. Golden Gate LLC
53. Grandis, LLC
54. Grandview Jets, LLC
55. Grizzly Equipment, LLC
56. Grizzly Management Services, LLC
57. Grizzly RE, LLC
58. H2 Ventures, LLC
59. H3 Ventures, LLC
60. Halo RE, LLC
61. HCG Leasing, LLC
62. HCG Management Services, LLC
63. HCG RE, LLC
64. Heller - Strite Group, LLC
65. HHG, LLC
66. Home Experience Holding Co., LLC
67. Horizon ATM Fund II, LLC
68. Horizon FC Fund I, LLC
69. Horizon Funds Management
70. Horizon Wealth Generation, LLC
71. HS Solar, LLC
72. iEmployee Holdings, LLC
73. iEmployee Services, LLC
74. Innoventures Fund I, LLC
75. Innoventures Fund II, LLC

76. Innoventures Fund Three, LLC
77. Invari, LLC
78. Liberty Aviation Charter, LLC
79. Paramount Management Group, LLC
80. PERE, LLC
81. PG Pharma, LP
82. PgPharma, LP
83. PowerCoin, LLC
84. PowerQwest Financial, LLC
85. Premier Companies, LLC
86. Premier Drive Tycoon I, LLC
87. Premier Prince Street, LLC
88. Premier Real Estate Group, LLC
89. Premier Solutions Group, LLC
90. Premier Technology Group, LLC
91. PremierComm Management, LLC
92. PremierComm, LLC
93. Prestige Fund A II, LLC
94. Prestige Fund A IV, LLC
95. Prestige Fund A IX, LLC
96. Prestige Fund A V, LLC
97. Prestige Fund A VI, LLC
98. Prestige Fund A VII, LLC
99. Prestige Fund A, LLC
100. Prestige Fund B BTM I, LLC
101. Prestige Fund B II, LLC
102. Prestige Fund B IV, LLC
103. Prestige Fund B V, LLC
104. Prestige Fund B VI, LLC
105. Prestige Fund B VII, LLC
106. Prestige Fund B, LLC
107. Prestige Fund C, LLC
108. Prestige Fund D BTM I, LLC
109. Prestige Fund D III, LLC
110. Prestige Fund D IV, LLC
111. Prestige Fund D V, LLC
112. Prestige Fund D VI, LLC
113. Prestige Fund D, LLC
114. Prestige Fund DIV, LLC
115. Prestige Funds Management II, LLC
116. Prestige Funds Management II, LLC
117. Prestige Funds Management III, LLC
118. Prestige Funds Management, LLC
119. Prestige Investment Group, LLC
120. Prevail Ventures, LLC
121. Procurement Analysis and Strategy, LLC

- 4 -

122. Project Catapult, LLC
123. ProSportsman, LLC
124. Provectus Management Services, LLC
125. Pure Green LLC
126. RAW Ventures, LLC
127. RCG1, LLC
128. RCGHW, LLC
129. RD Capital, LLC
130. RIG Properties, LLC
131. Rockford Capital Group, LLC
132. Rockford Flip, LLC
133. Rockford Fund II, LLC
134. Sharenet, LLC
135. Superior Products Holdings, LLC
136. THC Venture Capital, LLC
137. TSC Investment Group LLC
138. Tycoon Holdings, LLC
139. Tycoon I Operations, LLC
140. Tycoon I RE, LLC
141. WF Velocity Fund IV, LLC
142. WF Velocity Fund V, LLC
143. WF Velocity Fund VI, LLC
144. WF Velocity Fund VII, LLC
145. WF Velocity Funds Management, LLC
146. WF Velocity I, LLC

B. All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.

# **EXHIBIT 2**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ New Jersey _____

In re  DARYL FRED HELLER
         Debtor

Case No. 25-11354-JNP

Chapter 11

*(Complete if issued in an adversary proceeding)*

_____
      Plaintiff
v.

Adv. Proc. No. _____

_____
      Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Orrstown Bank

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE APPENDIX A.**

| PLACE | DATE AND TIME |
|---|---|
| 77 East King Street, Shippensburg PA 17257 | Tuesday, April 29, 2025 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  April 15, 2025

        CLERK OF COURT

                                  OR

_____       _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Edward A. Phillips (Examiner) , who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **APPENDIX A**

**PLEASE TAKE NOTICE**, that pursuant to the foregoing *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, you are commanded to produce, for the period January 1, 2021 to the present:

A. Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of any of the following entities:

1. 48 on the Park Joint Ventures, LLC
2. Altpay Holdings, LLC
3. Apollo Investment Holdings, LLC
4. Apollo Management, LLC
5. ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
6. Avail Technology Solutions, LLC
7. Baller, LLC
8. Blackford ATM Ventures, Fund D, LLC
9. Blackford ATM Ventures, Fund M II, LLC
10. Blackford ATM Ventures, Fund M III, LLC
11. Blackford ATM Ventures, Fund M IV, LLC
12. Blackford ATM Ventures, Fund M V, LLC
13. Blackford ATM Ventures, Fund M, LLC
14. Blackford ATM Ventures, LLC
15. Blackford Holdings, LLC
16. Cash Ventures II, LLC
17. Cash Ventures III, LLC
18. Cash Ventures IV, LLC
19. Cash Ventures V, LLC
20. Cash Ventures VI, LLC
21. Cash Ventures, LLC
22. Catapult LLC
23. Charlie Equipment, LLC
24. Charlie Management Services, LLC
25. Cloud2Beam
26. DataStaff Advisors, LLC
27. Datastaff, LLC
28. DDR Group, LLC
29. DDRB, LLC (d/b/a Eagle Air Grand Jets)
30. DECT, LLC

31. DHDZ, LLC
32. DHQM3, LLC
33. DHRL, LLC
34. DOBE Investment Group, LLC
35. Doobie
36. Edie Heller Capital Group, LP
37. EHCG Management Group, LLC
38. Electraleaf
39. ExtraLead
40. Financial Initiatives, LLC
41. First Regents Holdings, LLC
42. First Regents, LLC
43. Frank Equipment, LLC
44. Frank Management Services, LLC
45. Frank RE, LLC
46. GCC Investment Holdings, LLC
47. GCC MA Holdings, LLC
48. GCC MI Holdings, LLC
49. GCC MISO Holdings, LLC (d/b/a Glorious Cannabis Company)
50. Golden Gate LLC
51. Grandis, LLC
52. Grandview Jets, LLC
53. Grizzly Equipment, LLC
54. Grizzly Management Services, LLC
55. Grizzly RE, LLC
56. H2 Ventures, LLC
57. H3 Ventures, LLC
58. Halo RE, LLC
59. HCG Leasing, LLC
60. HCG Management Services, LLC
61. HCG RE, LLC
62. Heller - Strite Group, LLC
63. Heller Capital Group, LLC
64. Heller Investment Holdings, LLC
65. HHG, LLC
66. Home Experience Holding Co., LLC
67. Horizon ATM Fund II, LLC
68. Horizon FC Fund I, LLC
69. Horizon Funds Management
70. Horizon Wealth Generation, LLC
71. HS Solar, LLC
72. iEmployee Holdings, LLC
73. iEmployee Services, LLC
74. Innoventures Fund I, LLC
75. Innoventures Fund II, LLC
76. Innoventures Fund Three, LLC

77. Invari, LLC
78. Liberty Aviation Charter, LLC
79. Paramount Management Group, LLC
80. PERE, LLC
81. PG Pharma, LP
82. PgPharma, LP
83. PowerCoin, LLC
84. PowerQwest Financial, LLC
85. Premier Companies, LLC
86. Premier Drive Tycoon I, LLC
87. Premier Prince Street, LLC
88. Premier Real Estate Group, LLC
89. Premier Solutions Group, LLC
90. Premier Technology Group, LLC
91. PremierComm Management, LLC
92. PremierComm, LLC
93. Prestige Fund A II, LLC
94. Prestige Fund A IV, LLC
95. Prestige Fund A IX, LLC
96. Prestige Fund A V, LLC
97. Prestige Fund A VI, LLC
98. Prestige Fund A VII, LLC
99. Prestige Fund A, LLC
100. Prestige Fund B BTM I, LLC
101. Prestige Fund B II, LLC
102. Prestige Fund B IV, LLC
103. Prestige Fund B V, LLC
104. Prestige Fund B VI, LLC
105. Prestige Fund B VII, LLC
106. Prestige Fund B, LLC
107. Prestige Fund C, LLC
108. Prestige Fund D BTM I, LLC
109. Prestige Fund D III, LLC
110. Prestige Fund D IV, LLC
111. Prestige Fund D V, LLC
112. Prestige Fund D VI, LLC
113. Prestige Fund D, LLC
114. Prestige Fund DIV, LLC
115. Prestige Funds Management II, LLC
116. Prestige Funds Management II, LLC
117. Prestige Funds Management III, LLC
118. Prestige Funds Management, LLC
119. Prestige Investment Group, LLC
120. Prevail Ventures, LLC
121. Procurement Analysis and Strategy, LLC
122. Project Catapult, LLC

123. ProSportsman, LLC
124. Provectus Management Services, LLC
125. Pure Green LLC
126. RAW Ventures, LLC
127. RCG1, LLC
128. RCGHW, LLC
129. RD Capital, LLC
130. RIG Properties, LLC
131. Rockford Capital Group, LLC
132. Rockford Flip, LLC
133. Rockford Fund II, LLC
134. Sharenet, LLC
135. Superior Products Holdings, LLC
136. THC Venture Capital, LLC
137. TSC Investment Group LLC
138. Tycoon Holdings, LLC
139. Tycoon I Operations, LLC
140. Tycoon I RE, LLC
141. WF Velocity Fund IV, LLC
142. WF Velocity Fund V, LLC
143. WF Velocity Fund VI, LLC
144. WF Velocity Fund VII, LLC
145. WF Velocity Funds Management, LLC
146. WF Velocity I, LLC

B. All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.