| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **MCMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel to Daryl Fred Heller*<br>*Chapter 11 Debtor and Debtor-in-Possession* |

In re:

DARYL FRED HELLER,

                Debtor.

Case No. 25-11354 (JNP)

Chapter 11

**ORDER APPROVING THE AGREEMENT BETWEEN THE DEBTOR, CHARLENE R. HELLER, AND ORRSTOWN BANK PURSUANT TO 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

      The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

#124982871v1

(Page 2)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No.: | Case No. 25-11354 (JNP) |
| Caption of Order: | Order Approving the Agreement Between the Debtor, Charlene R. Heller, and Orrstown Bank Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure |

**THIS MATTER,** having been presented to the Court by Daryl Fred Heller (the "Debtor"), by and through his counsel, McManimon, Scotland & Baumann, LLC, Motion for an Order Approving the Agreement between the Debtor and Charlene R. Heller[1] and Orrstown Bank pursuant to 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion"); and due and proper notice of the Motion having been given; and the Court having considered the papers in support of the Motion and opposition thereto, if any, and the Court considering oral argument, if any; and the Court having determined that approval of the Agreement meets the criteria set forth in Fed. R. Bankr. P. 9019 and applicable case law; and it further appearing that the settlement embodied in the Agreement is fair and equitable and in the best interest of the Debtor and his estate and creditors, and it is hereby:

THE COURT HEREBY FINDS THE FOLLOWING:

In reaching the Agreement, the Parties negotiated at arm's-length and in good faith;

  a. The Agreement is fair, adequate and reasonable, is in the best interests of and confers a substantial benefit on the Estate and represents a proper and valid exercise of the Debtor's business judgment and an exchange of reasonably equivalent value;

  b. The releases, compromises and other consideration each of the Parties is to provide under the Settlement Agreement are adequate, fair and equitable relative to the releases, dismissal and other benefits each of the Parties is to receive thereunder;

  c. The Debtor has the authority to enter into and effectuate the Agreement, all of the documents required thereunder, and the transactions contemplated thereby;

  d. Based on these findings of fact, the Court concludes that, as a matter of law, (i) the

---

[1] Mrs. Heller is the wife of the Debtor.

4900-5267-3596, v. 1

(Page 3)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No.: | Case No. 25-11354 (JNP) |
| Caption of Order: | Order Approving the Agreement Between the Debtor, Charlene R. Heller, and Orrstown Bank Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure |

Agreement satisfies the requirements of Bankruptcy Rule 9019, and (ii) the Debtor is authorized to enter into and to take any and all actions necessary to effectuate the Agreement, the Agreement and the transactions contemplated thereby; and

e.  To the extent that any of the above findings of fact are conclusions of law or vice versa they shall be so treated.

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED** as set forth herein.

2. The Agreement between the Debtor, Charlene Heller, and Orrstown Bank is approved pursuant to Fed. R. Bankr. P. 9019 and section 105(a) of the Bankruptcy Code, and the Debtor is authorized to execute, deliver and take such other actions as are necessary to implement the terms of the Agreement and the settlement embodied therein.

3. All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Agreement.

4. Any objections and/or reservations of rights as to the Motion that have not been withdrawn, waived, settled or specifically addressed in this Order, and/or the Agreement are overruled on the merits with prejudice.

5. Any modification to the terms of the Agreement must be subject to notice and opportunity to object before the Bankruptcy Court.

6. Within three business days of the occurrence of the Approval, the law firm of McManimon, Scotland & Baumann ("MS&B") is authorized and directed to pay the sum of $250,000 from the MS&B Escrow to Orrstown Bank, and in partial satisfaction

(Page 4)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No.: | Case No. 25-11354 (JNP) |
| Caption of Order: | Order Approving the Agreement Between the Debtor, Charlene R. Heller, and Orrstown Bank Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure |

of the claims of Orrstown Bank and Charlene R. Heller to the funds contained in the MS&B Escrow.

7. Within three business days of the occurrence of the Approval, the law firm of McElree Harvey ("MH") is authorized and directed to pay the sum of $200,000 from the MH Escrow to Orrstown Bank in satisfaction of any claims of any party in interest in these proceedings to the contents of the MH Escrow and, thereafter, MH may take all steps reasonably necessary to discharge any remaining obligations it may have as escrow agent and terminate its role as escrow agent.

8. Upon the occurrence of the Approval and receipt by Orrstown Bank of the Initial Payment and the Beach House Payment, Orrstown Bank shall withdraw the Venue Motion and Proof of Claim 51, and, as to the Debtor only, file a release of the First Regents Judgment.

9. The Parties are authorized and directed to consummate the Settlement, perform their respective obligations thereunder when due, and take such other actions as are necessary to execute and deliver all documents referenced in, contemplated by, or otherwise necessary to effectuate the Settlement without any further authorization of the Court.

10. This Order and the Settlement shall be binding upon and inure to the benefit of the parties, and each of their respective former, present, and future assigns, trustees, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, shareholders, principals, members or agents. This Order shall be fully binding and remain in full force and effect.

(Page 5)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No.: | Case No. 25-11354 (JNP) |
| Caption of Order: | Order Approving the Agreement Between the Debtor, Charlene R. Heller, and Orrstown Bank Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure |

11. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Settlement and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order and the Settlement Agreement, or the rights and duties of the Parties hereunder or thereunder, including without limitation, (i) interpretation of the terms, conditions and provisions thereof, and (ii) all issues and disputes arising in connection with the relief authorized herein.

12. The Court shall retain exclusive jurisdiction with respect to any and all issues relating to the enforcement of the Settlement.

13. If the Approval does not occur or the Initial Payment is not timely made, the terms and conditions of the Agreement and the relief afforded by this order shall be *void ab initio*.

14. This Order shall be immediately effective and binding on each of the Parties.

15. The Approval of the Agreement and the transactions required or contemplated by the Agreement are and shall not be a violation of the Amended Consent Order preserving the Status Quo entered on March 14, 2025.

16. Debtor shall serve a copy of this Order on all interested parties within five (5) days of entry of this Order.

4900-5267-3596, v. 1