| UNITED STASTES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-(b)** | |
|---|---|
| MARTIN J. WEIS, ESQUIRE<br>**DILWORTH PAXSON LLP**<br>1650 MARKET STREET, SUITE 1200<br>PHILADELPHIA, PA 19103<br>TELEPHONE: (215) 575-7000<br>FACSIMILE: (215) 575-7200<br>EMAIL:mweis@dilworthlaw.com<br><br>*Counsel for Orrstown Bank* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>               Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

Order Filed on May 13, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## ORDER GRANTING MOTION OF ORRSTOWN BANK FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW STATE COURT PROCEEDING AGAINST NON-DEBTOR CHARLENE R. HELLER

    The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: May 13, 2025**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

#124968144v2

| | |
|---|---|
| Debtors: | Daryl Fred Heller |
| Case No. | 25-11354 (JNP) |
| Caption of Order: | ORDER GRANTING MOTION OF ORRSTOWN BANK FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW STATE COURT PROCEEDING AGAINST NON-DEBTOR CHARLENE R. HELLER |

Upon consideration of the Motion of Orrstown Bank for an Order Lifting the Automatic Stay, to the Extent Applicable, to Allow State Court Proceeding Against Non-Debtor Charlene R. Heller (the "Motion")[1]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §157 and Standing Order 12-1 (Simandle, C.J.), Standing Order of Reference to the Bankruptcy Court Under Title 11, dated September 18, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors, and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the record of the Hearing, and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

#124968144v2

(Page 3)

| | |
|---|---|
| Debtors: | Daryl Fred Heller |
| Case No. | 25-11354 (JNP) |
| Caption of Order: | ORDER GRANTING MOTION OF ORRSTOWN BANK FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW STATE COURT PROCEEDING AGAINST NON-DEBTOR CHARLENE R. HELLER |

**IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. The automatic stay, to the extent applicable, is hereby modified to authorize and permit the continuation of the state court actions styled Orrstown Bank v. Daryl F. Heller and Charlene R. Heller (Case No. CI-24-06081) and Orrstown Bank v. Daryl F. Heller and Charlene R. Heller (Case No. CI-24-08600), (collectively, the "State Court Actions") currently pending in the Court of Common Pleas of Lancaster County, Pennsylvania (the "State Court") and shall be effective as of March 12, 2025.

3. For the avoidance of doubt, the State Court may rule on the Petition of Plaintiff/Judgment Creditor, Orrstown Bank, for Entry of a Charging Order Against Defendant Charlene R. Heller and Accordo Limited Partnership and Brigantine Group Family Ltd. a/k/a Brigantine Group and, if the State Court deems it appropriate, grant the relief contained therein. Further, the State Court may also take all steps it deems appropriate to enforce any of its Orders regarding the Petitions and any relief granted thereunder, including any charging orders.

4. The Movant is authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

5. Under the circumstances of this Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

6. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

#124968144v2

(Page 4)
Debtors: Daryl Fred Heller
Case No. 25-11354 (JNP)
Caption of Order: ORDER GRANTING MOTION OF ORRSTOWN BANK FOR AN ORDER LIFTING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW STATE COURT PROCEEDING AGAINST NON-DEBTOR CHARLENE R. HELLER

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

#124968144v2