**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Counsel for Daryl Fred Heller, the Chapter 11*
*Debtor and Debtor-in-Possession*

In re:

DARYL FRED HELLER,

           Debtor.

Chapter 11

Case No. 25-11354 (JNP)

**REPLY TO THE OBJECTION BY THE UNITED STATES TRUSTEE TO APPLICATION FOR RETENTION OF PROFESSIONAL**

Daryl Fred Heller (the "Debtor"), the Chapter 11 Debtor and Debtor-in-Possession, by and through his counsel, McManimon, Scotland & Baumann, LLC, respectfully submits his reply ("Reply") to the Objection (the "Objection") [ECF 194] by the United States Trustee ("UST") to the Application[1] for Retention of Professional[2] [ECF 139]. In support of this Reply, the Debtor respectfully submits as follows:

**I.  Retention of Criminal Counsel Should be Approved Because it is a Benefit to the Debtor's Estate**

The UST argues in its Objection that the Debtor has provided, "no evidence . . . to establish that criminal counsel will provide a benefit to the estate." See Objection, at ¶ 8. "The seminal case on the issue of [retention of] criminal counsel is In re Duque, 48 B.R. 965 (S.D.Fla.1984)." See In re Engel, 190 B.R. 206, 210 (Bankr. D.N.J. 1995), subsequently aff'd, 124 F.3d 567 (3d Cir. 1997).

---

[1] Undefined capitalized terms herein shall have the same meaning as ascribed in the Application. See ECF 139.
[2] The Debtor's Application, filed on March 21, 2025, seeks to retain McCarter & English as his criminal counsel.

"In re Duque, then turned to the statute, 11 U.S.C. §§ 330 and 327(e) (appointment of professionals), and relying on the language 'actual, necessary services,' found that the statute only permits compensation to criminal counsel where the services benefit the estate." Id. (referencing In re Duque, 48 B.R. at 970-971). "Duque noted that the potential threat to the bankruptcy estate, that criminal counsel was allegedly protecting, could not be 'speculative or conjectural.'" Id. (referencing In re Duque, 48 B.R. at 975). "The court adopted a three-part standard which has been uniformly followed in the area of criminal counsel." Id. (referencing In re French, 139 B.R. 485 (Bankr.D.S.D.1992); In re United Church of Ministers, 84 B.R. 50 (Bankr.E.D.Pa.1988)).

The three-part standard is as follows:

> 1. The attorney's employment must be in the best interest of the estate, which means property of estate is threatened and the need for services is real. Employment cannot be based on some 'hypothetical or speculative benefit.'
> 2. Special counsel must provide a benefit to the estate, not merely a personal benefit to the debtor. The benefit is gauged by needs of estate and whether it is directly related to the debtor in possession's performance of duties under the bankruptcy code.
> 3. Issues regarding debtor's constitutional right to counsel are of concern to the criminal forum and not the bankruptcy court.

Id., 190 B.R.. at 210.

Without the retention of McCarter, property of the Debtor's estate is threatened, which supports why McCarter's professional services are beneficial to the estate. Id. The Application states McCarter will (i) provide the Debtor with pre-indictment legal services relating to alleged securities, wire and mail fraud, (ii) prepare legal pleadings and/or documents on the Debtor's behalf, (iii) appear in federal, state and foreign jurisdiction(s), and (iv) perform such other legal services for the Debtor as may be necessary and appropriate. See Application, at ¶ 5(a)-(d). Thus, retention of McCarter is not based on hypothetical or a speculative benefit, rather retention of

2

McCarter is based on objective facts that demonstrate a benefit to the Debtor's estate. See In re Engel, 190 B.R. at 210.

Moreover, McCarter's professional services as the Debtor's criminal counsel is a benefit to the estate, not just a personal benefit to the Debtor. Id. McCarter's legal services will ensure the Debtor efficiently fulfills his duties under the bankruptcy code. Id. Leveraging McCarter's expertise in criminal law will enable the Debtor to perform his duties and responsibilities without unnecessary delays or resource expenditure. Id. Thus, retention of McCarter as criminal counsel in this bankruptcy case is not about the Debtor's constitutional right to counsel, but rather how McCarter's involvement benefits the Debtor's estate. Id. The Debtor submits retention of McCarter as criminal counsel should be approved by the Court for the aforementioned reasons.

## II. Payment of Professional's Fees are Appropriate and Will be Paid Through the Debtor's Retirement Account, Not by Property of the Estate

The UST argues the Debtor must provide sufficient information to support why the post-petition retainer of McCarter satisfies the factors set forth in In re Jefferson Bus. Ctr. Assocs., 135 B.R. 676, 680 (Bankr. D. Colo. 1992). See Objection, at ¶¶ 9-11. First, McCarter's retainer's economic impact has no effect on the Debtor's ongoing business operations because it will be funded by the Debtor's exempted 401(k) retirement account (as further described below), not by estate funds. See In re Jefferson, 135 B.R. at 680. Therefore, said retirement funds were never a source of funds to affect the Debtor's ability to reorganize. Id. McCarter's post-petition retainer of $150,000 is reasonable, as this is a standard retainer amount McCarter charges for its legal services for criminal defense. Id. McCarter's reputation as a premier New Jersey law firm is well-known in the New Jersey legal community. Id. Thus, the Jefferson factors weigh in favor of approval of retention of McCarter as criminal counsel to the Debtor. Id.

3

Furthermore, the UST argues "the fact that the post-petition retainer will be paid from exempt assets should not change the requirement that the Jefferson factors have been met." See Objection, at ¶11. With the Debtor having demonstrated why the Jefferson factors weigh in favor of approving retention of McCarter as criminal counsel, the Debtor would like to reiterate McCarter's post-petition retainer of $150,000 will be funded by the Debtor's exempted 401(k) retirement account. See Certification of Professional in Support of Application for Retention of Professional [ECF 139], at ¶ 4. The Bankruptcy Abuse Prevention and Consumer Protection Act exempts retirement assets from a debtor's bankruptcy estate. Specifically, 11 U.S.C. § 522(d)(12) exempts retirement funds from the bankruptcy estate to the extent that those funds are in a fund or account that is exempt from taxation under sections 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code ("IRC").[3] Thus, McCarter's post-petition retainer of $150,000 is being funded by the Debtor's exempt 401(k) retirement account, in accordance with 11 U.S.C. § 522(d)(12).[4]

Moreover, the UST is concerned that, "in order to use the funds in the Debtor's retirement account, the Debtor and the estate may incur an early withdrawal penalty and other fees, taxes, and/or penalties, which will be borne by the estate." See Objection, at ¶12. The Debtor submits this is of no concern to the Debtor's estate, as any early withdrawal penalties or other fees, taxes, and/or penalties, if applicable, will be funded by the Debtor's exempted 401(k) retirement account, not by assets of the estate. To the extent the UST inquired about reviewing the post-petition retainer agreement, or in the alternative having same filed on the docket, the Debtor prefers the former, if

---

[3] The relevant IRC sections are as follows: (401) qualified pension, profit-sharing, and stock bonus plans, which includes 401(k) plans; (403) tax-sheltered annuity plans, also known as 403(b) plans; (408) Individual Retirement Accounts (IRAs); (408A) Roth IRAs; (414) contains various definitions and special rules related to retirement plans; (457) deferred compensation plans for state and local governments and tax-exempt organizations; and (501(a)) tax exemption for certain organizations, including some types of retirement plans.

[4] See footnote 3.

4917-2568-7874, v. 1

at all, to protect the confidentiality of the post-petition retainer agreement. Id., at ⁋ 14. The Debtor takes no position on the UST's request that McCarter provide to parties-in-interest ten (10) business days' notice regarding any increases in hourly rates in compliance with 11 U.S.C. § 330. Id.

The UST also requested for McCarter comply with the following provisions:

1) Notwithstanding anything in the Application and Certification to the contrary and for the avoidance of doubt, McCarter & English, LLP will not be entitled to recover attorneys' fees or expenses for defending its fee applications in this chapter 11 case.

2) Prior to applying any increases in its hourly rates, McCarter & English, LLP shall provide ten (10) business days' notice of any such increases to the Debtor and the U.S. Trustee and shall file such notice with the Court. Parties-in-interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

3) Notwithstanding anything in the Application and Certification to the contrary, McCarter & English, LLP shall provide all monthly fee statements, interim fee applications, and final fee applications in searchable electronic format ("LEDES" or "Excel") to the U.S. Trustee.

4) McCarter & English, LLP will only bill fifty percent (50%) of its professionals' hourly rate for non-working travel.

McCarter has not agreed to the above factors since McCarter is being paid from non-estate assets.

**III.    Fee Application(s) are Unnecessary for Non-Estate Matters Paid by Non-Estate Funds**

There is no explicit statutory or rule-based requirement in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure that mandates a court-approved professional to file a fee application for compensation paid solely from non-estate assets (such as the Debtor's exempt 401(k)), unless the payment is from estate property, or the professional seeks compensation as an administrative expense. The requirement to file a fee application is tied to seeking payment from

5

the bankruptcy estate, or for compensation to be allowed as an administrative expense under 11 U.S.C. § 330.

This principle is pronounced in a recent 2025 Bankruptcy Court Opinion in the Western District of Texas:

> The Court's view at this time is that debtors may retain counsel for non-estate matters without court approval and may pay them from non-estate funds—subject to the disclosure and reasonableness requirements of section 329 of the Bankruptcy Code and, of course, to the debtor-in-possession's ongoing obligation never to act contrary to its fiduciary duties to the estate as a whole, including in its actions (retention, supervision, compensation, etc.) with respect to its own litigation and counsel retained on its (and not the estate's) behalf."

In re Schlomer, 24-10999-CGB, 2025 WL 553042 *1 (Bankr. W.D. Tex. Feb. 19, 2025).

Schlomer makes the distinction that the bankruptcy court need not approve fee application(s) for non-estate matters that are paid from non-estate funds. Id. Therefore, any legal services rendered by McCarter concerning non-estate matters, funded by non-estate funds, does not require approval by the bankruptcy court via a fee application.[5] Id. This remains true despite the Debtor filing the Application [ECF 139] for approval of retention of McCarter as criminal counsel for the Debtor. The Debtor concedes the Court has a duty to review the reasonableness of all fees paid to professionals it has approved under 11 U.S.C. § 327.  In re Schlomer, the court expounded on this issue, "[t]he Court merely wishes to clarify that the retention under section 327 is unnecessary and that fees need not be approved as 'reasonable and necessary' expenses of the estate pursuant to section 328 or 330, and it therefore wishes to remove all of that from the [Professional] Retention Order." See Schlomer, 2025 WL 553042 *2. Thus, despite the potential

---

[5] If the Court requires McCarter to file a fee application for its services, the Debtor intends on redacting any information pertaining to fees that are subject to the attorney-client privilege pursuant to 11 U.S.C. § 107 or Fed. R. Bankr. P. 9018. See In re Las Vegas Monorail Co., 458 B.R. 553, 555, 558-559 (Bankr. D. Nev. 2011).

approval of retention of McCarter as a professional in this case, the Court need not approve McCarter's fees if its services are for non-estate matters, and as previously established are to be paid by non-estate funds. Id.

Therefore, with the UST's Objection having been sufficiently addressed, the Debtor submits the Application should be approved by the Court.

Dated: May 13, 2025  **McMANIMON, SCOTLAND & BAUMANN, LLC**
*Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession*

By: */s/ Sari B. Placona*
         Sari B. Placona