UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Daryl Fred Heller, | : | |
| | : | Case No. 25-11354 (JNP) |
| Debtor. | : | |
| | : | |
| JERRY D. HOSTETTER, | : | |
| | : | |
| Plaintiff, | : | Adv. Proc. No.: _____ |
| v. | : | |
| | : | |
| DARYL FRED HELLER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **COMPLAINT**

AND NOW, comes Plaintiff Jerry D. Hostetter ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Daryl Fred Heller (the "Debtor" or "Defendant") to determine the dischargeability of certain debts owed by Debtor to the Plaintiff, and respectfully states as follows:

1. Debtor, Daryl Heller, is an adult individual and businessman who resides and conducts business in Lancaster County, Pennsylvania. Debtor is the CEO of Heller Capital Group, LLC, a limited liability company and the manager of Heller Investment Holdings, LLC. These entities maintain offices at 415 North Prince Street, Lancaster, PA 17603.

2. Plaintiff is an adult individual.

3. On February 10, 2025, Defendant filed a voluntary petition (the "Chapter 11 Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

1

Code") in the United States District Court for the District of New Jersey (the "Court").

4. Plaintiff is a creditor of the Debtor as reflected in duly filed proofs of claim filed in Debtor's bankruptcy case.

## JURISDICTION AND VENUE

5. The preceding paragraphs are fully incorporated herein by reference as if set forth herein.

6. This is an adversary proceeding commenced pursuant to Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to determine the dischargeability of certain debts under Section 523(a) of the Bankruptcy Code, owed by Defendant to the Plaintiff as a result of Defendant's conduct associated with solicitation of purported investments/loans, misappropriation of the Plaintiff's property, and other willful and malicious conduct.

7. This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334(b) and 28 U.S.C. Section 157.

9. Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

## FACTUAL BACKGROUND

10. The preceding paragraphs are incorporated herein by reference as if set forth herein.

11. Debtor is an individual and the chief executive officer of Heller Capital Group, LLC and Heller Investment Holdings ("Heller Capital" and "HIH"). Upon information and belief, Debtor, individually, or through Heller Capital and/or HIH is the controlling member of multiple business entities including: (1) Glorious Cannabis Co. Investment Holdings

("Glorious"); (2) Pere; (3) Halo RS; (4) Prestige Investment Group, LLC; (5) HKMS; (6) Frank RE; (7) Innoventures Fund I; (8) Innoventures Fund II; (9) Provectus Management Services.

12. Plaintiff, because of and in reliance on Debtor's fraudulent representations, provided investments in the amounts set forth below:

    a. Total investment amount: $1,308,798.00

        i. Glorious: $489,215.00

        ii. Pere: $182,613.00

        iii. Halo RS: $168,087.00

        iv. Prestige Investment Group: $210,380.00

        v. HKMS: $196,887.00

        vi. Frank RE: $33,274.00

        vii. Innoventrues Fund I: $11,413.00

        viii. Innoventures Fund II: $11,858.00

        ix. Provectus Management: $5,071.00

13. It is believed and therefore averred that Debtor has unlawfully diverted funds from these entities to himself and the use of other entities under his ownership and/or control and has pledged the assets of these entities to secure debt obligations for the benefit of Debtor and his related businesses without the knowledge or consent of the investors in the foregoing businesses. This conduct has devalued the foregoing businesses and damaged Plaintiff's investments.

14. It is believed and therefore averred that, at the time the investments were made by Plaintiff, Debtor failed to follow corporate formalities and was co-mingling the assets of the various entities without disclosure to Plaintiff.

15. The Debtor's conduct ultimately resulted in the appointment of a receiver for

Glorious.

16. At the time the loans were made, Debtor and his related entities were under substantial financial pressure due to the unravelling of a Ponzi scheme involving Paramount Management Group, LLC, an entity owned by Heller Capital and controlled by Debtor.

17. At no point did Debtor disclose the financial circumstances of the businesses owned and controlled by Debtor and Heller Capital or that Debtor was operating a Ponzi scheme.

18. Funds procured via the Ponzi scheme were, on information and belief, used to finance the operations of Glorious.

19. Had Debtor disclosed any of the foregoing information or that the funds loaned by Plaintiff for the benefit of Glorious were to be used to attempt to prop up other collapsing businesses, Plaintiff would not have entered into the convertible debt transactions and would not have funded the loans.

20. Plaintiff reasonably relied on Debtor's misrepresentations to his detriment and has suffered damages in the principal amount of $1,308,798.00 .

21. Debtor's actions are unlawful, constitute fraud in the inducement and fraudulent misrepresentations and Debtor is liable to Plaintiff in the full amount invested plus ongoing interest.

## COUNT I

**Non-Dischargeability of Debts Pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(2)(B)**

22. The preceding paragraphs are incorporated herein by reference as if set forth herein.

23. Plaintiff is a creditor of Debtor as reflected in the proof of claim filed in the Debtor's bankruptcy case.

24. Debtor is indebted to the Plaintiff for money obtained by false pretenses, false representations, and actual fraud.

25. Debtor represented that Plaintiff's loaned funds would be provided to the aforementioned entities for the use of the entities as set forth above.

26. The representations were material to Plaintiff, who made the loans based on the Debtor's representations.

27. These representations were false because Debtor (1) did not provide any of the loaned funds to the entities set forth above; and (2) was attempting to prop up an illegal Ponzi scheme and used Plaintiff's funds for the benefit of Debtor and/or entities under his ownership and/or control other than the entities set forth above.

28. Moreover, at the time that Defendant made the representations, he knew they were false and intended to fraudulently induce Plaintiff to make the loans.

29. Plaintiff reasonably relied on those representations from Debtor.

30. As a direct and proximate result of Debtor's representations, the Plaintiff has suffered substantial damages.

31. Debtor knew or should have known that the Plaintiff would reasonably rely on his misrepresentations and omissions.

32. The Plaintiff in fact, reasonably relied upon Debtor's misrepresentations to his detriment and Debtor's benefit.

33. Debtor is thus indebted to the Plaintiff for money Debtor obtained from the Plaintiff as a result of false pretenses, false representations, and actual fraud perpetrated by Debtor.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment that the

debts owed by Debtor to the Plaintiff are not dischargeable, as well as for interest, costs of suit and attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court deems just and proper.

## COUNT II

### Non-Dischargeability of Debts Pursuant to 11 U.S.C. Section 523(a)(4)

34. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

35. Debtor was entrusted with the loaned funds.

36. Despite this trust, Debtor, with the intent to defraud the Plaintiff, knowingly and intentionally converted the Plaintiff's loans/investments for purposes other than represented.

37. Debtor acted with the intent to permanently deprive the Plaintiff of his investments.

38. As a direct and proximate result of Defendant's embezzlement the Plaintiff has suffered damages, collectively, exceeding $1,308,798.00 plus ongoing interest.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment that the debts owed by Debtor to the Plaintiff are not dischargeable, as well as for interest, costs of suit and attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court deems just and proper.

## COUNT III
### Non-Dischargeability of Debts Pursuant to 11 U.S.C. Section 523(a)(6)

39. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

40. Debtor's actions were willful and malicious.

41. Debtor's actions caused harm to the property of the Plaintiff.

42. As a direct and proximate result of Defendant's embezzlement, the Plaintiff has suffered damages, collectively, exceeding $1,308,798.00 plus ongoing interest.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment that the debts owed by Debtor to the Plaintiff are not dischargeable, as well as for interest, costs of suit and attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court deems just and proper.

### COUNT IV
### Non-Dischargeability of Debts Pursuant to 11 U.S.C. Section 523(a)(13)

43. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

44. Upon information and belief, Debtor may be subject to criminal prosecution for his actions with regard to the Plaintiff and otherwise.

45. Upon information and belief, if Debtor is subject to criminal prosecution for his actions relating to the Plaintiff, he may be required to make payment to Plaintiff under an order of restitution issued under title 18 of the United States Code.

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment that the debts owed by Debtor to the Plaintiff are not dischargeable, as well as for interest, costs of suit and attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court deems just and proper.

## CONCLUSION

**WHEREFORE**, the Plaintiff herein respectfully requests that the Court enter judgment in his favor on the causes of action set forth above, and enter judgment providing, *inter alia,* that the debts detailed above, owed by Debtor to the Plaintiff, are non-dischargeable in the Debtor's pending Chapter 11 case.

    Respectfully submitted,

    SAXTON & STUMP LLC

Dated: May 16, 2025

Lane E. Brody, Esquire
NJ I.D. 010032006
lb@saxtonstump.com
4250 Crums Mill Road, Suite 201
Harrisburg, PA 17112
Telephone: (717) 216-5505

*Counsel to Plaintiff*

8