**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>Daryl Fred Heller,<br><br>        Debtor.<br><br>---<br><br>SUMMIT ASSET MANAGEMENT, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DARYL FRED HELLER,<br><br>        Defendant. | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br><br><br>Adv. Proc. No.: _____ |

**COMPLAINT**

AND NOW, comes Plaintiff Summit Asset Management, LLC ("Plaintiff") by and through its undersigned counsel, files this Complaint against Daryl Fred Heller (the "Debtor" or "Defendant") to determine the dischargeability of certain debts owed by Debtor to the Plaintiff and respectfully states as follows:

1. Debtor, Daryl Heller, is an adult individual and businessman who resides and conducts business in Lancaster County, Pennsylvania. Debtor is the CEO of Heller Capital Group, LLC, a limited liability company and the manager of Heller Investment Holdings, LLC. These entities maintain offices at 415 North Prince Street, Lancaster, PA 17603.

2. Plaintiff is a limited liability company existing under the laws of the State of Delaware.

3. On February 10, 2025, Defendant filed a voluntary petition (the "Chapter 11

1

Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy

Code") in the United States District Court for the District of New Jersey (the "Court").

4.     Plaintiff is a creditor of the Debtor as reflected in duly filed proofs of claim filed

in Debtor's bankruptcy case.

## JURISDICTION AND VENUE

5.     The preceding paragraphs are fully incorporated herein by reference as if set forth

herein.

6.     This is an adversary proceeding commenced pursuant to Rules 7001 and 7003 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to determine the

dischargeability of certain debts under Section 523(a) of the Bankruptcy Code, owed by

Defendant to the Plaintiff as a result of Defendant's conduct associated with solicitation of

purported investments/loans, misappropriation of the Plaintiff's property, and other willful and

malicious conduct.

7.     This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

8.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334(b)

and 28 U.S.C. Section 157.

9.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

## FACTUAL BACKGROUND

10.     The preceding paragraphs are incorporated herein by reference as if set forth at

length herein.

11.     Debtor is an individual and the chief executive officer of Heller Capital Group,

LLC and Heller Investment Holdings ("Heller Capital" and "HIH").

2

12.    Between June 2022 and December 2023, at Debtor's request, Plaintiff made investments totaling $1,750,000.00 in DOBE Investment Group ("DOBE").  Debtor presented DOBE, to Plaintiff, as a direct-to-consumer cannabis business.

13.    It is believed and therefore averred that Debtor has unlawfully diverted funds from this entity to himself and for the use of other entities under his ownership and/or control.

14.    Upon information and belief, Debtor induced multiple other individuals to provide loans at or around the time of Plaintiff's loan and has defaulted on most or all of such loans. Debtor was aware, at all times, that he lacked the economic wherewithal to repay the loan and lied about the need for funding from Plaintiff.

15.    Likewise, Debtor was directly or through entities under this ownership or control, diverting loans and investment funds from their intended use to the use of Debtor and/or Heller Entities for reasons never disclosed to Plaintiff.

16.    At no point did Debtor disclose the financial circumstances of the businesses owned and controlled by Debtor and Heller Capital or that Debtor was operating a Ponzi scheme.

17.    Plaintiff reasonably relied on Debtor's misrepresentations to its detriment and has suffered damages in the principal amount of $1,750,000.00.

18.    Debtor's actions are unlawful, constitute fraud in the inducement and fraudulent misrepresentations and Debtor is liable to Plaintiff in the full amount invested plus ongoing interest.

## COUNT I

### Non-Dischargeability of Debts Pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(2)(B)

19.    The preceding paragraphs are incorporated herein by reference as if set forth at length herein.

20.   Plaintiff is a creditor of Debtor as reflected in the proof of claim filed in the Debtor's bankruptcy case.

21.   Debtor is indebted to the Plaintiff for money obtained by false pretenses, false representations, and actual fraud.

22.   Debtor represented that Plaintiff's loaned funds would be provided to the aforementioned entity for the use of the entity set forth above.

23.   The representations were material to Plaintiff, who made the loan based on the Debtor's representation.

24.   These representations were false because Debtor (1) did not provide any of the loaned funds to the entity set forth above; and (2) was attempting to prop up an illegal Ponzi scheme and used Plaintiff's funds for the benefit of Debtor and/or entities under his ownership and/or control other than the entity set forth above.

25.   Moreover, at the time that Defendant made the representations, he knew they were false and intended to fraudulently induce Plaintiff to make the loans.

26.   Plaintiff reasonably relied on those representations from Debtor.

27.   As a direct and proximate result of Debtor's representations, the Plaintiff has suffered substantial damages.

28.   Debtor knew or should have known that the Plaintiff would reasonably rely on his misrepresentations and omissions.

29.   The Plaintiff in fact, reasonably relied upon Debtor's misrepresentations to its detriment and Debtor's benefit.

30.   Debtor is thus indebted to the Plaintiff for money Debtor obtained from the Plaintiff as a result of false pretenses, false representations, and actual fraud perpetrated by

Debtor.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment that the debts owed by Debtor to the Plaintiff are not dischargeable, as well as for interest, costs of suit and attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court deems just and proper.

## COUNT II

### Non-Dischargeability of Debts Pursuant to 11 U.S.C. Section 523(a)(4)

31.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

32.     Debtor was entrusted with the loaned funds.

33.     Despite this trust, Debtor, with the intent to defraud the Plaintiff, knowingly and intentionally converted the Plaintiff's loans/investments for purposes other than represented.

34.     Debtor acted with the intent to permanently deprive the Plaintiff of its investments.

35.     As a direct and proximate result of Defendant's embezzlement the Plaintiff has suffered damages, collectively, exceeding $1,750,000.00 plus ongoing interest.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment that the debt owed by Debtor to the Plaintiff is not dischargeable, as well as for interest, costs of suit and attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court deems just and proper.

## COUNT III
### Non-Dischargeability of Debts Pursuant to 11 U.S.C. Section 523(a)(6)

36.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

37.    Debtor's actions were willful and malicious.

38.    Debtor's actions caused harm to the property of the Plaintiff.

39.    As a direct and proximate result of Defendant's embezzlement the Plaintiff has
suffered damages exceeding $1,750,000.00 plus ongoing interest.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment that the
debt owed by Debtor to the Plaintiff is not dischargeable, as well as for interest, costs of suit and
attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court
deems just and proper.

**COUNT IV**
**Non-Dischargeability of Debts Pursuant to 11 U.S.C. Section 523(a)(13)**

40.    The foregoing paragraphs are incorporated by reference as if set forth in full
herein.

41.    Upon information and belief, Debtor may be subject to criminal prosecution for
his actions with regard to the Plaintiff and otherwise.

42.    Upon information and belief, if Debtor is subject to criminal prosecution for his
actions relating to the Plaintiff, he may be required to make payment to Plaintiff under an order
of restitution issued under title 18 of the United States Code.

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment that the debt
owed by Debtor to the Plaintiff is not dischargeable, as well as for interest, costs of suit and
attorneys' fees as may be authorized by law or otherwise, and for any other relief that the Court
deems just and proper.

**CONCLUSION**

6

WHEREFORE, the Plaintiff herein respectfully requests that the Court enter judgment in its favor on the causes of action set forth above, and enter judgment providing, *inter alia,* that the debt detailed above, owed by Debtor to the Plaintiff, is non-dischargeable in the Debtor's pending Chapter 11 case.

Respectfully submitted,

SAXTON & STUMP LLC

Dated:  May 16, 2025

_____
Lane E. Brody, Esquire
NJ I.D. 010032006
lb@saxtonstump.com
4250 Crums Mill Road, Suite 201
Harrisburg, PA 17112
Telephone:  (717) 216-5505

*Counsel to Plaintiff*