| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY *Caption in Compliance with D.N.J. LBR 9004-2(c)* Ciardi Ciardi & Astin Albert A. Ciardi, III, Esquire Daniel S. Siedman, Esquire 1905 Spruce Street, Philadelphia, PA 19103 Telephone:  215-557-3550 Facsimile:  215-557-3551 aciardi@ciardilaw.com dsiedman@ciardilaw.com | |
| *In re:* Daryl Fred Heller  Debtor. | Chapter 11 Case No. 25-11354 |
| DEERFIELD CAPITAL, LLC  Plaintiff, v. DARYL FRED HELLER.  Defendant. | Adv. No. |

**COMPLAINT OF DEERFIELD CAPITAL, LLC SEEKING A DETERMINATION THAT DEBTS OF THE DEBTOR ARE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. §§523(a)(2)(A), 523(a)(4), 523(a)(6) AND §727 AND <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 7001(6)</u>**

Deerfield Capital, LLC (referred to herein as "Plaintiff" or "Deerfiled"), by and through undersigned counsel, Ciardi, Ciardi & Astin, hereby files this First Complaint (the "Complaint") against Daryl F. Heller (the "Debtor" or " Heller") pursuant to Federal Rule of Bankruptcy Procedure 7001(6) for a determination that the Debtor's debts are non-dischargeable pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(4), 523(a)(6) and 11 U.S.C. §727.

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 151, 157 and 1334, and the Federal Rules of Bankruptcy Procedure 7001(6).

2. This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001(6).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (H), (I) and (J).

**THE PARTIES**

4. Deerfield Capital, LLC ("Deerfield") is a limited liability company formed and operating in the Commonwealth of Pennsylvania, with a mailing address of 16 Deerfield Road, Lancaster, PA 17603. Deerfield is a secured creditor of the Debtor.

5. Daryl Heller is an adult individual and resident of the Commonwealth of Pennsylvania and has filed for chapter 11 bankruptcy relief in this Court.

**PROCEDURAL BACKGROUND**

6. On February 10, 2025, Defendant filed a voluntary petition (the "Chapter 11 Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of New Jersey (the "Court").

7. On or about February 11, 2025, Deerfield filed a Motion for Relief from the Automatic Stay as to the Debtor (the "Motion for Relief"). *See* D.N. 9. Deerfield incorporates the Certification of Albert A. Ciardi, III to the Motion for Relief as if fully set forth herein.

8. Thereafter, on February 18, 2025, Deerfield filed a Motion to Appoint a Trustee (the "Motion to Appoint a Trustee"). *See* D.N. 30. Deerfield also incorporates the Certification of Albert A. Ciardi, III to the Motion to Appoint a Trustee as if fully set forth herein.

9. The Debtor has removed to this Court a Complaint filed in the Court of Common Pleas of Lancaster County against Debtor's wife, children and companies to which it is believed the Debtor has transferred assets in fraud of creditors ("Lancaster Fraud Complaint"). Deerfield incorporates the Lancaster Fraud Complaint as if fully set forth herein.

10. As part of the Lancaster Fraud Complaint, the Movant sought and obtained temporary restraints against all defendants, including Charlene Heller, the Debtor's wife. prohibiting them from engaging in any transfer of assets or funds in excess of $1,000.00

11. Deerfield files this Complaint to object to the dischargeability of the Debtor's debts pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(4), 523 (a)(6) and 11 U.S.C. §727.

## **FACTUAL BACKGROUND**

12. On or about April 11, 2024, Heller Capital Group, LLC ("Borrower") made, executed and delivered to Deerfield a Promissory Note evidencing Heller Capital's indebtedness and obligations to Deerfield in the face amount of $5,900,000 (the "Note"). The Note contained a warrant of attorney which authorized a confession of judgment upon the occurrence of an event of default.

13. In order to further induce Lender to provide funds to Borrower under the Note, Borrower provided a Membership Pledge Agreement to Deerfield (the "Pledge Agreement"). Heller Investment Holdings, LLC ("Heller Investment") is a Guarantor and Co-Borrower. Heller is a Co-Borrower and Guarantor as well. Heller Capital, Heller Investment and Heller are hereinafter referred to collectively as "Judgment Debtors."

14. Judgment Debtors defaulted on the Note as a result of: (a) the Borrower's failure to pay the entire principal by the maturity date, April 15, 2024, and (b) Daryl Heller's failure to pay pursuant to its guaranty.

3

15. Furthermore, Judgment Debtors made, executed and delivered to Deerfield a Forbearance Agreement whereby Judgment Debtors acknowledged and confirmed the default under the Note on April 15, 2024, and further acknowledged the total amount due of $6,150,000.00 (the "Forbearance Agreement").

16. Judgment Debtors defaulted on the Forbearance Agreement by failing to satisfy the loan.

17. On or about April 23, 2024, Judgment Debtors made, executed and delivered to the Deerfield a second forbearance agreement whereby Judgment Debtors acknowledged and confirmed the default of the Note and Forbearance Agreement and further acknowledged the total amount due of $6,650,000.00 (the "Second Forbearance Agreement").

18. Judgment Debtors defaulted on the Second Forbearance Agreement.

19. On or about June 4, 2024, Judgment Debtors made, executed and delivered to the Deerfield a third forbearance agreement whereby Judgment Debtors acknowledged and confirmed the default of the Note and Second Forbearance Agreement and further acknowledged the total amount due of $6,680,000.00 (the "Third Forbearance Agreement").

20. Judgment Debtors defaulted on the Third Forbearance Agreement.

21. On or about August 12, 2024, Judgment Debtors made, executed and delivered to the Deerfield a fourth forbearance agreement whereby Judgment Debtors acknowledged and confirmed the default of the Note and Third Forbearance Agreement and further acknowledged the total amount due of $6,838,653.35 (the "Fourth Forbearance Agreement").

22. Judgment Debtors defaulted on the Fourth Forbearance Agreement

23. The Fourth Forbearance Agreement required all obligations to be fully satisfied on or before August 14, 2024, a deadline with which Judgment Debtors did not comply.

24. On or about October 20, 2024, Judgment Debtors made, executed and delivered to Deerfield a fifth forbearance agreement whereby Judgment Debtors further acknowledged and confirmed the default of the Note and Fourth Forbearance Agreement (among other forbearance agreements, all of which are in default) and confirmed the total amount due of $7,349,250.86, plus additional fees, costs and interest (the "Fifth Forbearance Agreement").

25. The Fifth Forbearance Agreement required all obligations to be fully satisfied on or before October 31, 2024.

26. Judgment Debtors are in default of the Note and Fifth Forbearance Agreement (and all prior forbearance agreements) for the following reasons:

   (a) failure to timely make payments as set forth in Section 2(a) of the Note;

   (b) failure to pay the balance on maturity as required by Section 1 of the Pledge Agreement; and

   (c) failure to pay all forbearance exit fees as required by Section 2(a) of the Fifth Forbearance Agreement.

27. The Fifth Forbearance Agreement incorporated all the prior Forbearance Agreements and defaults set forth therein. All Forbearance Agreements by and between Judgment Debtors and Deerfield re-stated the Warrant of Attorney and Confession of Judgment language.

28. In order to induce Deerfield to enter into the Fifth Forbearance Agreement, Judgment Debtors acknowledged they were represented by counsel and specifically released and waived any defenses to the Note.

29. Pursuant to the above-mentioned event of default under the Fifth Forbearance Agreement on December 5, 2024, Deerfield confessed judgment against Judgment Debtors, for

5

the total amount of $7,916,938.92 and reasonable attorney's fees in the amount of $791,693.89, for a total of $8,708,632.81, plus interest and costs.

30. On December 5, 2024, Deerfield filed the following complaints in confession of judgment in the Court of Common Pleas of Lancaster County, Pennsylvania:

    a. *Deerfield Capital, LLC v. Heller Capital Group*, LLC, No. CI-24-08737;

    b. *Deerfield Capital, LLC v. Daryl F. Heller*, No. CI-24-08740; and

    c. *Deerfield Capital, LLC v. Heller Investment Holdings, LLC*, No. CI-24-08739.

31. Judgment by confession was entered on December 5, 2024 against Heller and Heller has taken no action to contest or challenge that Judgment.

32. In order to induce Deerfield to enter into the Note, the Debtor provided certain financial information that is either fraudulent or contains material misrepresentations.

33. Furthermore, as part of the pre-judgment attempts to negotiate with Judgment Debtors, Deerfield became aware of material misrepresentations made by Heller regarding certain assets represented to be a source of repayment.

34. Upon information and belief, the Debtor provided Deerfield with a Personal Financial Statement dated as of December 31, 2023 that is completely different from a Personal Financial Statement that was provided to a different creditor on the same date. Furthermore, the Debtor provided a third different personal financial statement to the IRS that also differs from the information provided to Deerfield.

35. Deerfield was provided with a series of documents from Heller which purported to show a potential distribution that would occur for several million dollars from an entity owned by Daryl Heller. However, a review of the documents' metadata revealed that it was created minutes

6

before being sent to Deerfield and, based upon a conversation with the counterparty to the document, was a fraud.

36. Heller, Heller Capital, and Heller Investment Holdings in the last year have removed money or assets from the reach of creditors as follows:

   a. Grandview Jets, an entity owned in part by Defendant Heller, sold a jet aircraft in December 2024[1]. Heller Capital owns a substantial portion of Grandview Jets and, despite the security interest of Deerfield in Heller Capital, none of the funds related to that sale were paid to Deerfield.

   b. Heller Capital sold an interest in Prevail Ventures to KGH Synergies in December 2024. Again, no proceeds were paid to Deerfield.

   c. Heller purchased a parcel of improved real property in Lancaster County in January 2024 for $439,000 and then, in July 2024, transferred the property to his son, Ethan Heller, for One Dollar.

   d. Heller transferred an interest in a company known as Green Cabbage in September/October 2024 and advised Deerfield that almost $8,000,000.00 would be paid from the sale to Deerfield. However, Deerfield determined that the documents provided by Heller were fraudulent and created just moments before Heller sent an email to Deerfield concerning that transaction. Upon further investigation, counsel to the buyer confirmed to Deerfield that the documents provided by Heller were fraudulent, that Heller was paid several million dollars already, and that he would not be paid any further sums.

---

[1] Deerfield has just learned of this sale and reserves the right to take further action with regards to the sale in December 2024

7

    e. The transfers mentioned above would have provided funds to substantially satisfy Deerfield's claim, but Heller fraudulently and intentionally moved assets out of the reach of creditors.

    f. Deerfield has filed and perfected UCC-1s on each of the Judgment Debtors.

37. On April 7, 2025, Deerfield filed a secured proof of claim in the total amount of $9,150,367.00. *See* Claim 38-1.

38. Now, Deerfield files this Complaint seeking to object to the Debtor's discharge as to the debts of Deerfield and as to all debts.

## FIRST CAUSE OF ACTION
**(11 U.S.C. § 523(a)(2)(A) — Discharge Exception For Debts For Obtaining Money By False Pretenses, False Representation, Or Actual Fraud)**

39. Deerfield incorporates paragraphs 1 through 38 above as if fully set forth herein at length.

40. Section 523(a)(2)(A) provides that a debtor shall not be granted a discharge from any debt-

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. §523(a)(2)(A).

41. To sustain a claim under section 523(a)(2)(A), a creditor must prove (1) that the debtor made a false representation of fact (2) that the debtor (a) either knew the representation to be false or made the representation with reckless disregard for its truth and (b) also made with an intent to deceive, and (3) that the creditor justifiably relied on the false representation. Baker

8

Dev. Corp. v. Mulder (In re Mulder), 307 B.R. 637, 643 (Bankr. N.D. Ill. 2004) (internal citations omitted).

42. The Debtor intentionally and knowingly lured Deerfield into lending money on a proposed "short-term" loan, whereby the Debtor had no intention of repaying Deerfield.

43. The Debtor knowingly made false representations to Deerfield to induce Deerfield into lending money.

44. The Debtor also knowingly and continuously made false representations to Deerfield to prevent Deerfield from executing on its Note.

45. The Debtor provided false personal financial statements in order to inflate his net worth and induce Deerfield into lending money.

46. Deerfield was provided with a series of documents from Heller which purported to show a potential distribution that would occur for several million dollars from an entity owned by Daryl Heller. However, a review of the documents' metadata revealed that it was created minutes before being sent to Deerfield and, based upon a conversation with the counterparty to the document, was a fraud.

47. The Debtor deliberately misled Deerfield into making the loan and that the loan would ever be repaid. Deerfield relied on those misrepresentations to their detriment.

48. Relying on those misrepresentations, Deerfield delayed executing on its Note, while the Debtor transferred or caused to transfer millions of dollars away from creditors.

WHEREFORE, Plaintiff, Deerfield Capital, LLC, demand that all sums due and owing from the Debtor to Deerfield be deemed non-dischargeable under 11 U.S.C. §523(a)(2)(A), and granting such other and further relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(11 U.S.C. § 523(a)(4) — Discharge Exception For Fraud or Defalcation While Acting in a Fiduciary Capacity, Embezzlement or Larceny)**

49. Deerfield incorporates paragraphs 1 through 48 above as if fully set forth herein at length.

50. Section 523(a)(4) provides that a debtor shall not be granted a discharge from any debt incurred by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. §523(a)(4).

51. In order to prevail in a dischargeability action under § 523(a)(4), a plaintiff must prove two facts: (1) that the debt arose while the debtor was acting in a fiduciary capacity and (2) that the debt was incurred by fraud, defalcation, embezzlement, or misappropriation. In re Wolfington, 48 B.R. 920, 923 (Bankr. E.D. Pa. 1985).

52. The recent Supreme Court case of Bullock v. Bank Champaign, N.A., 133 S. Ct. 1754, 185 L. Ed. 2d 922 (2013), sets forth the relevant test for determining the level of intent for a debt to be non-dischargeable under 11 U.S.C. § 523(a)(4). Grigg v. Chaney, 2014 U.S. Dist. LEXIS 158769, 7 (W.D. Pa. Nov. 10, 2014). The Supreme Court found that "defalcation" under the statute includes a culpable state of mind requirement "as one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." Id. citing Bullock, 133 S. Ct. at 1757. Furthermore, defalcation refers to a "fiduciary's withholding of funds, and applies to conduct that does not rise to the level of fraud, embezzlement, or misappropriation." Leonelli-Spina v. Albro, 2010 U.S. Dist. LEXIS 32105, 17 (D.N.J. Apr. 1, 2010) (citing Casini v. Graustein (In re Casini), 307 B.R. 800, 819 (Bankr. D.N.J. 2004)). "A defalcation occurs when a fiduciary fails to account for funds received in his fiduciary capacity." Id. (citation omitted).

53. Federal Rule of Civil Procedure 9(b) only requires a plaintiff to "plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" See Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied 469 U.S. 1211 (1985); see also Travelers Indemnity Co. v. Cephalon, Inc., 620 Fed. Appx. 82, 85-86 (3d Cir. 2015). Because it is rare that a defendant will admit to fraudulent intent, such intent is often demonstrated by circumstantial factual evidence which inferentially points to fraudulent intent. See, e.g., In re Bell, 498 B.R. 463 (Bankr. E.D. Pa. 2013) (finding that executive director of orthodontic practice had embezzled funds by making unauthorized payments to himself with corporate funds and noting that it "is the rare case in which a party will admit to fraudulent intent" and that thus, for purposes of Section 523(a)(4), "it is well settled that a plaintiff may prove fraudulent intent by circumstantial evidence and consideration of the totality of the circumstances") (Citations omitted).

54. Heller, as manager of Heller Capital and Heller Investment, was a fiduciary of Heller Capital and Heller Investment and owed a fiduciary duty to both companies.

55. Heller pledged his interest in Heller Investment to Deerfield.

56. Furthermore, Heller Capital was provided the loan from Deerfield.

57. Heller, as the managing member of both companies, transferred and sold assets to avoid repayment to creditors, including, but not limited to Deerfield.

58. Heller, as managing member of both Heller Capital and Heller Investment, took actions, after Deerfield obtained judgment, to sell assets of both Heller Capital and Heller Investment and not pay any of the proceeds to Deerfield.

59. Deerfield also incorporates the Lancaster Fraud Complaint herein as that details the many fraudulent transfers that Heller made on behalf of himself, Heller Capital and/or Heller Investment.

WHEREFORE, Plaintiff, Deerfield Capital, LLC, demands that all sums due and owing from the Debtor to the Deerfield be deemed nondischargeable under 11 U.S.C. §523(a)(4), and granting such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**(11 U.S.C. § 523(a)(6) — Discharge Exception for Fraud or Willful and Malicious Injury to Another Entity or Property of Another Entity)**

60. Deerfield incorporates paragraphs 1 through 59 above as if fully set forth herein at length.

61. Section 523(a)(6) provides that a debtor shall not be granted a discharge from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. 11 U.S.C. §523(a)(6).

62. The Debtor enticed Deerfield to lend money as to perpetuate a fraud on the Deerfield and steal money.

63. The Debtor falsified personal statements and other documents to help perpetrate his ponzi scheme and/or fraud.

64. On at least one occasion, the Debtor caused and/or directed parties to falsify a document to convince Deerfield that money was potentially available.

65. As a result of the actions of Debtor, Deerfield has been severely damaged.

67. The foregoing allegations constitute criminal conduct, described willful and malicious behavior and the damages flowing therefrom are therefore nondischargeable.

WHEREFORE, Plaintiff, Deerfield Capital, LLC, demands all sums due and owing from the Debtor be deemed nondischargeable under 11 U.S.C. §523(a)(6), and granting such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
**(11 U.S.C. § 727(a)(2) — Discharge Exception For Transfer of Property Within One Year or After the Petition Date)**

68. Deerfield incorporates paragraphs 1 through 67 above as if fully set forth herein at length.

69. Section 727(a)(2) provides that a debtor shall be granted a discharge unless:

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed —
>
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition[.]

11 U.S.C. §727(a)(2).

70. A plaintiff objecting to discharge under § 727(a)(2)(A) must establish three elements: "(1) a disposition of property, such as a transfer or concealment; (2) a subjective intent on the debtor's part to hinder, delay or defraud one or more creditors or the bankruptcy trustee through that disposition; and (3) that both the disposition and the subjective intent occurred within the one year period before the petition was filed." Wachovia Bank, N.A. v. Spitko (In re Spitko), 357 B.R. 272, 299 (Bankr. E.D. Pa. 2006) (citing In re Lawson, 122 F.3d 1237, 1240 (9th Cir. 1997)).  To meet the "disposition of property" requirement, the Court must find that the debtor transferred or concealed an asset to which the Debtor has a "direct proprietary interest." In re Spitko, 357 B.R. at 299.

71. Deerfield incorporates the Lancaster Fraud Complaint herein as that action clearly sets forth all of the Debtor's transfers.

72. The Debtor transferred assets with the intent to hinder, delay and defraud Deerfield and all creditors within one year of Petition Date.

73. Accordingly, the Debtor's discharge should be denied.

WHEREFORE¸ Plaintiff, Deerfield Capital, LLC, demands that the Debtor be denied a discharge under 11 U.S.C. §727(a)(2) and granting such other and further relief as this Court deems just and proper.

**CIARDI CIARDI & ASTIN**

Dated:  May 16, 2025    By:    */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street,
Philadelphia, PA 19103
Tel:  215-557-3550
Fax:  215-557-3551
aciardi@ciardilaw.com
dsiedman@ciardilaw.com
Counsel to Deerfield Capital, LLC