**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Reed Smith LLP
Kurt F. Gwynne, Esq.
Jason D. Angelo, Esq.
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone:  (609) 987-0050
Facsimile:  (609) 951-0824
Email:  kgwynne@reedsmith.com
       jangelo@reedsmith.com

*Counsel for Examiner*

| | |
|---|---|
| In re: | Case No. 25-11354 (JNP) |
| DARYL FRED HELLER, | Judge Jerrold N. Poslusny Jr. |
| Debtor. | Chapter 11 |

## EXAMINER'S NOTICE OF SERVICE OF SUBPOENA(S)

**PLEASE TAKE NOTICE** that, pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 45, Edward A. Phillips, as Examiner, by and through its undersigned counsel, intends to serve the following subpoena(s), substantially in the form attached hereto, on May 20, 2025, or as soon thereafter as service may be effectuated, upon the following:

| **Name** | **Exhibit** |
|---|---|
| Charles Schwab & Co., Inc. | 1 |
| Orrstown Bank | 2 |
| PNC Bank | 3 |
| Waterfall Bank | 4 |

Date: May 20, 2025

Respectfully submitted,

By: */s/ Kurt F. Gwynne*
REED SMITH LLP
Kurt F. Gwynne
Jason D. Angelo
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Wilmington, DE  19801
Telephone:  (609) 987-0050
Facsimile:  (609) 951-0824
Email:  kgwynne@reedsmith.com
Email:  jangelo@reedsmith.com

*Counsel for Edward A. Phillips, as
Examiner*

# **EXHIBIT 1**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **New Jersey**

In re **DARYL FRED HELLER**

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **25-11354 (JNP)**

Chapter 11

Plaintiff

v.

Adv. Proc. No.

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Charles Schwab & Co., Inc.**

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Appendix A**

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP (Attn: Kurt F. Gwynne); 1201 N. Market Street, Suite 1500, Wilmington, DE 19801 | Tuesday, May 20, 2025 by 4:00 p.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **June 3, 2025**

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Edward A. Phillips (Examiner)**         , who issues or requests this subpoena, are: **Kurt F. Gwynne, Esquire; Reed Smith LLP; 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $ _____for services, for a total of $ _____.


    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **APPENDIX A**

## **DEFINITIONS**

1.      Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

2.      The terms ALL, ANY, and EACH shall each be construed as encompassing any and all.

3.      ACCOUNT(S) means any account which is in the name of, or for the benefit of, any FAMILY MEMBER.

4.      COMMUNICATION(S) means any written or oral correspondence, contact, discussion, or exchange, including, without limitation, documents, writings, notes, oral conversations, conversations or discussions by telephone or by computer, or other exchange of information in any form as well as any notes or recordings thereof.  Both terms, "Communication" and "Communications," include all "Documents" as defined herein.

5.      DOCUMENT(S) means original and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, whether for internal or external use, including without limitation, the following: bank account or other statements, emails, text messages, instant messages, voicemails, correspondence, letters, memoranda, notes, diaries, calendars, reports, contracts, agreements, directives, instructions, court papers, lists of persons or things, blueprints, sketches, graphic representations, maps, books, pamphlets, canceled checks, mechanical and electrical sound recordings, charts, catalogs, tapes, indices, data sheets, statistical tables and diagrams, memoranda or records of telephone or personal conversations or conferences, inter-office communications, electronic data processing inputs and memories of all kinds, including tapes and discs, active files,

duplicate files, back-up files, printouts and electronic mail messages including active and deleted data. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

6.    EXAMINER shall mean Edward A. Phillips in his capacity as examiner.

7.    FAMILY MEMBER shall mean an individual listed on **Schedule 1** attached hereto.

8.    YOU or YOUR shall mean Charles Schwab & Co., Inc., and YOUR agents, representatives, advisors, attorneys, or anyone acting on YOUR behalf.

9.    The singular includes the plural and the plural includes the singular.

10.    The terms AND or OR as used herein have both conjunctive and disjunctive meanings, and shall be construed to bring within the scope of these questions all information that might otherwise be construed to be outside their scope.

11.    The terms CONCERN or CONCERNING shall include, together with their full meaning, containing, constituting, showing, relating to, or referring to, in any way, directly or indirectly, and are meant to include, among other things, the DOCUMENT or COMMUNICATION itself and any underlying or supporting DOCUMENTS or COMMUNICATIONS, whether now or previously attached or appended to or used in the preparation of the DOCUMENT or COMMUNICATION.

12.    Each of the foregoing definitions shall be fully applicable to each question notwithstanding that a definition above may, in whole or in part, be reiterated in a particular question, or that a particular question may incorporate supplemental definitions.

## INSTRUCTIONS

1.    Except as otherwise set forth in any request below, the relevant time period covered by these requests is January 1, 2021 through the present.

2.      If production of any DOCUMENT covered by this request is refused on the grounds of any claim of privilege, including, without limitation, a claim of "work-product," a list is to be furnished identifying each DOCUMENT for which the privilege is claimed, together with the following information stated separately with respect to each DOCUMENT identified: (i) the date of the DOCUMENT; (ii) the name, address and relationship to YOU of each person who authored, prepared or signed the DOCUMENT; (iii) the name, address and relationship to the party claiming the applicable privilege of each person who was sent or furnished with the DOCUMENT; (iv) the present location of the DOCUMENT; (v) a brief description of the DOCUMENT; and (vi) a statement of the basis for the claim of privilege.  In the case of any DOCUMENT relating in any way to a meeting or other conversation, all persons involved in the meeting or conversation are to be identified.

3.      Unless otherwise indicated, YOU shall produce all responsive DOCUMENTS that are in YOUR possession, custody, or control, which shall include both any DOCUMENTS YOU have actual possession or custody of, and shall also include any DOCUMENT that YOU have the right to obtain the DOCUMENT (whether an original or a copy thereof) upon request or demand from any entity or person.  This includes any DOCUMENTS contained on or in any computer, mobile device, server, mainframe, or other storage device (including: (i) DOCUMENTS on or in computer memory; (ii) DOCUMENTS on or in computer or network backup files; and (iii) DOCUMENTS that have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within our possession, custody, or control.  For the avoidance of doubt, this also includes any DOCUMENTS contained on any personal computer, mobile device, server, mainframe, or other storage device within YOUR possession, regardless of whether YOU owns such device.

4.      The DOCUMENTS produced pursuant to these requests shall be either: (a) segregated and identified by the number of the request below to which they are responsive; or (b) produced as they are maintained in the ordinary course of business.

5.      DOCUMENTS shall be produced with sufficient information to identify the files or repositories in which such responsive DOCUMENTS are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced DOCUMENTS.

6.      DOCUMENTS shall be provided in PDF or CSV (comma-separated values) format.

7.      Electronically stored information must be produced in both native and a searchable format.

8.      Any DOCUMENTS attached to each other shall not be separated.

9.      Any DOCUMENTS with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

10.      Each requested DOCUMENT shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other DOCUMENTS at any time affixed thereto.  If a DOCUMENT responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

11.      If YOU maintain that any responsive DOCUMENT has been destroyed, YOU shall set forth the contents of the DOCUMENT, the date of its destruction, and the name of the person(s) who authorized its destruction.

12.      If a request is only partly objectionable, YOU shall respond to the remainder of the request that is not objectionable.

13.      If an objection or request for relief is made with respect to any request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity.  Any ground not stated in a timely objection shall be deemed waived.

14.      These requests shall be deemed continuing requests so as to require supplemental responses if YOU obtain or discover additional information or DOCUMENTS between the time of initial response or production and the time of judgment.  Such supplemental information and DOCUMENTS must be produced promptly upon discovery.

15.      Any DOCUMENTS pertaining solely to employee benefit accounts are excluded from the below requests.

## REQUESTS FOR PRODUCTION

1.      All DOCUMENTS and COMMUNICATIONS sufficient to identify all ACCOUNTS.

2.      All statements for all ACCOUNTS.

3.      With respect to each of the ACCOUNTS, DOCUMENTS sufficient to show the identities of each person or entity that deposited or otherwise transferred funds or other property into the ACCOUNT.

4.      With respect to each of the ACCOUNTS, DOCUMENTS sufficient to show the identities of the transferee(s) on each withdrawal or other transfer of funds or other property from the ACCOUNT.

5.      All DOCUMENTS and COMMUNICATIONS sufficient to identify the deposit or withdrawal of cash, equity securities or other property in all ACCOUNTS.

6.      All DOCUMENTS and COMMUNICATIONS sufficient to show the transfer of ACCOUNT balances or assets between ACCOUNTS or any combination of one or more FAMILY MEMBERS.

7.      All DOCUMENTS sufficient to show all incoming and outgoing transfers of funds made to or from the ACCOUNTS.

8.      All signature cards or any other DOCUMENT for each ACCOUNT sufficient to show the identity of the signatory or signatories on such ACCOUNT.

9.      All DOCUMENTS related to closing of the ACCOUNT(S), including but not limited to, the ACCOUNT closing form.

## **SCHEDULE 1**

1.      Daryl F. Heller
2.      Charlene Heller
3.      Ethan Heller
4.      Taite Heller

## **EXHIBIT 2**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ New Jersey _____

In re DARYL FRED HELLER _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 25-11354-JNP _____

Chapter 11 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Orrstown Bank _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE APPENDIX A.**

| PLACE<br>77 East King Street, Shippensburg PA 17257 | DATE AND TIME<br>Tuesday, June 3, 2025 @ 4:00 p.m. (Eastern) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 20, 2025 _____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Edward A. Phillips (Examiner) _____ , who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## <u>APPENDIX A</u>

**PLEASE TAKE NOTICE** that, pursuant to the foregoing ***Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)***, you are commanded to produce, for the period January 1, 2021 to the present:

A.  Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of any of the following individual(s):

1.  Daryl F. Heller
2.  Charlene Heller
3.  Ethan Heller
4.  Taite Heller

B.  All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.

## **EXHIBIT 3**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ New Jersey _____

In re DARYL FRED HELLER _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 25-11354-JNP _____

Chapter 11 _____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: PNC Bank, National Association _____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE APPENDIX A.**

| PLACE | DATE AND TIME |
|---|---|
| Reed Smith LLP (Attn: Kurt F. Gwynne); Reed Smith Centre, 225 Fifth Avenue, Pittsburgh, PA, 15222 | Tuesday, June 3, 2025 @ 4:00 p.m. (Eastern) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 20, 2025 _____

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Edward A. Phillips (Examiner) _____ , who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP
1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

**PLEASE TAKE NOTICE** that, pursuant to the foregoing ***Subpoena to Produce
Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case
(or Adversary Proceeding)***, you are commanded to produce, for the period January 1, 2021 to the
present:

A.  Copies, in .PDF or CSV (comma-separated value) format, of all statements, front
and back images of canceled checks, wire transfer instructions (showing transferees
and amounts), and ACH instructions (showing transferees and amounts), for each
account (an "Account") in the name of any of the following entities:

1. 48 on the Park Joint Ventures, LLC
2. Accordo LP
3. Althea Group LLC
4. Althea Management LLC
5. Altpay Holdings, LLC
6. Apollo Investment Holdings, LLC
7. Apollo Management, LLC
8. Avail Technology Solutions, LLC
9. Baller, LLC
10. ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
11. ATM OPS LLC
12. Blackford ATM Ventures, Fund D, LLC
13. Blackford ATM Ventures, Fund M II, LLC
14. Blackford ATM Ventures, Fund M III, LLC
15. Blackford ATM Ventures, Fund M IV, LLC
16. Blackford ATM Ventures, Fund M V, LLC
17. Blackford ATM Ventures, Fund M, LLC
18. Blackford ATM Ventures, LLC
19. Blackford Holdings, LLC
20. Brigantine Group
21. Brookfield Energy LLC
22. Brookfield Partners LP
23. Cash Ventures II, LLC
24. Cash Ventures III, LLC
25. Cash Ventures IV, LLC
26. Cash Ventures V, LLC
27. Cash Ventures VI, LLC
28. Cash Ventures, LLC
29. Catapult LLC
30. Charlie Equipment, LLC
31. Charlie Management Services, LLC

32. Choice Labs, LLC
33. Cloud2Beam
34. DataStaff Advisors, LLC
35. Datastaff, LLC
36. DDR Group, LLC
37. DDRB, LLC (d/b/a Eagle Air Grand Jets)
38. DECT, LLC
39. DHDZ, LLC
40. DHQM3, LLC
41. DHRL, LLC
42. DOBE Investment Group, LLC
43. Doobie
44. DTHC LLC
45. Eagle Air Aviation LLC
46. Edie Heller Capital Group, LP
47. EHCG Management Group, LLC
48. Electraleaf
49. Elevated Holdings LLC
50. ExtraLead
51. Financial Initiatives, LLC
52. First Regents Holdings, LLC
53. First Regents, LLC
54. Flintlock Farms LLC
55. Frank Equipment, LLC
56. Frank Management Services, LLC
57. Frank RE, LLC
58. GCC Investment Holdings, LLC
59. GCC MA Holdings, LLC
60. GCC MI Holdings, LLC
61. GCC MISO Holdings, LLC (d/b/a Glorious Cannabis Company)
62. Golden Gate LLC
63. Grandis, LLC
64. Grandview Jets, LLC
65. Grizzly Equipment, LLC
66. Grizzly Management Services, LLC
67. Grizzly RE, LLC
68. H2 Ventures, LLC
69. H3 Ventures, LLC
70. Halo RE, LLC
71. HCG Leasing, LLC
72. HCG Management Services, LLC
73. HCG RE, LLC
74. Heller - Strite Group, LLC
75. Heller Capital Group, LLC
76. Heller Investment Holdings, LLC
77. Herb Haus Holdings I LLC

78. HHG, LLC
79. Home Experience Holding Co., LLC
80. Horizon ATM Fund II, LLC
81. Horizon Capital Group LP
82. Horizon FC Fund I, LLC
83. Horizon Funds Management
84. Horizon Initiative Canada
85. Horizon Wealth Generation, LLC
86. HS Solar, LLC
87. iEmployee Holdings, LLC
88. iEmployee Services, LLC
89. Innoventures Fund I, LLC
90. Innoventures Fund II, LLC
91. Innoventures Fund Three, LLC
92. Invari, LLC
93. Liberty Aviation Charter, LLC
94. OSS LLC
95. Paramount Management Group, LLC
96. Paramount MGP LLC
97. PERE, LLC
98. PG Pharma, LP
99. PgPharma, LP
100.   PowerCoin, LLC
101.   PowerQuest Financial, LLC
102.   Premier Companies, LLC
103.   Premier Drive Tycoon I, LLC
104.   Premier Prince Street, LLC
105.   Premier Real Estate Group, LLC
106.   Premier Solutions Group, LLC
107.   Premier Technology Group, LLC
108.   PremierComm Management, LLC
109.   PremierComm, LLC
110.   Prestige Fund A II, LLC
111.   Prestige Fund A IV, LLC
112.   Prestige Fund A IX, LLC
113.   Prestige Fund A V, LLC
114.   Prestige Fund A VI, LLC
115.   Prestige Fund A VII, LLC
116.   Prestige Fund A, LLC
117.   Prestige Fund B BTM I, LLC
118.   Prestige Fund B II, LLC
119.   Prestige Fund B IV, LLC
120.   Prestige Fund B V, LLC
121.   Prestige Fund B VI, LLC
122.   Prestige Fund B VII, LLC
123.   Prestige Fund B, LLC

124.  Prestige Fund C, LLC
125.  Prestige Fund D BTM I, LLC
126.  Prestige Fund D III, LLC
127.  Prestige Fund D IV, LLC
128.  Prestige Fund D V, LLC
129.  Prestige Fund D VI, LLC
130.  Prestige Fund D, LLC
131.  Prestige Fund DIV, LLC
132.  Prestige Funds Management II, LLC
133.  Prestige Funds Management II, LLC
134.  Prestige Funds Management III, LLC
135.  Prestige Funds Management, LLC
136.  Prestige Investment Associates LLC
137.  Prestige Investment Group, LLC
138.  Prevail Ventures, LLC
139.  Project Catapult, LLC
140.  Procurement Analysis and Strategy, LLC
141.  ProSportsman, LLC (d/b/a Bowhunters Superstore)
142.  Provectus Management Services, LLC
143.  Pure Green LLC
144.  RAW Ventures, LLC
145.  RCG1, LLC
146.  RCGHW, LLC
147.  RD Capital, LLC
148.  RD Capital Group LLC
149.  RIG Properties, LLC
150.  Rockford Capital Group, LLC
151.  Rockford Flip, LLC
152.  Rockford Fund II, LLC
153.  Sharenet, LLC
154.  Superior Products Holdings, LLC
155.  THC Venture Capital, LLC
156.  TSC Investment Group LLC
157.  Tycoon Holdings, LLC
158.  Tycoon I Operations, LLC (d/b/a/ Glorious Cannabis Company)
159.  Tycoon I RE, LLC
160.  WF Velocity Fund IV, LLC
161.  WF Velocity Fund V, LLC
162.  WF Velocity Fund VI, LLC
163.  WF Velocity Fund VII, LLC
164.  WF Velocity Funds Management, LLC
165.  WF Velocity I, LLC

B.    All signature cards (or other documents) for each Account sufficient to show the
identity of the signatory or signatories on such Account.

## **EXHIBIT 4**

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____ New Jersey

In re DARYL FRED HELLER _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 25-11354-JNP _____

Chapter 11 _____

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Waterfall Bank _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE APPENDIX A.**

| PLACE | DATE AND TIME |
|---|---|
| 500 McLennan St, Clearwater, Florida 33756 | Tuesday, June 3, 2025 @ 4:00 p.m. (Eastern) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 20, 2025 _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Edward A. Phillips (Examiner) _____, who issues or requests this subpoena, are: Kurt F. Gwynne, Esquire; Reed Smith LLP

1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## APPENDIX A

**PLEASE TAKE NOTICE** that, pursuant to the foregoing ***Subpoena to Produce***

***Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case***

***(or Adversary Proceeding)***, you are commanded to produce, for the period January 1, 2021 to the

present:

    A.    Copies, in .PDF or CSV (comma-separated value) format, of all statements, front and back images of canceled checks, wire transfer instructions (showing transferees and amounts), and ACH instructions (showing transferees and amounts), for each account (an "Account") in the name of any of the following entities:

    1.  ATM OPS Inc. (d/b/a BitStop Holdings, LLC)
    2.  ATM OPS LLC

    B.    All signature cards (or other documents) for each Account sufficient to show the identity of the signatory or signatories on such Account.