UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

*Caption in Compliance with D.N.J. LBR 9004-1(b)*

Ciardi Ciardi & Astin
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street,
Philadelphia, PA 19103
Telephone: 215-557-3550
Facsimile: 215-557-3551
aciardi@ciardilaw.com
dsiedman@ciardilaw.com

*In re:*

Daryl Fred Heller

Debtor.

Chapter 11

Case No. 25-11354 (JNP)

**CERTIFICATION IN SUPPORT OF MOTION FOR AN ORDER
STAYING AND/OR SUSPENDING THE EXAMINER**

Albert A. Ciardi, III, of full age, certifies as follows:

1. I am a partner of the firm Ciardi Ciardi & Astin and counsel to secured creditor, Deerfield Capital, LLC ("Deerfield").

2. I submit this Certification in support of the Motion to Stay and/or Suspend the Examiner (the "Motion"). I am fully familiar with the facts and circumstances set forth herein.

3. The Debtor filed for bankruptcy relief on February 10, 2025.

4. On February 11, 2025, Deerfield filed a Motion for Relief from the Automatic Stay to Continue the State Court Proceedings Against the Debtor in Pennsylvania and New Jersey, Prohibit Use of Cash Collateral, Transfer Venue and Expedited Discovery (ECF 9) (the "Stay Motion").

#124982936v1

5. Thereafter, on February 18, 2025, Deerfield filed a subsequent Motion to Appoint Trustee (ECF 30) (the "Trustee Motion");

6. Following a hearing on Deerfield's Stay Motion and Trustee Motion, the Court entered an Order on March 7, 2025 directing the Appointment of an Examiner (the "Order Appointing Examiner") (ECF 99).

7. On March 14, 2025, the Office of the United States Trustee appointed Edward A. Phillips, CPA as the Examiner (the "Examiner") (ECF 118).

8. The Examiner filed a budget estimating total fees in the amount of $1,416,195 and his attorneys' fees in the amount of $350,005.00 (the "Examiner Budget").

9. On May 12, 2025, I contacted the Examiner's counsel requesting the following:

"Following up on my earlier message, my client has reached a tentative settlement with the Debtor which, if approved, would structurally change this case and the scope of the Examiner's role. The Debtor has agreed to file a chapter 11 for Heller Capital within 30 days of last Tuesday. That will eliminate any need for further review of Heller Capital as that will be in its own bankruptcy proceeding under the supervision of an independent liquidating trustee/agent. In addition, my client is executing on various pledges on Heller Investment which will substantially reduce the Examiner's role there. Deerfield is therefore requesting the Examiner stand down for the next 30 days as the potential approval of the Settlement Agreement may reduce scope and cost to the estate."

10. On May 15, 2025, the Examiner's counsel responded to my request stating,

"I received your request that the Examiner stand down for 30 days on his examination pending approval of a forthcoming settlement between the Debtor and Deerfield. As the Order Appointing the Examiner is an agreed Court order that was negotiated by the Debtor, Deerfield and other parties, I believe that it would be inappropriate for the Examiner to stand down based on a request of less than all or nearly all parties in interest. That is particularly true in light of the amount of data received by the Examiner and the amount of work to be done. Accordingly, to obtain other parties' views of the request that the Examiner stand down, I arranged a call among the following counsel:

-Jerry Kulback (counsel for Avenaero Holdings LLC and Steward Capital Holdings LP);
Marc Miceli (counsel for Steven Mitnick, Receiver of Golden Gate Investment Company LLC and Paramount Management Group LLC);

2

      Marshall Kizner (counsel for Prestige Fund A II, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, *et al.*) and Josh Voss (counsel for Prestige Fund A II, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, *et. al*);
James Vincequerra (counsel for Silverview Credit Partners LP); and
Martin Weiss (counsel for Orrstown Bank)…"

11. Prestige Funds *et. al.* have now filed a Motion to Appoint a Trustee (ECF 265).

12. The Examiner has filed no interim or final report with the Court.

13. The Debtor has essentially four (4) asset groups:

    a. Heller Capital Group, Inc.

    b. Heller Investment Holdings, LLC

    c. The Proceeds of the New Jersey Shore House; and

    d. Causes of Action

14. On May 20, 2025, the Debtor filed a 9019 Motion seeking Court Approval of an agreement (the "Agreement") between the Debtor and Deerfield (the "9019 Motion") (ECF 258).

15. The Agreement represents a consensus reached in order to resolve certain matters pending in the Debtor's bankruptcy case, such as the Claim and judgments held by Deerfield, Deerfield's asserted entitlements to the net proceeds of the sale of the beach house property in New Jersey, and address Deerfield's rights *vis a vie* Heller Capital Group, LLC ("HCG") and Heller Investment Holdings, LLC ("HIH").

16. Under the terms of the Agreement, the Debtor, HCG, and HIH confirm that obligations for certain loans and judgments remain outstanding, with the exception of certain payments received by Deerfield from non-parties to the Agreement, without defense, setoff, counterclaim, discount or charge of any kind as of the date of the Agreement.

17. Pursuant to the Agreement, HCG agrees to file a liquidating Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey within thirty (30)

days of execution of the Term Sheet that was attached to and incorporated into the 9019 Motion.

18. Additionally, as part of the Agreement, Deerfield and Debtor agreed to seek to stay and/or suspend the Examiner Order for a period of thirty (30) days to permit HCG to file its chapter 11 liquidating bankruptcy.

19. The Agreement between the Debtor and Deerfield structurally changes this case, resolves Deerfield's Trustee Motion, and the ultimate scope of the Examiner's role.

20. Since the Examiner was appointed as part of Deerfield's Motion to Appoint a Trustee, Deerfield now seeks the Court to intervene and stay the Examiner Order for a period of thirty (30) days to reduce the unnecessary costs and expense of the Examiner against the estate.

21. HCG filing its own bankruptcy will eliminate any need for further review of HCG, and the related entities it owns or controls, as such entity will be in its own bankruptcy proceeding.

22. Furthermore, the Agreement contemplates the appointment of an independent liquidating trustee/agent in the HCG bankruptcy, thus further limiting and/or reducing the role of the Examiner.

23. Lastly, Deerfield is also executing various pledges on HIH, which will also substantially reduce the Examiner's role and its review of that entity as Deerfield will be exercising its rights and removing the Debtor.

24. Assuming the settlement agreement is approved by and between Deerfield and the Debtor, the Examiner will no longer be needed to examine HCG or HIH Assets.

25. Other than the cash proceeds from the New Jersey Beach Property, the Examiner would only have standing to review causes of action relating to transfers from Daryl Heller individually.

26. Without a report, interim or final, from the Examiner, which is already past due, the viability of those causes of action are unclear and do not warrant over $1.5 million dollars in fees, an amount which will overwhelm the estate.

27. As such, Deerfield respectfully requests that the Examiner's investigation be stayed pending a further Order of the Court.

28. The Examiner was to have prepared an initial report for creditors and consider the costs and benefit to the estate. The initial report was due within thirty (30) days of the Order Appointing the Examiner. As of the date of this Motion, no initial report and/or extension has been sought by the Examiner. As such, the Examiner is in violation of the Order Appointing the Examiner.

29. Given the Examiner's budget and the imminent filing of HCG, the Debtor's estate may be administratively insolvent, and the scope of any examination must be reduced to reflect current conditions.

I hereby certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 22, 2025                                By:  /s/ Albert A. Ciardi, III
                                                        Albert A. Ciardi, III