| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, the Chapter 11*<br>*Debtor and Debtor-in-Possession* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

**CERTIFICATION OF SARI B. PLACONA, ESQ., IN SUPPORT OF DEBTOR'S MOTION FOR AN ORDER TO QUASH RULE 2004 SUBPOENA SERVED BY PRESTIGE ON EDWARD A. PHILLIPS, AS EXAMINER**

**SARI B. PLACONA, ESQ.,** of full age, hereby certifies and declares as follows:

1.　　I am an attorney at law licensed to practice law in New Jersey and a partner of the firm McManimon, Scotland & Baumann, LLC ("MSB"). MSB serves as counsel for Daryl Fred Heller, the Chapter 11 Debtor (the "Debtor"), in the above captioned matter and therefore, I have full knowledge of the facts and circumstances thereof. I submit this certification in support of the Debtor's Motion for an Order to Quash Rule 2004 Subpoena (the "Subpoena") Served by Prestige[1] on Edward A. Phillips (the "Examiner"), as Examiner (the "Motion")

---

[1] The Subpoena was served on behalf of Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC (collectively, the "Prestige Fund").

2. On February 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code. ECF 1.

3. Prestige served the Subpoena on the Examiner on May 15, 2025. The Subpoena seeks to gain access to all documents received in response to certain Rule 2004 subpoenas issued by the Examiner. A copy of the Subpoena is attached as **Exhibit A**.

4. The Subpoena is improper as the filing of Prestige's Adversary Complaint on May 15, 2025, shifts the governing discovery framework from Rule 2004 to Fed. R. Civ. P. 45 ("Rule 45").

5. Even if the Subpoena was proper under Rule 2004, it still must be quashed or modified because it is unduly broad and intrudes into private, personal information of individuals unrelated to the Debtor.

6. These documents and communications not only contain personal information of the Debtor, but also personal information and communications between family members who are unrelated to the claims against the Debtor in this case.

7. Accordingly, the Subpoena is improper, as it attempts to circumvent the discovery rules applicable under Rule 45 and is unduly broad.

8. Therefore, the Subpoena must be quashed.

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

Dated: June 3, 2025               */s/ Sari. B Placona*
                                  SARI B. PLACONA

4911-1228-0137, v. 1

# EXHIBIT A

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of New Jersey

In re Daryl Fred Heller  
Debtor

Case No. 25-11354 (JNP)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Edward A. Phillips, as Examiner

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Stark & Stark, P.C., 100 American Metro Boulevard, Hamilton, NJ 08619 | May 30, 2025 at 10:00 a.m. |

The examination will be recorded by this method: _

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Documents listed on Schedule "A" annexed hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 15, 2025

CLERK OF COURT

OR

_____  /s/ *Marshall T. Kizner*  
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Prestige (as identified in ECF No. 85), who issues or requests this subpoena, are:

Marshall Kizner, Esq., Stark & Stark, P.C., 100 American Metro Boulevard, Hamilton, NJ 08619, (609) 219-7449, mkizner@stark-stark.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Schedule A

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, "documents" means all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitations, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, certificates, drawings, plans, interoffice and intra-office communications or offers, notations in any form made of conversations, telephone calls, meetings or other communications; bulletins, printed matter (including newspapers, magazines and other publications and articles and clippings therefrom), press releases, computer printouts, teletypes, telecopies, invoices, ledgers, worksheets (and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, charts, graphs and microfiche, microfilm, videotape or film recordings) and electronic, mechanical or electrical records or representations of any kind (including without limitation tapes, cassettes, discs, recordings), or transcriptions thereof.

2. The term "all documents" means every document, as defined in paragraph 1, above which can be located, discovered or obtained by reasonably diligent efforts, including without limitation all documents possessed by:

   (a) you or your counsel;

   (b) any other person or entity from whom you can obtain such documents by request or which you have a legal right to bring within your possession by demand.

3. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed, identify in writing each document and provide the following information:

   (a) the date or approximate date it was lost, discarded or destroyed;

   (b) the circumstances and manner in which it was lost, discarded or destroyed;

   (c) the reason or reasons for disposing of the document (if discarded or destroyed);

   (d) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

   (e) the identity of the person(s) who lost, discarded or destroyed the document; and

   (f) the identity of all persons having knowledge of the contents thereof.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

    4.    If any request for documents is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, provide the following information:

    (a)    the reason for withholding the document;

    (b)    a statement of the basis for the claim of privilege, work product or other ground of nondisclosure; and

    (c)    a brief description of the document, including:

    (i)    the date of the document;

    (ii)    number of pages, attachments and appendices;

    (iii)    the names of its author, authors or preparers and an identification by employment and title of each such person;

    (iv)    the name of each person who was sent, was shown, or was blind-copied or carbon-copied the document, together with an identification of each such person;

    (v)    the present custodian; and

    (vi)    the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

    5.    Whenever identification of any person is requested herein, for each such person, separately state:

    (a)    name;

    (b)    current business address and telephone number;

    (c)    current residential address and telephone number;

    (d)    employer; and

    (e)    occupation.

    6.    Whenever identification of any document is requested herein, for each such document, separately state:

    (a)    the title of the document or description of the document;

    (b)    the date of the document;

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

SCHEDULE OF ITEMS TO BE PRODUCED

1. All documents that have been received or are received, in response to the Rule 2004 examination subpoenas issued by Edward A. Phillips, as Examiner, identified in ECF Nos. 180, 181, 183, 184, 185, 187 and 232.

STARK & STARK
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
MAILING ADDRESS
PO BOX 5315
PRINCETON, NJ 08543

-5-