| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, the Chapter 11<br>Debtor and Debtor-in-Possession* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>                   Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

### BRIEF IN SUPPORT OF THE DEBTOR'S MOTION FOR AN ORDER TO QUASH RULE 2004 SUBPOENA SERVED BY PRESTIGE ON EDWARD A. PHILLIPS, AS EXAMINER

Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), hereby submits his Motion for an Order to Quash Rule 2004 Subpoena (the "Subpoena") Served by Prestige [1] on Edward A. Phillips (the "Examiner"), as Examiner (the "Motion"), and respectively represents as follows:

### PRELIMINARY STATEMENT

1. Prestige is a judgment creditor against Paramount Management Group, LLC ("Paramount"), a non-debtor entity wholly unrelated to the Debtor's estate. In addition, at best, despite filing an erroneous aggregate total proof of claim amount of $503,290,225.46, pursuant to Claims Nos. 13 through 32 against the Debtor personally, Prestige only holds at most, a $2,050,000

---

[1] The Subpoena was served on behalf of Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC (collectively, "Prestige").

Pennsylvania state court judgment against Paramount and the Debtor jointly and severally. The judgment, however, is being appealed.

2. Prestige served a Rule 2004 subpoena (the "Subpoena") on the Examiner on May 15, 2025. The Subpoena seeks to gain access to all documents received in response to certain Rule 2004 examination subpoenas issued by the Examiner. A copy of the Subpoena is attached as Exhibit A to the Certification of Sari B. Placona, Esq., in Support of the Motion ("Placona Cert.").

3. The Subpoena is improper as the filing of Prestige's Adversary Complaint on May 15, 2025, shifts the governing discovery framework from Rule 2004 to Fed. R. Civ. P. 45 ("Rule 45").

4. Even if the Subpoena was proper under Rule 2004, it must still be quashed or modified because it is unduly broad and intrudes into private and personal information of individuals unrelated to the Debtor's case.

5. Courts consistently disfavor such fishing expeditions that impose undue burden and invade privacy, especially in the case of family member's information who are not parties to the case and have no connection to the alleged claims or defenses.

6. Accordingly, and in consideration of these arguments, the Subpoena is improper, as it attempts to circumvent the discovery rules applicable under Rule 45 and is unduly broad and burdensome.

7. Therefore, the Subpoena must be quashed.

## JURISDICTION

8. This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**STATEMENT OF FACTS**

**The Debtor's Bankruptcy**

9. On February 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code. ECF 1.

10. The Debtor continues to manage his affairs as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

**The Examiner**

11. On March 2, 2025, the Court appointed the Examiner in the Debtor's bankruptcy. ECF 99.

12. The Examiner's role was essentially to "(1) examine the Debtor's "management" of certain companies he owns or controls, and (2) review transfers from companies the Debtor owns or controls." See ECF 186.

13. Specifically, the Order states that the Examiner shall "investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity, if any, in the management of the affairs of the Debtor in any entity or entities owned or controlled by the debtor … otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code." ECF 99.

**The Subpoena**

14. The Subpoena requests "All documents that have been received or are received, in response to the Rule 2004 examination subpoenas issued by Edward A. Phillips, as Examiner, identified in ECF Nos. 180, 181, 183, 184, 185, 187 and 232." See Exhibit A of Placona Cert.

15. Prestige filed an Adversary Complaint on May 15, 2025, thereby shifting the governing discovery framework from Rule 2004 to Rule. 45.

16. Even if the Subpoena was proper procedurally under Rule 2004, these requests encompass materials that are far outside the scope of a legitimate Rule 2004 inquiry.

17. The materials requested are unduly broad and contain personal, private materials related to third parties who are not parties to the adversary proceeding.

18. Accordingly, the Subpoena is improper, as is unduly broad and it attempts to circumvent the discovery rules applicable under Rule 45, as made applicable by Fed. R. Bankr. P. 7026-7045.

19. Therefore, the Subpoena must be quashed.

## LEGAL ARGUMENT

### THE SUBPOENA IS IMPROPER UNDER RULE 2004 AND RULE 45 AS UNDULY BROAD AND MUST BE QUASHED

**The Subpoena is improper under Rule 2004 and Rule 45.**

20. The Subpoena should be quashed. Rule 2004 is the basic discovery device in bankruptcy cases and provides that an examination under the rule can "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004.

21. A Bankruptcy Rule 2004 examination is a "broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." 2435 Plainfield Ave, Inc. v. Twp. of Scotch Plains (In re 2435 Plainfield Ave., Inc., 223 B.R. 440, 456 (Bankr. D.N.J. 1998). A Rule 2004 examination has been characterized as broad, unfettered and in the nature of fishing expeditions. See In re Valley Forge Plaza Assoc., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990); Moore v. Eason (In re Bazemore), 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998) (describing scope of a Rule 2004 examination as "unfettered and broad," and comparing such an examination to "a fishing expedition") (quoting In re GHR Energy Corp., 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983)).

4

22. Once a motion to quash a subpoena has been filed, however, the subpoena's issuer must show good cause for the Rule 2004 examination. In re Summit Global Logistics, Docket No. 08–11566 (DHS), 2008 WL 1446722, at *3 (Bankr. D.N.J. April 9, 2008) (citing In re Eagle-Picher Indus., Inc., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994)). Once good cause has been established, the movant must convince the court of the impropriety of the Rule 2004 examination. Id. (citing In re Buick, 174 B.R. 299, 304 (Bankr. D. Colo. 1994)).

23. In addition, once an Adversary Case has been established, the plaintiff must look to Fed.R.Civ.P. 45 regarding discovery. "[M]oreover, once an adversary proceeding or a particular contested matter is under way, discovery sought in furtherance of litigation is subject to the F.R.Civ.P. rather than the broader bounds of R. 2004." In re Valley Forge Plaza Associates, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (citations omitted). "Many courts have expressed distaste for efforts of parties to utilize R2004 examinations to circumvent the restrictions of the F.R.Civ.P. in the context of adversary proceedings or contested matters." Id. (citations omitted). "The admonition that the F.R.Civ.P. in general apply to discovery in adversary proceedings and contested matters has been specifically applied to prevent attempts to avoid the proscriptions of F.R.Civ.P. 26(b)(4) by the use of R2004." Id. (citations omitted).

**The Subpoena is Unduly Broad**

24. In addition to being procedurally improper, the Subpoena is also substantively overbroad and invades the privacy of family members and unrelated parties.

25. Rule 2004 examinations may not be used to stray into matters unrelated to the administration of the Debtor's estate or for purposes of abuse and harassment. In re Washington Mut., Inc., 408 B.R. 45, 50 (D. Del. 2009). Like other methods of discovery, Rule 2004 examinations may not be used to annoy, embarrass or oppress the party examined. In re Coffee Cupboard, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing In re Drexel Burnham Lambert

5

Group, Inc., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)). In order to protect a subpoenaed party against such tactics, the Court has the power to enter a protective order. See Fed. R. Bankr. P. 9016.

26. Courts have consistently held that subpoenas must be limited in scope to avoid undue burden on parties and must not delve into irrelevant or protected personal matters. See generally Harmon v. Great Atlantic & Pacific Tea, 273 N.J. Super. 552 (1994).

27. The Subpoena's request for all materials related to the Examiner's discovery is unduly broad as these documents contain not only contain personal information of the Debtor, but also personal information and communications between family members who are unrelated to the claims against the Debtor in this case. See Placona Cert., at ¶¶ 5-6.

28. For these reasons, the Motion must be granted, and the Subpoena must be quashed. Id., at ¶ 8.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests this Court grant the Debtor's Motion to quash the Subpoena in its entirety and grant such other and further relief as the Court deems just and equitable.

             **McMANIMON, SCOTLAND**
             **& BAUMANN, LLC**
             *Counsel to Daryl Fred Heller, Chapter 11 Debtor*
             *and Debtor-in-Possession*

Dated: June 3, 2025      By: */s/ Sari B. Placona*
              SARI B. PLACONA