**MS&B**  McMANIMON • SCOTLAND • BAUMANN    75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com

35240-001

June 4, 2025

<u>**Via ECF**</u>

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

      Re:    **Daryl Fred Heller**
               **Ch. 11; Case No. 25-11354 (JNP)**

Dear Judge Poslusny:

      As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 debtor and debtor-in-possession (the "Debtor") in the above referenced matter.

      The Debtor submits this letter in lieu of a more formal response in support of Deerfield Capital, LLC's ("Deerfield") Motion for an Order Staying and/or Suspending the Examiner ("Deerfield's Examiner Termination Motion"), filed on May 22, 2025. ECF 271. As Your Honor is aware, Edward A. Phillips, CPA was appointed as the examiner (the "Examiner"), pursuant to the Order Directing the Appointment of an Examiner ("Examiner Order"). ECF 99.

      On February 18, 2025, Deerfield filed a Motion to Appoint a Chapter 11 Trustee (the "Deerfield Trustee Motion"). ECF 30. The appointment of the Examiner was reached as a compromise between Deerfield and the Debtor, amongst the other parties who filed supporting papers in support of the Deerfield Trustee Motion, in place of appointing a chapter 11 trustee pursuant to Deerfield's Trustee Motion. The reason the parties agreed on the Examiner Order, was because the Debtor wanted to avoid the excess time and costs of litigating the Trustee Motion which would continue to drain the estate and jeopardize the Debtor's chances at reorganization. Thus, the parties agreed on the terms of the Examiner Order, which was limited in scope to avoid excessive Examiner fees. Unfortunately, the opposite came true. The Examiner filed a budget estimating total fees in the amount of $1,416,195 and his attorneys' fees in the amount of $350,005. <u>See</u> Deerfield's Examiner Termination Motion, at ¶ 8.

      With Deerfield and the Debtor reaching the Settlement Agreement (the "Agreement"), pending approval by the Court pursuant to the Motion Approving the Agreement Amongst the Debtor, Heller Capital Group, LLC, Heller Investment Holdings, LLC, and Deerfield Capital, LLC Pursuant to Fed. R. Bankr. P 9019 [ECF 258], the necessity of the Examiner is diminished. The

Honorable Jerrold N. Poslusny, Jr.
June 4, 2025
Page 2

Debtor concurs with Deerfield, "the Agreement between the Debtor and Deerfield structurally changes this case, resolves Deerfield's Trustee Motion, and the ultimate scope of the Examiner's role." See Deerfield's Examiner Termination Motion, at ¶ 19. Moreover, the Debtor agrees, "[the Examiner's budget cost of] $1.5 million dollars in fees . . . will overwhelm the estate. Id., at ¶ 26. There will be little to no funds available to creditors if the Examiner continues as is.

Lastly, pursuant to paragraph 1 of the Examiner Order, Deerfield's Trustee Motion was to:

> remain pending until either the earlier of (a) thirty (30) days after the submission of the Examiner Report or (b) a date set by the Court within five (5) days of a Notice of Non-Compliance filed by the Examiner (defined herein). Once the Examiner submits a Non-Compliance Notice to the parties and the court rules on such Non-Compliance, nothing in this Order shall prevent the Movant from relisting the Motion or any other party from filing a separate Motion for Appointment of a Trustee at any time. The Examiner shall provide a preliminary report or status within sixty (30) [sic] days of entry of this Order. ECF 99.

The Examiner has failed to comply with paragraph 1 of the Examiner Order. See Deerfield's Examiner Termination Motion, at ¶ 28. Furthermore, the Examiner has not filed a Non-Compliance Notice. Id. The Examiner's failures to comply with the Examiner's Order warrants the Court terminating the Examiner's role in the Debtor's bankruptcy case. Alternatively, at a minimum, the Examiner's fees must be scrutinized since the parties were in the dark as to the status of the investigation.

Therefore, we respectfully request the Court grant Deerfield's Examiner Termination Motion. As always, Your Honor's courtesy is much appreciated.

Respectfully submitted,

*/s/ Sari B. Placona*

Sari B. Placona