| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **MCMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel to Daryl Fred Heller*<br>*Chapter 11 Debtor and Debtor-in-Possession* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>              Debtor. | Case No. 25-11354 (JNP)<br><br>Chapter 11 |

**LIMITED OBJECTION TO (I) FIRST MONTHLY FEE STATEMENT OF REED SMITH LLP, COUNSEL FOR THE EXAMINER, FOR THE PERIOD FROM MARCH 18, 2025 THROUGH APRIL 30, 2025, (II) SECOND MONTHLY FEE STATEMENT OF EDWARD A. PHILLIPS, EXAMINER, FOR PERIOD FROM APRIL 1, 2025 THROUGH APRIL 30, 2025, AND (III) FIRST MONTHLY FEE STATEMENT FOR GETZLER HENRICH & ASSOCIATES LLC, FINANCIAL ADVISOR TO THE EXAMINER, FOR THE PERIOD FROM, APRIL 1, 2025 THROUGH APRIL 30, 2025**

Daryl Fred Heller (the "Debtor"), the Chapter 11 Debtor and Debtor-in-Possession, by and through his counsel, McManimon, Scotland & Baumann, LLC, hereby files this limited objection (the "Objection") to the, (i) First Monthly Fee Statement of Reed Smith LLP, Counsel for the Examiner ("Examiner's Counsel"), for the Period From March 18, 2025 Through April 30, 2025 (the "Examiner's Counsel Fee App.") [ECF 267], (ii) Second Monthly Fee Statement of Edward A. Phillips (the "Examiner"), Examiner, for Period From April 1, 2025 Through April 30, 2025 (the "Examiner's Fee App.") [ECF 264], and (iii) First Monthly Fee Statement for Getzler Henrich & Associates LLC, Financial Advisor to the Examiner ("Examiner's Financial Advisor"), for the Period From, April 1, 2025 Through April 30, 2025 ("Examiner's Financial Advisor's Fee App."

and together with the Examiner's Counsel Fee App. and Examiner's Counsel Fee App., collectively, the "Fee Apps.") [ECF 268]. In support of the Objection, the Debtor respectfully states as follows:

**OBJECTION**

1. The Examiner's Counsel Fee App. seeks payment for fees for the Examiner's Counsel for the period from March 18, 2025 through April 30, 2025 in the total amount of $107,628.22. See Examiner's Counsel Fee App., at pg. 1. The Examiner's Fee App. seeks payment for fees for the Examiner for the period from April 1, 2025 through April 30, 2025 in the total amount of $28,485.60. See Examiner's Fee App., at pg. 1. The Examiner's Financial Advisor's Fee App. seeks payment for fees for the Examiner's Financial Advisor for the period from April 1, 2025 through April 30, 2025 in the total amount of $16,440.00. See Examiner's Financial Advisor's Fee App., at pg. 4. The exorbitant total amount of fees in the Fee Apps. -- $152,553.82 -- only covers approximately one (1) month of time. With the amount owed on the Fee Apps. and accruing thereafter, it is extremely costly to the estate. This will deplete assets of the estate and reduce payments to creditors. It will also affect the Debtor's ability to reorganize. It is unreasonable for the Examiner, Examiner's Financial Advisor, and Examiner's Counsel to accrue monthly costs that deplete the equivalent of the Debtor's earned combined monthly income, especially because the Examiner has not filed the required statement to the court regarding status. Had the statement been filed, the Debtor and creditors could have assessed what due diligence has been conducted. Without such, the Debtor and creditors are left in the dark.

2. The Debtor foresaw the issue of the Examiner and Examiner's Counsel accruing such unreasonable fees as noted in the Debtor's April 21, 2025, letter to the Court opposing the Examiner's final budget ("Ltr. Opp. Examiner's Budget"). See ECF 186. In the Ltr. Opp.

Examiner's Budget, the Debtor specifically opposed the final budget on grounds (i) the costs are excessive, (ii) such costs will dilute the estate, and (iii) it will negatively impact the Debtor's ability to successfully reorganize. Id. The final budget sought fees to (i) the Examiner's Financial Advisor in the total amount of $1,416,195, and (ii) total fees to the Examiner's Counsel for $350,005. Id. The Debtor noted in the Ltr. Opp. Examiner's Budget that the Examiner is essentially charged with two duties: (1) examine the Debtor's "management" of certain companies he owns or controls, and (2) review transfers from companies the Debtor owns or controls. Id.

3. Moreover, the Debtor noted, "[t]ransfers are transactions that are in the past and do not change[] [t]he Examiner has sent out numerous subpoenas regarding his diligence to investigate potential recoverable transfers[] [t]here is no need to pursue such transfers at the current time because the facts will not change." Id. Despite the Debtor's forewarning, the Fee Apps. are filled with billing entries for work and costs on various, unnecessary subpoenas.

4. Under 11 U.S.C. § 330, all professional fees—including those of the Examiner, Examiner's Financial Advisor, and Examiner's Counsel—must be "reasonable" and "necessary." The Debtor filed a Limited Objection to the Retention of Examiner's Counsel, Pursuant to 11 U.S.C. § 330 ("Objection to Examiner's Counsel") [ECF 161]. In the Objection to Examiner's Counsel, the Debtor specifically objected to the excessive fees proposed by Examiner's Counsel. Id. Furthermore, the Debtor proposed the Examiner provide the final budget, detailing potential costs to be borne by the estate, and if outside budgeted hours require a supplemental application to extend the final budget. Id.

5. Pursuant to 11 U.S.C. § 1107, the Debtor as the Debtor-in-Possession has a duty to safeguard all property of the estate and ensure it is used appropriately for the benefit of creditors. The Fee Apps. are in stark contradiction to use of estate funds for the benefit of the Debtor's

3

4929-5881-3514, v. 1

creditors. Instead, the Fee Apps. seek to approve excessive fees, thus draining the estate faster than even the Debtor's counsel can administer the estate. Moreover, pursuant to the Order Directing the Appointment of an Examiner ("Examiner Order"), the Examiner failed to file a report as directed in the Examiner Order [ECF 99]. The Examiner's failure to abide by the Examiner Order for the Examiner, Examiner's Financial Advisor, and Examiner's Counsel fees, it leaves the Debtor and creditors to guess and assess benefit to the estate. How can the Debtor and creditors determine what is "reasonable" and "necessary" without any information.

6. "[T]he ultimate responsibility for assessing the reasonableness of compensation awarded to professionals and other officers of the estate remains . . . with the judiciary." In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 844 n.9 (3d Cir. 1994) (citations omitted). "Even if no party in interest objects . . . the court should review the application to make sure the compensation sought has been earned and is reasonable." Id. "Disagreeable as the chore [of reviewing fees] may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." Id., 19 F.3d at 844.

7. The Debtor respectfully submits that he has, time and again, sounded the alarm on the issue of the Examiner's, Examiner's Financial Advisor's, and Examiner's Counsel's fees being excessive and unwarranted. On May 12, 2025, Deerfield Capital, LLC ("Deerfield")[1] advised the Examiner to cease his examination to stop costs since Deerfield and the Debtor settled issues as set forth in a Settlement Agreement (the "Agreement"), which is pending authorization by the Court pursuant to the Motion Approving the Agreement Amongst the Debtor, Heller Capital Group, LLC, Heller Investment Holdings, LLC, and Deerfield Capital, LLC Pursuant to Fed. R.

---

[1] Deerfield is one of the Debtor's largest creditors.

Bankr. P 9019 [ECF 258]. The primary purpose of the appointment of the Examiner pursuant to the Examiner Order was a compromise between Deerfield and the Debtor to address the Motion of Deerfield for Appointment of a Chapter 11 Trustee [ECF 30]. Now that the issues with Deerfield are settled, pending the Court's authorization of the Agreement, the Debtor submits further fees accrued by the Examiner, Examiner's Financial Advisor, and Examiner's Counsel must cease immediately. Moreover, the Court must scrutinize the Fee Apps. and either reject them in their entirety or assess a reasonable amount to be borne by the estate.

## RESERVATION OF RIGHTS

8.  The Debtor preserves all of his claims, causes of actions and rights, including, but not limited to, his rights to (i) object to any other aspect of the Fee Apps., and/or (ii) argue that the Examiner, Examiner's Financial Advisor, and Examiner's Counsel have not established a basis for the relief set forth in the Fee Apps.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that the Court reduce the allowed amount in the Fee Apps. and grant such other and further relief as the Court deems just and proper.

                                                  **McMANIMON, SCOTLAND
                                                   &BAUMANN, LLC**
*Counsel to Daryl Fred Heller*
*Chapter 11 Debtor and Debtor-in-Possession*

Dated: June 4, 2025                         By: */s/ Sari B. Placona*
                                                              Sari B. Placona