# McCarter & English

**Christopher D. Adams**
Partner

T. 973-639-2059

cadams@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
www.mccarter.com

June 6, 2025

Hon. Jerrold N. Poslusny, Jr., U.S.B.J.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, N.J. 08101

Re:   In re: DARYL FRED HELLER, Debtor.
      Case No. 25-11354 (JNP)

Dear Judge Poslusny:

This firm represents Mr. Daryl Heller with regard to an investigation by the Department of Justice ("DOJ"). We write in response to the objection filed by the United States Trustee to our retention, and his view that our engagement as counsel is subject to conditions set by his office. Because our retention relates to a matter not "under this title [11]" and is being satisfied with assets that are exempt from the bankruptcy proceeding, we respectfully suggest that we are not subject to such conditions and his objection should be denied. *See* 11 U.S.C. §§ 327(a); 11 U.S.C. § 522(d)(12).

## A.  Background

As was made clear by Mr. Heller's bankruptcy counsel, McCarter & English has been retained to render legal services relating to an investigation by DOJ in the Eastern District of Pennsylvania concerning allegations of securities, wire, and mail fraud. (ECF No. 139). The Trustee argues that McCarter & English did not establish that its $150,000 post-petition retainer is appropriate or that criminal counsel will provide a benefit to the estate. (Objection ¶ 8). Moreover, the Trustee asked the Court to impose certain obligations on McCarter & English relating to its representation of Mr. Heller, including that McCarter & English provide a copy of its retention agreement to the Trustee and that McCarter & English provide notice to the Trustee before increasing its hourly rates. (Id. ¶¶ 13-14). Following the filing of the Objection, via email dated March 27, 2025, the Trustee also sought to impose additional obligations on McCarter & English, including that McCarter & English provide the Trustee monthly fee statements and bill only 50% of its hourly rate for non-working travel. Through its Objection and the additional obligations proposed by the Trustee via email, the Trustee seeks to unnecessarily and without legal basis interfere with criminal counsel's representation of Mr. Heller. Because there is no basis in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, any other rule or regulation, or case law for the imposition of these obligations on criminal counsel, the Application should be approved by the Court without any additional obligations

ME1\53441147.v1

concerning McCarter & English's representation and the Trustee's objection should be denied.

### B.  Mr. Heller is Entitled to Criminal Counsel of His Choosing

It is axiomatic that the Sixth Amendment to the United States Constitution not only guarantees those accused of a crime with the assistance of counsel, but "also ensures the right of a defendant to retain his preferred counsel." *Randolph v. Sec'y Pennsylvania Dep't of Corr.*, 5 F.4th 362, 374 (3d Cir. 2021) (quoting *Powell v. Alabama*, 287 U.S. 45, 53 (1932). Indeed, a debtor's right to retain counsel in connection with criminal proceedings is expressly recognized in the Bankruptcy Code. *See* 11 U.S.C. §§ 327(e), 328(a). As is the ability of criminal counsel to represent the debtor "on any reasonable terms and conditions . . . including on a retainer [or] on an hourly basis…" 11 U.S.C. § 328(a). Where compensation is to come from a non-estate source—as is the case here as explained below—the court shall determine whether compensation paid or agreed to be paid is "reasonable." *See In re Engel*, 124 F.3d 567, 572 (3d Cir. 1997). A bankruptcy court may cancel a compensation agreement only "[i]f such compensation exceeds the reasonable value of any such services." *See* 11 U.S.C. § 329(b).

Here, McCarter & English's $150,000 post-petition retainer is reasonable.  In fact, it is consistent with the standard retainer amount that McCarter & English charges its clients for criminal defense legal services. Moreover, McCarter & English's hourly rates are reasonable and in line with the rates that other similarly sized law firms in New Jersey charge clients for representation in criminal matters. *See e.g., Sundesa, LLC v. Tejarah, Int'l, Inc.*, 2020 WL 6781579, at *2 (D.N.J. Nov. 17, 2020) (concluding that hourly rates of $375 to $580 for associates and $575 to $730 for partners at McCarter and one other firm were reasonable); *Ballinasmalla Holdings Ltd. v. FCStone Merch. Servs., LLC*, No. 18-CV-12254 (PKC), 2020 WL 814711, at *2 (S.D.N.Y. Feb. 19, 2020) (finding reasonable rates of up to $1,017 per hour for partners and $783 per hour for associates); *United States ex rel. Bahnsen v. Bos. Sci. Neuromodulation Corp.*, No. CV 11-1210, 2021 WL 118927, at *1 (D.N.J. Jan. 11, 2021) (approving blended hourly rate of $618 as reasonable); *cf.* N.J. R.P.C. 1.5(a)(3), (7).  Finally, under well-established case law, the retention of McCarter & English to provide representation in connection with criminal proceedings is beneficial to the estate. (*See* MSBNJ Reply at 1–3). The Trustee's arguments that the post-petition retainer is not appropriate or that criminal counsel's representation will not provide a benefit to the estate are without merit and should be rejected. Because Mr. Heller has selected criminal counsel of his choosing pursuant his constitutional right and the applicable provisions of the Bankruptcy Code, the Court should approve the Application.

### C.  The Trustee Cannot Impose Unnecessary Restrictions on Criminal Counsel's Representation When That Representation Is Satisfied by Exempt Assets

There is no dispute that McCarter & English will be compensated from Mr. Heller's 401K retirement account assets—*i.e.* assets exempted from the bankruptcy proceeding. *See* 11 U.S.C. § 522(d)(12) (funds in 401K retirement account exempted from debtor's assets). Indeed, the Trustee acknowledges that the Application provides that legal fees due to McCarter & English "will be paid from exempt assets." (Objection ¶ 11). To the extent the Trustee contends that a withdrawal from the Debtor's exempted 401K retirement fund will result in early withdrawal penalties, fees, or taxes to be paid by the estate, such a contention is not reality. Any early withdrawal penalties, fees, or taxes will be funded by the exempted 401K retirement funds.

The Trustee has also proposed that the Court require McCarter & English to comply with unnecessary and burdensome obligations concerning its representation of Mr. Heller, including providing a copy of the retention agreement, seeking pre-approval of rate increases, providing the Trustee monthly fee statements, and billing only 50% of the hourly rates for travel. First, nowhere in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure is there a requirement that criminal counsel comply with such requirements when a Debtor has committed to paying for criminal counsel's legal services with exempted funds. This is no different that if a friend or family member committed to paying for such legal fees – the Trustee would have no basis to impose any such obligations. The same is true for exempted assets. Unsurprisingly, the Trustee cites to no regulation, rule, or case law to support its position that these obligations are appropriate or mandated. Next, and slightly more significant, the Trustee seeks to have Mr. Heller's criminal counsel, who is defending him in an investigation being conducted by the DOJ, provide monthly fee statements to the office of the Trustee, which is a component of the DOJ. How the fees are spent, on what service or function, and details thereof are privileged. Such a requirement must yield to Mr. Heller's constitutional rights.

Moreover, bankruptcy courts across the country have held that when a debtor pays for legal services using non-estate funds, the court's oversight responsibility is limited only to determining whether the fees charged are reasonable pursuant to 11 U.S.C. § 329(b). *See In re Schlomer*, 2025 WL 553042, at *1 (Bankr. W.D. Tex. Feb. 19, 2025) ("debtors may retain counsel for non-estate matters without court approval and may pay them from non-estate funds—subject to the disclosure and reasonableness requirements of section 329 of the Bankruptcy Code."); *In re Core Commc'ns, Inc.*, 2017 WL 5151674, at *1 (Bankr. D.D.C. Nov. 5, 2017) (holding counsel did not need to submit a fee application pursuant to 11 U.S.C. § 330 "with respect to any compensation received from non-estate sources." Rather, under 11 U.S.C. § 329(b) the court's job is limited to determining "if compensation paid or to be paid to an attorney for the debtor 'exceeds the reasonable value of any such services.'"); *In re McDonald Bros. Const., Inc.*, 114 B.R. 989, 995 (Bankr. N.D. Ill. 1990) ("the monitoring function of Section 329 does not require the debtor's counsel to provide a statement of time and services, nor does it require court approval before counsel

may use the non-estate funds they have been paid. To the contrary, the compensation of debtor's counsel from non-estate funds is unaffected by Section 329 unless the court finds, pursuant to Section 329(b), that 'such compensation exceeds the reasonable value of any [bankruptcy-related] services.'").

Simply stated, there is no basis in the law—in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or case law—for Trustee to ask the Court to direct McCarter & English to provide its retention agreement, seek pre-approval of rate increases, or provide the Trustee monthly statements. Consistent with clear provisions in the Code, where, as here, Mr. Heller is paying for legal services with exempt assets, the Court's task regarding criminal counsel's compensation is limited to evaluating whether counsel's "compensation exceeds the reasonable value of any such services." *See* 11 U.S.C. § 329(b). We submit that it does not.

### D. Conclusion

The Trustee's Objection having been sufficiently addressed herein, and in the May 13, 2025 Reply by McManimon, Scotland & Baumann, LLC. (ECF No. 234), which we incorporate herein in its entirety, McCarter's Application should be approved by the Court and the Trustee's objections and conditions denied.

Respectfully submitted,

*/s/ Christopher D. Adams*

Christopher D. Adams

cc:   Jeffrey Sponder, Esq.
      Sari Placona, Esq.

ME1\53441147.v1