| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Reed Smith LLP<br>Kurt F. Gwynne, Esq.<br>Jason D. Angelo, Esq.<br>506 Carnegie Center, Suite 300<br>Princeton, NJ 08540<br>Telephone: (609) 987-0050<br>Facsimile: (609) 951-0824<br>Email: kgwynne@reedsmith.com<br>         jangelo@reedsmith.com<br><br>*Counsel for Examiner* | |
| In re*:*<br><br>DARYL FRED HELLER,<br><br>                                   Debtor. | Case No. 25-11354 (JNP)<br><br>Judge Jerrold N. Poslusny Jr.<br><br>Chapter 11 |

### OBJECTION OF EDWARD A. PHILLIPS, AS EXAMINER, TO DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING RELEASE OF FUNDS FROM McMANIMON, SCOTLAND & BAUMANN, LLC'S ATTORNEY TRUST ACCOUNT FOR PAYMENT OF ATTORNEY'S FEES AND COSTS REGARDING THE THIRD MONTHLY FEE STATEMENT PURSUANT TO <u>THE ADMINISTRATIVE FEE ORDER</u>

Edward A. Phillips, in his capacity as the court appointed examiner (the "Examiner"), in the above captioned chapter 11 case (the "Chapter 11 Case"), by and through his undersigned counsel, objects to the *Application for an Order Authorizing Release of Funds from McManimon, Scotland & Baumann LLC's Attorney Trust Account for Payment of Attorney's Fees and Costs Regarding the Third Monthly Fee Statement Pursuant to the Administrative Fee Order*, filed June 2, 2025 [Docket No. 295] (the "Application").

### BACKGROUND

1.     On February 10, 2025, Daryl F. Heller (the "Debtor") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

### A. Appointment of the Examiner and the Retention of His Professionals

2. On March 7, 2025, with the consent of the Debtor and certain of his creditors, the Court entered the *Order Directing the Appointment of an Examiner* [Docket No. 99] (the "Examiner Order") pursuant to section 1104(c) of the Bankruptcy Code.

3. On March 18, 2025, the Court entered the *Order Approving the Appointment of a Chapter 11 Examiner by United States Trustee* [Docket No. 131] which approved the United States Trustee's appointment of Edward A. Phillips as Examiner in this Chapter 11 Case.

4. Pursuant to the Examiner Order, the Examiner engaged a financial advisor and counsel. On April 10, 2025, the Court enter the *Order Authorizing Retention of Getzler Henrich & Associates LLC as Financial Advisor to the Examiner, Effective as of March, 28, 2025* [Docket No. 177], authorizing the retention of Getzler Henrich & Associates LLC ("Getzler Henrich") as the Examiner's Financial Advisor. Additionally, on May 14, 2025 the court entered the *Order Authorizing Retention of Reed Smith LLP, as Proposed Counsel to the Examiner, Effective as of March 18, 2025* [Docket No. 235] authorizing the retention of Reed Smith, LLP ("Reed Smith") as the Examiner's counsel.

### B. The Administrative Fee Order and the Sale Order

5. On April 3, 2025, the Court entered the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* [Docket No. 170] (the "Administrative Fee Order") establishing procedures for payment of interim compensation. Pursuant to the Administrative Fee Order, "[o]n the expiration of the objection deadline to a fee application, an applicant may file a Certification of No Objection . . . and then receive 80% of the fees and 100% of the expenses not subject to an objection." *See* Administrative Fee Order, ¶ 2(C)(a).

6.  On April 3, 2025, the Court also entered the *Order Authorizing Daryl Fred Heller, Chapter 11 Debtor and Debtor-In-Possession, to Sell Real Property Located at 7605 Pleasure Avenue, Sea Isle City, NJ Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 (b), (f) and (m); and Granting Related Relief to Sell Real Property Located at 7605 Pleasure Avenue, Sea Isle City, New Jersey* [Docket No. 169] (the "Sale Order").

7.  Pursuant to the Sale Order, the Court ordered the $1,563,231.69 in proceeds from the sale of real property located at 7605 Pleasure Avenue, Sea Isle City, New Jersey to be held in MSB's 's Attorney Trust Account (the "Trust Account"). The Sale Order further provided that the funds are not to be released from the Trust Account absent an order of the Court specifically authorizing such release. *See* Sale Order, ¶ P(b) ("the balance of the sale proceeds . . . shall . . . not [be] released absent an Order of this Court which specifically provides for the use and release of funds from the [Trust Account]").

**C.  Fee Statements Filed by Debtor's Counsel and the Examiner and His Retained Professionals.**

**1.  Fee Statements of Debtor's Counsel**

8.  On April 9, 2025, MSB, as counsel for the Debtor, filed its *First Monthly Fee Statement of McManimon, Scotland & Baumann LLC, Counsel for Chapter 11 Debtor and Debtor-in-Possession for the Period from February 10, 2025 through February 28, 2025*, [Docket No. 173] (the "MSB First Fee Statement"). The MSB First Fee Statement sought a total of $62,469.92 (80% of 78,097.50) in fees plus $2,327.53 in expenses. *See* MSB First Fee Statement.

9.  On April 10, 2025, MSB filed its *Second Monthly Fee Statement of McManimon, Scotland & Baumann LLC, Counsel for Chapter 11 Debtor and Debtor-in-Possession for the Period from March 1, 2025 through March 31, 2025*, [Docket No. 173] (the "MSB Second Fee

3

Statement"). The MSB Second Fee Statement sought a total of $56,341.60 (80% of $70,427.00) in fees plus $2,016.21 in expenses. *See* MSB Second Fee Statement.

10. On May 9, 2025, MSB filed its *Third Monthly Fee Statement of McManimon, Scotland & Baumann LLC, Counsel for Chapter 11 Debtor and Debtor-in-Possession for the Period from March 1, 2025 through March 31, 2025*, [Docket No. 229] (the "MSB Third Monthly Fee Statement"). The MSB Third Monthly Fee Statement sough a total of $75,998.15 (80% of $92,998.00) in fees plus $1,599.75 in expenses. *See* MSB Third Monthly Fee Statement.

### 2. Fee Statements of the Examiner and His Professionals

#### a. The Examiner

11. On April 21, 2025, the Examiner filed the *First Monthly Fee Statement of Edward A. Phillips, Examiner, for the Period from March 18, 2025 Through March 31, 2025* [Docket No. 189] (the "Examiner First Fee Statement"). The Examiner First Fee Statement sought payment of $13,556.40 (80% of $16,945.50) in fees and $10.00 in expenses. *See* Examiner First Fee Statement, Ex. A.

12. On May 21, 2025, the Examiner filed the *Second Monthly Fee Statement of Edward A. Phillips, Examiner, for the Period from April 1, 2025 Through April 30, 2025* [Docket No. 264] (the "Examiner Second Fee Statement"). The Examiner Second Fee Statement sought payment of $28,485.60 (80% of $35,607.00) in fees and $0.00 (zero dollars) in expenses. *See* Examiner Second Fee Statement, Ex. A.

13. In accordance with the Administrative Fee Order, the total amount of fees and expenses requested by the Examiner to date is $42,052.00 (80% of fees plus 100% of expenses).

### b. Getzler Henrich

14. On May 21, 2025, Getzler Henrich & Associates LLC, as financial advisor to the Examiner, ("Getzler Henrich") filed its *First Monthly Fee Statement of Getzler Henrich & Associates LLC, Financial Advisor to the Examiner, for the Period from April 1, 2025 Through April 30, 2025* [Docket No. 268] (the "Getzler Henrich First Fee Statement"). The Getzler Henrich First Fee Statement sought payment of $13,152.00 (80% of $16,440.00) in fees and $862.50 in expenses. *See* Getzler Henrich First Fee Statement, Ex. A.

### c. Reed Smith's Fee Statement

15. On May 21, 2025, Reed Smith LLP ("Reed Smith"), as counsel to the Examiner, filed its *First Monthly Fee Statement of Reed Smith LLP, Counsel for the Examiner, for the Period from March 18, 2025 Through April 30, 2025* [Docket No. 267] ("Reed Smith First Fee Statement"). The Reed Smith First Fee Statement (which covered a month-and-a-half) sought a total of $102,025.50 (80% of $127,531.88) and $5,602.72 in expenses. *See* Reed Smith First Fee Statement, Ex. A.

### D. The Debtor's Use of, and the "Hold" on, Sale Proceeds in the Trust Account

16. On April 29, 2025, pursuant to the Sale Order, MSB filed its first *Application for an Order Authorizing Release of Funds from McManimon, Scotland & Baumann, LLC's Attorney Trust Account for Payment of Attorney's Fees and Costs Pursuant to the Administrative Fee Order* [Docket No. 207] (the "MSB First Payment Application"). The MSB First Payment Application requested the release of $123,163.34 from the Trust Account. *See* MSB First Payment Application, ¶ 10.

17. On May 8, 2025, the Court entered the *Order Authorizing Release of Funds from McManimon, Scotland & Baumann, LLC's Attorney Trust Account for Payment of Attorney's Fees and Costs Pursuant to the Administrative Fee Order* [Docket No. 230] (the "MSB Payment

5

Order"). The MSB Payment Order authorized the release of $91,855.84 from the Trust Account to pay MSB's First and Second Monthly Fee Statements. *See* Payment Order, ¶ 2.

18. In addition to the payment of MSB's fees and expenses, the Payment Order effectively put a hold on $960,000 of the remaining balance in the Trust Account. Specifically, the Payment Order provided for MSB (i) to "hold $835,000 in the [Trust Account] until the claim of Orrstown as to the sale proceeds contents of the [Trust Account] and Orrstown Objection are resolved" and (ii) to "hold $125,000 in the [Trust Account] until the Leaman Objection is resolved." Payment Order, ¶¶ 3-4.

19. After the payment of MSB's fees and expenses pursuant to the Payment Order and the "hold" put on $960,000 in the Trust Account, the remaining balance in the Trust Account is $511,375.85.

20. The monthly fee statements filed by MSB and the Examiner and his professionals are approaching that amount and there is work to be done by both MSB and the Examiner and his professionals.

### E.    MSB's Second Payment Application

21. On June 2, 2025, MSB filed the Application in which it requests the payment of an additional $75,998.15 from the Trust Account. Application at ¶ 9.

## OBJECTION

22. The available balance in the Trust Account of $511,375.85 only exceeds the aggregate fees and expenses of MSB ($247,465.99) and the Examiner ($202,999.60) through April 2025 by $60,910.26. The fees and expenses of MSB and the Examiner for May 2025 will exceed the difference.

6

23. MSB has received $91,855.84 from the Trust Account. Neither the Examiner nor his professionals have received any funds from the Trust Account. The fees and expenses of MSB and the Examiner (including his professionals' fees and expenses) that are ultimately allowed by the Court are "administrative expenses" under section 503(b) of the Bankruptcy Code that share the same priority under section 507(a)(2) of the Bankruptcy Code. *See* 11 U.S.C. §§ 503(b), 507(a)(2).

24. Accordingly, to preserve the *pari passu* treatment of the fees and expenses of the Examiner and Debtor's counsel, MSB should not receive any other funds from the Trust Account until (a) the Examiner's fees and expenses (as and when allowed) have been paid in the same amount as already received by MSB ($91,855.84) and (b) the Court determines the appropriate ratable distribution of the balance of the Trust Account in connection with the approval of further interim or final compensation (and expense reimbursement) of MSB and the Examiner (and his retained professionals) or as otherwise agreed between Debtor's counsel and the Examiner with respect to fees and expenses that have been allowed by the Court.

## **CONCLUSION**

25. For the foregoing reasons, the Examiner requests that the Court (i) deny the Application, without prejudice and (ii) grant such further relief to the Examiner as is appropriate.

Date: June 9, 2025  Respectfully submitted,

By: */s/ Kurt F. Gwynne*
REED SMITH LLP
Kurt F. Gwynne
Jason D. Angelo
506 Carnegie Center, Suite 300
Princeton, NJ 08540
Telephone: (609) 987-0050
Facsimile: (609) 951-0824
Email: kgwynne@reedsmith.com
Email: jangelo@reedsmith.com

*Counsel for Edward A. Phillips, as Examiner*

8