**MS&B** McMANIMON · SCOTLAND · BAUMANN        427 Riverview Plaza, Trenton, NJ 08611  (609) 695-6070

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com

35240-001

June 9, 2025

**Via ECF**
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

    Re:    **Daryl Fred Heller**
           **Ch. 11; Case No. 25-11354 (JNP)**

           **Reply Letter Brief to Omnibus Objections to the Debtor's Motion to Approve Compromise or Settlement under Rule 9019 with Orrstown [ECF 213] and to Approve Compromise or Settlement under Rule 9019 with Deerfield [ECF 258] and Consolidated Reply**

           **Hearing Date: June 10, 2025, 11:00 a.m.**

Dear Judge Poslusny:

      As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), in the above captioned matter. Kindly accept this letter brief, in lieu of a more formal memorandum of law, in reply to the Omnibus Objections to the Debtor's Motions to Approve Compromise or Settlement under Rule 9019 with Orrstown [ECF 213] and to Approve Compromise or Settlement under Rule 9019 with Deerfield [ECF 258] and Consolidated Reply (the "Consolidated Reply"). The Debtor submits as follows:

    **I.**    **Background**

      On April 30, 2025, the Debtor filed a Motion to Approve the Agreement Between the Debtor and Charlene R. Heller and Orrstown Bank ("Orrstown") pursuant to 9019 of the Federal Rules of Bankruptcy Procedure (the "Orrstown Settlement Motion"). ECF 213.

      On May 20, 2025, the Debtor filed the Motion to Approve the Agreement Amongst the Debtor, Heller Capital Group, LLC ("HCG"), Heller Investment Holdings, LLC ("HIH"), and Deerfield Capital, LLC ("Deerfield") pursuant to 9019 of the Federal Rules of Bankruptcy Procedure (the "Deerfield Settlement Motion"). ECF 258.

Honorable Jerrold N. Poslusny, Jr.
June 9, 2025
Page 2 of 4

On May 28, 2025, Chicago Atlantic Admin, LLC's ("Chicago Atlantic") filed Chicago Atlantic's Objection to Debtor's Motion for an Order Approving the Orrstown Agreement ("Chicago Orrstown Objection"). ECF 282. On June 9, 2025, the Debtor filed a reply to the Chicago Orrstown Objection ("Debtor's Reply Chicago Orrstown"). See ECF 320.

On May 30, 2025, Prestige[1] filed Prestige's Objection to Debtor's Motion for an Order Approving the Deerfield Agreement ("Prestige's Objection"). ECF 290. On June 3, 2025, the Debtor filed a reply to Prestige's Objection ("Debtor's Reply to Prestige"). See ECF 303.

On June 2, 2025, Silverview Credit Partners LP's ("Silverview") filed an (I) Omnibus Objection to (A) Debtor's Motion to Approve Compromise or Settlement Under Rule 9019, and (B) Deerfield's Motion for an Order Staying and/or Suspending the Examiner; and (ii) Statement in Support of Prestige's Motion to Appoint Trustee ("Silverview Objection"). ECF 296.

On June 2, 2025, Chicago Atlantic filed Chicago Atlantic's Objection to Debtor's Motion for an Order Approving the Deerfield Agreement ("Chicago Deerfield Objection"). ECF 301.

On June 5, 2025, Steward Capital Holdings LP, and Avanaero Holdings, LLC filed an Objection and Joinder to Orrstown Settlement Motion and Deerfield Settlement Motion, Among Other Relief ("Steward and Avanaero Objection"). ECF 307.

On June 6, 2025, the Debtor filed a Reply to the Silverview Objection and Chicago Deerfield Objection ("Debtor Reply Silverview & Chicago"). ECF 312.

On June 6, 2025, Steven Mitnick, Receiver, filed an Objection and Joinder to Orrstown Settlement Motion and Deerfield Settlement Motion, among other relief ("Mitnick Objection"). ECF 310.

On June 6, 2025, Prestige filed Objection to Motion to Expunge Claims of Prestige Fund and Crossmotion to Consolidate Claim Objection Proceedings with First Filed Adversary Proceeding Pursuant to Fed. R. Civ. P. 42 and Fed. R. Bankr.P. 4042 ("Prestige's Crossmotion"). ECF 315.

On June 6, 2025, GCC Investment Holdings, LLC ("GCC") filed an Objection of GCC to Motions to Orrstown Settlement Motion and Deerfield Settlement Motion and Joinder in Other Creditors' Objection ("GCC's Objection"). ECF 316.

---

[1] Prestige, as defined in the Prestige Objection, consists of Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX,LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC (collectively, "Prestige" or "Prestige Fund").

Honorable Jerrold N. Poslusny, Jr.
June 9, 2025
Page 3 of 4

## II.    Argument

Since the filings of the Orrstown Settlement Motion and Deerfield Settlement Motion, several objections have been filed in which the Debtor has replied to and others have been filed within a close proximity to the June 10, 2025 hearing date, or even not timely filed.

Without waiving our objection to the untimeliness of the filing of GCC's Objection, the Debtor will provide substantive remarks to same. To the extent GCC joins the Chicago Orrstown Objection [ECF 282], Chicago Deerfield Objection [ECF 301], Prestige's Objection [ECF 290], and Silverview Objection [ECF 296], the Debtor adopts all statements and arguments in the Debtor's Reply to Prestige [ECF 303], Debtor Reply Silverview & Chicago [ECF 312], and Debtor's Reply Chicago Orrstown [ECF 320], which are incorporated herein by reference as if fully set forth herein, and adopts all arguments therein against GCC.

Moreover, the Debtor disputes GCC's claim [Claim 57] filed in his personal bankruptcy case, as GCC owes the Debtor close to $25,000,000, of which $22,000,000 is owed to HIH. See GCC's Objection, at ¶ 1. The Debtor is utterly confused by GCC's reference to an entity called "CAA" and assuming GCC is referring to Chicago Atlantic, as the Debtor never obtained a personal loan from same. Id. GCC's references to the Debtor "allow[ing] creditors to obtain final judgment against him in amounts sufficient to trigger a default under Glorious loan documents" is inaccurate. Id. Lastly, the Debtor has not caused Glorious Cannabis Company enterprise ("Glorious") to be placed in receivership thereby destroying one-hundred percent (100%) if its enterprise value, as Glorious owns the entity "RE" that is worth approximately $80,000,000 alone, and Glorious made over $20,000,000 in earnings before interest, taxes, depreciation and amortization in 2024, and continues to have the exact same business currently. Id. Moreover, GCC cannot possibly have the right to repurchase equity interests of the Debtor as any references to violations of GCC's agreement did not occur and were not owned by the Debtor personally. Id., at ¶ 3.

To the extent the Steward and Avanaero Objection [ECF 307] and the Mitnick Objection [ECF 310] join the objections against the Orrstown Settlement Motion [ECF 213] and Deerfield Settlement Motion [ECF 258], the Debtor adopts all statements and arguments in the Debtor's Reply to Prestige [ECF 303], Debtor Reply Silverview & Chicago [ECF 312], and Debtor's Reply Chicago Orrstown [ECF 320], which are incorporated herein by reference as if fully set forth herein, and adopts all arguments therein against both objections.

Most objections if not all contain nothing but inflammatory allegations against the Debtor, and even more specifically, allegations against the Debtor's entities and not the Debtor individually.  Mere allegations create a false narrative, and that is all. The allegations have yet to be proven. The objections fail to argue why the settlements are not a benefit to the estate. The two settlements provide a framework for the Debtor's plan and therefore a benefit to the creditors.

Honorable Jerrold N. Poslusny, Jr.
June 9, 2025
Page 4 of 4

    For the foregoing reasons, we respectfully request that the Court grant the relief as set forth in this Consolidated Reply. Thank you for the Court's attention to this matter.

    Respectfully submitted,

    */s/ Sari B. Placona.*

    Sari B. Placona

4901-2044-6028, v. 1