MARTIN J. WEIS, ESQUIRE
**DILWORTH PAXSON LLP**
1650 MARKET STREET, SUITE 1200
PHILADELPHIA, PA 19103
TELEPHONE:        (215) 575-7000
FACSIMILE:         (215) 575-7200
EMAIL:                 mweis@dilworthlaw.com
*Counsel for Orrstown Bank*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

**OBJECTION OF ORRSTOWN BANK TO APPLICATION FOR AN ORDER AUTHORIZING RELEASE OF FUNDS FOR PAYMENT OF ADMINISTRATIVE FEES AND EXPENSES OF EDWARD A. PHILLIPS, AS THE EXAMINER PURSUANT TO THE ADMINISTRATIVE FEE ORDER**

Orrstown Bank, a creditor and party in interest in the above referenced matter, hereby objects to the Application for an Order Authorizing (I) Release of Funds for Payment of Administrative Fees and Expenses of Edward A. Phillips, as the Examiner Pursuant to the Administrative Fee Order (the "Application") [D.I. 332].

1. Orrstown Bank does not dispute the recitation of facts set forth in paragraph 1-10 of the Application[1]. Orrstown Bank submits the following additional facts for consideration:

---

[1] To the extent not otherwise defined herein, capitalized terms will have the meaning set forth in the Application.

1

      a.      Prior to the filing of the bankruptcy case, Orrstown Bank filed a judgment in New Jersey against the Debtor in the face amount $828,293.96 plus interest. [Docket No. MER-DJ-020567025].

      b.      Four parties filed objections to the motion (the "Sale Motion") (D.I. 73) of the Debtor to approve the sale (the "Sale") of the property located at 7605 Pleasure Avenue, Sea Isle City, NJ: Orrstown Bank (D.I. 148); Deerfield Capital LLC (D.I. 147); Charlene R. Heller (D.I. 146); and Randall Leaman.

      c.      Those objections to the Sale Motion were resolved by virtue of the Sale Order (D.I. 169) which, among other things, provided that those parties' interests or claims would attach to the Debtor's portion of the net proceeds of the Sale ($1,563,231.69) Sale Order, pp. 8-9. These net proceeds would be held by MS&B in the MS&B Attorney Trust Account pending further Order of Court specifically providing for the use and release of funds from the MS&B Attorney Trust Account. Sale Order, p.10.

      d.      On April 29, 2025, the Debtor's counsel filed its first application regarding authorizing the release of funds from the MS&B Attorney Trust Account for payment of attorney's fees and costs pursuant to the Administrative Fee Order [D.I. 207] to which Orrstown Bank filed an objection on May 5, 2025 [D.I. 223] and Randall Leaman filed an objection on May 6, 2025 [D.I. 226].

      e.      On May 8, 2025, this Court entered an Order permitting Debtor's counsel to access the funds but requiring the MS&B Attorney Trust Account to maintain $960,000 (the "Restricted Funds") in it at all times in order to reserve for the potential allowance of the Orrstown and Leaman claims against the MS&B Attorney Trust Account. [D.I. 230].

2. If Orrstown Bank is correct and it has a first lien position on the Sale proceeds, it is entitled to approximately $835,000 of the funds in the MS&B Attorney Trust Account.

3. So long as the Restricted Funds remain in the MS&B Attorney Trust Account (a) for the benefit of Orrstown Bank and (b) subject to further Order of this Court prior to their disbursement, Orrstown Bank does not object to the request in the Application.

4. If, however, the Examiner is seeking payment from the Restricted Funds, Orrstown Bank objects to the disposition of the funds at this time. [2]

For the foregoing reasons, Orrstown Bank requests that the Application, if approved, be limited to funds other than the Restricted Funds, or, alternatively, denied.

Date: June 19, 2025

/s/ *Martin J. Weis*
Martin J. Weis
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
mweis@dilworthlaw.com
Attorney for Orrstown Bank

---

[2] It should also be noted that, if the Motion for an Order for Approval of an Agreement between the Debtor, Charlene R. Heller and Orrstown Bank Pursuant to 9019 of the Federal Bankruptcy Rules of Procedure (the "Orrstown 9019 Motion") [D.I. 213] is granted and Orrstown Bank is paid in accordance with that agreement, Orrstown Bank will have no further claims to the Sale proceeds and against the MSB Attorney Trust Account.

By bench ruling on June 13, 2025 [D.I. 337], the Court deferred ruling on the Orrstown 9019 Motion until it determines whether a motion seeking to appoint a Chapter 11 trustee should be granted. In the ruling, the Court indicated that it intends to provide a trustee, if appointed, an opportunity to be heard on the Orrstown 9019 Motion.

The Orrstown 9019 Motion seeks to approve an agreement among Orrstown Bank, Charlene R. Heller and the Debtor that provides for the use of $250,000 of the MS&B Trust Account (the only estate property being utilized in the underlying settlement). The request for a hearing on the Orrstown 9019 Motion was opposed by Chicago Atlantic Admin LLC on grounds that a trustee should review it. As of the filing of this objection, though, no opponent of the Orrstown 9019 Motion has filed an objection to the Application suggesting that the request set forth in the Examiner's Application to withdraw funds from the MS&B Attorney Trust Account needs to be deferred pending the ruling on the trustee motion and any rights a trustee might have to examine this requested use of the estate assets.

#125065360v1