| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **SAXTON & STUMP LLC**<br>Joshua J. Voss, Esq.<br>280 Granite Run Drive, Suite 300<br>Lancaster, PA 17601<br>(717) 556-1072<br><br>**STARK & STARK, PC**<br>Marshall T. Kizner, Esq.<br>Joseph H. Lemkin, Esq.<br>100 American Metro Blvd.<br>Hamilton, NJ 08619<br>Telephone (609) 791-7022<br>*Attorneys for Prestige* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>     Debtor. | Chapter 11<br><br>Case Nos. 25-11354 (JNP) |

### OPPOSITION TO MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES FOR A CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. SECTION 1121(D)

Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC (collectively, "Prestige Funds" or "Movant") opposes the Debtor's Motion to Extend Exclusive Period to File a Chapter 11 Plan and Solicit Votes For A Chapter 11 Plan under 11 U.S.C. Section 1121(d) ("Motion").

As and for its factual background, Movant incorporates, by reference, as if set forth herein, in full, the contents of its Motion to Appoint a Trustee (the "Second Trustee Motion")[ECF. No. 269], Deerfield Capital LLC's Motion to Appoint a Chapter 11 Trustee ("First Motion") [ECF. No. 30]; Response in support filed by Deerfield Capital, L.L.C. [ECF. No. 63]; Response in support filed by Orrstown Bank [ECF. No. 66]; Response in support filed by Orrstown Bank [ECF. No. 66]; Response in support filed by Steven Mitnick, Receiver [ECF. No. 80]; and Response in support filed by the Prestige Funds [ECF. No. 80]. The Court can also take judicial notice of the docket in this case which is replete with many other objections and joinders filed by creditors relating to the First Trustee Motion, the Second Trustee Motion as well as objections to settlement motions filed by the Debtor [ECF Nos. 296, 298, 300, 301, 307, 310, 316, among others].

## PRELIMINARY STATEMENT

1. Daryl Fred Heller ("Debtor") engaged in a massive Ponzi scheme that led to numerous creditors being defrauded out of hundreds of millions of dollars. Creditors have collectively filed claims totaling more than $800,000,000. The Debtor has used this bankruptcy case to stiff arm his creditors, and endeavor to backdoor a favorable plan for his family, with one creditor, Deerfield Capital. Despite repeated promises of transparency in this bankruptcy case, the Debtor's conduct has revealed the opposite. While his counsel stymied efforts to question Debtor at his 341(a) meeting of creditors, based upon creditors' purported opportunity to take Rule 2004 discovery, the Debtor has moved to quash two Rule 2004 Subpoenas issued by Prestige. Further, despite this Court's appointment of an Examiner, urged by several creditors, Debtor has sought to suspend the role of the Examiner and recently objected to his compensation. Moreover, in response to thirty-eight (38) interrogatories issued by Prestige, the Debtor invoked the fifth-

amendment against self-incrimination (except one question, which asked the Debtor to identify his name).

2. As noted in numerous prior pleadings in this case, the evidence of Debtors pervasive fraudulent conduct is overwhelming and is detailed with specificity in the fifteen nondischargeabilty adversary proceedings seeking judgments of non-dischargeability. Creditors overwhelmingly do not support Debtor's purported "reorganization" efforts. Indeed, the Debtor has already revealed his intend to abuse the bankruptcy plan process by seeking to effectively approve a plan of reorganization through a 9019 Motion to Approve a Settlement with Deerfield Capital [ECF No. 258]. As part of Debtor's motion, it seeks to liquidate certain of his entities within 30 days of execution of the Term Sheet in exchange for the support of Deerfield in a Plan of Reorganization.

3. Debtor also has agreed with one of its many creditors that Cohn Reznick shall be appointed as the liquidating agent in the Chapter 11 Plan to be filed with a plan to liquidate the assets of Debtor and third party entities for the benefit of Debtor and his entities. Further, Deerfield shall receive a contingent fee based on additional collections and liquidations under the yet to be disclosed Chapter 11 Plan.

4. So, Debtor, while engaging in a massive fraud scheme, resisting disclosure of any discovery under Rule 2004, now seeks to improperly extend the time control his own fate and improperly force a plan down his creditors' throats. There is no cause to do so.

## **LEGAL ARGUMENT**

### *A.   Argument*

5.     Pursuant to section 1121(b) of title 11 of the United States Code (the "Bankruptcy Code"), a debtor has the exclusive right to propose and file a chapter 11 plan during the first 120 days of a chapter 11 case. Section 1123(c)(3) of the Bankruptcy Code extends the exclusivity for another 60 days (to an initial maximum of 180 days from the outset of the case) to solicit and obtain acceptances of that plan. The purpose of this exclusivity period is "to promote in environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *Continental Cas. Co. v. Burns & Roe Enters.* (*In re Burns & Roe Enters.*) Civil Action No. 05-2529 (KSH), 05-4125 (KSH), 2005 U.S. Dist. LEXIS 26247, at *14-15 (D.N.J. Nov. 2, (2005).

6.     Courts may extend a debtor's exclusivity periods only "for cause," under section 1121(d)(1) of the Bankruptcy Code. Section 1121 (d)(1) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1).

7.     The term "cause" is not defined by the Bankruptcy Code, but courts within various jurisdictions, including the Third Circuit, have held that the decision to extend a debtor's exclusivity periods should be based on the totality of the circumstances and is within the sound discretion of the bankruptcy court. *See, e.g., In re Burns and Roe Enters., Inc.*, 2005 U.S. Dist. LEXIS 26247, at *10; *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Express One Int'l. Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996; *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).

8. "the legislative history and the courts have [] discussed when it is not appropriate to grant an extension [of exclusivity]." *In re Burns and Roe Enters., Inc.*, 2005 U.S. Dist. LEXIS 26247, at *12 (emphasis in original). Courts should not allow debtors to use the exclusivity period "as a tactical device to put pressure on parties in interest to yield to a plan they consider unsatisfactory." *Id.* (quoting S. Rep. No. 95-989, at 118 (1978), as reprinted in 1978 U.S.C.C.A.N. 5787, 5904).

9. In determining what constitutes "cause" under section 1121(d)(1), courts look at factors such as the: (a) size and complexity of the case; (b) necessity of sufficient time to negotiate and prepare adequate information; (c) existence of good faith progress; (d) whether the debtor is paying its debts as they mature; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress negotiating with creditors; (g) length of time a case has been pending; (h) whether the debtor is seeking an extension to pressure creditors; and (i) whether unresolved contingencies exist. *See In re Central Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002) (*citing In re Service Merchandise Co.*, 246 B.R. 744, 751 (Bankr. M.D. Tenn. 2000)).

10. Courts only analyze the factors that are relevant to each case as not all of the above factors are relevant to every case. Thus, a court will only review the relevant subset of factors to determine whether cause exists to grant or deny an exclusivity extension in a particular chapter 11 case. *See, e.g., Express One Int'l, Inc.*, 194 B.R. at 100-01 (identifying four of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based on three of the nine factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause existed to extend exclusivity); *Official Comm.*

5

*of Unsecured Creditors v. Elder Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, Case No. C-3-97-175, 1997 U.S. Dist. LEXIS 23785, at *12 (S.D. Ohio June 23, 1997) ("A review of the case law indicates that, although there are many potential factors that have been identified by various courts as being pertinent to a determination of whether cause has been shown, many courts have chosen to rely upon relatively few factors--albeit different ones--to determine whether the necessary cause exists to alter the statutory period set forth in 11 U.S.C. § 1121."); *In re Dow Corning Corp.*, 208 B.R. 661, 669-70 (Bankr. E.D. Mich. 1997) (stating that "[s]ometimes one or more factors strongly point to a particular result while others point the other way only weakly. And sometimes certain factors are just more relevant or important than others").

11. The movant "has the burden of proving, or offering to prove, that sufficient cause exists to justify an extension of the exclusivity period." *In re Sharon Steel Corp.*, 78 B.R. 762, 765 (Bankr. W.D. Pa. 1987).

### B. The Debtors Failed to Meet Their Burden to Show Cause.

12. Here, despite having not submitted any evidentiary support for the Motion, in violation of D.N.J. LBR 9013-1(a), which requires that every motion be accompanied by a certification in support of the motion, the Debtors simply state that "[d]ue to the complexities of the case, the Debtor is requesting additional time to file his plan." In conclusory fashion the Debtor "submit[s] that there is sufficient cause to extend the Exclusive Filing Period" and then summarily concludes, without more, that "[t]herefore, adequate cause exists for the Court to grant this Motion. The Debtors seek extension of the exclusivity period for solely legitimate reasons." See Motion, ¶¶ 22-24.

13. Given the fact that the Motion fails to comply with this Court's Local Rules, the

6

Motion is deficient on its face and should therefore be denied. In addition, the conclusory Motion fails to outline any steps taken by the Debtor to negotiate with most of the creditors for a consensual plan of reorganization, while instead merely making an unsupported, cursory conclusion that cause exists to extend the Exclusive Filing Period. The Debtor has not cited to one factor which weighs in favor extending exclusivity.

14. Moreover, the Debtor cannot propose a confirmable plan of reorganization. Without implicating himself criminally, he cannot submit affidavits or testify in support of plan confirmation. There is thus no reasons to extend his exclusive period, when any effort to confirm a plan will be futile. In addition, even if he could testify, the Debtor already has had plenty of time to formulate and propose a plan – and with that time he has committed to a patently unconfirmable plan, which he seeks to impose on all creditors through his proposed 9019 settlement with Deerfield.

15. Given (i) the Debtor's failure to submit any evidence to support his claim that cause exists to extend the Exclusive Filing Period; (ii) the futile nature of any Plan proposed by the Debtor; and the (iii) the continued lack of transparency and bad conduct by the Debtor, he has failed to meet his burden of proof.

16. Consequently, Prestige respectfully submits that the Court should deny the Motion or, alternatively, grant Debtor no further extensions, outside the extension sought in this Motion.

## CONCLUSION

WHEREFORE, for the above reasons, Movant respectfully requests that the Court deny the Motion, or, alternatively, grant Debtor no further extensions, outside the extension sought in this Motion, and for such other and further relief as is just, necessary or appropriate.

        Respectfully submitted,

        STARK & STARK
        A Professional Corporation

By:/s/ *Marshall T. Kizner*
  MARSHALL T. KIZNER, ESQ.

By:/s/ *Joseph H. Lemkin*
  JOSEPH H. LEMKIN, ESQ.
  100 American Metro Blvd.
  Hamilton, NJ 08619
  (609) 791-7922 (direct)
  (609) 896-9060 (main)
  (609) 895-7395 (facsimile)

      -and-

SAXTON & STUMP LLC
Joshua J. Voss, Esq.
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
(717) 556-1072 (direct)
(717) 441-3810 (facsimile

*Attorneys for Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC*

Dated: June 24, 2025