

MARSHALL T. KIZNER
DIRECT DIAL NUMBER
609-219-7449
DIRECT FAX NUMBER
609-895-7395
E-MAIL
mkizner@stark-stark.com

June 30, 2025

***VIA ECF***
Hon. Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, NJ 08101

**Re:    In re: Daryl Fred Heller**
**Case No. 25-11354 (JNP)**

Dear Judge Poslusny:

Stark & Stark, P.C. is counsel to the Prestige Funds ("Prestige"). Your Honor has scheduled an evidentiary hearing on Prestige's Motion to Appoint a Chapter 11 Trustee [ECF No. 265] for July 14 and July 17th. Also pending before the Court on July 1, 2025 are the following motions, (a) Daryl Heller's ("Debtor") Motion to Extend Exclusivity Period [ECF No. 326] and (b) Debtor's Motion to Quash Rule 2004 Examination Subpoena directed to Edward Phillips, Examiner [ECF No. 299], both of which Prestige opposed.

Prestige is ***withdrawing***, in part, its Motion to Appoint a Chapter 11 Trustee and is ***withdrawing*** its opposition to both of the aforementioned motions, for the reasons, below:

### 1.  Motion to Appoint a Chapter 11 Trustee

Prestige is partially withdrawing its motion to appoint a Chapter 11 Trustee, without prejudice. The reasons are rooted in judicial efficiency and economy. The Examiner's report regarding the subject of a Ponzi scheme [ECF No. 328 at 4] has not been completed. It is critical that the Court know all of the facts as reported by an appointed neutral officer, the Examiner, who has spent months reviewing and analyzing the Debtor's records and conduct. To have the hearing prior to the release of the report will deprive the Court of learning and seeing highly probative information concerning Debtor's conduct.

Further, we have asked the Debtor whether he intends on pleading his Fifth Amendment rights in connection with a deposition prior to the evidentiary hearing and we have received <u>no response</u>. This is a critical threshold issue and Prestige is without this basic proffer from the Debtor. This information is significant and should be available to Prestige immediately. Without the information, Prestige is handicapped in its ability to efficiently prepare for the hearing.

Office: 100 American Metro Boulevard, Hamilton, NJ 08619-2319 • Mailing: P.O. Box 5315, Princeton, NJ 08543-5315
P: 609.896.9060 • F: 609.896.0629 • www.stark-stark.com

Moreover, as argued in this case on several occasions, Prestige has no discovery concerning Debtor's management of his estate, which is a factor for the Court in ruling on whether a Chapter 11 Trustee should be appointed.  This is despite Debtor's insistence that he is an "open book" and his representations during the 341(a) that he would sit for an appropriate 2004. See 341(a) Tr. 77:18-20; 83:1-3; 94:17-19 and 117:19-21. When forced to provide any substantive information after the 341, Debtor has sought to quash or asserted his Fifth Amendment right to avoid incrimination. This is important because Prestige believes that Debtor is funding his estate from money stolen from Prestige and other creditors in connection with Debtor's Ponzi scheme, but access to any information about the source of Debtor's funds has been withheld despite Debtor's promise that he was an open book and his representation that Rule 2004 was the appropriate path to learn this information.

The Court should expeditiously remedy this situation by granting the relief set forth in the Chapter 11 Trustee motion requesting that the Examiner Order be amended to allow the Examiner to share information obtained from third party subpoenas with the creditors in this case. [ECF No. 265]. Granting this limited relief is important for creditors to understand  how Debtor is managing his estate.

If the Court grants this relief and the Examiner concludes his next report by end of July, and if the report supports Prestige's allegations, creditors will be in a much better position to request appointment of a Chapter 11 Trustee and disclose key facts, analysis and information to the Court.

    **2.  Debtor's Motion to Quash Rule 2004 Examination Subpoena Directed to Examiner**

In light of Your Honor's comments at the June 26th status conference and prior rulings concerning Rule 2004 Examination Subpoenas, Prestige is withdrawing its objection to Debtor's Motion to Quash the Rule 2004 Examination Subpoena directed to the Examiner. In lieu of arguing this motion, the Court should simply grant the relief set forth in the preceding paragraph and amend the Examiner Order so Prestige and other creditors have some degree of transparency regarding the Debtor's management of his estate.

    **3.  Debtor's Motion to Extend Exclusivity Period**

Prestige opposed this motion since Debtor has failed to meet the legal standard required for such relief. However, since Debtor is seeking a very short extension, extending the deadline to August 1, 2025, Prestige is withdrawing its opposition for purposes of judicial economy.

Thank you for your courtesies and cooperation.



Respectfully,

STARK & STARK
A Professional Corporation

BY: /s/ *Marshall T. Kizner*
        MARSHALL T. KIZNER, ESQ.

MTK/cc
cc:  All Parties (Via ECF)