**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET**

| | | | |
|---|---|---|---|
| Debtor: | Daryl Fred Heller | Applicant: | The Examiner |
| Case No.: | 25-11354 (JNP) | Client: | n/a |
| Chapter: | 11 | Case Filed: | February 10, 2025 |

**SECTION 1**
**FEE SUMMARY**

☒ Interim Fee Application No.  1   or  ☐ Final Fee Application

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fee Requested: | $ 90,233.00 | $ 10 |
| Total Fees Allowed To Date: | $ 13,556.40 | $ 10 |
| Total Retainer (If Applicable) | $ 0.00 | $ 0.0 |
| Total Holdback (If Applicable) | $ 18,046.60 | $ 0.0 |
| Total Received By Applicant | $ 0.00 | $ 0.0 |

| NAME OF PROFESSIONAL & TITLE | YEAR ADMITTED (Or Years Of Professional Service) | HOURS | RATE | FEE |
|---|---|---|---|---|
| 1. Edward A. Phillips | 37 Years of Professional Service | 126.2 | $715.00 | $90,233.00 |

| | |
|---|---|
| Fee Totals: | $90,233.00 |
| Disbursements Totals: | $10.00 |
| Total Fee Application | $90,243.00 |

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | | HOURS | FEE |
|---|---|---|---|
| e) | **Case Administration**<br>Preparations of the work plan and budget, reviewing retention applications, and related communications with counsel. This category also includes work to obtain and organize documents and materials in connection with the engagement. | 10.40 | $7,436.00 |
| f) | **Case Management**<br>Reviewing the court docket and filings in the case, and related communications with my counsel and counsel to the Debtor. | 6.80 | $4,862.00 |
| h) | **Employment/Fee Applications**<br>Reviewing and revising monthly fee applications and retention applications of the Examiner, counsel, and the financial advisor, | 1.40 | $1,001.00 |
| i) | **Investigation**<br>Conducting an investigation of the Debtor and his affiliates pursuant to the Examiner Order, including reviewing and analyzing relevant bank statements, communications and other documents necessary to conduct the broad investigation described in the Examiner Order. | 107.00 | $76,505.00 |
| j) | **Meetings and Communications with Creditors**<br>Preparing for and meeting with various creditors of the estate and corresponding with creditors on various creditor-related concerns. | 0.60 | $429.00 |
| | **SERVICE TOTALS:** | 126.20 | $90,233.00 |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| DISBURSEMENTS | AMOUNT |
|---|---|
| a)  **Notary Fee** | $10.00 |
| **DISBURSEMENTS TOTAL:** | $10.00 |

I certify under penalty of perjury that the above is true.

Date: July 15, 2025                                            */s/ Edward A. Phillips*
                                                                              Edward A. Phillips

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Reed Smith LLP<br>Kurt F. Gwynne, Esq.<br>506 Carnegie Center, Suite 300<br>Princeton, NJ 08540<br>Telephone: (609) 987-0050<br>Facsimile: (609) 951-0824<br>Email: kgwynne@reedsmith.com<br><br>*Counsel for Examiner* | |
| In re*:*<br><br>DARYL FRED HELLER,<br><br>　　　　　　　　　　Debtor. | Case No. 25-11354 (JNP)<br><br>Judge Jerrold N. Poslusny Jr.<br><br>Chapter 11 |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES TO EDWARD A. PHILLIPS, AS COURT APPOINTED EXAMINER, FOR THE PERIOD FROM MARCH 18, 2025 THROUGH MAY 31, 2025**

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the *Local Rules of the United States Bankruptcy Court District of New Jersey* (the "Local Rules"), and the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*, entered on April 3, 2025 [Docket No. 170], Edward A. Phillips, as the Court-appointed examiner (the "Examiner"), hereby seeks entry of an order allowing and directing payment to the Examiner on a first interim basis for (i) compensation in the amount of $90,233.00 for services rendered during the period from March 18, 2025 through May 31, 2025 (the "Fee Period"), and reimbursement of expenses incurred

during the Fee Period in the amount of $10.00, for a total of $90,243.00. In support of this Application, the Examiner respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On February 10, 2025, Daryl F. Heller (the "Debtor") filed a voluntary petition for relief pursuant to the Bankruptcy Code commencing this chapter 11 case (this "Chapter 11 Case").

4. On March 7, 2025, with the consent of the Debtor and certain of his creditors, the Court entered the *Order Directing the Appointment of an Examiner* [Docket No. 99] (the "Examiner Order") pursuant to section 1104(c) of the Bankruptcy Code.

5. On March 18, 2025, the Court entered the *Order Approving the Appointment of a Chapter 11 Examiner by United States Trustee* [Docket No. 131], which approved the United States Trustee's appointment of Edward A. Phillips as Examiner in this Chapter 11 Case.

6. The Examiner Order was a consent order to which the Debtor and his creditors agreed.

7. Pursuant to the Examiner Order, the Examiner, among other things, is directed to investigate the following matters (collectively the "Investigation"):

- "investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity, if any, in the management of the affairs of the Debtor or in any entity or entities owned or controlled by the Debtor, either directly or indirectly, or through any intermediate entity including but not limited to Heller

2

        Capital Group, LLC, Heller Investment Holdings, LLC, Accordo Limited Partnership, Brookfield LP, Brigantine Group, L.P., DHRC, LLC, I Employee Services, LLC, and RAW Ventures, LLC, Golden Gate Investment Company, LLC, or Paramount Management Group, LLC (collectively "Debtor Entities"),"

- "investigate any and all transfers by the Debtor and any Debtor Entities including, but not limited to, all transfers or allegations referenced in the Removed Litigation," and

- "investigate the accuracy and completeness of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, including, but not limited to, the stated value of assets included therein, (d) otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code."

Examiner Order, ¶ 3.

    8.    Pursuant to the Examiner Order, the Examiner engaged a financial advisor and counsel. On April 10, 2025, the Court entered the *Order Authorizing Retention of Getzler Henrich & Associates LLC as Financial Advisor to the Examiner, Effective as of March, 28, 2025* [Docket No. 177], authorizing the retention of Getzler Henrich & Associates LLC ("Getzler Henrich") as the Examiner's Financial Advisor. Additionally, on May 14, 2025, the court entered the *Order Authorizing Retention of Reed Smith LLP, as Proposed Counsel to the Examiner, Effective as of March 18, 2025* [Docket No. 235] authorizing the retention of Reed Smith LLP ("Reed Smith") as the Examiner's counsel.

3

9.  Pursuant to paragraph 9 of the Examiner Order, the Examiner submitted a Final Budget providing for fees and expenses of (i) the Examiner and Getzler Henrich in the amount of $1,416,195 and (ii) Reed Smith in the amount of $350,005.[1]

### THE EXAMINER'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

10.  On April 3, 2025, the Court entered the Administrative Fee Order establishing procedures for payment of interim compensation. The Examiner's monthly fee statements (the "Monthly Fee Statements") for the Fee Period have been filed and served pursuant to the Administrative Fee Order.

11.  On April 21, 2025, the Examiner filed the *First Monthly Fee Statement of Edward A. Phillips, Examiner, for the Period from March 18, 2025 Through March 31, 2025* [Docket No. 189] (the "First Monthly Fee Statement"). The First Monthly Fee Statement sought payment of $13,556.40 (80% of $16,945.50) in fees and $10.00 in expenses. *See* First Monthly Fee Statement, Ex. A. The Certificate of No Objection for the First Monthly Fee Statement was filed May 16, 2025 [Docket No. 239].

12.  On May 21, 2025, the Examiner filed the *Second Monthly Fee Statement of Edward A. Phillips, Examiner, for the Period from April 1, 2025 Through April 30, 2025* [Docket No. 264] (the "Second Monthly Fee Statement"). The Second Monthly Fee Statement sought payment of $28,485.60 (80% of $35,607.00) in fees and $0.00 (zero dollars) in expenses. *See* Second Monthly Fee Statement, Ex. B.

13.  On June 25, 2025, the Examiner filed the *Third Monthly Fee Statement of Edward A. Phillips, Examiner, for the Period from May 1, 2025 Through May 31, 2025* [Docket No. 357]

---

[1] The Final Budget provides that the "allocation of hours among professionals and the tasks on which those hours are spent may differ from the budget." To the extent the total hours will exceed those set forth in the Final Budget, the Examiner must obtain Court approval or written agreement of the parties. *See* Examiner Order, ¶ 9.

(the "Third Monthly Fee Statement"). The Third Monthly Fee Statement sought payment of $28,485.60 (80% of $35,607.00) in fees and $0.00 (zero dollars) in expenses. *See* Third Monthly Fee Statement, Ex. B.

14. In accordance with the Administrative Fee Order, the Examiner seeks interim approval of all fees and expenses sought in the Monthly Fee Statements and payment in an amount equal to the difference between the amount of the fees and expenses allowed and the actual payments received by the Examiner on account of the Monthly Fee Statements.

## SUMMARY OF SERVICES RENDERED

15. By this Application, the Examiner seeks an allowance of fees for services performed during the Fee Period and reimbursement for actual out-of-pocket expenses made during such period of time.

16. During the Fee Period, the Examiner performed a variety of services in connection with this matter including, but not limited to, the following:

   a. Case Administration – During the Fee Period, the Examiner incurred time preparing the work plan and budget, and related communications with counsel. This category also includes work to obtain and identify documents and materials in connection with the substantive topics of the investigation.

   Total Hours: 10.4; Total Fees: $7,436.00

   b. Case Management – During the Fee Period, the Examiner incurred time, among other things, reviewing the court docket and filings in the case, and related communications with counsel and counsel to the Debtor.

   Total Hours: 6.80; Total Fees: $4,862.00

5

c. <u>Employment/Fee Applications</u> – During the Fee Period, the Examiner incurred time, among other things, reviewing and revising monthly fee applications and retention applications of counsel and financial advisor.

    Total Hours: 1.40; Total Fees: $1,001.00

d. <u>Investigation</u> – During the Fee Period, the Examiner incurred time on, among other things, conducting the broad investigation to which the Debtor agree in the Examiner Order. The Examiner reviewed and analyzed thousands of pages of documents relating to the Debtor Entities and the allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity (if any) in the operation of the Debtor Entities. The Examiner also communicated with parties in interest (including the Debtor and his creditors) and the Examiner's professionals in the course of such investigation. The Examiner also drafted the Examiner's First Interim Report.

    Total Hours: 107.00; Total Fees: $76,505.00

e. <u>Meetings and Communications with Creditors</u> – During the Fee Period, the Examiner incurred time on, among other things, meeting with various creditors of the estate and corresponding with creditors on various creditor-related concerns.

    Total Hours: 0.60; Total Fees: $429

## CONCLUSION

WHEREFORE, the Examiner respectfully requests that an order be entered herein (i) granting it a first interim allowance for fees in the amount of $90,233.00 and reimbursement of out-of-pocket expenses in the amount of $10.00, for a total award of $90,243.00; (ii) authorizing

the Debtor to pay the outstanding amount of such sums due to the Examiner; and (iii) for such other and further relief as may be just and proper.

Date:  July 15, 2025                                            Respectfully submitted,

                                                                          By: */s/ Edward A. Phillips*
                                                                          Edward A. Phillips

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| Reed Smith LLP<br>Kurt F. Gwynne, Esq.<br>506 Carnegie Center, Suite 300<br>Princeton, NJ 08540<br>Telephone: (609) 987-0050<br>Facsimile: (609) 951-0824<br>Email: kgwynne@reedsmith.com<br><br>*Counsel for Examiner* |

| | |
|---|---|
| In re: | Case No. 25-11354 (JNP) |
| DARYL FRED HELLER, | Judge Jerrold N. Poslusny Jr. |
| Debtor. | Chapter 11 |

## CERTIFICATION OF EDWARD A. PHILLIPS

**EDWARD A. PHILLIPS** hereby certifies as follows:

1. I am Managing Director of Getzler Henrich LLC and was appointed by this court as examiner (the "Examiner") in the above captioned chapter 11 case of Daryl F. Heller (the "Debtor").

2. I submit this certification in connection with the Examiner's first interim fee application for allowance of compensation for services rendered and reimbursement of expenses incurred as the Examiner to the Debtor for the period from March 18, 2025 to May 31, 2025.

3. In accordance with section 155 of title 18 of the United States Code and the *Local Rules of the United States Bankruptcy Court District of New Jersey*, no agreement or understanding exists between me, my firm, or any director or associate of this firm for the purpose of fixing the

Document    Page 12 of 12

amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtor.

4.  In accordance with section 504 of title 11 of the United States Code (the "Bankruptcy Code"), no agreement or understanding exists between me, my firm, or any director or associate thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by section 504 of the Bankruptcy Code be made by me or any director or associate of this firm.

5.  I certify under penalty of perjury that the foregoing statement made by me are true and correct, to the best of my knowledge, information, and belief.

Dated:  July 15, 2025                            By: /s/Edward A. Phillips
                                                     Edward A. Phillips