| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **MCMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel to Daryl Fred Heller*<br>*Chapter 11 Debtor and Debtor-in-Possession* |

In re:

DARYL FRED HELLER,

        Debtor.

Case No. 25-11354 (JNP)

Chapter 11

**SUPPLEMENTAL CERTIFICATION IN SUPPORT OF APPLICATION FOR RETENTION AS COUNSEL TO DEBTOR AND DEBTOR-IN-POSSESSION**

I, **SARI B. PLACONA**, being of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and a partner of the law firm of McManimon, Scotland & Baumann, LLC ("MSB").

2. On February 11, 2025, by application, Daryl Fred Heller, Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), sought to retain MSB as counsel to the Debtor (the "Application"). [Doc No. 7]

3. On March 31, 2025, the Court entered an order authorizing the Application for the Debtor to employ MSB as counsel. [Doc. No. 138]

4. I hereby submit this Supplement Certification in further support of the Application to include the services to be rendered to the Debtor as counsel to the following non-dischargeability adversary proceedings:

    25-1199        Prestige Fund v Heller
    25-1202        Silverview Credit Partners v Heller

| | |
|---|---|
| 25-1205 | Hostetter v Heller |
| 25-1206 | Hostetter Family Trust v Heller |
| 25-1207 | Poole v Heller |
| 25-1208 | Summit Asset Management v Heller |
| 25-1209 | Pinnacle Asset Management v Heller |
| 25-1210 | Zook v Heller |
| 25-1211 | Deerfield Capital v Heller |
| 25-1212 | Reliance Financial v Heller |
| 25-1213 | Karen Parreira 2023 Irrevocable Trust v Heller |
| 25-1214 | Funders App v Heller |
| 25-1216 | Steward Capital Holdings v Heller |
| 25-1217 | Libertas Funding v Heller |
| 25-1218 | WebBank v Heller (collectively, the "Adversary Actions") |

5. In connection with the Adversary Actions, MSB did not receive a separate retainer. MSB believes defending the Debtor in the Adversary Actions is a benefit to the estate. If the Debtor is successful in defending the Adversary Actions, it will provide a pathway for a feasible plan of reorganization. It is much more likely that a successful defense of the Adversary Actions will provide the Debtor the ability to confirm and meet his obligations under a confirmed plan. The Debtor's ability to meet his obligations under a confirmed plan will benefit the estate and creditors. Should the Debtor not have counsel to defend the Adversary Actions, he will most likely not have the debts discharged which will make it difficult, if not impossible, for him to confirm a feasible plan.

I certify under penalty of perjury that the above information is true.

                                                **McMANIMON, SCOTLAND & BAUMANN, LLC**

Dated: July 22, 2025                      By: */s/ Sari B. Placona*
                                                                   Sari B. Placona

4897-1189-6151, v. 1