MARTIN J. WEIS, ESQUIRE
**DILWORTH PAXSON LLP**
1650 MARKET STREET, SUITE 1200
PHILADELPHIA, PA 19103
TELEPHONE:       (215) 575-7000
FACSIMILE:         (215) 575-7200
EMAIL:                 mweis@dilworthlaw.com
*Counsel for Orrstown Bank*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

**LIMITED OBJECTION OF ORRSTOWN BANK TO**
**MOTION OF ACCORDO LIMITED PARTNERSHIP TO APPROVE SALE**
**OF REAL ESTATE IN ELK CITY, KANSAS**

Orrstown Bank, a creditor and party and interest in the above referenced matter, hereby submits this objection to the Motion (the "Sale Motion") of Accordo Limited Partnership ("Accordo") for an Order Approving the Sale of Real Estate located in Elk City, Kansas and Bearing Parcel Numbers S12, T32, R12E consisting of 64.4 acres, S2, SE4 LY S of CO RD Less ROW (the "Property") pursuant to the March 14, 2025 Amended Consent Order Preserving Status Quo [D.I. 382].

1.  As set forth herein, Orrstown Bank submits that approval of the Sale Motion should be conditioned on the following:

    • Accordo obtaining and providing a satisfactory third party appraisal for the subject property;

    • Accordo obtaining a sworn statement from the proposed buyer containing additional disclosures regarding, to the extent they exist, any relationships with Accordo, the Debtor and their affiliates;

1

#125126588v1

- Any Order authorizing the sale provides that the net proceeds are to remain in escrow pending further Order of Court and that no distributions can be made to or on account of members of Accordo without corresponding pro rata distributions to Orrstown Bank on account of its charging orders against Charlene Heller's interest; and,

- The proposed Order being clarified to provide that only the release price need be paid to the mortgage holder at closing.

## BACKGROUND

The Parties

2. Daryl Heller ("Mr. Heller" or the "Debtor") is an adult individual who resides at 909 Greenside Drive, Lititz (Lancaster County) PA 17543. [D.I. 1].

3. On February 10, 2025, Mr. Heller filed for Chapter 11 relief in the District of New Jersey. [D.I. 1]

4. On information and belief, Matt A. Stucke is an adult individual who resides in Orchard Park, New York and is the proposed buyer of the Property. [D.I. 382-2, pp. 1, 10].

5. On information and belief, Accordo is a Pennsylvania limited partnership which includes Ethan Heller, Taite Heller and Charlene Heller ("Mrs. Heller") as its members, with each holding 33% membership interests.

6. According to the Sale Motion, Ethan Heller is the general partner of Accordo. [1]

7. Orrstown Bank is a Pennsylvania bank with an address at 4750 Linden Rd., Harrisburg, PA.

---

[1] Notwithstanding the foregoing, on July 24, 2025, the Debtor filed a motion authorizing DHQM Properties LLC to allocate and distribute interests in non-debtor properties to Accordo L.P. and QDM Properties, LLC ("the DHQM Motion") [D.I. 414] which included a certification of Ethan Heller in support of thereof. In that certification, Ethan Heller states that he is the managing the partner of Accordo L.P. [D.I. 414-1, ¶1] and that "[he is] the owner of Accordo." [D.I. 414-1, ¶8]. Counsel for Accordo has confirmed that Ethan Heller is not the sole owner of Accordo and that the owners are as set forth above.

2

#125126588v1

Orrstown Bank Loans and Judgments.

8.  Mr. Heller is currently a party to five commercial and two residential loans with Orrstown Bank either as a co-borrower or guarantor.

9.  Various defaults have been declared on the commercial loans. At the present time, Orrstown Bank is the holder of four judgments against Mr. and/or Mrs. Heller:

 a. Judgment in connection with the 2023 Cash Ventures, III Loan. Judgment entered August 22, 2024 in the case of Orrstown Bank v. Daryl F. Heller and Charlene R. Heller, (CI-24-6081 Lancaster County) in the amount of $3,053,244.82 plus per diem interest of $595.57 from and after August 7, 2024 (the "2023 Cash Ventures Judgment").

 b. Judgment in connection with the Heller Capital Group Loan. Judgment entered September 4, 2024 in the case of Orrstown Bank v. Daryl Heller, (CI-24-06401 Lancaster County) in the amount of $305,293.13 plus per diem interest of $81.87 from and after August 22, 2024.[2]

 c. Judgment in connection with the 2020 Cash Ventures, III Loan. Judgment entered December 2, 2024 in the case of Orrstown Bank v. Daryl F. Heller and Charlene R. Heller, (CI-24-08600 Lancaster County) in the amount of $828,293.96 plus per diem interest of $595.57 from and after December 2, 2024 (the "2020 Cash Ventures Judgment").

 d. Judgment in connection with the First Regents Holdings LLC Loan. Judgment entered January 16, 2025 in the case of Orrstown Bank v. Daryl F. Heller and Charlene R. Heller, (CI-25-00331 Lancaster County) in the amount of

---

[2] This judgment was not entered against Mrs. Heller.

$1,314,310.13 plus per diem interest of $166.63 from and after January 13, 2025.

10. Prior to the filing of the petition in this case, the 2020 Cash Ventures Judgment was transferred to New Jersey and the 2023 Cash Ventures Judgment was transferred to Tioga County, Pennsylvania.

11. By Orders entered in the Court of Common Pleas of Lancaster County, Pennsylvania in the 2023 Cash Ventures judgment and 2020 Cash Ventures judgment matters dated June 25, 2025 and July 1, 2025 respectively, Orrstown Bank is the holder of charging liens against the interests of Charlene Heller in Accordo (and other entities) on account of obligations due on those judgments.

<u>The Sale Motion</u>

12. On July 11, 2025, Accordo filed the Sale Motion seeking permission to sell the Property, which is located in Elk City, Kansas, for a sale price of $363,000.00.

13. The Property consists of approximately 64.4 acres of real property, including pasture land, and the sale includes a cabin (and the contents thereof) and a shed located on the Property.

14. According to the Sale Motion, the Property is owned by Accordo. [D.I. 382-3, ¶2].

15. Accordo did not employ a realtor in connection with the marketing and sale of the Property. Rather, Accordo consulted local realtors and other property owners in the Elk City area to determine the appropriate sale value. Sale Motion, ¶15.

16. The Sale Motion does not attach an appraisal or contain additional information regarding the Property and the buildings located thereon.

17. The only information regarding the value is the averment that the Property was purchased in May of 2022 for $145,000.00 and that Accordo subsequently added a cabin and shed to the Property at an approximate cost of $140,000.00. Sale Motion, ¶ 47. [3]

**OBJECTIONS**

A. <u>The Court should not approve the sale without an appraisal</u>.

18. The Sale Motion provides little information regarding the Property and the value thereof.

19. There was no broker involved in setting the sales price for the Property and the Sale Motion has little information regarding the marketing of the Property. The sale price appears to have been based on word of mouth and inquiries by "Accordo." The valuation information is limited to unverified statements regarding the original purchase price and cost of improvements.

20. Orrstown has suggested to Accordo that, to help substantiate the economics of the transaction, it obtain an appraisal for the Property from an independent third party and make such appraisal available to all creditors of the Debtor. Any such appraisal would include information regarding the size and condition of and comparable sales for the cabin and the topography of the subject property.

21. An inventory of items valued in excess of $2,000.00 should also be included as to the contents being transferred.[4]

---

[3] This information is provided exclusively in the Sale Motion.

[4] For example, on information and belief, Debtor affiliates own multiple ATVs at unspecified locations.

#125126588v1

22. Counsel for Accordo was receptive to the suggestion; however, given the objection deadline for the Sale Motion, counsel has not, as yet, been able to agree to that course of action.

23. Absent an appraisal from an independent third party containing such information, the Court should not approve the sale.

B. <u>Additional information regarding disinterestedness should be provided.</u>

24. The Ethan Heller certification attached to the Sale Motion provides several conclusory statements regarding affiliation among the various parties:

> •The Buyer is in no way affiliated with the Debtor (Heller certification, ¶16).
>
> •There is absolutely no relationship between Debtor and Buyer (Heller certification, ¶19).
>
> •There is absolutely no relationship between Buyer and Accordo. (Heller certification, ¶20).

25. While the representations are helpful, Orrstown Bank submits that, under the circumstances, additional representations and disclosures are warranted.[5]

26. Specifically, the buyer should disclose whether there are any relationships (whether it be by blood, marriage, business dealings or any other connection) between him and his affiliates, on one hand, the Debtor, Charlene Heller, Ethan Heller, Taite Heller, Accordo, and any of their affiliates, on the other. If applicable, a similar disclosure should be made regarding any source of funding.

---

[5] Similar disclosures were requested from and provided by the buyers in connection with the sale of the Sea Isle City property in this case.

27. This disclosure should further include whether there are any agreements or arrangements that exist or are contemplated regarding the sale of the Property or otherwise between any of these parties.

C. <u>The sale Order needs to be clear that the net sale proceeds are properly escrowed and may not be utilized or released absent a further Order of Court and that no distribution can be made in violation of the Charging Orders.</u>

28. At a minimum, in the event that the Court approves the Sale Motion, the entire net sale proceeds should be escrowed and not distributed absent an express further Order of this Court.

29. The proposed form of Order provides that the net proceeds will be paid to Accordo and subject to the terms of the Status Quo Order Sale Order ¶¶ 5,6. Orrstown Bank submits that the proposed Order should additionally provide that, the net sale proceeds should be placed in an interest bearing escrow held by counsel for Accordo, and not accessible by the estate or the Debtor.

30. Moreover, and as set forth above, Mrs. Heller's interest in these proceeds is subject to charging orders in favor Orrstown Bank. As such, any distributions by Accordo to any of its members must be <u>pro rata</u> and, to the extent that proceeds are to be distributed to Mrs. Heller, they must be turned over to Orrstown Bank.

31. In Pennsylvania, distributions to partners of limited partnership must be made on a <u>pro rata</u> basis. That is, to the extent that there are distributions proposed to be made to or on account of one of the members, a corresponding distribution must be made to any other members of the limited partnership. 15 Pa. C.S.A. § 8653. To the extent a charging order is in effect, that distribution is to be paid to the holder of the charging order. 15 Pa. C.S.A. §8673(a).

32. Thus, if the Court approves the sale, the Order should be modified to provide as follows:

7

#125126588v1

ORDERED that the balance of the sale proceeds, projected to be approximately $237,960, shall be held by counsel for Accordo in an interest bearing attorney escrow account (the "MH Escrow") and not released absent an Order of this Court which specifically provides for the use and release of funds from the MH Escrow and no distributions may be made to or on account of any member of Accordo without corresponding distribution being made to or on account of any other member of Accordo, with any distribution to be made on account of the interest of Charlene Heller to be paid in cash directly to Orrstown Bank so long as the charging orders remain in effect.

D. <u>The proposed Order should be clarified to provide that only the release price need be paid to the lender at closing.</u>

33. Paragraph 3 of the proposed Order provides that proceeds of sale must be used to satisfy the valid liens on the real property. As set forth in the Sale Motion, the Property is subject to a mortgage in favor of Frontier Farm Credit, FLCA in the face amount of $356,567.00 and that the release price for the Property, which is a portion of the 227 acres subject to the mortgage being sold, is $98,000.00.

32. The proposed form of Order should be modified to reflect that the proceeds of sale need only be utilized to satisfy the release price.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Orrstown Bank respectfully requests that the Sale Motion be conditioned or, in the alternative, denied and that the Court grant such other relief as it deems appropriate.

/s/ Martin J. Weis
Martin J. Weis
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
mweis@dilworthlaw.com
Attorney for Orrstown Bank

Date: July 29, 2025

8

#125126588v1