# EXHIBIT 1

## Marshall T. Kizner

| | |
|---|---|
| **From:** | Stacy L. Lipstein <slipstein@msbnj.com> |
| **Sent:** | Monday, May 19, 2025 4:25 PM |
| **To:** | Marshall T. Kizner |
| **Cc:** | Joseph H. Lemkin; Josh Voss; Sari B. Placona; Joshua H. Raymond |
| **Subject:** | [EXTERNAL] RE: Heller - Prestige Funds |
| **Attachments:** | Letter to Buck Joffrey enclosing subpoena FINAL.pdf; Letter to Dave Zook enclosing subpoena FINAL.pdf; Letter to Jerry Hostetter enclosing subpoena FINAL.pdf; Letter to William Poole enclosing subpoena FINAL.pdf |

Stacy L. Lipstein
Legal Assistant to:
Sari B. Placona | Joshua H. Raymond
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068
**Direct Dial:** 973-721-5043
**Email:** SLipstein@MSBNJ.COM
Website

**Connect with MS&B on** LinkedIn | Twitter | Instagram

**From:** Sari B. Placona <SPlacona@MSBNJ.COM>
**Sent:** Monday, May 19, 2025 3:38 PM
**To:** Marshall T. Kizner <mkizner@stark-stark.com>
**Cc:** Stacy L. Lipstein <slipstein@msbnj.com>; Joshua H. Raymond <JRaymond@MSBNJ.COM>; Joseph H. Lemkin <jlemkin@stark-stark.com>; Josh Voss <jvoss@saxtonstump.com>
**Subject:** RE: Heller - Prestige Funds

Josh

Please provide Marshall a copy of the final subpoenas.

Thanks.

Sari B. Placona | **Attorney Bio**
Partner
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068
**Direct Dial:** 973-721-5030
**Email:** SPlacona@MSBNJ.COM
Website

**Connect with MS&B on** LinkedIn | Twitter | Instagram

**From:** Marshall T. Kizner <mkizner@stark-stark.com>
**Sent:** Friday, May 16, 2025 8:38 AM
**To:** Sari B. Placona <SPlacona@MSBNJ.COM>
**Cc:** Stacy L. Lipstein <slipstein@msbnj.com>; Joshua H. Raymond <JRaymond@MSBNJ.COM>; Joseph H. Lemkin <jlemkin@stark-stark.com>; Josh Voss <jvoss@saxtonstump.com>
**Subject:** Re: Heller - Prestige Funds

You could simply send me a copy and give me a chance to review and advise. Seems like a waste of money in the event we can accept service. Thanks,

---

**Marshall T. Kizner, Esq.**
*Shareholder*

**t:** 609.219.7449 | **f:** 609.895.7395
**e:** mkizner@stark-stark.com
Assistant: Cara Conlon, 609.895.7396

Stark & Stark PC
100 American Metro Boulevard, Hamilton, NJ 08619 (Office)
P.O. Box 5315, Princeton, NJ 08543 (Mailing)

Website | Blog | Offices | Facebook | LinkedIn | Instagram | YouTube

 

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all
copies of the original message.

---

**From:** Sari B. Placona <SPlacona@MSBNJ.COM>
**Sent:** Friday, May 16, 2025 8:35:58 AM
**To:** Marshall T. Kizner <mkizner@stark-stark.com>
**Cc:** Stacy L. Lipstein <slipstein@msbnj.com>; Joshua H. Raymond <JRaymond@MSBNJ.COM>; Joseph H. Lemkin <jlemkin@stark-stark.com>; Josh Voss <jvoss@saxtonstump.com>
**Subject:** [EXTERNAL] RE: Heller - Prestige Funds

Thanks, I will have them served.

Sari B. Placona | **Attorney Bio**
Partner
**McManimon, Scotland & Baumann, LLC**
**75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068**
**Direct Dial:** 973-721-5030
**Email:** **SPlacona@MSBNJ.COM**
Website

**Connect with MS&B on** LinkedIn | Twitter | Instagram

---

**From:** Marshall T. Kizner <mkizner@stark-stark.com>
**Sent:** Friday, May 16, 2025 8:33 AM
**To:** Sari B. Placona <SPlacona@MSBNJ.COM>
**Cc:** Stacy L. Lipstein <slipstein@msbnj.com>; Joshua H. Raymond <JRaymond@MSBNJ.COM>; Joseph H. Lemkin <jlemkin@stark-stark.com>; Josh Voss <jvoss@saxtonstump.com>
**Subject:** RE: Heller - Prestige Funds

Sari:

I would have to see the subpoenas before I can respond.

Thanks,

**Marshall T. Kizner, Esq.**
*Shareholder*

**t:** 609.219.7449 **| f:** 609.895.7395
**e:** mkizner@stark-stark.com
Assistant: Cara Conlon, 609.895.7396

Stark & Stark PC
100 American Metro Boulevard, Hamilton, NJ 08619 (Office)
P.O. Box 5315, Princeton, NJ 08543 (Mailing)

Website | Blog | Offices | Facebook | LinkedIn | Instagram | YouTube

 

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all
copies of the original message.

**From:** Sari B. Placona <SPlacona@MSBNJ.COM>
**Sent:** Friday, May 16, 2025 8:31 AM
**To:** Marshall T. Kizner <mkizner@stark-stark.com>
**Cc:** Stacy L. Lipstein <slipstein@msbnj.com>; Joshua H. Raymond <JRaymond@MSBNJ.COM>
**Subject:** [EXTERNAL] Heller - Prestige Funds


Hi Marshall

I am sending out subpoenas today to Prestige Fund Managers. Will you accept service on behalf of your clients – William
Poole, Dave Zook, Jerry Hostetter, and Buck Joffrey?

Please let me know.
Thank you.

Sari B. Placona | **Attorney Bio**
Partner
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068
**Direct Dial:** 973-721-5030
**Email:** SPlacona@MSBNJ.COM
Website

**Connect with MS&B on** LinkedIn | Twitter | Instagram

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the
addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message . If you have received
the message in error, please advise the sender by reply e-mail or contact the sender at McManimon, Scotland & Baumann, LLC by phone at
(973) 622-1800 and delete the message. Thank you very much.

**MS&B**  McMANIMON · SCOTLAND · BAUMANN

75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com
35240-001

May 19, 2025

**Via Regular Mail and Certified Mail RRR**
Buck Joffrey
3463 State Street, Suite 595
Santa Barbara, CA 93105

Re:    **Daryl Fred Heller**
       **Chapter 11, Case No. 25-11354**

Dear Mr. Joffrey:

This firm is counsel for Daryl Fred Heller, Chapter 11 debtor/debtor-in-possession and plaintiff in the above-captioned matter.

Enclosed for service upon you, please find a Subpoena in a Case Under the Bankruptcy Code Pursuant to Fed. R. Bankr. P. 2004 and D.N.J. LBR 2004-1.

Please be advised that the Subpoena requires your appearance at an examination under Rule 2004 on June 17, 2025 at 1:00 p.m. and requires you to produce documents on or before June 4, 2025 at 10:00 a.m. Please be guided accordingly.

Sincerely,

*/s/ Sari B. Placona*

Sari B. Placona

SBP/sll
Enclosure

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

DARYL FRED HELLER,

Debtor.

SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE PURSUANT
TO FED. R. BANKR. P. 2004 AND D.N.J.
LBR 2004-1

To: Buck Joffrey
3463 State Street, Suite 595
Santa Barbara, CA 93105

Case No.    25-11354

Chapter    11

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC 75 Livingston Avenue, Suite 201 Roseland, New Jersey 07068 | June 17, 2025 at 1:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC 75 Livingston Avenue, Suite 201 Roseland, New Jersey 07068 Attn: Sari B. Placona, Esq. | June 4, 2025 at 10:00 am |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | May 19, 2025 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Daryl Fred Heller, Debtor
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main)   (973) 721-5030 (Direct) | splacona@msbnj.com

If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena a written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

4933-8923-4373, v. 1

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of. In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

1

## DEFINITIONS

A.    "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.    "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.    "Debtor" means Daryl Fred Heller.

D.    "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms; (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

E.    "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.    "Prestige" means Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC, Prestige Investment Group, LLC, Prestige Funds Management, LLC, Prestige Funds Management, II, LLC, Prestige Funds Management, III, LLC, WF Velocity Funds Management, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

5

G.    "Paramount" means Paramount Management Group, LLC.

H.    "Glorious" means GCC MSO Holdings including but not limited to the following GCC NY Holdings, LLC, GCC MI Holdings, LLC, PERB, LLC, Tycoon Holdings LLC, GCC MI Acquisitions, LLC, Tycoon I RE, LLC, Choice Labs, LLC, Frank Managers Services, LLC, Premier Drive Tycoon 1, LLC GCC Management, LLC, Tycoon 1 operations, LLC, Lyrical LLC, GCC MA Holding, LLC, TSC Investment, LLC, TSC Holdings Group, LLC, TSC RE LLC, TSC Operations, LLC, 48 Industrial LLC, Glorious II, LLC.

I.    "GCC Investment Holdings" means GCC Investment Holdings LLC and any and all of its members.

J.    "Heller Capital Group" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Capital Group.

K.    "Heller Investment Holdings" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Investment Holdings.

L.    "Project Catapult" means any and all entities and individuals you understand to have an affiliation with Project Catapult.

M.    "Fund Manager ATM Operators" means any and all entities and individuals Fund Manager have chosen, hired, contracted or otherwise to operate Prestige ATMs it took over from Paramount including but limited to employees and contractor and any entities Fund Managers have used, contemplated to use, corresponded with or otherwise regarding operations of ATMs.

N.    "Private Investigators" means any and all entities and individuals Fund Manager, or others related to Fund Managers approval, have hired, contracted or otherwise to investigate Debtor, Paramount, Prestige, Heller Capital Group, Heller Investment Holding, GCC Investment Holdings, Glorious or Project Catapult.

6

O.    "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetter, Dave Zool, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

P.    "Identify" means when used in reference to:

i.    A natural person -- his or her full name and present or last known address.

ii.    A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity new and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.    An oral statement or communication:

(i)    The date and the place where uttered.

(ii)    The place where received.

(iii)    The substance thereof.

(iv)    The means or medium employed for transmission thereof.

7

(v)    The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.    "You" refers to Buck Joffrey, the individual to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

## SCHEDULE "A"

1.      Any and all Documents submitted in support of any proof(s) of claim Prestige filed in the above-captioned bankruptcy case.

2.      Any and all Documents referenced in or relied upon in connection with any and all of Prestige's proof(s) of claim.

3.      Any and all Communications or correspondence concerning the amount, nature, or basis of Prestige's proof(s) of claim.

4.      Any and all Documents reflecting each claim or judgment held by Prestige against the Debtor.

5.      Any and all Documents reflecting the Debtor's legal or equitable interest in Paramount.

6.      Any and all Documents corroborating Prestige's Motion for Order Confirming That It Is Not Stayed from Proceeding with Discovery and Civil Contempt Proceedings Pursuant to 11 U.S.C. § 362(B)(4) filed March 28, 2025, bearing ECF 158 ("Prestige's Stay Motion").

7.      Any and all Communications or correspondence regarding Prestige's Stay Motion, including communications with the Debtor and with Debtor's counsel.

8.      Any and all Documents evidencing Prestige domesticated any and all out-of-state judgments in the State of New Jersey.

9.      Any and all UCC-1 financing statements, lien filings, or other security instruments relating to any asserted judgment liens by Prestige against the Debtor.

10.     Any and all Documents showing the current balance the Debtor owes Prestige under such judgment(s), including any payment history, interest calculations, and ledger summaries.

11.    Any and all Documents related to efforts to collect on any debts owed by the Debtor, including demand letters, notices, or legal pleadings concerning *Prestige Fund A, LLC et al. v. Paramount Management Group, LLC*, Case No. C1-24-06013 (the "PA Action").

12.    Any and all Documents relating to and indicating what extent a recovery from the PA Action would impact the Debtor's estate, either directly or indirectly.

13.    Any and all Communications with third parties – including courts, parties to the action, or opposing counsel—regarding the applicability of 11 U.S.C. § 362's automatic stay on the PA Action.

14.    Any and all Documents evidencing or referencing any alter ego theory, veil-piercing allegations, or claims against the Debtor and Paramount are not distinct legal entities.

15.    Any and all Documents indicating Debtor's relation to Paramount.

16.    Any and all Documents relating to and arising out of Prestige's claims that the Debtor's actions constitute fraud in the inducement and fraudulent misrepresentations.

17.    All emails, voicemails, text, written, and verbal Communications by and amongst all Fund managers that directly or indirectly references the Debtor.

18.    All emails, voicemails, text, written, and verbal Communication by You or to You to/from anyone and everyone that directly or indirectly references the Debtor from January 1, 2021 through the present.

19.    All emails, voicemails, text, written, and verbal Communications by You or to You for any person or entity that directly or indirectly references Paramount, Prestige, Heller Capital Group or Heller Investment Holdings or any affiliated entity with the Debtor from January 1, 2021 through the present.

10

20. All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Glorious entities from January 1, 2021 through the present.

21. All emails, voicemails, text, written, and verbal communication by You or to You any person or entity that directly or indirectly references GCC Investment Holdings, LLC from January 1, 2021 through the present.

22. All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Project Catapult, LLC from January 1, 2021 through the present.

23. All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Fund Manager ATM Operators from January 1, 2021 through the present.

24. All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present.

25. All emails, voicemails, text, written, and verbal communication to by You or to You for any person that directly or indirectly references Barry Rynearson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

26. Any and all Documents relating to and arising out of any and all communications which reference the Debtor, Heller Capital Group, Heller Investment Holdings, Glorious, Prestige, Paramount, GCC Investment Holdings, Project Catapult from January 1, 2021 through the present.

11

27.    Any and all Documents relating to and arising out of any communications with Barry Rynearson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

28.    Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

29.    Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

30.    Any and all Documents, including bank statements, relating to and arising out of all compensation received from Prestige by You since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received from Prestige.

31    Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as but not limited to venmo, paypal, cashapp in the name of You, or any entity owned by You from January 1, 2021 through the present.

**MS&B**  McMANIMON · SCOTLAND · BAUMANN            75 Livingston Avenue  Roseland, NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
**splacona@msbnj.com**
35240-001

May 19, 2025

**Via Regular Mail and Certified Mail RRR**
Dave Zook
5075 Lower Valley Road
Atglen, PA 19310
        **Re:**    **Daryl Fred Heller**
                 **Chapter 11, Case No. 25-11354**

Dear Mr. Zook:

    This firm is counsel for Daryl Fred Heller, Chapter 11 debtor/debtor-in-possession and plaintiff in the above-captioned matter.

    Enclosed for service upon you, please find a Subpoena in a Case Under the Bankruptcy Code Pursuant to Fed. R. Bankr. P. 2004 and D.N.J. LBR 2004-1.

    Please be advised that the Subpoena requires your appearance at an examination under Rule 2004 on June 17, 2025 at 3:00 p.m. and requires you to produce documents on or before June 4, 2025 at 10:00 a.m. Please be guided accordingly.

                    Sincerely,

                    */s/ Sari B. Placona*

                    Sari B. Placona

SBP/sll
Enclosure

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

DARYL FRED HELLER

               Debtor.

To: Dave Zook
     5075 Lower Valley Road
     Atglen, PA 19310

SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE PURSUANT
TO FED. R. BANKR. P. 2004 AND D.N.J.
LBR 2004-1

Case No.        25-11354

Chapter        11

YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068 | June 17, 2025 at 3:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | June 4, 2025 at 10:00 am |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | May 19, 2025 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Daryl Fred Heller, Debtor
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main)  (973) 721-5030 (Direct) | splacona@msbnj.com

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

4930-0447-8485, v. 1

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of. In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

3

## DEFINITIONS

A.     "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.     "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.     "Debtor" means Daryl Fred Heller.

D.     "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

E.    "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.    "Prestige" means Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC, Prestige Investment Group, LLC, Prestige Funds Management, LLC, Prestige Funds Management II, LLC, Prestige Funds Management III, LLC, WF Velocity Funds Management, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

5

G.    "Paramount" means Paramount Management Group, LLC.

H.    "Glorious" means GCC MSO Holdings including but not limited to the following: GCC NY Holdings, LLC, GCC MI Holdings, LLC, PERE, LLC, Tycoon Holdings LLC, GCC MI Acquisitions, LLC, Tycoon 1 RE, LLC, Choice Labs, LLC, Frank Managers Services, LLC, Premier Drive Tycoon 1, LLC GCC Management, LLC, Tycoon 1 operations, LLC, Lyrical LLC, GCC MA Holding, LLC, TSC Investment, LLC, TSC Holdings Group, LLC, TSC RE LLC, TSC Operations, LLC, 48 Industrial LLC, Glorious IL, LLC.

I.    "GCC Investment Holdings" means GCC Investment Holdings LLC and any and all of its members.

J.    "Heller Capital Group" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Capital Group.

K.    "Heller Investment Holdings" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Investment Holdings.

L.    "Project Catapult" means any and all entities and individuals you understand to have an affiliation with Project Catapult.

M.    Fund Manager ATM Operators" means any and all entities and individuals Fund Manager have chosen, hired, contracted or otherwise to operate Prestige ATMs it took over from Paramount including but limited to employees and contractor and any entities Fund Managers have used, contemplated to use, corresponded with or otherwise regarding operations of ATMs.

N.    "Private Investigators" means any and all entities and individuals Fund Manager, or others related to Fund Managers approval, have hired, contracted or otherwise to investigate Debtor, Paramount, Prestige, Heller Capital Group, Heller Investment Holding, GCC Investment Holdings, Glorious or Project Catapult.

6

O.    "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetter, Dave Zook, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

P.    "Identify" means when used in reference to:

i.    A natural person -- his or her full name and present or last known address.

ii.    A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.    An oral statement or communication:

(i)    The date and the place where uttered.

(ii)    The place where received.

(iii)    The substance thereof.

(iv)    The means or medium employed for transmission thereof.

7

(v)     The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)     Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.    "You" refers to Dave Zook, the individual to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

## SCHEDULE "A"

1.      Any and all Documents submitted in support of any proof(s) of claim Prestige filed in the above-captioned bankruptcy case.

2.      Any and all Documents referenced in or relied upon in connection with any and all of Prestige's proof(s) of claim.

3.      Any and all Communications or correspondence concerning the amount, nature, or basis of Prestige's proof(s) of claim.

4.      Any and all Documents reflecting each claim or judgment held by Prestige against the Debtor.

5.      Any and all Documents reflecting the Debtor's legal or equitable interest in Paramount.

6.      Any and all Documents corroborating Prestige's Motion for Order Confirming That It Is Not Stayed from Proceeding with Discovery and Civil Contempt Proceedings Pursuant to 11 U.S.C. § 362(B)(4) filed March 28, 2025, hearing ECF 158 ("Prestige's Stay Motion").

7.      Any and all Communications or correspondence regarding Prestige's Stay Motion, including communications with the Debtor and with Debtor's counsel.

8.      Any and all Documents evidencing Prestige domesticated any and all out-of-state judgments in the State of New Jersey.

9.      Any and all UCC-1 financing statements, lien filings, or other security instruments relating to any asserted judgment liens by Prestige against the Debtor.

10.      Any and all Documents showing the current balance the Debtor owes Prestige under such judgment(s), including any payment history, interest calculations, and ledger summaries.

9

11.    Any and all Documents related to efforts to collect on any debts owed by the Debtor, including demand letters, notices, or legal pleadings concerning *Prestige Fund A, LLC et al. v. Paramount Management Group, LLC*, Case No. CI-24-06012 (the "PA Action").

12.    Any and all Documents relating to and indicating what extent a recovery from the PA Action would impact the Debtor's estate, either directly or indirectly.

13.    Any and all Communications with third parties—including courts, parties to the action, or opposing counsel—regarding the applicability of 11 U.S.C. § 362's automatic stay on the PA Action.

14.    Any and all Documents evidencing or referencing any alter ego theory, veil-piercing allegations, or claims against the Debtor and Paramount are not distinct legal entities.

15.    Any and all Documents indicating Debtor's relation to Paramount.

16.    Any and all Documents relating to and arising out of Prestige's claims that the Debtor's actions constitute fraud in the inducement and fraudulent misrepresentations.

17.    All emails, voicemails, text, written, and verbal Communications by and amongst all Fund managers that directly or indirectly references the Debtor.

18.    All emails, voicemails, text, written, and verbal Communication by You or to You to/from anyone and everyone that directly or indirectly references the Debtor from January 1, 2021 through the present.

19.    All emails, voicemails, text, written and verbal Communications by You or to You for any person or entity that directly or indirectly references Paramount, Prestige, Heller Capital Group or Heller Investment Holdings or any affiliated entity with the Debtor from January 1, 2021 through the present.

20.      All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Glorious entities from January 1, 2021 through the present.

21.      All emails, voicemails, text, written, and verbal communication by You or to You any person or entity that directly or indirectly references GCC Investment Holdings, LLC from January 1, 2021 through the present

22.      All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Project Catapult, LLC from January 1, 2021 through the present.

23.      All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Fund Manager ATM Operators from January 1, 2021 through the present

24.      All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present

25.      All emails, voicemails, text, written, and verbal communication to by You or to You for any person that directly or indirectly references Barry Rynearson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

26.      Any and all Documents relating to and arising out of any and all communications which reference the Debtor, Heller Capital Group, Heller Investment Holdings, Glorious, Prestige, Paramount, GCC Investment Holdings, Project Catapult from January 1, 2021 through the present.

11

27. Any and all Documents relating to and arising out of any communications with Barry Rynearson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

28. Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

29. Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

30. Any and all Documents, including bank statements, relating to and arising out of all compensation received from Prestige by You since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received from Prestige.

31. Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as but not limited to venmo, paypal, cashapp in the name of You, or any entity owned by You from January 1, 2021 through the present.

32. Any and all Documents relating to and arising out of all compensation paid directly or indirectly from YOU, RAI, or any affiliated entities of either, to Jeremy Roll and any of his affiliated entities and all communication and agreements with Jeremy Roll and any of his affiliated entities.

33. All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Jeremy Roll and his affiliated entities from January 1, 2021 through the present.

4836-0947-6489 v. 1


MS&B    McMANIMON • SCOTLAND • BAUMANN          75 Livingston Avenue  Roseland  NJ 07068 (973) 622-1800

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com
35240-001

May 19, 2025

**Via Regular Mail and Certified Mail RRR**
Jerry Hostetter
121 Eshelman Road
Lancaster, PA 17601

Re:    **Daryl Fred Heller**
        **Chapter 11, Case No. 25-11354**

Dear Mr. Hostetter:

This firm is counsel for Daryl Fred Heller, Chapter 11 debtor/debtor-in-possession and plaintiff in the above-captioned matter.

Enclosed for service upon you, please find a Subpoena in a Case Under the Bankruptcy Code Pursuant to Fed. R. Bankr. P. 2004 and D.N.J. LBR 2004-1.

Please be advised that the Subpoena requires your appearance at an examination under Rule 2004 on June 17, 2025 at 4:00 p.m. and requires you to produce documents on or before June 4, 2025 at 10:00 a.m. Please be guided accordingly.

Sincerely,

*/s/ Sari B. Placona*

Sari B. Placona

SBP/sll
Enclosure

Form 234 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

DARYL FRED HELLER,

        Debtor.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE PURSUANT
TO FED. R. BANKR. P. 2004 AND D.N.J.
LBR 2004-1**

To: Jerry Hostetter
    121 Esbenman Road
    Lancaster, PA 17601

Case No.  25-11354

Chapter  11

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, in the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068 | June 17, 2025 at 4:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | June 4, 2025 at 10:00 am |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | May 19, 2025 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Daryl Fred Heller, Debtor
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main) | (973) 721-5030 (Direct) | splacona@msbnj.com

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 234 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

4837-4091-9173, v. 1

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of.  In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

3

4837-4391-8173, v. 1

## DEFINITIONS

A.    "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.    "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.    "Debtor" means Daryl Fred Heller.

D.    "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

E.    "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.    "Prestige" means Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC, Prestige Investment Group, LLC, Prestige Funds Management, LLC, Prestige Funds Management, II, LLC, Prestige Funds Management, III, LLC, WF Velocity Funds Management, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

-5-

G.      "Paramount" means Paramount Management Group, LLC.

H.      "Glorious" means GCC MSO Holdings including but not limited to the following:
GCC NY Holdings, LLC, GCC MI Holdings, LLC, PERE, LLC, Tycoon Holdings LLC, GCC MI
Acquisitions, LLC, Tycoon 1 RE, LLC, Choice Labs, LLC, Frank Managers Services, LLC,
Premier Drive Tycoon 1, LLC GCC Management, LLC, Tycoon 1 operations, LLC, Lyrical LLC,
GCC MA Holding, LLC, TSC Investment, LLC, TSC Holdings Group, LLC, TSC RE LLC, TSC
Operations, LLC, 48 Industrial LLC, Glorious II., LLC.

I.      "GCC Investment Holdings" means GCC Investment Holdings LLC and any and
all of its members.

J.      "Heller Capital Group" means any and all entities and individuals you understand
to be owned by or have an affiliation with Heller Capital Group.

K.      "Heller Investment Holdings" means any and all entities and individuals you
understand to be owned by or have an affiliation with Heller Investment Holdings.

L.      "Project Catapult" means any and all entities and individuals you understand to
have an affiliation with Project Catapult.

M       Fund Manager ATM Operators" means any and all entities and individuals Fund
Manager have chosen, hired, contracted or otherwise to operate Prestige ATMs it took over from
Paramount including but limited to employees and contractor and any entities Fund Managers have
used, contemplated to use, corresponded with or otherwise regarding operations of ATMs.

N.      "Private Investigators" means any and all entities and individuals Fund Manager,
or others related to Fund Managers approval, have hired, contracted or otherwise to investigate
Debtor, Paramount, Prestige, Heller Capital Group, Heller Investment Holding, GCC Investment
Holdings, Glorious or Project Catapult.

5

O.    "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetler, Dave Zook, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

P.    "Identify" means when used in reference to:

    i.    A natural person -- his or her full name and present or last known address.

    ii.    A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

    iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

    iv.    An oral statement or communication:

        (i)    The date and the place where uttered.

        (ii)    The place where received.

        (iii)    The substance thereof.

        (iv)    The means or medium employed for transmission thereof.

7

(v)    The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.    "You" refers to Jerry Hostetter, the individual to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

## SCHEDULE "A"

1.      Any and all Documents submitted in support of any proof(s) of claim Prestige filed in the above-captioned bankruptcy case.

2.      Any and all Documents referenced in or relied upon in connection with any and all of Prestige's proof(s) of claim.

3.      Any and all Communications or correspondence concerning the amount, nature, or basis of Prestige's proof(s) of claim.

4.      Any and all Documents reflecting each claim or judgment held by Prestige against the Debtor.

5.      Any and all Documents reflecting the Debtor's legal or equitable interest in Paramount.

6.      Any and all Documents corroborating Prestige's Motion for Order Confirming That It Is Not Stayed from Proceeding with Discovery and Civil Contempt Proceedings Pursuant to 11 U.S.C. § 362(B)(4) filed March 28, 2025, bearing ECF 158 ("Prestige's Stay Motion")

7.      Any and all Communications or correspondence regarding Prestige's Stay Motion, including communications with the Debtor and with Debtor's counsel.

8.      Any and all Documents evidencing Prestige domesticated any and all out-of-state judgments in the State of New Jersey.

9.      Any and all UCC-1 financing statements, lien filings, or other security instruments relating to any asserted judgment liens by Prestige against the Debtor.

10.    Any and all Documents showing the current balance the Debtor owes Prestige under such judgment(s), including any payment history, interest calculations, and ledger summaries.

11.    Any and all Documents related to efforts to collect on any debts owed by the Debtor, including demand letters, notices, or legal pleadings concerning *Prestige Fund A, LLC at al. v. Paramount Management Group, LLC*, Case No. CI-24-06012 (the "PA Action").

12.    Any and all Documents relating to and indicating what extent a recovery from the PA Action would impact the Debtor's estate, either directly or indirectly.

13.    Any and all Communications with third parties—including courts, parties to the action, or opposing counsel—regarding the applicability of 11 U.S.C. § 362's automatic stay on the PA Action.

14.    Any and all Documents evidencing or referencing any alter ego theory, veil-piercing allegations, or claims against the Debtor and Paramount are not distinct legal entities.

15.    Any and all Documents indicating Debtor's relation to Paramount.

16.    Any and all Documents relating to and arising out of Prestige's claims that the Debtor's actions constitute fraud in the inducement and fraudulent misrepresentations.

17.    All emails, voicemails, text, written, and verbal Communications by and amongst all Fund managers that directly or indirectly references the Debtor.

18.    All emails, voicemails, text, written, and verbal Communication by You or to You to/from anyone and everyone that directly or indirectly references the Debtor from January 1, 2021 through the present.

19.    All emails, voicemails, text, written, and verbal Communications by You or to You for any person or entity that directly or indirectly references Paramount, Prestige, Heller Capital

Group or Heller Investment Holdings or any affiliated entity with the Debtor from January 1, 2021 through the present.

20.     All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Glorious entities from January 1, 2021 through the present.

21.     All emails, voicemails, text, written, and verbal communication by You or to You any person or entity that directly or indirectly references GCC Investment Holdings, LLC from January 1, 2021 through the present.

22.     All emails, voicemails, text, written, and verbal communication by You or to You for  any person or entity that directly or indirectly references Project Catapult, LLC from January 1, 2021 through the present.

23.     All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Fund Manager A FM Operators from January 1, 2021 through the present.

24.     All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present.

25.     All emails, voicemails, text, written, and verbal communication to by You or to You for any person that directly or indirectly references Barry Ryncarson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

11

26.    Any and all Documents relating to and arising out of any and all communications which reference the Debtor, Heller Capital Group, Heller Investment Holdings, Glorious, Prestige, Paramount, GCC Investment Holdings, Project Catapult from January 1, 2021 through the present.

27.    Any and all Documents relating to and arising out of any communications with Barry Rynearson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

28.    Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

29.    Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

30.    Any and all Documents, including bank statements, relating to and arising out of all compensation received from Prestige by You since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received from Prestige.

31.    Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as but not limited to venmo, paypal, cashapp in the name of You, or any entity owned by You from January 1, 2021 through the present.

32.    Any and all Documents relating to and arising out of any and all communications regarding Alden Place and its affiliated entities including but not limited to Cornwall Associates LP and Cornwall Associates, LLC.

33.    All emails, voicemails, text, written, and verbal communication by You or to You or any person or entity that directly or indirectly references Alden Place and its affiliated entities

13

including but not limited to Cornwall Associated LP and Cornwall Associates, LLC from January

1, 2021 through the present.

4937-4391-9173, v. 1

**MS&B**  McMANIMON · SCOTLAND · BAUMANN          75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

Sari B. Placona
Direct Dial: (973) 721-5030
splacona@msbnj.com
35240-001

May 19, 2025

**Via Regular Mail and Certified Mail RRR**
William Poole
5 Whitefield Lane
Lancaster, PA 17602

Re:   **Daryl Fred Heller**
      **Chapter 11, Case No. 25-11354**

Dear Mr. Poole:

This firm is counsel for Daryl Fred Heller, Chapter 11 debtor/debtor-in-possession and plaintiff in the above-captioned matter.

Enclosed for service upon you, please find a Subpoena in a Case Under the Bankruptcy Code Pursuant to Fed. R. Bankr. P. 2004 and D.N.J. LBR 2004-1.

Please be advised that the Subpoena requires your appearance at an examination under Rule 2004 on June 17, 2025 at 10:00 a.m. and requires you to produce documents on or before June 4, 2025 at 10:00 a.m.  Please be guided accordingly.

Sincerely,

*/s/ Sari B. Placona*

Sari B. Placona

SBP/sll
Enclosure

Form 254 - Subpoena for Rule 2004 Examination (12/06)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re

**DARYL FRED HELLER,**

Debtor.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE PURSUANT
TO FED. R. BANKR. P. 2004 AND D.N.J.
LBR 2004-1**

To:  William Poole
5 Whitefield Lane
Lancaster, PA 17602

Case No.        25-11354

Chapter        11

YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068 | June 17, 2025 at 10:00 a.m. |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See* attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| McManimon, Scotland & Baumann, LLC<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>Attn: Sari B. Placona, Esq. | June 4, 2025 at 10:00 am |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Sari B. Placona | May 19, 2025 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Sari B. Placona, Esq., counsel to Daryl Fred Heller, Debtor
McManimon, Scotland & Baumann, LLC
75 Livingston Avenue, Suite 201
Roseland, New Jersey 07068
(973) 622-1800 (Main)  (973) 721-5030 (Direct) | splacona@msbnj.com

*If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 254 - Subpoena for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|

| SERVED ON (PRINT NAME): | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME): | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Fed.R.Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)      Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

   (i)      fails to allow reasonable time for compliance;

   (ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

   (iv)    subjects a person to undue burden;

(B)      If a subpoena

   (i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

   (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material, that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

4916-9462-6373, v. 1

## UNAVAILABILITY OF DOCUMENTS

To the extent a document is sought herein and such document was but is no longer in your possession or subject to your control, or no longer in existence, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily to others, or (iv) has been otherwise disposed of. In each instance, explain the circumstances surrounding and authorization of such disposition thereof, including the date or approximate date thereof, the contents of said document, and the person who authorized the transfer, destruction or other disposition of said document.

## PRIVILEGE

Identify, by date, author, recipient, distribution list, and subject matter, each document which is responsive to a specific document request but which you are not producing based upon the assertion of a claim of privilege, attorney's work product, or other asserted justification for non-production. With respect to each document which is not being produced based upon an assertion of privilege, specifically identify the alleged privilege asserted for each document.

3

## DEFINITIONS

A.    "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

B.    "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

C.    "Debtor" means Daryl Fred Heller.

D.    "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of the Trusts, including documents accessible at the Trusts' request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by the Trusts for their own use or for transmittal, or received by the Trusts and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued of which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Trusts if it is in its physical custody or if it is in the physical custody of any person and the Trusts (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Debtor sees fit to do so.

E.      "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.      "Prestige" means Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC, Prestige Investment Group, LLC, Prestige Funds Management LLC, Prestige Funds Management, II, LLC, Prestige Funds Management, III, LLC, WF Velocity Funds Management, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

5

G.    "Paramount" means Paramount Management Group, LLC.

H.    "Glorious" means GCC MSO Holdings including but not limited to the following: GCC NY Holdings, LLC, GCC MI Holdings, LLC, PERF, LLC, Tycoon Holdings LLC, GCC MI Acquisitions, LLC, Tycoon 1 RE LLC, Choice Labs, LLC, Frank Managers Services, LLC, Premier Drive Tycoon 1, LLC GCC Management, LLC, Tycoon 1 operations, LLC, Lyrical LLC, GCC MA Holding, LLC, TSC Investment, LLC, TSC Holdings Group, LLC, TSC RE LLC, TSC Operations, LLC, 48 Industrial LLC, Glorious IL, LLC.

I.    "GCC Investment Holdings" means GCC Investment Holdings LLC and any and all of its members.

J.    "Heller Capital Group" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Capital Group.

K.    "Heller Investment Holdings" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Investment Holdings.

L.    "Project Catapult" means any and all entities and individuals you understand to have an affiliation with Project Catapult.

M.    "Fund Manager ATM Operators" means any and all entities and individuals Fund Manager have chosen, hired, contracted or otherwise to operate Prestige ATMs it took over from Paramount including but limited to employees and contractor and any entities Fund Managers have used, contemplated to use, corresponded with or otherwise regarding operation of ATMs

N.    "Private Investigators" means any and all entities and individuals Fund Manager, or others related to Fund Managers approval, have hired, contracted or otherwise to investigate Debtor, Paramount, Prestige, Heller Capital Group, Heller Investment Holding, GCC Investment Holdings, Glorious or Project Catapult

6

O.   "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetter, Dave Zook, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

P.   "Identify" means when used in reference to:

i.   A natural person -- his or her full name and present or last known address.

ii.   A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person – its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question, date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.   A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.   An oral statement or communication:

(i)   The date and the place where uttered.

(ii)   The place where received.

(iii)   The substance thereof.

(iv)   The means or medium employed for transmission thereof.

(v)    The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.    "You" refers to William Poole, the individual to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

## SCHEDULE "A"

1.      Any and all Documents submitted in support of any proof(s) of claim Prestige filed in the above-captioned bankruptcy case.

2.      Any and all Documents referenced in or relied upon in connection with any and all of Prestige's proof(s) of claim.

3.      Any and all Communications or correspondence concerning the amount, nature, or basis of Prestige's proof(s) of claim.

4.      Any and all Documents reflecting each claim or judgment held by Prestige against the Debtor.

5.      Any and all Documents reflecting the Debtor's legal or equitable interest in Paramount.

6.      Any and all Documents corroborating Prestige's Motion for Order Confirming That It Is Not Stayed from Proceeding with Discovery and Civil Contempt Proceedings Pursuant to 11 U.S.C. § 362(B)(4) filed March 28, 2025, bearing ECF 158 ("Prestige's Stay Motion").

7.      Any and all Communications or correspondence regarding Prestige's Stay Motion, including communications with the Debtor and with Debtor's counsel.

8.      Any and all Documents evidencing Prestige domesticated any and all out-of-state judgments in the State of New Jersey.

9.      Any and all UCC-1 financing statements, lien filings, or other security instruments relating to any asserted judgment liens by Prestige against the Debtor.

10.     Any and all Documents showing the current balance the Debtor owes Prestige under such judgment(s), including any payment history, interest calculations, and ledger summaries.

9

11. Any and all Documents related to efforts to collect on any debts owed by the Debtor, including demand letters, notices, or legal pleadings concerning *Prestige Fund A, LLC et al. v. Paramount Management Group, LLC*, Case No. CI-24-06012 (the "PA Action").

12. Any and all Documents relating to and indicating what extent a recovery from the PA Action would impact the Debtor's estate, either directly or indirectly.

13. Any and all Communications with third parties—including courts, parties to the action, or opposing counsel—regarding the applicability of 11 U.S.C. § 362's automatic stay on the PA Action.

14. Any and all Documents evidencing or referencing any alter ego theory, veil-piercing allegations, or claims against the Debtor and Paramount are not distinct legal entities.

15. Any and all Documents indicating Debtor's relation to Paramount.

16. Any and all Documents relating to and arising out of Prestige's claims that the Debtor's actions constitute fraud in the inducement and fraudulent misrepresentations.

17. All emails, voicemails, text, written, and verbal Communications by and amongst all Fund managers that directly or indirectly references the Debtor.

18. All emails, voicemails, text, written, and verbal Communication by You or to You to/from anyone and everyone that directly or indirectly references the Debtor from January 1, 2021 through the present.

19. All emails, voicemails, text, written, and verbal Communications by You or to You for any person or entity that directly or indirectly references Paramount, Prestige, Heller Capital Group or Heller Investment Holdings or any affiliated entity with the Debtor from January 1, 2021 through the present.

20.    All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Glorious entities from January 1, 2021 through the present.

21    All emails, voicemails, text, written, and verbal communication by You or to You any person or entity that directly or indirectly references GCC Investment Holdings, LLC from January 1, 2021 through the present

22.    All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Project Catapult, LLC from January 1, 2021 through the present.

23.    All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Fund Manager ATM Operators from January 1, 2021 through the present

24.    All emails, voicemails, text, written, and verbal communication by You or to You for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present

25.    All emails, voicemails, text, written, and verbal communication to by You or to You for any person that directly or indirectly references Barry Rynearson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

26.    Any and all Documents relating to and arising out of any and all communications which reference the Debtor, Heller Capital Group, Heller Investment Holdings, Glorious, Prestige, Paramount, GCC Investment Holdings, Project Catapult from January 1, 2021 through the present

11

27.     Any and all Documents relating to and arising out of any communications with Barry Rynearson, Robert Brandt, David Prill, Wes Lutz, David Breschi, Allan Carr, Will Powers, Matt Eby, Jack Barry, Bret Van Gordon, AJ Bos, Paul Parriera from January 1, 2021 through the present.

28.     Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

29.     Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

30.     Any and all Documents, including bank statements, relating to and arising out of all compensation received from Prestige by You since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received from Prestige.

31.     Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as but not limited to venmo, paypal, cashapp in the name of You, or any entity owned by You from January 1, 2021 through the present.

4910-0462-6373, v. 1