# EXHIBIT 4

## Marshall T. Kizner

| | |
|---|---|
| **From:** | Sari B. Placona <SPlacona@MSBNJ.COM> |
| **Sent:** | Friday, June 27, 2025 2:03 PM |
| **To:** | Marshall T. Kizner; Lane Brody |
| **Cc:** | Anthony Sodono; Stacy L. Lipstein |
| **Subject:** | [EXTERNAL] 9014 Notice of Deposition - Trustee Motion - Daryl Heller |
| **Attachments:** | William Poole - Notice of Deposition and Request for Documents pursuant to 9014 - William Poole.pdf; Jerry Hostetter - Notice of Deposition and Request for Documents pursuant to 9014.pdf; Dave Zook - Notice of Deposition and Request for Documents pursuant to 9014.pdf; Buck Joffrey - Notice of Deposition and Request for Documents pursuant to 9014.pdf |

Marshall / Lane

As discussed with the court yesterday, in accordance with the pending Prestige Motion to Appoint a Trustee, attached are 9019 Notice of Depositions and discovery requests for the Fund Managers. I was not sure who represented them. Please advise and confirm receipt.

Thanks.

Sari B. Placona | **Attorney Bio**
Partner
**McManimon, Scotland & Baumann, LLC**
75 Livingston Avenue | 2nd Floor | Roseland, NJ 07068
**Direct Dial:** 973-721-5030
**Email:** **SPlacona@MSBNJ.COM**
Website

**Connect with MS&B on** LinkedIn | Twitter | Instagram

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy, or disclose to anyone the message or any information contained in the message . If you have received the message in error, please advise the sender by reply e-mail or contact the sender at McManimon, Scotland & Baumann, LLC by phone at (973) 622-1800 and delete the message. Thank you very much.

| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
|---|---|
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>               Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

<u>**NOTICE OF DEPOSITION**</u>

**To:**   **Buck Joffrey**
       **3463 State Street, Ste 595**
       **Santa Barbara, CA 93105**

Daryl H. Heller, by and through his undersigned counsel, McManimon, Scotland & Baumann, LLC, hereby serves this Notice of Deposition pursuant to Federal Rules of Civil Procedure 30 and 34, made applicable to this proceeding pursuant to Rules 7030, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, on Buck Joffrey ("Mr. Joffrey") and request Mr. Joffrey appear for deposition on **July 9, 2025, commencing at 10:00 a.m.** at the offices of McManimon, Scotland & Baumann, 75 Livingston Avenue, 2nd Floor, Roseland, New Jersey 07039, to testify regarding the Motion of Prestige Fund A, LLC, et al. for the Appointment of a Chapter 11 Trustee and to Amend Examiner's Order [ECF 265] ("Prestige Trustee Motion"), and said deposition will continue from day to day until complete. Said deposition will be recorded by stenographic means.

This Notice of Deposition includes a Request for Production of Documents which is attached hereto as Exhibit "A", and such documents should be provided to undersigned counsel no later than **July 3, 2025**.

Dated: June 27, 2025

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Counsel to Daryl Fred Heller, Chapter 11 Debtor
and Debtor-in-Possession*

By:   */s/ Sari B. Placona*
        Sari B. Placona

2

## **DEFINITIONS**

A.      "ATM" shall mean any automated teller machines or bitcoin teller machines.

B.      "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

C.      "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

D.      "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of Prestige, including documents accessible at the Prestige's request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by Prestige for their own use or for transmittal, or received by Prestige and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Prestige if it is in its physical custody or if it is in the physical custody of any person and the Prestige (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Heller sees fit to do so.

E.     "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.     "Prestige" means Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

G.     "Paramount" means Paramount Management Group, LLC.

H.     "Heller" means Daryl Fred Heller.

4

I.      HCG" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Capital Group, LLC.

J.      "HIH" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Investment Holdings, LLC.

K.      "Fund Manager ATM Operators" means any and all entities and individuals Fund Manager have chosen, hired, contracted or otherwise, to operate ATMs that were received from Paramount including but not limited to employees and contractor(s) and any entities Fund Managers and/or Prestige have used, contemplated to use, corresponded with or otherwise regarding operation of ATMs.

L.      "Private Investigators" means any and all entities and individuals Fund Manager, or others related to Fund Managers approval, have hired, contracted or otherwise to investigate Heller, Paramount, HCG, or HIH.

M.      "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetter, Dave Zook, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

N.      "Prestige Trustee Motion" refers to Prestige's Motion for the Appointment of Chapter 11 Trustee and to Modify Examiner's Order [ECF 265].

P.      "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.      A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question,

date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.     A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.     An oral statement or communication:

(i)     The date and the place where uttered.

(ii)     The place where received.

(iii)     The substance thereof.

(iv)     The means or medium employed for transmission thereof.

(v)     The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)     Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.     "You" refers to Prestige, the entity to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

4924-0791-7649, v. 1

**EXHIBIT A**

1. Any and all Documents referenced in or relied upon in connection with the Prestige Trustee Motion.

2. Any and all Communications or correspondence in connection with the Prestige Trustee Motion.

3. All documents that evidence or reference any alter ego theory, veil-piercing allegation(s), or claim that Heller and HCG, HIH, or Paramount are not separate or distinct legal entities.

4. All emails, voicemails, text, written, and verbal Communications by and amongst Prestige and Heller, or Prestige and a representative of HCG or HIH.

5. All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige to/from anyone and everyone that directly or indirectly references Heller, HIH and/or HCG from January 1, 2021 through the present.

6. All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige for any person or entity that directly or indirectly references Paramount, Fund Managers, HCG, or HIH or any affiliated entity with Heller from January 1, 2021 through the present.

7. All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Fund Manager ATM Operators from January 1, 2021 through the present.

8. All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present.

9.      Any and all Documents relating to and arising out of any and all communications which reference Heller, HCG, HIH, Prestige, or Paramount.

10.      Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

11.      Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

12.      Any and all Documents, including bank statements, relating to and arising out of all compensation received by Prestige since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received by Prestige.

13.      Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as, but not limited to, the commonly known payment platforms Venmo, Paypal, Cashapp, etc. in the name of Prestige, or any entity owned by Prestige from January 1, 2021 through the present.

4924-0791-7649, v. 1

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>                   Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

<u>**NOTICE OF DEPOSITION**</u>

**To:    Dave Zook**
**5075 Lower Valley Road**
**Atglen, PA 19310**

Daryl H. Heller, by and through his undersigned counsel, McManimon, Scotland & Baumann, LLC, hereby serves this Notice of Deposition pursuant to Federal Rules of Civil Procedure 30 and 34, made applicable to this proceeding pursuant to Rules 7030, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, on Dave Zook ("Mr. Zook") and request Mr. Zook appear for deposition on **July 9, 2025, commencing at 10:00 a.m.** at the offices of McManimon, Scotland & Baumann, 75 Livingston Avenue, 2nd Floor, Roseland, New Jersey 07039, to testify regarding the Motion of Prestige Fund A, LLC, et al. for the Appointment of a Chapter 11 Trustee and to Amend Examiner's Order [ECF 265] ("Prestige Trustee Motion"), and said deposition will continue from day to day until complete. Said deposition will be recorded by stenographic means.

This Notice of Deposition includes a Request for Production of Documents which is attached hereto as Exhibit "A", and such documents should be provided to undersigned counsel no later than **July 3, 2025**.

Dated: June 27, 2025

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Counsel to Daryl Fred Heller, Chapter 11 Debtor
and Debtor-in-Possession*

By: /s/ Sari B. Placona
Sari B. Placona

2

## **DEFINITIONS**

A.      "ATM" shall mean any automated teller machines or bitcoin teller machines.

B.      "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

C.      "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

D.      "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of Prestige, including documents accessible at the Prestige's request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by Prestige for their own use or for transmittal, or received by Prestige and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

3

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Prestige if it is in its physical custody or if it is in the physical custody of any person and the Prestige (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Heller sees fit to do so.

E.      "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.      "Prestige" means Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

G.      "Paramount" means Paramount Management Group, LLC.

H.      "Heller" means Daryl Fred Heller.

4

I.      HCG" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Capital Group, LLC.

J.      "HIH" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Investment Holdings, LLC.

K.      "Fund Manager ATM Operators" means any and all entities and individuals Fund Manager have chosen, hired, contracted or otherwise, to operate ATMs that were received from Paramount including but not limited to employees and contractor(s) and any entities Fund Managers and/or Prestige have used, contemplated to use, corresponded with or otherwise regarding operation of ATMs.

L.      "Private Investigators" means any and all entities and individuals Fund Manager, or others related to Fund Managers approval, have hired, contracted or otherwise to investigate Heller, Paramount, HCG, or HIH.

M.      "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetter, Dave Zook, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

N.      "Prestige Trustee Motion" refers to Prestige's Motion for the Appointment of Chapter 11 Trustee and to Modify Examiner's Order [ECF 265].

P.      "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.     A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question,

5

date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.    An oral statement or communication:

(i)    The date and the place where uttered.

(ii)    The place where received.

(iii)    The substance thereof.

(iv)    The means or medium employed for transmission thereof.

(v)    The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.    "You" refers to Prestige, the entity to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

6

**EXHIBIT A**

1.        Any and all Documents referenced in or relied upon in connection with the Prestige Trustee Motion.

2.        Any and all Communications or correspondence in connection with the Prestige Trustee Motion.

3.        All documents that evidence or reference any alter ego theory, veil-piercing allegation(s), or claim that Heller and HCG, HIH, or Paramount are not separate or distinct legal entities.

4.        All emails, voicemails, text, written, and verbal Communications by and amongst Prestige and Heller, or Prestige and a representative of HCG or HIH.

5.        All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige to/from anyone and everyone that directly or indirectly references Heller, HIH and/or HCG from January 1, 2021 through the present.

6.        All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige for any person or entity that directly or indirectly references Paramount, Fund Managers, HCG, or HIH or any affiliated entity with Heller from January 1, 2021 through the present.

7.        All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Fund Manager ATM Operators from January 1, 2021 through the present.

8.        All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present.

9.      Any and all Documents relating to and arising out of any and all communications which reference Heller, HCG, HIH, Prestige, or Paramount.

10.     Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

11.     Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

12.     Any and all Documents, including bank statements, relating to and arising out of all compensation received by Prestige since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received by Prestige.

13.     Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as, but not limited to, the commonly known payment platforms Venmo, Paypal, Cashapp, etc. in the name of Prestige, or any entity owned by Prestige from January 1, 2021 through the present.

4915-8131-2081, v. 1

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC** 75 Livingston Avenue, Second Floor Roseland, NJ 07068 (973) 622-1800 Anthony Sodono, III (asodono@msbnj.com) Sari B. Placona (splacona@msbnj.com) *Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession* | |
| In re: DARYL FRED HELLER, Debtor. | Chapter 11 Case No. 25-11354 (JNP) |

<div align="center">

**NOTICE OF DEPOSITION**

</div>

**To:    Jeffrey Hostetter**
       **121 Eshelman Road**
       **Lancaster, PA 17601**

Daryl H. Heller, by and through his undersigned counsel, McManimon, Scotland & Baumann, LLC, hereby serves this Notice of Deposition pursuant to Federal Rules of Civil Procedure 30 and 34, made applicable to this proceeding pursuant to Rules 7030, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, on Jeffrey Hostetter ("Mr. Hostetter") and request Mr. Hostetter appear for deposition on **July 9, 2025, commencing at 10:00 a.m.** at the offices of McManimon, Scotland & Baumann, 75 Livingston Avenue, 2nd Floor, Roseland, New Jersey 07039, to testify regarding the Motion of Prestige Fund A, LLC, et al. for the Appointment of a Chapter 11 Trustee and to Amend Examiner's Order [ECF 265] ("Prestige Trustee Motion"), and said deposition will continue from day to day until complete. Said deposition will be recorded by stenographic means.

This Notice of Deposition includes a Request for Production of Documents which is attached hereto as Exhibit "A", and such documents should be provided to undersigned counsel no later than **July 3, 2025**.

Dated:  June 27, 2025

<div style="margin-left:40%">

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Counsel to Daryl Fred Heller, Chapter 11 Debtor
and Debtor-in-Possession*

By:___*/s/ Sari B. Placona*___
        Sari B. Placona

</div>

## **DEFINITIONS**

A.      "ATM" shall mean any automated teller machines or bitcoin teller machines.

B.      "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

C.      "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

D.      "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of Prestige, including documents accessible at the Prestige's request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by Prestige for their own use or for transmittal, or received by Prestige and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

4896-4983-3809, v. 1

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Prestige if it is in its physical custody or if it is in the physical custody of any person and the Prestige (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Heller sees fit to do so.

E.    "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.    "Prestige" means Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

G.    "Paramount" means Paramount Management Group, LLC.

H.    "Heller" means Daryl Fred Heller.

4

I.      HCG" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Capital Group, LLC.

J.      "HIH" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Investment Holdings, LLC.

K.      "Fund Manager ATM Operators" means any and all entities and individuals Fund Manager have chosen, hired, contracted or otherwise, to operate ATMs that were received from Paramount including but not limited to employees and contractor(s) and any entities Fund Managers and/or Prestige have used, contemplated to use, corresponded with or otherwise regarding operation of ATMs.

L.      "Private Investigators" means any and all entities and individuals Fund Manager, or others related to Fund Managers approval, have hired, contracted or otherwise to investigate Heller, Paramount, HCG, or HIH.

M.      "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetter, Dave Zook, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

N.      "Prestige Trustee Motion" refers to Prestige's Motion for the Appointment of Chapter 11 Trustee and to Modify Examiner's Order [ECF 265].

P.      "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.     A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question,

5

date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.    An oral statement or communication:

(i)     The date and the place where uttered.

(ii)    The place where received.

(iii)   The substance thereof.

(iv)    The means or medium employed for transmission thereof.

(v)     The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.    "You" refers to Prestige, the entity to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

6

## EXHIBIT A

1.          Any and all Documents referenced in or relied upon in connection with the Prestige Trustee Motion.

2.          Any and all Communications or correspondence in connection with the Prestige Trustee Motion.

3.          All documents that evidence or reference any alter ego theory, veil-piercing allegation(s), or claim that Heller and HCG, HIH, or Paramount are not separate or distinct legal entities.

4.          All emails, voicemails, text, written, and verbal Communications by and amongst Prestige and Heller, or Prestige and a representative of HCG or HIH.

5.          All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige to/from anyone and everyone that directly or indirectly references Heller, HIH and/or HCG from January 1, 2021 through the present.

6.          All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige for any person or entity that directly or indirectly references Paramount, Fund Managers, HCG, or HIH or any affiliated entity with Heller from January 1, 2021 through the present.

7.          All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Fund Manager ATM Operators from January 1, 2021 through the present.

8.          All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present.

9.      Any and all Documents relating to and arising out of any and all communications which reference Heller, HCG, HIH, Prestige, or Paramount.

10.      Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

11.      Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

12.      Any and all Documents, including bank statements, relating to and arising out of all compensation received by Prestige since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received by Prestige.

13.      Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as, but not limited to, the commonly known payment platforms Venmo, Paypal, Cashapp, etc. in the name of Prestige, or any entity owned by Prestige from January 1, 2021 through the present.

4896-4983-3809, v. 1

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>                      Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

<u>**NOTICE OF DEPOSITION**</u>

**To:**    **William Poole**
        **5 Whitefield Lane**
        **Lancaster, PA 17602**

Daryl H. Heller, by and through his undersigned counsel, McManimon, Scotland & Baumann, LLC, hereby serves this Notice of Deposition pursuant to Federal Rules of Civil Procedure 30 and 34, made applicable to this proceeding pursuant to Rules 7030, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, on William Poole ("Mr. Poole") and request Mr. Poole appear for deposition on **July 9, 2025, commencing at 10:00 a.m.** at the offices of McManimon, Scotland & Baumann, 75 Livingston Avenue, 2nd Floor, Roseland, New Jersey 07039, to testify regarding the Motion of Prestige Fund A, LLC, et al. for the Appointment of a Chapter 11 Trustee and to Amend Examiner's Order [ECF 265] ("Prestige Trustee Motion"), and said deposition will continue from day to day until complete. Said deposition will be recorded by stenographic means.

This Notice of Deposition includes a Request for Production of Documents which is attached hereto as Exhibit "A", and such documents should be provided to undersigned counsel no later than **July 3, 2025**.

Dated:  June 27, 2025

<div align="right">

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Counsel to Daryl Fred Heller, Chapter 11 Debtor
and Debtor-in-Possession*

By:___*/s/ Sari B. Placona*___
       Sari B. Placona

</div>

2

## **DEFINITIONS**

A.       "ATM" shall mean any automated teller machines or bitcoin teller machines.

B.       "Communications" shall mean any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever and including, but not limited to, documents and correspondence as defined herein.

C.       "Concerning" means regarding, referring to, pertaining to, relating to, or in connection with.

D.       "Documents" shall mean all written, recorded, or graphic material, however produced or reproduced in the actual or constructive possession, custody or control of Prestige, including documents accessible at the Prestige's request, and shall include, without limitation, the following: e-mails; the originals and all copies of all drafts of written or printed material, recorded audio or video tapes, computer data or information whether printed or recorded on disks or stored in any manner, papers, books, manuals, records, contracts, notes, memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts or activities), minutes, diaries, calendars, desk pads, appointment books, notebooks, bulletins, forms, pamphlets, notices, statements, cancelled checks, checks, check stubs, correspondence, data cards, computer printouts, photographs, drawings, letters, telegrams, telexes, cables, reports, studies, interoffice communications, charts, blue prints, plans, drawings, graphs, calculations, proposals, diagrams, specifications, brochures, sketches, and accounting and financial records whether prepared by Prestige for their own use or for transmittal, or received by Prestige and wherever located.

Unless otherwise specified, documents referred to herein shall be those documents related to, prepared, issued or which any way deal with, the documents requested in this Request, including all portions, or pages of each document referred to and all attachments, enclosures, appendices and

supporting documentation, and including, without limitation, originals, copies (with or without notes or changes therein), drafts, working papers, routing slips, handwritten notes and similar materials.

A document is deemed in the actual or constructive possession, custody or control of the Prestige if it is in its physical custody or if it is in the physical custody of any person and the Prestige (a) own such document in whole or in part, (b) has a right by control, contract, statute, or otherwise, to use, inspect, examine or copy such document on any terms, (c) has an understanding, expressed or implied, that they may use, inspect, examine or copy such document on any terms, or (d) has, as a practical matter, been able to use, inspect, examine or copy such document when the Heller sees fit to do so.

E.      "Each" includes the word "every" and "every" includes the word "each." "Any" includes the word "all" and "all" includes the word "any." "And" includes the word "or" and "or" includes the word "and."

F.      "Prestige" means Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC and any partner, agent, officer, professional, representative, employee or other person, and any other entity acting on its behalf.

G.      "Paramount" means Paramount Management Group, LLC.

H.      "Heller" means Daryl Fred Heller.

I.      HCG" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Capital Group, LLC.

J.      "HIH" means any and all entities and individuals you understand to be owned by or have an affiliation with Heller Investment Holdings, LLC.

K.      "Fund Manager ATM Operators" means any and all entities and individuals Fund Manager have chosen, hired, contracted or otherwise, to operate ATMs that were received from Paramount including but not limited to employees and contractor(s) and any entities Fund Managers and/or Prestige have used, contemplated to use, corresponded with or otherwise regarding operation of ATMs.

L.      "Private Investigators" means any and all entities and individuals Fund Manager, or others related to Fund Managers approval, have hired, contracted or otherwise to investigate Heller, Paramount, HCG, or HIH.

M.      "Fund Managers" means William Poole, Buck Joffrey, Jerry Hostetter, Dave Zook, and any and all Fund of Fund Managers and any and all syndicators of Buck Joffrey and Dave Zook and their entities for Prestige.

N.      "Prestige Trustee Motion" refers to Prestige's Motion for the Appointment of Chapter 11 Trustee and to Modify Examiner's Order [ECF 265].

P.      "Identify" means when used in reference to:

i.      A natural person -- his or her full name and present or last known address.

ii.      A company, corporation, association, joint venture, sole proprietorship, form, partnership, or any other business or legal entity not a natural person -- its full name now and at the time in question, its principal place of business now and at the time in questions, date of incorporation or jurisdictional status, description or type of entity now and at the time in question,

date and place of formation, current jurisdictional status, and nature of business activities in which it is engaged or was engaged at the time in question.

iii.    A document -- its character (e.g., letter, memoranda, report, etc.), its title, date, author, addresses, all distributes, the number of pages, its subject matter, and identification of each person you have reason to believe may have knowledge of the contents thereof, its present location, the identification of its custodian, or if any such document was, but is no longer in existence or in your possession or subject to your control, the disposition made of it and the circumstances and date of such disposition.

iv.    An oral statement or communication:

(i)    The date and the place where uttered.

(ii)    The place where received.

(iii)    The substance thereof.

(iv)    The means or medium employed for transmission thereof.

(v)    The identification of each person to whom such statement or communication was made, each person who was present when such statement or communication was made, and each person who was present when such statement was received.

(vi)    Any other thing -- a description with sufficient particularity that such thing may thereafter be specified and recognized as such.

Q.    "You" refers to Prestige, the entity to whom this Subpoena is directed. You shall also refer to any name which the party is known or has been known and each and every agent, representative or other persons acting on behalf of such party and/or any of its agents.

6

## **EXHIBIT A**

1.      Any and all Documents referenced in or relied upon in connection with the Prestige Trustee Motion.

2.      Any and all Communications or correspondence in connection with the Prestige Trustee Motion.

3.      All documents that evidence or reference any alter ego theory, veil-piercing allegation(s), or claim that Heller and HCG, HIH, or Paramount are not separate or distinct legal entities.

4.      All emails, voicemails, text, written, and verbal Communications by and amongst Prestige and Heller, or Prestige and a representative of HCG or HIH.

5.      All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige to/from anyone and everyone that directly or indirectly references Heller, HIH and/or HCG from January 1, 2021 through the present.

6.      All emails, voicemails, text, written, and verbal Communications by Prestige or to Prestige for any person or entity that directly or indirectly references Paramount, Fund Managers, HCG, or HIH or any affiliated entity with Heller from January 1, 2021 through the present.

7.      All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Fund Manager ATM Operators from January 1, 2021 through the present.

8.      All emails, voicemails, text, written, and verbal communication by Prestige or to Prestige for any person or entity that directly or indirectly references Private Investigators from January 1, 2021 through the present.

9.      Any and all Documents relating to and arising out of any and all communications which reference Heller, HCG, HIH, Prestige, or Paramount.

10.     Any and all Documents relating to and arising out of any communications with and amongst Fund Manager individually with each other or as a group of Fund Managers from January 1, 2021 through the present.

11.     Any and all Documents relating to and arising out of any communications with Fund Manager ATM Operators and Private Investigators from January 1, 2021 through the present.

12.     Any and all Documents, including bank statements, relating to and arising out of all compensation received by Prestige since 2020, by year, including, but not limited to expense reports, 1099s and K-1s and any form of compensation received by Prestige.

13.     Any and all Bank Statements, Credit Card Statements, Digital Cash Application Statements such as, but not limited to, the commonly known payment platforms Venmo, Paypal, Cashapp, etc. in the name of Prestige, or any entity owned by Prestige from January 1, 2021 through the present.

4913-2539-4257, v. 1