| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Ste. 201<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, Chapter 11 Debtor and Debtor-in-Possession* |
| In re:<br><br>DARYL FRED HELLER,<br><br>    Debtor. |

Case No. 25-11354 (JNP)

Chapter 11

**CROSS-MOTION FOR AN ORDER GRANTING THE DEBTOR AUTHORITY TO FILE THE MEMORANDUM OF LAW, CERTIFICATION AND EXHIBITS UNDER SEAL IN OPPOSITION TO PRESTIGE'S MOTION UNDER SEAL TO DETERMINE PRIVILEGE**

Daryl Fred Heller, Chapter 11 debtor and debtor-in-possession (the "Debtor"), by and through his undersigned attorneys, submits this Cross-Motion for an Order Granting the Debtor authority to file the Memorandum of Law, Certification and Exhibits Under Seal (the "Cross-Motion to Seal") in Opposition to Prestige's Motion Under Seal to Determine Privilege (the "Privilege Motion"). In support of the Cross-Motion to Seal, the Debtor respectfully states as follows:

**RELEVANT BACKGROUND FACTS**

1. On July 15, 2025, Prestige filed the Privilege Motion under seal.  ECF 383.

2. The objection deadline to the Privilege Motion is August 5, 2025.

**RELIEF REQUESTED**

3. The Debtor requests an order authorizing him to file the Memorandum of Law,

Certification and Exhibits under seal in Opposition to the Privilege Motion (the "Objection") under seal such that only the unredacted documents not be made available to anyone except the Court and counsel for Prestige, and other persons upon further order of the Court or as agreed by the Debtor.

4. The Objection consists of attorney-client privileged communication between the Debtor and his legal counsel.

## BASIS FOR RELIEF REQUESTED

5. The Debtor provided his counsel with a written comment in the margin to a revised document, which was inadvertently disclosed. Such comment and the exchange of email correspondence by and between Debtor and his counsel is protected under the attorney-client privilege.

6. The comment is a confidential communication between Debtor and his attorneys for the purpose of obtaining legal advice and furthering his legal representation.

7. Attorney-client privilege applies to communications "(1) in which legal advice is sought, (2) from an attorney acting in his capacity as a legal advisor, (3) and the communication is made in confidence, (4) by the client." See Columbus Life Ins. Co. v. Wilmington Tr., N.A., 344 F.R.D. 207, 217 (D.N.J. 2023), citing Hedden v. Kean Univ., 434 N.J.Super. 1, 82 A.3d 238, 244 (N.J. Super. Ct. App. Div. 2013).

8. When determining whether or not a communication from a client is sought for legal advice, New Jersey District Courts look at "'whether the communication is designed to meet problems which can fairly be characterized as predominantly legal.'" See Columbus Life Ins. Co. v. Wilmington Tr., N.A., 344 F.R.D. 207, 217 (D.N.J. 2023) citing Champion Painting Specialty Servs. Corp. v. Delaware River Port Auth., No. 21-cv-10146, 2022 WL 1217442, at *3 (D.N.J.

4931-3006-3449, v. 2

Apr. 25, 2022) quoting [Leonen v. Johns-Manville, 135 F.R.D. 94, 98-99 (D.N.J. 1990)](#).

9. Here, the Objection warrants protection because the Memorandum of Law and Certification refer to Exhibits which contain attorney-client privileged communications. Good cause exists to authorize the Debtor to file the Objection under seal because of the harm that would ensue if the attorney-client privileged communication contained therein became public information.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, substantially in the form filed herewith, granting the relief requested herein, and such other relief as is just and proper under the circumstances.

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Counsel for Daryl Fred Heller, Chapter 11 Debtor and Debtor-in-Possession*

By: */s/ Sari B. Placona*
     Sari B. Placona

Dated: August 5, 2025

3