# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Gerard S. Catalanello**     Direct Dial: **+1 212 210 9509**     Email: **gerard.catalanello@alston.com**

August 5, 2025

<u>VIA EMAIL AND OVERNIGHT MAIL</u>

Honorable Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, New Jersey 08101

Re:   *In re Daryl Fred Heller*, Case No. 25-11354

Dear Judge Poslusny,

    This firm is counsel to Silverview Credit Partners LP ("Silverview"). We write to respectfully request that the Court strike the Certification submitted by Daryl Fred Heller (the "Debtor") [ECF 258-2] in support of the Settlement Motion, scheduled to be heard by Your Honor tomorrow at 11:00 a.m. (EST). (the "Debtor Certification").[1] The Debtor—who finds himself in these proceedings based on self-inflicted deceit—is now also refusing to subject himself to cross-examination tomorrow, thereby rendering the Certification devoid of any reliability necessary for consideration by the Court.

    By way of brief background, Silverview is a judgment creditor of the Debtor. Silverview secured a liquidated judgment against the Debtor for $28,554,186.72 following Silverview's motion for summary judgement in lieu of complaint filed in the Supreme Court for the State of New York, New York County.[2]

    On August 4, 2025, the Debtor's counsel served on Silverview a list of witnesses (the "Debtor Witness List") that the Debtor may call in connection with the evidentiary hearing to consider the *Debtor's Motion Approving the Settlement Amongst the Debtor, Heller Capital Group, LLC, Heller Investment Holdings, LLC, and Deerfield Capital, LLC Pursuant to Fed. R. Bankr. P. 9019* [D.I. 258] (the "Settlement Motion"). The Debtor's

---

[1]  Capitalized terms used but not otherwise defined in this paragraph will have the meanings ascribed to such terms elsewhere in this Letter.
[2]  *See* NYSECF No. 26, *Silverview Credit Partners LP et al. v. Blackford ATM Ventures, LLC et al.* Index No. 654755/2024 (N.Y. Cnty. 2024).

Alston & Bird LLP     www.alston.com

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

*In re Daryl Fred Heller*, Case No. 25-11354
August 5, 2025
Page 2

Witness List does not include the Debtor. The Debtor's attempt to rely on the Debtor Certification without offering parties any opportunity to cross-examine the Debtor or the contents thereof, is wholly improper in several respects.

First, the Court should not consider an affidavit where the affiant is not made available for cross-examination. *See In re Olick,* 311 F. App'x 529, 532 n.5 (3d Cir. 2008) (bankruptcy court properly exercised its discretion to disregard affidavit in part because affiant was not made available for cross-examination). It is Debtor's burden to show, by a preponderance of the evidence, that the proposed settlement satisfies the *Martin* factors.[3] Creditors would be significantly prejudiced by the inability to cross-examine the Debtor about the statements in the Debtor Certification.

Second, even if the Court could consider such an affidavit without hearing testimony, the Debtor Certification is not competent evidence because it was not notarized and does not attest to the contents "under penalty of perjury" as required under 28 U.S.C. § 1746.[4] *See Bond v. Taylor,* No. 07-6128 (RBK/AMD), 2009 U.S. Dist. LEXIS 75380, at *5-6 (D.N.J. 2009) ("Courts in the District of New Jersey have held that language that omits the phrase "under penalty of perjury" are inadequate under 28 U.S.C. § 1746."); *Cooper v. Cape May County Bd. of Soc. Servs.,* 175 F. Supp. 2d 732, 742 n. 6 (D.N.J. 2001). That alone would be a proper basis for the Court to disregard or strike the Debtor Certification.

Third, striking the Debtor Certification is particularly warranted in these circumstances because the Debtor has previously responded to questions about his businesses by invoking the Fifth Amendment. *See* Stipulation Between Plaintiffs, Defendant, and Daryl Heller Regarding December 20, 2024 Contempt Hearing*, Prestige Fund A, LLC, et al. v. Paramount Management Group, LLC,* C.A. No. CI-24-06012, (Lancaster Cnty. 2024) at ¶ 2.

Given the Debtor's prior invocation of the Fifth Amendment, it is a fair assumption that, if compelled to testify here, the Debtor would do the same, which would be fatal to the approval of the Settlement Agreement by this Court. *See, e.g. In re Edmond,* 934 F.2d 1304, 1308 (4th Cir. 1991) ("In the context of cross-examination, courts have struck testimony when the defendant has invoked the Fifth Amendment to refuse to respond to cross-examination questions."). The same rule applies when an affiant attempts to shield himself or herself from questioning by relying on the Fifth Amendment. *Id*. The Debtor should not be allowed to eschew any adverse inference by this Court that flows from his invocation of the Fifth Amendment by relying on a certification that cannot be challenged

---

[3] The four criteria that a bankruptcy court should consider are: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

[4] The fact that the Debtor styled his statement as a "certification" has no practical import. The Debtor Certification is the functional equivalent of an affidavit.

*In re Daryl Fred Heller*, Case No. 25-11354
August 5, 2025
Page 3

through cross examination. At bottom, the Court should not reward the Debtor's obvious gamesmanship.

Prior to filing this letter, Silverview's counsel contacted the Debtor's counsel to inquire whether the Debtor's counsel intended to withdraw the Certification in light of the foregoing. The Debtor's counsel declined.

Accordingly, Silverview respectfully requests that the Court decline to consider and strike the Debtor Certification. Moreover, because the Debtor has failed to submit any evidence in support of the Settlement Motion, Silverview also respectfully requests that the Court find that the Debtor has failed to meet his burden under the *Martin* factors and deny the Settlement Motion in its entirety.

Respectfully submitted,

Dated: August 5, 2025

**ALSTON & BIRD LLP**

By: /s/ *Gerard Catalanello*
Gerard S. Catalanello, Esq.
James J. Vincequerra, Esq. *(admitted pro hac vice)*
Kimberly J. Schiffman, Esq. *(admitted pro hac vice)*
90 Park Avenue
15th Floor
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: Gerard.Catalanello@alston.com
       James.Vincequerra@alston.com
       Kimberly.Schiffman@alston.com

– and –

Enrique Chaljub Garcia, Esq. *(admitted pro hac vice)*
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Enrique.Chaljub@alston.com

*Counsel to Silverview Credit Partners LP*

cc: Counsel for the Debtor (Via Email)
    Counsel for Deerfield (Via Email)