| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| **SAXTON & STUMP LLC**<br>Joshua J. Voss, Esq.<br>280 Granite Run Drive, Suite 300<br>Lancaster, PA 17601<br>(717) 556-1072<br><br>**STARK & STARK, PC**<br>Marshall T. Kizner, Esq.<br>Joseph H. Lemkin, Esq.<br>100 American Metro Blvd.<br>Hamilton, NJ 08619<br>Telephone (609) 791-7022<br>*Attorneys for Prestige* | Order Filed on August 8, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>DARYL FRED HELLER,<br><br>　　　Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

### ORDER GRANTING MOTION TO AMEND EXAMINER'S ORDER

The Relief set forth in the following page two is hereby **ORDERED**.

**DATED: August 8, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

1

Upon consideration of Prestige Fund A, LLC, Prestige Fund A IV, LLC, Prestige Fund A IX, LLC, Prestige Fund B, LLC, Prestige Fund B II, LLC, Prestige Fund B IV, LLC, Prestige Fund B V, LLC, Prestige Fund B VI, LLC, Prestige Fund B VII, LLC, Prestige Fund B BTM I, LLC, Prestige Fund A II, LLC, Prestige Fund A V, LLC, Prestige Fund A VI, LLC, Prestige Fund A VII, LLC, Prestige Fund D, LLC, Prestige Fund D III, LLC, Prestige Fund D IV, LLC, Prestige Fund D V, LLC, Prestige Fund D VI, LLC, Prestige Fund D BTM I, LLC, WF Velocity I, LLC, WF Velocity Fund IV, LLC, WF Velocity Fund V, LLC, WF Velocity Fund VI, LLC and WF Velocity Fund VII, LLC (collectively, "Prestige") Motion to Modify Examiner's Order [ECF No. 265] (the "Motion"); and after due deliberation and sufficient and good cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**, as set forth herein; and

2. The Order Directing the Appointment of an Examiner ("Examiner Order") [ECF No. 99] is hereby modified and supplemented, as follows:

   a. Any party in interest is entitled to request and obtain information from the Examiner that the Examiner received in response to third-party subpoenas ("Information").

   b. Any party in interest requesting Information from the Examiner (each, a "Requesting Party") must provide (i) a copy of this Order and (ii) fourteen (14) days' written notice ("Notice Period") of a request for Information to (x) the subpoenaed party that provided the Information (each, a "Subpoenaed Party") and (y) counsel for the Debtor. Contemporaneously, the Requesting Party shall send a copy of such written notice to counsel for the Examiner.

4920-9586-9015, v. 3

  c. If the Subpoenaed Party or the Debtor serves a written objection on the Requesting Party (with a contemporaneous copy to counsel for the Examiner) requesting the Information prior to the expiration of the Notice Period, the Court will hold a hearing on the objection (unless it is resolved or withdrawn, in writing) before the Information will be released to the Requesting Party.

3. Any Requesting Party receiving Information under this Order shall be responsible for protecting the confidentiality of information protected by 11 U.S.C. § 107 or required to be redacted by Federal Rule of Bankruptcy Procedure 9037 (collectively, the "Confidential Information"), contained in the Information. The Examiner shall not have any (a) responsibility to protect from disclosure any Confidential Information received by the Requesting Party (or any transferee of such Requesting Party) or (b) liability for the disclosure of such Confidential Information pursuant to this Order or by the Requesting Party or any transferee of such Requesting Party.  In addition, the Requesting Party shall be required to comply with any applicable protective order(s), and the Examiner shall not have any (x) responsibility for such compliance or (y) liability for noncompliance with any applicable protective order(s) for the disclosure of Confidential Information pursuant to the Order or by the Requesting Party any transferee of such Requesting Party.

4. In the event a Chapter 7 or Chapter 11 trustee is appointed in this matter, the Examiner is entitled to provide a copy of all information in its possession, including the Information to the Chapter 7 or Chapter 11 trustee. Production under this paragraph is excluded from the requirements set forth in paragraph 2, above.  The exculpatory provisions of paragraph 3 of this Order apply to Examiner's transfer of all information in its possession, including

4920-9586-9015, v. 3

4

Confidential Information, to such trustee. For the avoidance of doubt, nothing herein requires the Examiner to disclose any attorney-client privileged material or work product.

5.   This Order is a supplement to the Examiner Order [ECF No. 99]. Nothing in this Order shall be deemed to extinguish or substitute any terms set forth in the Examiner Order [ECF No. 99] and Order Approving Appointment of a Chapter 11 Examiner by the United States Trustee [ECF No. 131], which remain in full force and effect.

4920-9586-9015, v. 3