MARTIN J. WEIS, ESQUIRE
**DILWORTH PAXSON LLP**
1650 MARKET STREET, SUITE 1200
PHILADELPHIA, PA 19103
TELEPHONE:        (215) 575-7000
FACSIMILE:        (215) 575-7200
EMAIL:            mweis@dilworthlaw.com
*Counsel for Orrstown Bank*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

**LIMITED OBJECTION OF ORRSTOWN BANK TO
MOTION OF DHQM PROPERTIES, LLC TO ALLOCATE AND DISTRIBUTE
INTERESTS IN NON-DEBTOR PROPERTIES TO ACCORDO, L.P. AND QDM
PROPERTIES, LLC; AND FOR RELATED RELIEF**

Orrstown Bank, a creditor and party and interest in the above referenced matter, hereby submits this objection to the Motion (the "DHQM Motion") of DHQM ("DHQM") to Allocate and Distribute Interests in Non-Debtor Properties to Accordo, L.P. ("Accordo") and QDM Properties, LLC ("QDM"); and for Related Relief [D.I. 414].

1.      As set forth herein, Orrstown Bank submits that approval of the DHQM Motion should be conditioned on the following:

- Accordo providing additional information regarding the properties and the QDM and Accordo contributions to DHQM;

- Accordo and QDM providing additional sworn statements containing disclosures of any relationships, to the extent that they exist, among Accordo, QDM, the Debtor and their members and affiliates; and,

1

#125147241v2

- Any Order authorizing the transaction providing for adequate protection of Orrstown Bank's Charging Orders (as defined herein).

## BACKGROUND

### The Parties

2.     Daryl Heller ("Mr. Heller" or the "Debtor") is an adult individual who resides at 909 Greenside Drive, Lititz (Lancaster County) PA 17543. [D.I. 1].

3.     On February 10, 2025, Mr. Heller filed for Chapter 11 relief in the District of New Jersey. [D.I. 1]

4.     On information and belief, DHQM is a Pennsylvania limited liability company with an address of 229 Main Street, Landisville, Pennsylvania 17538. It is owned equally by QDM and Accordo.

5.     On information and belief, QDM is a Pennsylvania limited liability corporation with an address of 229 Main Street, Landisville, Pennsylvania 17538 and Lydia Miller and Quentin Miller are its members.

6.     On information and belief, Accordo is a Pennsylvania limited partnership which includes Ethan Heller, Taite Heller and Charlene Heller ("Mrs. Heller") as its members, with each holding 33% membership interests.

7.     According to the DHQM Motion, Lydia Miller is the managing member of QDM and Ethan Heller is the general partner and owner of Accordo. [1]

8.     Orrstown Bank is a Pennsylvania bank with an address at 4750 Linden Rd., Harrisburg, PA.

---

[1] Notwithstanding the foregoing, counsel for Accordo has confirmed that Ethan Heller is not the sole owner of Accordo and that the owners are as set forth above. On information and belief, Ethan Heller is the 1% general partner, in addition to his 33% membership interest.

2

#125147241v2

**Orrstown Bank Loans and Judgments**.

9.      Mr. Heller is currently a party to five commercial and two residential loans with Orrstown Bank either as a co-borrower or guarantor.

10.     Various defaults have been declared on the commercial loans. At the present time, Orrstown Bank is the holder of four judgments against Mr. and/or Mrs. Heller:

- a. <u>Judgment in connection with the 2023 Cash Ventures, III Loan</u>. Judgment entered August 22, 2024 in the case of <u>Orrstown Bank v. Daryl F. Heller and Charlene R. Heller</u>, (CI-24-6081 Lancaster County) in the amount of $3,053,244.82 plus per diem interest of $595.57 from and after August 7, 2024 (the "2023 Cash Ventures Judgment").

- b. <u>Judgment in connection with the Heller Capital Group Loan</u>. Judgment entered September 4, 2024 in the case of <u>Orrstown Bank v. Daryl Heller</u>, (CI-24-06401 Lancaster County) in the amount of $305,293.13 plus per diem interest of $81.87 from and after August 22, 2024.[2]

- c. <u>Judgment in connection with the 2020 Cash Ventures, III Loan</u>. Judgment entered December 2, 2024 in the case of <u>Orrstown Bank v. Daryl F. Heller and Charlene R. Heller</u>, (CI-24-08600 Lancaster County) in the amount of $828,293.96 plus per diem interest of $595.57 from and after December 2, 2024 (the "2020 Cash Ventures Judgment").

- d. <u>Judgment in connection with the First Regents Holdings LLC Loan</u>. Judgment entered January 16, 2025 in the case of <u>Orrstown Bank v. Daryl F. Heller and Charlene R. Heller,</u> (CI-25-00331 Lancaster County) in the amount of

---

[2] This judgment was not entered against Mrs. Heller.

3

$1,314,310.13 plus per diem interest of $166.63 from and after January 13, 2025.

11. Prior to the filing of the petition in this case, the 2020 Cash Ventures Judgment was transferred to New Jersey and the 2023 Cash Ventures Judgment was transferred to Tioga County, Pennsylvania.

12. By Orders (the "Charging Orders") entered in the Court of Common Pleas of Lancaster County, Pennsylvania in the 2023 Cash Ventures Judgment and 2020 Cash Ventures Judgment matters dated June 25, 2025 and July 1, 2025 respectively, Orrstown Bank is the holder of charging liens against the interests of Charlene Heller in Accordo (and other entities) on account of obligations due on those judgments. Copies of the Charging Orders are attached hereto as Exhibits 1 and 2.

**The DHQM Motion**

13. On July 24, 2025, counsel for the Debtor filed the DHQM Motion seeking to distribute five parcels of real estate located in Troupsburg, New York and one parcel located in Knoxville (Tioga County) Pennsylvania to the DHQM members.

14. Per the motion, QDM and Accordo are proposing to split their interests in the properties as between themselves such that each member will receive three of the six identified properties owned by DHQM. Miller Certification at ¶¶10,14. Notwithstanding the foregoing, oil, gas, solar and mineral rights are to remain with DHQM.[3] Certification of Lydia Miller at footnotes 9,10.

---

[3] On information and belief, DHQM will also continue to own three properties after the proposed disposition.

15. Each party will have rights of first refusal to purchase the properties should QDM and Accordo seek to sell its interest in the distributed property to a family member of Lydia Miller or Ethan Heller. Miller Certification at ¶14.

16. The motion attaches appraisals of each of these properties. The appraisals were performed by Mr. John M. Galvin of Equity Appraisals LLC.[4]

17. The motion describes the properties to be distributed as vacant land. Miller Certification, ¶10, 12; Ethan Heller Certification, ¶10. Pictures of the properties included in three appraisals appear to show structures. See Exhibit B (3122 County Route 84, Ethan Heller Certification, PDF p. 25 of 99); Exhibit C (250 Card Road, Ethan Heller Certification, PDF p. 42); and Exhibit D (2994 County Route 84, Ethan Heller Certification ,PDF p. 55).

18. According to the motion, the Status Quo Order hampers the operations of DHQM and "DHQM is unable to take any actions with respect to the properties, thus impacting upon the ability of QDM to realize any value from the properties and its investments." Lydia Miller Certification at ¶12.

**OBJECTIONS**

A. <u>The Court should not approve the proposed distribution without additional information</u>.

19. The DHQM Motion should not be approved absent additional information regarding the properties to be distributed, the DHQM relationships and the lack of prejudice to Accordo.

20. While the appraisal information included is helpful, additional information is needed to make an informed decision regarding this motion.

---

[4] Equity Appraisals LLC is located at 101 Columbia Street, Suite 100, Corning, New York.

5

21. Among other things, information should be provided regarding the original purchase prices for these properties, dates of the original purchases, and relative contributions of the members of DHQM toward the purchase price and continuing ownership and operation and holding of the properties.

22. The request for this information has been made to counsel for Accordo who, as yet, has not had a meaningful opportunity to respond to the request. Counsel for QDM has diligently provided requested information and the information exchange is ongoing.

23. Absent the receipt of such information and a meaningful opportunity to analyze it, the Court should not approve the sale.

B. <u>Additional information regarding disinterestedness should be provided.</u>

24. Neither the Ethan Heller nor the Lydia Miller certifications attached to the DHQM Motion provide any information regarding any affiliation (or lack thereof) among the various parties or the Debtor.

25. Orrstown Bank submits that, under the circumstances, representations and disclosures are warranted.[5]

26. Specifically, QDM should disclose whether there are any relationships (whether it be by blood, marriage, business dealings or any other connection) between it and its members and their affiliates, on the one hand, and the Debtor, Charlene Heller, Ethan Heller, Taite Heller, Accordo, and any of their affiliates, on the other.

27. Similarly, Accordo should disclose whether there are any relationships (whether it be by blood, marriage, business dealings or any other connection) between it and its members and

---

[5] Similar disclosures were requested from and provided by the buyers in connection with the sale of the Sea Isle City property in this case and requested regarding the proposed sale by Accordo of property in Elk City, Kansas.

#125147241v2

their affiliates, on the one hand, and QDM, Lydia Miller, Quentin Miller, and any of their affiliates on the other.

28. These disclosures should further include whether there are any agreements or arrangements between any of these parties that exist or are contemplated regarding DHQM or the properties proposed to be distributed or otherwise.

C. <u>The transaction should not be approved until the bank's interests set forth in the charging orders are adequately protected</u>.

29. As set forth above, Orrstown Bank is currently the holder of two charging orders issued by the Court of Common Pleas of Lancaster County which run in its favor and against the interests of Mrs. Heller in, among other things, Accordo.

30. The interests of Orrstown Bank in Mrs. Heller's rights to proceeds of Accordo's various transactions need to be adequately protected in the context of the transaction set forth in the DHQM Motion.

31. The Court should condition any relief granted under the motion on the providing to Orrstown Bank of adequate protection.

32. Absent such adequate protection, the DHQM motion should be denied.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Orrstown Bank respectfully requests that the DHQM Motion be conditioned or, in the alternative, denied and that the Court grant such other relief as it deems appropriate.

Date: August 13, 2025

/s/ *Martin J. Weis*
Martin J. Weis
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7000
mweis@dilworthlaw.com
*Attorney for Orrstown Bank*

7

#125147241v2