| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, Chapter 11 Debtor and Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP) |

**DEBTOR'S REPLY TO SILVERVIEW CREDIT PARTNERS LP'S LETTER REQUEST TO STRIKE THE CERTIFICATION OF THE DEBTOR IN SUPPORT OF THE SETTLEMENT MOTION**

Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), by and through his counsel, McManimon, Scotland & Baumann, LLC, respectfully submits his reply (the "Reply") to Silverview Credit Partners LP's ("Silverview") letter to strike the Debtor's certification (the "Debtor's Certification") in support of Motion for an Order Approving the Agreement Amongst the Debtor, Heller Capital Group, LLC, Heller Investment Holdings, LLC and Deerfield Capital, LLC ("Deerfield"), Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure (the "Deerfield 9019 Motion")[1] [ECF 258] (the "Request to Strike"). ECF 445. The Debtor submits as follows:

---

[1] Undefined capitalized terms used herein shall have the same meaning as ascribed in the Deerfield 9019 Motion.

### I.  The Debtor's Certification in Support of Deerfield 9019 Motion is Admissible Under Fed. R. Evid. 801(d)(2) as a Statement of a Party-Opponent, Despite the Declarant Not Providing Live Testimony

Under Fed. R. Evid. 801(d)(2), statements made by a party, or its authorized representative are not considered hearsay when offered against that party, commonly known as a statement by a party opponent. This includes statements made in writing, such as certifications, so long as they fall within the scope of a statement by the party or its representative. Importantly, Fed. R. Evid. 801(d)(2), does not require the declarant to provide live testimony for the statement to be admissible as a statement by a party-opponent. The admissibility focuses on the nature of the statement and the relationship to the party opponent, not on whether the declarant testifies at trial.

"Bakshinian asserts that this statement is admissible as an admission of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A)[] [t]he government asserts that the statement should not be admitted." United States v. Bakshinian, 65 F. Supp. 2d 1104, 1105 (C.D. Cal. 1999). The Bakshinian court expounded on the principle as to the admissibility of a statement by a party opponent:

> Though this statement is not 'evidence' it is a statement about the evidence and it reflects on the evidence in Bakshinian's case. The government cannot exclude it based on arguments that it is not 'evidence' or not 'testimonial.' Because the government is a party-opponent, the statement falls within the scope of Rule 801(d)(2).

Id., 65 F. Supp. 2d at 1109.

Although the Bakshinian case was not a bankruptcy case and dealt with the statement by a government-party, the case illustrates the admissibility of a statement of a party opponent pursuant to Fed. R. Evid. 801(d)(2). In the present matter, the Debtor's Certification is a statement of a party opponent, adverse to certain rights Deerfield is entitled to, which it is forgoing under the

Agreement. With Deerfield offering the Debtor's Certification in support of the Deerfield 9019 Motion, pursuant to Fed. R. Evid. 801(d)(2), it is a statement by a party opponent and thus admissible evidence. The Court may assign the adequate weight it deems appropriate absent the Debtor's live testimony, but that is distinct and separate from the admissibility of the Debtor's Certification under Fed. R. Evid. 801(d)(2).

## II.     The Debtor's Certification is Valid under 28 U.S.C. §1746

First and foremost, Silverview's reliance on In re Olick, 311 F. App'x 529, 532 n.5 (3d Cir. 2008) is misplaced, as that case involved an affiant who was unavailable to testify regarding an affidavit, which is typically a sworn statement, often notarized under oath. See Request to Strike, at pg. 2. Next, Silverview argues in its Request to Strike that the Debtor's Certification "is not competent evidence because it was not notarized and does not attest to the contents 'under penalty of perjury' as required under 28 U.S.C. § 1726." See Request to Strike, at pg. 2. Pursuant to 28 U.S.C. § 1746, an unsworn declaration made under penalty of perjury may be used in lieu of a notarized affidavit wherever a sworn declaration, verification, certificate, statement, oath, or affidavit is required. The statute requires the declaration to be "subscribed by [the declarant], as true under penalty of perjury," and, importantly, that it be in "substantially" the following form, "(1) If executed within the United States: I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." See 28 U.S.C. § 1746.

The keyword in this statute is "substantially," which reflects a recognized tolerance for minor deviations from the exact statutory language, so long as the statement conveys the essential legal meaning that the declarant acknowledges the truthfulness of the statements under penalty of perjury. Here, the Debtor's Certification -- though it may not use the precise phrase "under penalty

3

of perjury" -- is intended to convey the same meaning and legal effect as required by 28 U.S.C. § 1746.[2] The statement, which affirms the truthfulness of the statements and acknowledges awareness of punishment for willful falsehoods, is substantially similar in purpose and effect to the statutory formulation. Such a statement meets the threshold of 28 U.S.C. § 1746, because it serves to place the declarant under the legal obligations and consequences equivalent to a declaration made under penalty of perjury.

Therefore, the Debtor's Certification at issue should be deemed compliant with the requirements of 28 U.S.C. § 1746 and admitted with full legal effect.

### III. The Debtor's Certification is Admissible Despite Not Providing Live Testimony Subject to his Fifth Amendment Right Against Self Incrimination

Silverview argues in its Request to Strike that the Debtor's Certification must be stricken because he will not give live testimony subject to cross-examination, due to the Debtor invoking his Fifth Amendment right against self-incrimination. See Request to Strike, at pgs. 2-3. Silverview's counsel is conflating the concepts of admissibility versus weight. Pursuant to Fed. R. Evid. 104(a), the Court has discretion to determine the admissibility of evidence and to assign whatever weight it deems appropriate. In this context, the Debtor's Certification is admissible regardless of whether live testimony is proffered. The absence of live testimony affects only the weight the Court may choose to give the Certification, not its admissibility. Fed. R. Evid. 104(a).

Silverview's citation to In re Edmond, 934 F.2d 1304, 1308 (4th Cir. 1991) speaks to the conditional nature of striking testimony, not mandatory, as "in the context of cross-examination, courts *have* struck testimony when the defendant has invoked the Fifth Amendment to refuse to respond to cross-examination questions." See Request to Strike, at pg. 2 (citing Edmond, 934 F.2d

---

[2] Counsel is prepared to stipulate on the record that the Debtor's Certification is under penalty of perjury, if the Court requires an express statement.

at 1308 (emphasis added)). The key language is the Court has the discretion to strike such testimony, and in the interest of equity the Court should not strike the Debtor's Certification as it would be detrimental to the Debtor's estate and creditors.

Thus, the Debtor submits the Court should not strike the Debtor's Certification in support of the Deerfield 9019 Motion.

Dated:   August 14, 2025

By: */s/ Sari B. Placona*
Sari B. Placona

4901-4563-3886, v. 1