**MS&B** McMANIMON · SCOTLAND · BAUMANN         427 Riverview Plaza, Trenton, NJ 08611  (609) 695-6070

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com
35240-001

August 20, 2025

**Via ECF**
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

      Re:    **Daryl Fred Heller**
             **Ch. 11; Case No. 25-11354 (JNP)**

**Letter Brief in Further Support of Motion for an Order Approving the Agreement Amongst the Debtor, Charlene Heller, and Orrstown Bank Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure [ECF 213] and Motion for an Order Approving the Agreement Amongst the Debtor, Heller Capital Group, LLC, Heller Investment Holdings, LLC, and Deerfield Capital, LLC, Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure [ECF 158].**

Dear Judge Poslusny:

      As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), in the above referenced matter. Kindly accept this Letter Brief in lieu of a more formal memorandum of law, in further support of the (i) Motion for an Order Approving the Agreement Amongst the Debtor, Charlene Heller, and Orrstown Bank, Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure (the "Orrstown 9019 Motion") [ECF 213], and (ii) the Motion for an Order Approving the Agreement Amongst the Debtor, Heller Capital Group, LLC, Heller Investment Holdings, LLC, and Deerfield Capital, LLC, Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure (the "Deerfield 9019 Motion" and together with the Orrstown 9019 Motion, the "9019 Motions") [ECF 258] (the "Legal Brief in Further Support").

      On August 6, 2025, during the hearing on 9019 Motions, Your Honor raised concerns regarding (i) whether a Debtor must testify regarding his business judgment pertaining to the Orrstown 9019 Motion, and (ii) the admissibility of the Debtor's certification (the "Debtor's Certification") in support of the Deerfield 9019 Motion, should the Debtor not provide live testimony, subject to cross-examination.

Honorable Jerrold N. Poslusny, Jr.
August 20, 2025
Page 2 of 6

The threshold issue before the court is whether the Debtor can establish that he exercised proper business judgment in settling with Deerfield and Orrstown without his testimony.[1] The Debtor submits that the court can approve the settlements based on the "totality of circumstances." Moreover, as set forth in In re Martin, 91 F.3d 389, 393 (3d Cir.1996), analyzing the compromises or settlement agreements under the Martin factors, courts should not have a 'mini-trial' on the merits.

### I.  A Debtor Can Establish Appropriate Business Judgment Without Testifying

The United States Bankruptcy Court for the Western District of Pennsylvania, explained as for the business judgment rule, "[a]ccordingly, the court should not interfere with or second guess the debtor's sound business judgment unless and until *evidence is presented* that establishes that the debtor's decision *was one taken in bad faith or in gross abuse of its retained business discretion*." In re Wheeling-Pittsburgh Steel Corp., 72 B.R. 845, 849 (Bankr. W.D. Pa. 1987) (citing Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. 1985) (emphasis added). The United States Court of Appeals for the Third Circuit explained, "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task." See In re Tower Air, Inc., 416 F.3d 229, 238 (3d Cir. 2005).

Similarly, a question arose in In re Still as to whether the opinion of a trustee's special counsel should be testified too:

> In support of his position, the Debtor relied [in his opposition], in part, on the opinion of the Trustee's special counsel, Mr. Neil Jokelson. In that regard, the Debtor proposed to call Mr. Jokelson as a witness. The Trustee, however, objected to the admission of testimony from her special counsel on the basis of attorney/client privilege.

See In re Still, 444 B.R. 520, 523 (Bankr. E.D. Pa. 2010). Although the Court denied the Trustee's Motion in Limine to prohibit his special counsel from testifying regarding the attorney-client privilege between the trustee and special counsel, the Still court noted that the issue should be decided on a "case by case" basis. Id., 444 B.R. at 522-23.

"Case law teaches that when considering the relevant factors [for approving a settlement agreement] the court should avoid second-guessing the Trustee in the exercise of his or her business judgment, but rather should endeavor to ascertain whether the terms of the Trustee's proposed settlement fall below the lowest range of reasonableness." Id., 444 B.R. at 523. Although

---

[1] The Debtor has not been able to identify any cases which are exactly on point. The objecting parties also have not put forth any cases suggesting that the only way to establish a debtor's business judgment is through the Debtor's testimony. As set forth more fully herein, the Debtor asserts that the Court should consider the "totality of circumstances" on a "case by case" basis to establish that the Debtor exercised appropriate business judgment to settle with Deerfield and Orrstown and that the settlements do not fall "below the lowest range in the range of reasonableness."

4918-9250-2112, v. 1

not directly on point as to whether the Debtor should testify, Still illustrates when business judgment should not be second guessed when making a determination on lowest range of reasonableness. Id. "Approval of the settlement lies within the sound discretion of the Bankruptcy Court." Id., (citing In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D.Pa.1986)).

Quoting In re Martin, the Still Court stated that, "[t]he Third Circuit has held that this particular process of bankruptcy court approval requires the Court to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromised proposal." Id., (citing Martin, 91 F.3d at 393). As argued by the Debtor, balancing the relative values of what the Debtor is receiving and what is being given in return, clearly establishes that the settlement falls well above the lowest range in the range of reasonableness and was not *taken in bad faith or in gross abuse of its retained business discretion*." See Id.; see also Wheeling-Pittsburgh, 72 B.R. at 849. No Court has opined on whether the only way to establish business judgment is through testimony from a debtor. In fact, it merely requires the Court to determine that the "settlement falls below the lowest range in the range of reasonableness." Still, 444 B.R. at 523 (referencing Neshaminy, 62 B.R. at 803).

The guidance of In re Still speaks to the issues before this Court, i.e., the Debtor as a Debtor-in-Possession, deciding against providing live testimony, which was exercised pursuant to his Fifth Amendment right against self-incrimination. Pursuant to Fed. R. Evid. 104(a), the Court has discretion to determine the admissibility of evidence and to assign whatever weight it deems appropriate. The Debtor submits the absence of live testimony affects only the weight the Court may give, not its admissibility. Fed. R. Evid. 104(a).

"Civil courts may draw a negative inference from a witness's assertion of Fifth Amendment privilege and refusal to testify at trial." Farace v. Indep. Fire Ins. Co., 699 F.2d 204, 210 (5th Cir. 1983)."[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). "While it is true that the invocation of the Fifth Amendment by a party in a civil proceeding is subject to the drawing of an adverse inference by the trier of fact, []such is not the case here." Matter of McGinnis, 18 B.R. 525, 527 (Bankr. N.D. Ga. 1982) (referencing Wehling v. Columbia Broad. Sys., 608 F.2d 1084 (5th Cir. 1979)). Thus, the Court is entitled to draw whatever inference it may from the Debtor's lack of live testimony pursuant to invoking his Fifth Amendment, but the inference does not necessarily have to be negative. Id. Accordingly, the Debtor's underlying business judgment remains admissible despite the invocation of the Fifth Amendment. The Court may appropriately consider the weight to assign that business judgment and any inference arising from the Debtor's decision to invoke the Fifth Amendment.

Furthermore, by analogy, courts have confirmed bankruptcy plans despite a debtor's invocation of the Fifth Amendment, despite the general requirement that a debtor must establish under §1129(a)(3) that the plan has been proposed in "good faith" by live testimony or a certification under §1129. Certainly, assessing the bona fides of confirming a plan is tethered in a

Honorable Jerrold N. Poslusny, Jr.
August 20, 2025
Page 4 of 6

debtor's business judgment. Invocation of a debtor's right to the Fifth Amendment alone did not provide a basis to deny confirmation. As stated in McGinnis:

> The debtor should not be unjustifiably penalized in this bankruptcy proceeding for exercising her Fifth Amendment rights. The court cannot conclude that the debtor is deriving any benefit other than that provided by law. The court concludes that the debtor's plan comports with 11 U.S.C. s 1325(a)(3), that it should be confirmed, and Brown Ford's objections should be overruled.

McGinnis, 18 B.R. at 527.

The standard of proof for confirmation of a plan is 'preponderance of the evidence.' To approve a settlement, the bankruptcy court looks to the Martin factors and whether the settlement "falls below the lowest range in the range of reasonableness." See Martin, 91 F.3d at 393; see also Still, 444 B.R. at 523 (referencing Neshaminy, 62 B.R. at 803). Accordingly, the standards of proof for confirmation of a plan and approving a settlement appear to be similar, albeit approving a settlement may be less restrictive.

In McGinnis, the Brown Ford Company ("Brown Ford"), objected to the debtor's chapter 13 plan arguing that it only offered creditors a one-percent (1%) distribution on their claims. McGinnis, 18 B.R. at 526. As a result, Brown Ford argued that the plan was not proposed in good faith and the case should be converted or dismissed. Id. Brown Ford further argued that since the debtor asserted her Fifth Amendment right against self-incrimination, it showed that the debtor's "lack of disclosure" supported Brown Ford's argument that the plan was not proposed in good faith. McGinnis, 18 B.R. at 527.

The McGinnis court opined that, "[w]hen all is said and done, the good faith determination must be made on a case by case basis, based on a totality of circumstances." Id. Moreover, the court stated that, "there has been no showing that the debtor has not properly and honestly disclosed facts material to this bankruptcy proceeding, nor that the plan has been proposed in such a way that is forbidden by law." Id. Similarly, herein, but for the unsupported and unverified comments by the objecting parties, there has been *no* evidence, let alone competent evidence to support denial of the settlements. Moreover, there is certainly no proof that the Debtor exercised his business judgment in bad faith or there was/is any gross abuse of the Debtor's 'business discretion.' Indeed, herein, the Court suggested that issues raised by any objector *may* not be considered without evidentiary support. The Court merely needs to canvas the issues and consider the value of what the Debtor is settling based upon the record and the Debtor's Certification to determine if the settlements meet the Martin factors. Martin, 91 F.3d at 393. Without any verified opposition, the Court need not look to the objectors' bare bones allegations to determine if the settlements fall below the lowest range in the range of reasonableness. Still, 444 B.R. at 523.

As stated in McGinnis, [t]he debtor should not be unjustifiably penalized in this bankruptcy proceeding for exercising her Firth Amendment rights." McGinnis, 18 B.R. at 527. Similarly, Mr. Heller should not be penalized for exercising his rights under the Fifth Amendment.

The Debtor urges the Court to consider the McGinnis decision as instructive and by analogy compare it to the "totality of circumstances" utilized in confirmation of a plan and not focus solely upon whether the Debtor testifies or not. Courts have confirmed bankruptcy plans even when the debtor invoked the Fifth Amendment, without unfairly penalizing the exercise of a constitutional right. Id. If plan confirmation, which imposes a more stringent standard, is permissible under those circumstances, then the 9019 Motions should likewise be approved, as they need only satisfy the far less demanding requirement of not, "falling below the lowest point in the range of reasonableness." Still, 444 B.R. at 523 (referencing Neshaminy, 62 B.R. at 803). Indeed, the settlement agreements impose far less of a burden for approval than confirmation of a bankruptcy plan, making it even more evident that such settlements should be approved; bearing in mind that the Court should not second-guess the Debtor's business judgment unless competent evidence is presented showing the business judgment was "taken in bad faith" or by "gross abuse." Wheeling-Pittsburgh, 72 B.R. at 849 (citing Lubrizol, 756 F.2d at 1047).

## II. The Debtor's Certification in Support of the Deerfield 9019 Motion is Admissible Despite Not Providing Live Testimony

In support of the Deerfield 9019 Motion, the Debtor submitted the Debtor's Certification. ECF 258. Pursuant to Fed. R. Evid. 104(a), the Court has discretion to determine the admissibility of evidence and to assign whatever weight it deems appropriate. In this context, the Debtor's Certification is admissible regardless of whether live testimony is proffered. The Debtor submits the absence of live testimony affects only the weight the Court may choose to give the Debtor's Certification, not its admissibility. See Fed. R. Evid. 104(a).

Settlements and compromises should be approved where it is shown that they are "fair and equitable." Protective Comm. For Indep. Stockholders of TMT Trailer Ferry. Inc. v. Anderson, 88 S.Ct. 1157, 1163 (1968); In re Mavrode, 205 B.R. 716, 721 (Bankr. D.N.J. 1997). The Debtor has expressed, that in his business judgment, he should enter into the agreements underlying the 9019 Motions. "Accordingly, the court should not interfere with or second guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." Wheeling-Pittsburgh, 72 B.R. at 849 (citing Lubrizol, 756 F.2d at 1047). No competent evidence has been produced to show the Debtor's decision to enter into the agreements was taken in bad faith or in gross abuse of his business discretion.

Honorable Jerrold N. Poslusny, Jr.
August 20, 2025
Page 6 of 6

    For the foregoing reasons, we respectfully request that the Court not prejudice the Debtor while considering the 9019 Motions. Thank you for the Court's attention to this matter.

        Respectfully submitted,

        */s/ Sari B. Placona*

        Sari B. Placona