# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Kimberly J. Schiffman**        Direct Dial: **+1 212 210 9571**        Email: **Kimberly.Schiffman@alston.com**

August 20, 2025

<u>VIA ELECTRONIC FILING</u>

Honorable Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, New Jersey 08101

Re:    *In re Daryl Fred Heller*, Case No. 25-11354

Dear Judge Poslusny,

This firm is counsel to Silverview Credit Partners, L.P. ("<u>Silverview</u>"). We thank the Court for providing Silverview with the opportunity to submit this letter regarding whether, in the context of a Federal Rule of Bankruptcy Procedure 9019 ("<u>Federal Bankruptcy Rule 9019</u>") motion filed by the Debtor, the Court may approve the proposed settlement without an evidentiary record established by the Debtor supporting such settlement (the "<u>Question Presented</u>"). As explained below, we respectfully submit that the answer to the Question Presented is no.

**I.    Under the Federal Bankruptcy Rule 9019 Standard, a Court Cannot Approve a Settlement Absent an Evidentiary Record from the Individual Debtor or Estate Fiduciary; Testimony or Submissions from Third Parties Alone Cannot Satisfy the Burden.**

Federal Bankruptcy Rule 9019 provides that "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. A bankruptcy court may approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("[T]he ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'") (citation omitted); *In re Northwestern Corp.*, No. 03–12872 (KJC), 2008 WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("'[T]he bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate.'") (quoting *In re Key3media Grp., Inc. v. Pulver.Com, Inc. (In re Key3media Group, Inc.),* 336 B.R. 87, 92 (Bankr. D. Del.2005), *aff'd*, No. 03-10323 (MFW), 2006 WL 2842462 (D. Del. Oct. 2, 2006)).

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

*In re Daryl Fred Heller*, Case No. 25-11354
August 20, 2025
Page 2

"Ultimately, the decision whether or not to approve a settlement agreement lies within the sound discretion of the Court." *In re Nortel Networks, Inc.*, 522 B.R. 491, 510 (Bankr. D. Del. 2014). In the Third Circuit, courts give deference to a debtor's business judgment if there is a legitimate business justification for settlement. However, this deference is bound by the court's independent obligation to ensure that the settlement is fair, reasonable and in the best interests of the estate. *See In re Princeton Alt. Income Fund, LP*, Bankr. Case No.: 18-14603, 2019 Bankr. LEXIS 2770 (Bankr. D.N.J. Aug. 29, 2019). Importantly, the evidentiary record must be sufficient for a court to make an informed, independent decision as to whether the settlement is in the best interests of the estate and its stakeholders. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 299 (Bankr. D. Del. 2006); *In re Key3Media Grp., Inc.*, 336 B.R. at 92.

The "fair and equitable" standard, first articulated by the United States Supreme Court in *In re TMT Trailer Ferry, Inc.*, is the overarching principle guiding the court's analysis. "The record must show that the compromise is fair and equitable. The court is not to merely rubber stamp the proposal but must apprise itself of all facts necessary for an intelligent and objective opinion. . . ." *In re TMT Trailer Ferry, Inc.*, 390 U.S. at 434. The *Martin* factors are the means by which the court is to independently evaluate whether a proposed settlement meets this standard and is in the best interests of the estate. *See Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996).[1] An evidentiary showing is required to satisfy the *Martin* standard. *See In re Martin*, 91 F. 3d at 393; *In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984) (court analogized bankruptcy settlements to class action settlements, where courts must exercise discretion grounded in a substantial factual record). The court's review is thus both deferential and searching—deferential to the extent that the debtor's business judgment is entitled to weight, but searching in that the court must independently determine that the settlement is justified.

In regard to a debtor's business judgment, Federal Bankruptcy Rule 9019 squarely places the burden on the debtor, as the fiduciary of the estate, to demonstrate, by a preponderance of evidence, that a proposed settlement is fair, equitable, and in the best interests of creditors and satisfies the *Martin* factors. In other words, the debtor carries the burden of persuasion to provide the court with sufficient information to conclude that the compromise falls within the lowest point in the range of reasonableness. *See In re World Health Alternatives, Inc.*, 344 B.R. at 296; *In re Key3Media Grp., Inc.*, 336 B.R. at 93; *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471 (Bankr. Del. 2010); *Velde v. First Int'l Bank & Trust (In re Y-Knot Constr., Inc.)*, 369 B.R. 405, 408 (B.A.P. 8th Cir. 2007); *In re Retz*, No. 04-60302-7, 2005 Bankr. LEXIS 3121, at *26 (Bankr. D. Mont. June 20, 2005).

---

[1]    The four *Martin* criteria that a bankruptcy court should consider are: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors. *In re Martin*, 91 F.3d at 393.

*In re Daryl Fred Heller*, Case No. 25-11354
August 20, 2025
Page 3

***Significantly***, that burden cannot be shifted to, or satisfied by, the non-debtor counterparty, whose interests are necessarily adverse to the estate. The Third Circuit has made clear that courts must conduct an independent review under *In re Martin*, and such a review requires competent evidence from the estate fiduciary. *See generally In re Dewey & LeBeouf LLP*, 478 B.R. 627, 636 (Bankr. S.D.N.Y. 2012) (argument of counsel is not evidence.); *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471, 514 (Bankr. D. Del. 2010) (settlement supported by testimony of debtors' professionals); *Stanziale v. U.S. Risk Ins. Grp., Inc. (In re NovaPro Holdings, LLC)*, 815 Fed. App'x 655, 658 (3rd Cir. 2020) (quoting *in re TMT Trailer Ferry, Inc.*, 390 U.S. at 437) ("[T]he Court did not rely on Trustee's 'bald assertions' about the claims . . . but rather considered the Trustee's testimony alongside the financial advisor's robust analysis."); *see also, e.g.*, *Jones v. Butler Metro. House. Auth.*, 40 Fed. App'x 131, 125 (6th Cir. 200) (the Sixth Circuit affirmed the decision to strike affidavits that "give only each individual's impressions of what others in the organization were thinking and their opinion about those impressions." The affiants did not have authority over the relevant decisions within the organization.); *Wilson v. Budco*, 762 F. Supp. 2d 1047, 1063 (E.D. Mich. 2011) (holding that testimony stating that "[Individual 1] was trying to get a rise out of [Individual 2] is a conclusory speculation of what [Individual]'s intentions . . . [and thus] is inadmissible."); FED. R. EVID. 602 (A "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). That is—***if the fiduciary does not make the case, the settlement must fail***.

## II.    The Settlement Motion Cannot be Approved Because the Debtor has Failed to Submit Any Evidence in Support Thereof.[2]

As Your Honor may recall, on May 20, 2025, the Debtor filed the Settlement Motion [D.I. 258], which seeks this Court's approval of a settlement agreement by and between the Debtor, Heller Capital Group, LLC, Heller Investment Holdings, LLC, and Deerfield Capital, LLC. Pursuant to the Court's *Order Shortening Time and Scheduling Hearing to Consider the Proposed Settlements* [D.I. 374], an evidentiary hearing to consider the Settlement Motion was scheduled for August 6, 2025. On August 6, 2025, a hearing on the Settlement Motion was held and continued, in part because the Court requested supplemental briefing on the Question Presented.[3]

For the reasons set forth in Silverview's Motion to Strike and forthcoming response to the Debor Reply, the Debtor Certification is not admissible evidence. ***The Debtor has submitted no other purported evidence—declaration, witness testimony or otherwise—***

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Document re: Letter re: 9019 Motion and Request to Strike Heller Certification* ("Motion to Strike") [D.I. 445].

[3]    In support of the Settlement Motion, the Debtor submitted the certification of the Debtor (the "Debtor Certification"). On August 5, 2025, Silverview filed the Motion to Strike the Debtor Certification. At the hearing, the Court established a briefing schedule with respect to the Motion to Strike. On August 14, 2025, the Debtor filed a reply to the Motion to Strike [D.I. 476] (the "Debtor Reply"). Silverview has until August 22, 2025 to file a response to the Debtor Reply.

*In re Daryl Fred Heller*, Case No. 25-11354
August 20, 2025
Page 4

**in support of the Settlement Motion**, and the Debtor's window for producing such information has now closed—partly as a result of his own request to expedite the hearing on the Settlement Motion.[4] Consequently, the Debtor has not established an evidentiary record to support the Court's entry of an order approving the Settlement Motion. Simply put, the Settlement Motion is based purely on legal argument and not any facts supported by admissible evidence.

Assuming, *arguendo*, the Court allows submissions from a non-debtor to be considered as evidence in support of the Settlement Motion, for the reasons set forth above, the result does not change. To hold otherwise would not only deprive creditors of the independent assessment of the Debtor (*i.e.*, the estate fiduciary) required under Federal Bankruptcy Rule 9019 and the case law cited above, but also offend fundamental notions of due process by allowing a non-debtor (*i.e.*, non-fiduciary) to "stand in the shoes" of the Debtor for purposes of establishing an evidentiary record as to why the Settlement is in the best interests of the Debtor's estate.

Accordingly, absent admissible evidence from the Debtor, there is no basis for the Court to consider approval of the Settlement under Federal Bankruptcy Rule 9019.

Respectfully submitted,

*/s/ Kimberly J. Schiffman*
Kimberly J. Schiffman
*Counsel for Silverview Credit Partners, L.P.*

cc: All Counsel of Record (Via ECF)

---

[4]    On July 7, 2025, the Court entered the *Order Shortening Time and Scheduling Hearing to Consider Proposed Settlements* [D.I. 374] ("After review of the Application of [the Debtor] to Shorten Time to consider his proposed settlement[s] with Deerfield Capital, LLC (Dkt. No. 258). . . .)"