| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Haynes and Boone, LLP <br> 30 Rockefeller Plaza <br> 26th Floor <br> New York, NY 10112 <br> Telephone: 212.659.7300 <br> Richard Kanowitz (richard.kanowitz@haynesboone.com) <br> Lauren Sisson (lauren.sisson@haynesboone.com) <br> *Counsel to Chicago Atlantic Admin, LLC* | |
| In re: <br><br> DARYL FRED HELLER, <br><br>                           Debtor. | Case No. 25-11354 (JNP) <br><br> Chapter 11 |

**CHICAGO ATLANTIC ADMIN, LLC'S SUPPLEMENTAL BRIEF
IN SUPPORT OF OBJECTION TO DEBTOR'S MOTION FOR AN ORDER
APPROVING THE AGREEMENT AMONGST THE DEBTOR,
CHARLENE HELLER, AND ORRSTOWN BANK**

Chicago Atlantic Admin, LLC ("Chicago Atlantic") files this Supplemental Brief (the "Brief")[1] to the Objection to the *Debtor's Motion for an Order Approving the Agreement Between the Debtor, Charlene R. Heller, and Orrstown Bank* (the "Orrstown 9019 Motion") and respectfully states as follows:

**Preliminary Statement**

1. During the August 6, 2025, hearing (the "Hearing") on the Orrstown 9019 Motion counsel made the argument that it was highly unusual for a debtor in possession to neither (i) present a certification in support of a settlement motion or (ii) testify as to their business judgment in recommending the settlement. In response, Your Honor asked the parties whether they were aware of any cases where a motion to approve a settlement under Fed. R. Bankr. P. 9019 was

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in Chicago Atlantic's Objection [Doc. No. 282].

1

granted when the debtor in possession failed to present a certification or testify in support of the settlement at issue.

2. While counsel was unable to locate any case law addressing that specific issue,[2] Chicago Atlantic is in agreement with Debtor's counsel that this Court should consider the "totality of the circumstances" in evaluating whether the Orrstown 9019 Motion should be granted. Debtor's Letter Brief at 2.[3]

3. Debtor's counsel submitted a certification in her own name (the "Placona Certification") that not only fails to meet *any* of the requirements of D.N.J. LBR 7007-1 it also contains only one conclusory statement regarding the Debtor's business judgment.[4] The remainder of the certification simply restates the terms of the Settlement Agreement.

4. During the Hearing testimony was heard from Mrs. Heller and a representative of Orrstown Bank regarding the specifics of the Settlement Agreement. While this testimony may have cleared up some confusion regarding the terms and enlightened the Court as to why Mrs. Heller and Orrstown Bank would like the Orrstown 9019 Motion to be approved, it utterly failed to demonstrate that Mr. Heller has "exercised proper business judgment." Debtor's Letter Brief at 2.

5. The totality of the circumstances before this Court boils down to an improper and unenlightening certification and the testimony of two counterparties to the settlement who have no insight whatsoever into why the Settlement Agreement makes good business sense for the Debtor's bankruptcy estate and other creditors.

---

[2] Counsel was also unable to locate any opinions or orders where a 9019 Motion was approved *without* the debtor in possession or trustee's certification or testimony.
[3] Doc No. 488.
[4] "The Debtor has determined in his business judgment that it is in the best interests of creditors and his bankruptcy estate to enter into the Agreement with Orrstown." Certification in Support of Orrstown 9019 Motion at 3 [Doc. No. 213-2].

6. The Orrstown 9019 Motion should be denied.

## Argument

**A. The Placona Certification should be stricken or disregarded.**

7. D.N.J. LBR 7007-1 entitled Declaration, Certification, or Affidavit states as follows:

> Factual allegations presented in support of a motion must be contained in a sworn statement of the type referenced in 28 U.S.C. § 1746. The statement must be limited to facts within the personal knowledge of the signatory and attested to under penalty of perjury. The statement may not be combined with any legal argument.

8. The 2025 Comment to Rule 7007-1 states, in part, that "[the statement must contain wording in **substantially** the following form: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)." (emphasis added).

9. The Placona Certification concludes with the following: "I hereby certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment." Placona Certification at p. 8. These sentences are not "substantially" in the same form as the Rule provides.

10. Additionally, Rule 7017-1 provides that the certification be "limited to facts within the personal knowledge of the signatory." The Placona Certification contains only two references to the Debtor's business judgment or opinion on the Settlement Agreement, both of which are inadmissible hearsay, and neither of which provide any material facts as to *why* the Settlement Agreement meets the *Martin* factors.[5]

---

[5] "The Debtor has determined in his business judgment that it is in the best interests of creditors and his bankruptcy estate to enter into the Agreement with Orrstown." Placona Certification at 3. "The Debtor submits the Agreement is in the best interests of creditors and his bankruptcy estate." Placona Certification at 18.

3

11. Simply put, the Placona Certification provides no support for the Orrstown 9019 Motion, is improper, and should be stricken or disregarded in its entirety by the Court.

**B. The testimony of counterparties to the Settlement Agreement with no knowledge of the Debtor's business operations cannot be relied on to establish Heller's business judgment.**

12. The Debtor bears both the burden of proof and of persuasion under Fed. R. Bankr. P. 9019. It is common sense that the burden cannot be placed on the counterparty to an agreement who presumably negotiated the best deal for their needs, not what is in the best interest of the bankruptcy estate (to which they are a creditor).

13. The Debtor's entire case rests on the testimony of two individuals who have no knowledge or involvement in Heller's businesses, and therefore no insight into his business judgment. FRE 602 precludes witness testimony about matters not within the witness's personal knowledge. While the Rule does allow for a witness to prove their personal knowledge by testifying to it, neither Mrs. Heller nor the representative of Orrstown Bank offered any indication that they were aware of the Debtor's business reasons for entering the Settlement Agreement, nor were they asked. Their testimony was superfluous and did nothing to advance the Debtor's position.

14. The only support of the Orrstown 9019 Motion the Debtor has presented is argument of counsel, which is not evidence. *United States v. Zehrbach*, 47 F.3d 1252, 1267 (3d Cir. 1995) ("[A]rguments of counsel are not evidence…"). As such, the Orrstown 9019 Motion should be denied.

WHEREFORE, Chicago Atlantic requests that the Court enter an order (i) denying the Orrstown 9019 Motion and (ii) granting such other and further relief as the Court deems appropriate.

Dated: August 20, 2025

Respectfully submitted,

By: */s/ Lauren M. Sisson*
Richard S. Kanowitz
Lauren M. Sisson
HAYNES AND BOONE, LLP
30 Rockefeller Plaza
26th Floor
New York, NY 10112
Telephone: 212.659.7300
Email: richard.kanowitz@haynesboone.com
Email: lauren.sisson@haynesboone.com

Counsel to Chicago Atlantic Admin, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served by electronic mail via the Court's ECF system to all parties authorized to receive electronic notice in this case on August 20, 2025.

                                                */s/ Lauren M. Sisson*
                                                Lauren M. Sisson