MARTIN J. WEIS, ESQUIRE
**DILWORTH PAXSON LLP**
1650 MARKET STREET, SUITE 1200
PHILADELPHIA, PA 19103
TELEPHONE:      (215) 575-7000
FACSIMILE:       (215) 575-7200
EMAIL:              mweis@dilworthlaw.com
*Counsel for Orrstown Bank*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: <br><br> DARYL FRED HELLER, <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-11354 (JNP) |

**POST-TRIAL MEMORANDUM OF LAW OF ORRSTOWN BANK IN SUPPORT OF
MOTION TO APPROVE SETTLEMENT BETWEEN ORRSTOWN BANK,
CHARLENE R. HELLER AND DARYL HELLER**

Orrstown Bank hereby submits the following memorandum to address issues raised by the Court at the conclusion of testimony on the Motion to approve agreement between Orrstown Bank, Charlene R. Heller and Daryl Heller (the "Motion").

**Summary of Argument**

In order to approve a settlement, the Court must find that it is fair and reasonable. In order to find that it is fair and reasonable, the Court must perform the four prong *Martin* factor analysis. And if it can be shown that there is "a legitimate business justification," the trustee's judgment is, under most circumstances, afforded deference by the Court. See *In re Martin*, 91 F.3d. 389, 395 (3d Cir. 1996) (approving a settlement as fair and reasonable, the Court will "under normal circumstance. . . defer to the trustee's judgment so long as there is a legitimate business justification"). See also *In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D.N.J. 2000). Thus, establishing legitimate justification is not a prerequisite to the Court finding the settlement to be fair and

#125149365v2

reasonable; rather, the finding of legitimate business justification only goes to the proof necessary to establish that the settlement was fair and reasonable.

As set forth below, courts have found a business justification can be a established by, among other things, an enhancement of the estate. Here, the unrebutted evidence established that the agreement enhanced the estate by virtue of the elimination and reduction of claims; the freeing up of restrictions on assets; and the resolution of litigation (and concomitant elimination of legal expense and removal of risk) under circumstances were the estate is being asked to give up sixteen percent (16%) of its interest in a contested escrow.

In addition, multiple courts have approved settlements when the trustee (or debtor in possession) did not testify in support. In those instances, the court either relied on the underlying record of the matter being resolved and/or testimony of participants (counsel or witnesses) in the underlying proceedings.

**Background**.

On August 6, 2025, the Court took evidence on the Motion. At that hearing, the Court heard testimony from Bradley Tanguay, Senior Vice President and Director of Special Assets of Orrstown Bank, and Charlene R. Heller, the Debtor's spouse and a party to the agreement.

Eighteen exhibits were also introduced into evidence in support of the Motion. The objecting parties who participated at the hearing, Chicago Atlantic and the Prestige Funds, did not cross examine the witnesses or introduce any evidence of their own. The Debtor was not identified by any party on their pre-trial witness lists and, while present at the hearing, did not testify.[1] The

---

[1] The hearing on the motion to approve the agreement among Orrstown Bank, Charlene R. Heller and Daryl F. Heller is a legal proceeding distinct from the Debtor's motion seeking approval of his settlement agreement with Deerfield Capital. In connection with the Orrstown/Charlene R. Heller proceeding, the Debtor did not submit a supporting certification and no party called the Debtor as a witness at that proceeding. Therefore, it cannot be said that the Debtor refused to testify and exercised his Fifth Amendment rights in connection with the Orrstown/Charlene R. Heller proceeding, and hence no adverse interest may be drawn from the Debtor's failure to testify.

2

settlement agreement was executed by the Debtor and the Motion was filed and prosecuted by his counsel.

At the conclusion of the proceeding, the Court requested that the parties simultaneously submit post-trial memoranda addressing the following issue:

- Can the Court make a decision as to the trustee's (here debtor in possession's) business judgment when the trustee (debtor in possession) did not testify?

Orrstown Bank submits that, in the first instance, the Court can make the business purpose finding based on the record before it. In the event, though, the Court does not find a legitimate business justification, the evidence presented at trial still established the basis for the approval of the agreement.

    A.    **The Business Judgment Standard Is An Evidentiary Presumption And Can Be Established With Objective Evidence.**

The business judgment consideration articulated in *Martin* is an evidentiary presumption. If established, it permits deference to the decision of the trustee. *Martin*, 91 F.3d at 395. The presumption can be overcome by a showing that the decision was clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. *Great Atlantic & Pac. Tea Co., Inc.*, 472 B.R. 666, 672-73 (Bankr. S.D.N.Y. 2012.)

To establish a fact in a case, including the state of mind, a Court can look to objective evidence.[2] *See, e.g.*, *Scimeca v. Umanoff*, 169 B.R. 536 (D.N.J. 1993), aff'd sub nom. *In re Scimeca*, 30 F.3d 1488 (3d Cir. 1994) (fraudulent intent can be established by circumstantial evidence or by inferences drawn from course of conduct as established by evidence); *Resolution*

---

[2] The Bankruptcy Code is replete with examples of instances where the ultimate burden of proof will, as a practical matter, need to be established through evidence other than the debtor's testimony, notwithstanding that it is the debtor's actions and/or frame of mind which is at issue. See, e.g., §11 U.S.C. §548(a)(1) (proving debtor's actual intent to hinder, delay or defraud creditors); §523(a)(6)(proving willful and malicious injury by the debtor); §727(a)(4)(A)(knowingly making a fraudulent oath); and §1112(b)(4)(bad faith filing).

3

*Tr. Corp. v. Fidelity & Deposit Co. of Maryland*, 205 F.3d 615, 642-44 (3d Cir. 2000) (holding that use of objective evidence of intent can be sufficient to prove a subjective state of mind); *Package Shop, Inc. v. Anheuser-Busch, Inc.*, 675 F. Supp. 894, 918 (D.N.J. 1987) ("Although questions of motivation implicate the actual state of mind of actors whose conduct is being challenged, in practice the state of mind of antitrust defendants must be inferred from objective business conditions."); *In re Kaufmann*, 675 F.2d 127, 128 (7th Cir. 1981) ("Intent, however, 'must be gleaned from inferences drawn from a course of conduct.'").

Courts have found that the business judgment standard is established when the transaction in question results in an enhancement to the estate. *See In re J.C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532 (5th Cir. 2022)(finding business judgment established by enhancement to estate resulting from lease rejection, notwithstanding fraudulent misstatements of debtor's agent in rejection process); *Richmond Leasing Co., v. Capital Bank, N.A.,* 762 F.2d 1303, 1309 (5th Cir. 1985); *In re Food Barn Stores*, 107 F.3d 558, 568 (5th Cir. 1997); *In re Philadelphia Newspapers, LLC*, 424 B.R. 178, 182 (Bankr. E.D. Pa. 2010)(finding business judgment established based on limited stipulated record which did not include testimony from debtor in possession); *In re LRP Mushrooms, Inc.*, No. 2010 WL 2772510, *6 (Bankr. E.D.Pa. July 13, 2010); *GBL Holding, Co. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251 (D.N.D. Tex. 2005) (affirming bankruptcy court approval of decision to sell debtor's assets where evidence established that sale would maximize value of property to be sold and proposed auction likely to generate sufficient revenue to satisfy estate's creditors' claim).[3]  Orrstown Bank submits, therefore, that a legitimate business

---

[3] Multiple courts in this District have included such language in Orders approving motions. *See also In re Eagle Recycling Sys., Inc.*, No. 13-18412, 2013 WL 4476859, at *5 (Bankr. D.N.J. Aug. 15, 2013) (holding that debtors demonstrated that the sought assumption and assignment of contracts enhanced the value of debtors' estate and, accordingly, was an exercise of sound business judgment); *see also In re Adamar of New Jersey, Inc.*, No. 09-20711, 2009 WL 8189221, at *6 (Bankr. D.N.J. Oct. 27, 2009) (same); *In re Against All Odds USA, Inc.*, No. 09-10117, 2009 WL 8189217, at *4 (Bankr. D.N.J. May 28, 2009) (same).

4

justification can be established by objective evidence and the testimony of the debtor in possession is not required.

Here, the evidence established that the transaction contemplated by the agreement would enhance the estate. Claims against the beach house escrow of approximately $1.6 million; claims against the estate in excess of one million dollars; and other litigation involving the estate will be withdrawn or resolved. Based on such enhancements, a legitimate business justification for the agreement was demonstrated. Redundant testimony from the debtor should not be necessary as the legitimate business justification was established through the evidence of record.

### B.     Testimony From The Debtor Was Not Required Here.

Courts have approved settlements where the trustee did not testify and/or based on other evidence. Indeed, at least one appellate court has specifically found that it was not erroneous for the trustee not to have testified. In *In re Mandel*, the District Court reviewed the Bankruptcy Court's approval of a settlement entered into by the trustee resolving objections to claims of various creditors despite an objecting parties' contention on appeal that reversible error was committed due to the trustee's failure to testify at the hearing regarding the settlement. No. 10-40219, 2015 WL 1010488, at *1 (E.D. Tex. Mar. 6, 2015). At the hearing, the trustee called no witnesses in support of the settlement, choosing instead to rely on the record from prior proceedings in the case. *Id.* at *2. The Bankruptcy Court approved the settlement and NeXplore, an objecting creditor, appealed the decision on the basis that the trustee failed to offer any evidence in support of the settlement. *Id.* at *2-3 ("NeXplore appears to be arguing that because the Trustee did not testify, and because the Trustee did not offer evidence, NeXplore was robbed of its due process right to cross-examine the Trustee and contest his evidence."). On appeal the District Court held that the Bankruptcy Court did not abuse its discretion in approving the settlement despite the trustee not offering evidence in support of the settlement, finding that the Bankruptcy

5

Court properly took notice of and reviewed the lengthy record in the bankruptcy case, which was replete with evidence to support the settlement, was sufficient. *Id.* at *3-4.

Similarly, in *Young Hui Kim v. Field*, No. 18-00168, 2018 WL 6184880, at *3-4 (D. Hi. Nov. 27, 2018), the District Court affirmed a finding by the Bankruptcy Court which found the proposed settlement entered reasonable, yet did not hear testimony from the trustee. In *Young*, the Bankruptcy Court based its findings on the debtor's responses to interrogatories, the adversary proceeding at issue in the settlement, and the debtor's testimony. *Id*.

In *In re Andre Chreky, Inc.*, 448 B.R. 596 (D.D.C. 2011) the District Court affirmed Bankruptcy Court's approval of a settlement where the sole witness before the Bankruptcy Court was not the debtor in possession, but rather its state court trial counsel, Paul Kiernan. That testimony which, like here, was uncontested, largely involved counsel's analysis of the strength of the claims being settled and a report of the negotiations. Significantly, the opinion makes no mention of the trustee or debtor-in-possession's thought process. *See Chreky*, 448 B.R. at 604 ("[T]he Court finds that the Bankruptcy Judge's sole reliance on Mr. Kiernan's testimony was proper.")

In *In re Johnson*, the Bankruptcy Appellate Panel for the Tenth Circuit reviewed the Bankruptcy Court's approval of a settlement by the trustee of a prepetition defamation case. No. WO-99-051, 2000 WL 104771, at *1-2 (B.A.P. 10th Cir. Jan. 31, 2000). While the trustee made statements to the Court at the settlement hearing, the trustee did not testify and does not appear to have been subjected to cross-examination. *Id.* at *2. The Bankruptcy Court approved the settlement over the objection of the debtor, relying on testimony of a state court defense witness regarding the merits of the defamation suit. *Id.* On appeal the BAP examined the status of the adversary case and held that the record adequately supported the decision by the Bankruptcy Court to approve the settlement. *Id.* at *5-6.

Finally, the Debtor signed the agreement (which was notarized and hence, independently admissible) under seal, and the Motion was filed and prosecuted by his counsel. The Debtor was present in the courtroom at all times and no indication was given that he was not in agreement with pursuing the settlement.

**Conclusion.**

Courts reviewing settlements are not required to hear testimony of the trustee (or debtor in possession) in order to establish that the agreement is fair and reasonable. If, though, the Court finds a legitimate business purpose for the agreement, such as the enhancement of the estate, it should give a decision to settle significant deference. In order to make such a finding, the Court need only look at circumstantial or objective evidence and is not required to hear actual testimony from the trustee.

Here, Orrstown Bank submits that the record evidence established a legitimate business justification and, as such, the Court did not need to hear testimony from the Debtor on this point and should give the Debtor significant deference. To the extent that the justification was not established or the Court declines to give such deference, the Court should still determine that the settlement was fair and reasonable and approve it based on the uncontroverted record before it. As set forth above, multiple courts have established that the testimony of the trustee or debtor in possession is not required to make such findings.

WHEREFORE, Orrstown Bank respectfully requests that this Court approve the Agreement and grant such other relief as it deems appropriate.

|  |  |
|---|---|
|  | Respectfully, |
|  | /s/ Martin J. Weis |
|  | Martin J. Weis |
|  | Dilworth Paxson LLP |
|  | 1650 Market Street, Suite 1200 |
|  | Philadelphia, PA 19103 |
|  | (215) 575-7000 |
|  | mweis@dilworthlaw.com |
| Date: August 20, 2025 | *Attorney for Orrstown Bank* |

8

#125149365v2