**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Gerard Catalanello, Esq.
James J. Vincequerra, Esq. (admitted *pro hac vice*)
Seth M. Cohen, Esq. (admitted *pro hac vice*)
Kimberly Schiffman, Esq. (admitted *pro hac vice*)
Jonathan P. Wieder, Esq. (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
15th Floor
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email:  Gerard.Catalanello@alston.com
        James.Vincequerra@alston.com
        Seth.Cohen@alston.com
        Kimberly.Schiffman@alston.com
        Jonathan.Wieder@alston.com

– and –

Enrique Chaljub Garcia, Esq. (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Enrique.Chaljub@alston.com

*Counsel to Silverview Credit Partners, L.P.*

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>Debtor. | Case No.: 25-11354-JNP<br>Hon. Jerrold N. Poslusny, Jr.<br>Chapter 11 |

**SILVERVIEW CREDIT PARTNERS, L.P.'S RESPONSE TO DEBTOR'S REPLY [D.I. 476] TO SILVERVIEW'S MOTION TO STRIKE HELLER CERTIFICATION [D.I. 445]**

Silverview Credit Partners, L.P. ("Silverview"), by and through its undersigned counsel, respectfully submits this response (the "Response") to Daryl Fred Heller's (the "Debtor") reply (the "Debtor Reply") to Silverview's request to strike (the "Motion to Strike") the Debtor's

certification (the "Heller Cert.") in support of the Debtor's 9019 Motion.[1] In support of its Response, Silverview respectfully states as follows:

**REPLY**

1. The Debtor Reply is fundamentally divorced from the facts and law. For the reasons set forth herein and in Silverview's Motion to Strike, the Court should (i) grant Silverview's Motion to Strike; (ii) disregard any and all arguments that rely on the Heller Cert.; (iii) deny the 9019 Motion; and (iv) grant such other and further relief as is just and proper.

**I.    The Heller Cert. Is Not Admissible under FED. R. EVID. 801(d)(2)[2] as a Statement of a Party-Opponent.**

2. At the outset, Federal Rule of Evidence 801(d)(2) does not apply. The Debtor endeavors to use Federal Rule of Evidence 801(d)(2) to admit the self-serving Heller Cert. by reclassifying the Heller Cert. as a statement from a party-opponent. "The law is clear . . . a defendant cannot elicit his or her own self-serving hearsay statements, whether through direct or cross-examination. Rather, he or she may only introduce such statements by taking the stand and testifying as to his or her own statements." *United States v. Evers*, 2022 U.S. Dist. LEXIS 202936, at *7 (M.D. Pa. Nov. 7, 2022) (internal quotation marks omitted).

3. Federal Rule of Evidence 801(d)(2) "provides five instances in which an opposing party's statements are not hearsay and in each instance the statement, whether made by the opposing party or another specified in the rule, must be a 'statement . . . offered ***against*** an opposing party.'" *Id.* (quoting FED. R. EVID. 801(d)(2)) (emphasis in original); *see also United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985); *United States v. Wilkerson*, 84 F.3d 692,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion to Strike.
[2] In relevant part, Rule 801(d)(2) of the Federal Rules of Evidence (each, a "Federal Rule of Evidence" and collectively, the "Federal Rules of Evidence") provides that a statement is not hearsay if the statement is offered against an opposing party and certain other criteria are satisfied. *See* FED. R. EVID. 801(d)(2).

696 (4th Cir. 1996) (while admissions by a party-opponent are not considered hearsay and therefore can be admitted against that party under Federal Rule of Evidence 801(d)(2), the Federal Rules of Evidence do not permit admission of self-serving statements made by a party which are being sought for admission by that same party).

4. After considerable effort to parse the rest of the Debtor's argument, it appears twofold: (1) because "Deerfield offer[ed] the Debtor's Certification in support of the [9019 Motion], pursuant to Fed. R. Evid. 801(d)(2), it is a statement by a party opponent and thus admissible as evidence;"[3] and (2) the party-opponent exception to hearsay applies because the Debtor, by entering into a settlement agreement, has unilaterally transformed his own statements into those of an opposing party.[4]

5. The Debtor's first argument is facially incorrect. The 9019 Motion was filed by the Debtor himself, not Deerfield. Thus, the Heller Cert. offered in support of the 9019 Motion cannot have been offered by a party-opponent. That factual error alone is fatal. The argument collapses under the weight of its own inaccuracy and requires no further attention.

6. Second, the Debtor does not at all attempt to provide case law to support his argument that he is a party-opponent simply because of the submission of a settlement agreement. The notion that a party can designate its own statements as those of an opponent simply by entering into a settlement agreement is not only unsupported—it is antithetical to the basic logic and purpose of the rule. *See cf.* FED. R. EVID. 801(d)(2). The Debtor directs the Court to a single legal authority to support his circular argument—*United States v. Bakshinian*, 65 F. Supp. 2d 1104 (C.D. Cal. 1999).

---

[3] Debtor Reply at p. 3.
[4] *See* Debtor Reply at p. 3 ("In the present matter, the Debtor's Certification is a statement of a party opponent, adverse to certain rights Deerfield is entitled to, which it is forgoing under the Agreement.").

3

7. The Debtor asserts that *United States v. Bakshinian* is illustrative with respect to the "admissibility of a statement of a party opponent pursuant to Fed. R. Evid. 801(d)(2)."[5] We agree. In *Bakshinian*, defendant-Bakshinian sought to admit a statement made by the government in an unrelated case (the "Nabaie Trial"). *See Bakshinian*, 65 F. Supp. 2d at 1105. The court held that the statement by the government prosecutor in the Nabaie Trial was that of a party-opponent. *See id.* at 1106. *Bakshinian* is inapplicable. The Debtor is trying to admit his ***own*** statements for consideration by the Court, not those of a party-opponent.

8. Accordingly, the Heller Cert. is not admissible under Federal Rule of Evidence 801(d)(2).

**II.     The Heller Cert. is Not Valid under 28 U.S.C. § 1746.**

9. The Debtor completely ignores the fact that courts in this District have held that the omission of the phrase "under penalty of perjury" renders the Heller Cert. inadequate pursuant to 28 U.S.C. § 1746. *See Bond v. Taylor*, No. 07-6128 (RBK/AMD), 2009 U.S. Dist. LEXIS 75380, at *5–6 (D.N.J. 2009). Instead, the Debtor focuses on the inclusion of the word "substantially" in the statute and claims that omitting the phrase "under penalty of perjury" entirely is only a "minor deviation."[6] *United States v. Branella,* 972 F. Supp. 294, 300 (D.N.J. 1997) expressly rejected that argument, finding that the exact language included in the Heller Cert. did not satisfy the 28 U.S.C. § 1746 requirement.

10. Accordingly, the Heller Cert. is not valid under 28 U.S.C. § 1746.

---

[5] Debtor Reply at p. 2.
[6] Debtor Reply at p. 3.

4

### III. The Heller Cert. Should be Stricken Because the Debtor-Declarant Has Refused to Make Himself Available for Cross Examination.

11. The Debtor interprets Silverview's third argument to be that "due to the Debtor invoking his Fifth Amendment right against self-incrimination," "the [Heller Cert.] must be stricken because he will not give live testimony subject to cross-examination."[7] However, this is a mischaracterization.[8] The Heller Cert. should be stricken because it contravenes well-established law requiring that a declarant be made available for cross examination. If the Debtor had testified and refused to testify for any reason on cross-examination, his direct examination would be similarly stricken. *See, e.g.*, *United States v. Frank*, 520 F.2d 1287, 1292 (2d Cir. 1975) ("by virtue of Allen's refusing to answer (for whatever reason) proper, relevant questions on cross-examination going directly to the heart of his testimony on direct examination, the direct testimony became hearsay, since not subject to cross-examination, and was therefore properly struck."). Certainly, the Debtor is not entitled to less scrutiny because he is attempting to introduce self-serving testimony through a document rather than through trial testimony.

12. At bottom: Through the Heller Cert., the Debtor declares that, in his sound business judgment, entry into the settlement with Deerfield is in the best interests of the estate.[9] The Debtor bears the burden of demonstrating, by a preponderance of the *evidence*, why that is the case. *See In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 93 (Bankr. D. Del. 2005), *aff'd*, No. 03-10323 (MFW), 2006 WL 2842462 (D. Del. Oct. 2, 2006); *In re Capmark Fin. Grp. Inc.*, 438 B.R. 471 (Bankr. Del. 2010). The Third Circuit has made clear—an affidavit submitted in a contested matter cannot be credited if the

---

[7] Debtor Reply at p. 4.
[8] Notably, the Debtor has tacitly admitted that he would, indeed, invoke his Fifth Amendment right if called upon to testify.
[9] Heller Cert. at ¶¶ 3, 18; *see also* 9019 Motion at ¶¶ 13, 17.

5

declarant is not made available for cross-examination. *In re Olick*, 311 F. App'x 529, 543 n.5 (3d Cir. 2008).[10]

13.  While the Debtor's assertion may be accurate in theory—that Federal Rule of Evidence 104(a) equips the Court with discretion to determine the admissibility and weight of evidence—that presupposes that actual evidence exists.[11] Here, for the reasons set forth above, there is none. What has been submitted is not evidence, but merely a piece of paper containing conclusory and unsupported assertions, which are entitled to no weight at all. *See Mangano V. Warriner (In re ID Liquidation One, LLC)*, 555 Fed. App'x, 202, 206-07 (3d Cir. 2014). Accordingly, there is a complete absence of an evidentiary record, in direct contravention of established Third Circuit law. *See Will v. Northwestern Univ. (In re Nutraquest, Inc.)*, 434 F.3d 636, 644 (3d Cir. 2006) (settlement approval requires factual findings supported by the record). And, for this reason, Silverview respectfully submits that the Court cannot undertake its independent obligation to ensure that the settlement is fair, reasonable, and in the best interests of the estate without reliable evidence and factual findings that support such a determination. *See In re Princeton Alt. Income Fund, LP*, Bankr. Case No. 18-14603, 2019 Bankr. LEXIS 2270 (Bankr. D.N.J. Aug. 29, 2019); *In re World Health Alternatives, Inc.*, 344 B.R. at 299; *In re ID Liquidation One, LLC*, 555 Fed. App'x at 206-07; *Newport Inv. Grp., LLC v. McDonnell (In re Glanton)*, 2024 U.S. Dist. LEXIS 232797, at *18 (D.N.J. Dec. 26, 2004).

14.  Accordingly, the Heller Cert. is inadmissible.

---

[10] Not only did Silverview object to the 9019 Motion, *see* D.I. 296, but several other creditors also filed objections. *See* D.Is. 290, 301, 307, 310, and 316. *See generally* FED. BANKR. R. P. 9014 (discussing contested matters).

[11] *See* Debtor Reply at p. 4.; FED. R. EVID. 104(a) (The court must decide . . . whether . . . evidence is admissible.).

**CONCLUSION**

15. For the reasons set forth herein and in the Motion to Strike, Silverview respectfully requests that the Court (i) strike the Heller Cert.; (ii) disregard any and all arguments that rely on the Heller Cert.; (iii) deny the 9019 Motion in its entirety for the Debtor's failure to satisfy his burden under *Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996); and (iv) grant such other and further relief as the Court deems just and proper.

Dated: August 22, 2025

By: */s/ Gerard Catalanello*
Gerard Catalanello, Esq.
James J. Vincequerra, Esq. (admitted *pro hac vice*)
Seth M. Cohen, Esq. (admitted *pro hac vice*)
Kimberly Schiffman, Esq. (admitted *pro hac vice*)
Jonathan P. Wieder, Esq. (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
15th Floor
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: Gerard.Catalanello@alston.com
      James.Vincequerra@alston.com
      Seth.Cohen@alston.com
      Kimberly.Schiffman@alston.com
      Jonathan.Wieder@alston.com

– *and* –

Enrique Chaljub Garcia, Esq. (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Enrique.Chaljub@alston.com

*Counsel to Silverview Credit Partners, L.P.*