UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on August 27, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Daryl Fred Heller

| | |
|---|---|
| Case No.: | 25-11354 |
| Chapter: | 11 |
| Hearing Date: | |
| Judge: | Poslusny |

# ORDER
## Proposed Confidentiality Order

The relief set forth on the following pages, numbered two (2) through _____, is **ORDERED**.

**DATED: August 27, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen V. Falanga, Esq.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Counsel for Luma Financial Group, LLC*

| | |
|---|---|
| In Re: | Bankr. Case No. 25-11354 (JNP) |
| DARYL FRED HELLER, | Chapter 11 |
| Debtor. | Hearing Date: August 26, 2025 @ 2:00 pm |
| | Hon. Jerrold N. Poslusny, Jr., U.S.B.J. |

## PROPOSED CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned case is likely to involve the disclosure of confidential information to be produced by Luma Financial Group, LLC ("Luma"), it is ORDERED as follows[1]:

1. With respect to this bankruptcy case (including any adversary proceeding or subsequently converted bankruptcy case) (collectively "Bankruptcy Case"), Luma, shall have the right to designate documents produced *after* the date upon which this Order is entered that relate to (y) Superior Products Holdings, LLC ("Superior Products") or (z) any entity that is not (i) majority owned, directly or indirectly, by the Debtor, (ii) controlled, directly or indirectly, by the Debtor, or (iii) that the Debtor, directly or indirectly, has the right to control (a "Non-Heller Entity") as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing relating to Superior Products or a non-Heller Entity: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that

---

[1] For present purposes and absent further Court Order, this Confidentiality Order shall apply solely to information and/or other documents and things subject to future production by Luma Financial Group, LLC .

contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure 7026 or 9018, and 11 U.S.C. § 107(b). Luma shall conspicuously mark any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

      2.      Luma shall have the right to designate as "Attorneys' Eyes Only" subject to this Order any Non-Heller Entity information or Non-Heller Entity document, or thing, or portion thereof that contains highly sensitive commercial or personal information, of the Non-Heller Entity, and where the disclosure of which is highly likely to cause significant harm to such Non-Heller Entity. Luma shall conspicuously mark any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, in each case of a Non-Heller Entity, with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

      3.      All Confidential and Attorneys' Eyes Only material designated and marked in accordance with this Order, shall be used by the receiving party solely for purposes of this Bankruptcy Case, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned Bankruptcy Case based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

      4.      Confidential material and the contents of Confidential material designated and marked in accordance with this Order, may be disclosed only to the following individuals under the following conditions:

      (a)      The Examiner and his professionals;

      (b)      Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the Bankruptcy Case) and relevant in-house counsel for the parties;

      (c)      Outside experts or consultants retained by outside counsel for purposes of this Bankruptcy Case, provided they have signed a non-disclosure

agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e) The Court and court personnel;

(f) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, proceeding support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(h) The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are reasonably required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

5. Confidential material designated and marked in accordance with this Order shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Attorneys' Eyes Only material designated and marked in accordance with this Order and the contents of such Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a) The Examiner and his professionals;

(b) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the Bankruptcy Case);

(c) In-house counsel designated in advance of disclosure by the parties who are necessary for the prosecution or defense of any motion or proceeding in this Bankruptcy Case;

(d) Outside experts or consultants retained by outside counsel for purposes of this Bankruptcy Case, provided they have signed a non-disclosure

agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(e) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(f) The Court and court personnel;

(g) Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(h) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, proceeding support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(i) To such other persons as counsel for the producing party agrees or as ordered by the Court.

7. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material, in each designated and marked in accordance with this Order, the party or non-party conducting the deposition shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with

Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting party shall serve on Luma a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for Luma shall respond in writing to such objection within 14 days (or such shorter time as may be reasonably necessary based on the scheduling of a contested matter or adversary proceeding), and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If Luma makes a timely response to such objection asserting the propriety of the designation, counsel shall promptly then confer in good faith in an effort to resolve the dispute, in accordance with Local Bankruptcy Rule 7037-1. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. This Order shall have full force and effect with respect to Luma's production of documents relating to Superior Products or a Non-Heller Entity and Edward A. Phillips (the "Examiner") immediately upon entry by this Court.

11. Any document designated and marked as "Confidential" or "Attorneys' Eyes Only" by Luma in accordance with this Order and which is to be filed with the Court shall be filed under seal, in accordance with Local Bankruptcy Rule 9018-1.

12. If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party or as otherwise directed by the Court.

13. Data Breach. If a party learns that material that party received in discovery pursuant to this Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

14. The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated and marked as such, regardless of whether the information, document or thing was so designated and marked at the time of disclosure, shall not be deemed a waiver in whole or in part of Luma's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from the production of the information, document or thing disclosed.

5

Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Order.

15. Luma's production of any information, document, or thing in this proceeding after the entry of this Order shall not constitute a waiver of its attorney-client privilege or work-product protection that may be asserted by Luma either in this Bankruptcy Case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and Federal Rule of Bankruptcy Procedure Rule 9017. When the inadvertent production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with this Order and Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Bankruptcy Procedure 7026. That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Federal Rule of Evidence 502(b) and Federal Rule of Bankruptcy Procedure 9017, or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

16. If a non-party in interest serves a party in interest in this Bankruptcy Case with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material designated and marked in accordance with this Order, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to Luma's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute heard by the Bankruptcy Court prior to the production of such material in response to the request. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner.

17. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non- confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Order.

18. This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19. This Order shall survive for one year after the termination of this Bankruptcy Case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

20.     Upon the final, nonappealable conclusion of this Bankruptcy Case, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that the Examiner and counsel may retain complete copies of all internal documents transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final, nonappealable conclusion of this Bankruptcy Case, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief, which the receiving party or parties may oppose.

21.     For the avoidance of doubt, this Order shall apply only to (i) documents produced by Luma that relate to Superior Products or any Non-Heller Entity and (iii) to such documents to the extent that they are produced *after* entry of this Order.

IT IS SO ORDERED.

Dated: _____              _____
                                         Hon. Jerrold N. Poslusny, Jr., U.S.B.J.

**EXHIBIT A**

**UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>DARYL FRED HELLER,<br><br>Debtor. | Bankr. Case No. 25-11354 (JNP)<br><br>Hon. Jerrold N. Poslusny, Jr., U.S.B.J.<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____ and the address of my present employment is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

    5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material designated and marked in accordance with the Confidentiality Order or any words, summaries, abstracts, or indices of such Confidential or Attorneys' Eyes Only material disclosed to me.

    6.    I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this Bankruptcy Case as provided in the Confidentiality Order.

    7.    As and to the extent required by the Confidentiality Order, no later than the final, nonappealable conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material designated and marked in accordance with the Confidentiality Order and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____  _____

[Name]