|  |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND**<br>**& BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, Debtor and*<br>*Debtor-in-Possession* |

Order Filed on September 3, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

DARYL FRED HELLER,

      Debtor.

Case No. 25-11354 (JNP)

Chapter 11

# ORDER AUTHORIZING RETENTION OF McCARTER & ENGLISH LLP
## AS CRIMINAL COUNSEL FOR DEBTOR

The relief set forth on the following pages, two (2) through three (3) is hereby **ORDERED**.

**DATED: September 3, 2025**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Upon the applicant's request (the "Application"), for authorization to retain McCarter & English, LLP ("McCarter & English"), as criminal counsel for the Debtor, Daryl Fred Heller (the "Debtor") and the United States Trustee (the "U.S. Trustee") having filed an Objection to the Debtor's retention of McCarter & English as criminal counsel (Dkt. 194), and the Court having conducted a hearing on the Application on June 10, 2025, and for the reasons set forth on the record at Dkt. 337, it is hereby ORDERED:

1. The applicant is authorized to retain the above party in the professional capacity noted. The professional's address is:  Four Gateway Center, 100 Mulberry Street
   Newark, New Jersey 07102

2. The Court approves McCarter & English as criminal counsel to the Debtor and approves the $150,000 post-petition retainer (the "Retainer") to be funded by only non-estate assets, specifically, the Debtor's 401(k) retirement account. McCarter & English must file fee applications for the Court to address the reasonableness of fees to be drawn from the Retainer and any other payments received by McCarter & English pursuant to sections 329 and 330 of the Bankruptcy Code. All parties in interest including Deerfield Capital, LLC ("Deerfield") and Orrstown Bank ("Orrstown") reserve their rights.

3. The requirement in the Engagement Letter that the Debtor must replenish the retainer is void during the pendency of this bankruptcy case. In addition, termination of McCarter & English's retention shall only commence upon entry of an order by this Court terminating McCarter & English's retention.

4. McCarter & English and/or Debtor's counsel shall notify all parties in interest including Orrstown and the U.S. Trustee if the source of any payment to be made to McCarter & English on account of services rendered in this case by McCarter & English is from Charlene Heller. Orrstown and the U.S. Trustee reserve their rights to challenge any payment to McCarter and English from the assets or property of Charlene Heller.

5. Prior to applying any increases in its hourly rates, McCarter & English shall provide ten (10) calendar days' notice of any such increases to the Debtor and the U.S. Trustee, and shall file such notice with the Court. Parties-in-interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

4936-8280-4323, v. 1

6. If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

☐ Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐ Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

7. The effective date of retention is the date the application was filed with the Court.

4936-8280-4323, v. 1