| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND**<br>**& BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel to Daryl Fred Heller*<br>*Chapter 11 Debtor and Debtor-in-Possession* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>      Debtor. | Case No. 25-11354 (JNP)<br><br>Chapter 11 |

**DEBTOR'S OPPOSITION TO DEERFIELD CAPITAL, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EXECUTE ITS PLEDGE AS TO HELLER INVESTMENT HOLDINGS, LLC AND GCC INVESTMENT HOLDINGS, LLC**

Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), by and through his counsel, McManimon, Scotland & Baumann, LLC, hereby submits his opposition (the "Opposition") to Deerfield Capital, LLC's ("Deerfield") Motion for An Order for Relief From the Automatic Stay to Execute its Pledge as to Heller Investment Holdings, LLC ("HIH") and GCC Investment Holdings, LLC ("GCC") (the "Motion").[1] The Debtor submits as follows:

**PRELIMINARY STATEMENT**

Deerfield's Motion is straightforward. Deerfield is requesting relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to exercise its rights under the Membership Pledge Agreement ("Pledge Agreement") as to HIH. See Memorandum of Law in Support of Motion ("Memo of

---

[1] Capitalized terms not defined herein shall have the same meaning is ascribed in the Motion. ECF 505.

Law"), at pg. 12; see also Certification of Eric Warfel in Support of Motion ("Warfel Cert."), at ¶ 4, Exhibit B. The Motion must be denied based on the simple fact Deerfield's ability to exercise its rights against HIH under the Pledge Agreement are contingent on the approval of the Motion for an Order Approving the Agreement Amongst the Debtor, Heller Capital Group, LLC, HIH, and Deerfield, Pursuant to 9019 of the Federal Rules of Bankruptcy Procedure ("Deerfield 9019 Motion"). ECF 258. Accordingly, the Motion is premature and must be denied or deferred until the Court has ruled on the Deerfield 9019 Motion.

## STATEMENT OF FACTS

1. On February 10, 2025, the Debtor filed his voluntary Chapter 11 petition under the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101, et seq. ECF 1.

2. On February 11, 2025, Deerfield filed a Motion for Relief From the Automatic Stay to Continue the State Court Proceedings Against the Debtor in Pennsylvania and New Jersey, Prohibit use of Cash Collateral, Transfer Venue and Expedited Discovery (the "Deerfield Stay Motion"). ECF 9.

3. On February 18, 2025, Deerfield filed a Motion to Appoint a Chapter 11 Trustee ("Deerfield Trustee Motion"). ECF 30. At that time, the issue of appointment of a Chapter 11 trustee pursuant to the Deerfield Trustee Motion became moot by the appointment of Edward A. Phillips, CPA ("Examiner") pursuant to the Order Directing the Appointment of an Examiner. ECF 99. On March 18, 2025, the Court entered an Order Approving the Appointment of a Chapter 11 Examiner selected by Office of the United States Trustee. ECF 131.

4. On May 20, 2025, the Debtor filed the Deerfield 9019 Motion. ECF 258. The hearing on approval of the Deerfield 9019 Motion is scheduled for a time in October.

5. On August 22, 2025, Deerfield filed the Motion. ECF 505.

**LEGAL ARGUMENT**

I. **The Motion for Stay Relief Pursuant to 11 U.S.C. § 362 Must be Denied as Premature**

6. Under Bankruptcy Code section 362, the filing of a petition operates as "a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

7. The automatic stay is considered "one of the most fundamental protections granted the debtor under the Bankruptcy Code." Midlantic Nat'l. Bank v. NJDEP, 474 U.S. 494, 503, reh'g denied, 475 U.S. 1090 (1986); accord In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.2d 631, 637 (3d Cir. 1998). The Third Circuit has noted that "[w]ithout question, the scope of the automatic stay is broad," and that "[a]ll proceedings are stayed, including judicial proceedings." Maritime Elec. Co v. United Jersey Bank, 959 F.2d 1194, 1203 (3rd Cir. 1991).

8. 11 U.S.C. § 362(d) provides:

> On request of a party in interest, and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) With respect to a stay of an act against property, if –
>     (A) the debtor does not have equity in such property; and
>     (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

9. The Third Circuit has recognized that the moving party bears the burden of proof on a motion for relief from the automatic stay. In re Ward, 837 F.2d 124, 128 (3d Cir. 1988).

10. The Third Circuit has further noted that "[t]he automatic stay was designed…'to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'" Borman v. Raymark Indus., Inc., 946 F.2d 1031, 1036 (3d Cir. 1991) (quoting Ass'n of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982)). As the legislative history of the Code provides, the automatic stay protects creditors also because "[w]ithout it, certain creditors would be able to pursue their own remedies against the debtor's property," and thus, "[t]hose who acted first would obtain payment of the claims in preference to and to the detriment of other creditors." 1978 U.S.C.C.A.N. 5787, 5835.

11. "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). In Queenie, the court stated, "[u]nder these principles, the stay applies to Queenie because it is wholly owned by Gardner, and adjudication of a claim against the corporation will have an immediate adverse economic impact on Gardner." Id.

12. The Motion must be denied as premature, as the Term Sheet underlying the Deerfield 9019 Motion – which would allow Deerfield to exercise its rights under the Pledge Agreement against HIH – "was conditioned upon approval of the [Deerfield] 9019 Motion." See Warfel Cert., at ¶¶ 11, 12, Exhibit E.

13. Under the principles stated in Queenie, the automatic stay can apply to non-debtors, in which allowing for stay relief for Deerfield to execute against HIH and GGC will

4

have an immediate adverse consequence on the Debtor's estate. Queenie, 321 F.3d at 287. Thus, the Court must extend stay protections to HIH and GCC to avoid this outcome. Id. This is particularly relevant when considering, "[t]he Debtor's only asset is cash from the sale of a property in Sea Isle which will shortly be exhausted." See Warfel Cert., at ¶ 15.

## CONCLUSION

14. For the foregoing reasons, the Debtor respectfully submits that the Motion should be denied as premature, as the issues raised are contingent upon the Court's resolution of the Deerfield 9019 Motion. Should the Court not be inclined to deny the Motion, alternatively, the Debtor requests that the Court defer ruling on the Motion until the Deerfield 9019 Motion has been decided.

                                      **McMANIMON, SCOTLAND,**
                                      **& BAUMANN, LLC**
                                      *Counsel to Daryl Fred Heller*
                                      *Chapter 11 Debtor and Debtor-in-Possession*

                                      By:    */s/* Sari B. Placona
                                               Sari B. Placona

Dated: September 9, 2025