

DIRECT DIAL NUMBER:
215-575-7136

Martin J. Weis
mweis@dilworthlaw.com

September 11, 2025

**Via ECF and Email**

Hon. Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, NJ 08101

    Re:    **Heller; Case Np. 25-11354 (JNP) – Request for status conference regarding Motion for Approval of Agreement between Orrstown Bank, Charlene Heller and Debtor**

Your Honor:

    This office represents Orrstown Bank in connection with the above referenced matter. I am writing to request that the Court schedule a status conference on the Motion for an Order Approving the Agreement between the Debtor, Charlene Heller and Orrstown Bank pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("the Orrstown Motion") [D.I. 213]. The Orrstown Motion, which was filed on April 30, 2025 and has been subject to several procedural delays, has a closed evidentiary record and concluded briefing. Orrstown Bank is seeking confirmation that is not being held in abeyance pending the Court's resolution of an Order to Show Cause regarding the appointment of a trustee or conversion of the case to Chapter 7. Counsel has spoken with counsel for Charlene Heller, the Debtor, and attempted to reach certain creditors who opposed the Orrstown Motion and the parties are uncertain as to whether the Orrstown Motion is stayed. To the extent that the Orrstown Motion is being stayed pending the resolution of the Order to Show Cause, Orrstown Bank would request a status conference on the Orrstown Motion.

1650 Market Street, Suite 1200 • Philadelphia, PA 19103 • 215-575-7000 • Fax: 215-754-4603
Pennsylvania • New Jersey • New York • Delaware
www.dilworthlaw.com

#125177215v2

**Procedural Background**

Orrstown Bank has diligently pursued the Orrstown Motion and the motion has been procedurally delayed by matters unrelated to the Bank. The Orrstown Motion was filed on April 30, 2025 and originally scheduled to be heard on June 2, 2025. [D.I. 214]. Due to the unavailability of Debtor's counsel, on May 28, 2025, the motion was adjourned to June 10, 2025. [D.I. 287].

On June 10, 2025, in response, in part, to a motion filed on May 21, 2025 by the Prestige Funds to appoint a trustee [D.I. 265] (the "First Trustee Request")[1], the Court held a scheduling conference on the Orrstown Motion, the First Trustee Request, and certain other matters. At that conference Orrstown Bank and the Prestige Funds independently urged the Court to hear their respective matters first and advised that they were each ready to proceed on their motions in short order. On June 13, 2025, the Court ruled that it would hear the First Trustee Request on June 26, 2025 and consider the Orrstown Motion at a later point in time, once the First Trustee Request had been resolved. [D.I. 337, 341]. On June 26, 2025, parties to the First Trustee Request requested that it be adjourned and a scheduling order be entered [D.I. 356, 360]. After considering the various parties' position on the scheduling request, the Court rescheduled the First Trustee Request for July 14 and July 17, 2025, and scheduled the Orrstown Motion for August 13, 2025. [D.I. 362]. On June 30, 2025, the Prestige Funds withdrew the First Trustee Request. [D.I. 367].

On August 6, 2025, the hearing date for the Orrstown Motion having moved from August 13, 2025 to August 6, 2025 [D.I. 374]), the Court took evidence and testimony on the Orrstown Motion which motion was opposed at the hearing by Chicago Atlantic and the Prestige Funds. After the record closed, the Court requested post-trial memoranda which were duly submitted by the parties on August 20, 2025. The matter is ripe for determination.

On August 26, 2025, in response to a letter request by certain creditors (including the Prestige Funds and Chicago Atlantic) [D.I. 482] in which they urged the appointment of a trustee and a stay of proceedings (the "Second Trustee Request"), the Court held a status conference on multiple matters, including the Second Examiner Report. [D.I. 485]. At the conclusion of the status conference, the Court orally entered an Order to Show Cause why the Court should not appoint a trustee or convert the case. The Court also indicated that it was staying certain proceedings pending the resolution of the Second Trustee Request. The Court did not state that it was staying its decision on the Orrstown Motion.

---

[1] Chicago Atlantic Admin LLC [D.I. 300] and Silverview Credit Partners LP [D.I. 360] joined the First Trustee Request.

By Order dated August 27, 2025, the Court set the hearing on the Order to Show Cause for October 15, 2025 [D.I. 520]. Due to the unavailability of the Debtor and Heller Capital Group's counsel, the Court adjourned the hearing to October 22, 2025. [D.I. 526].

Counsel for Orrstown spoke on September 4, 2025 to counsel for the Debtor who consented to the request of the conference and on September 8, 2025 to counsel for Mrs. Heller who has not, as yet, formed a position on this request. Also, on September 8, 2025, counsel spoke with counsel for Chicago Atlantic; however, on September 9, 2025, said counsel advised that Chicago Atlantic would be obtaining new counsel. The undersigned has not received a response from his September 5, 2025 email to the Prestige Funds requesting a call.

**Request for Conference**

Against this procedural backdrop, Orrstown Bank is requesting that the Court hold a status conference on the Orrstown Motion. Orrstown Bank is concerned that the Orrstown Motion may be unnecessarily delayed by the Second Trustee Request and notes that the parties are unclear as to its status. Orrstown Bank is at the point where it needs a ruling, yes, no or maybe, on the settlement so that it can proceed accordingly. The Orrstown Motion has been pending since April 30, 2025 and, by virtue of the Second Trustee Request, the same creditors which (i) delayed the June 10 hearing and held resolution of the Orrstown Motion hostage for two months by the aborted First Trustee Request and (ii) had their day in Court on the Orrstown Motion on August 6, 2025 are seeking to take an additional bite of the apple and utilizing (or, at a minimum, obtaining the benefit of) their Second Trustee Request to again throw sand in the proverbial gears and delay the resolution of the Orrstown Motion. Now that the record is closed and briefing complete on the motion, it is both unfair and unnecessary for Orrstown to be further delayed while the request for a trustee is renewed.

And while Orrstown Bank is not, by this letter, suggesting that the relief sought in the Second Trustee Request is or is not appropriate. Orrstown Bank submits that the Second Trustee Request should not act as a bar to a ruling on the Orrstown Motion.

**Timing**

Presently, this Court has scheduled a hearing on the motion of Deerfield Capital for relief from stay which the Court has indicated would be argument and/or a scheduling hearing, for September 16, 2025. Orrstown Bank would respectfully suggest, to the extent that the Court is willing to hold a status conference on the Orrstown Motion, that it hold it at that time as well. Alternatively, and to the extent the Court would want to provide Chicago Atlantic additional time to obtain replacement counsel or the Court prefers a different time, Orrstown Bank would be amendable to having the conference at such other time as the Court deems appropriate.

September 11, 2025
Page 4

        Respectfully,

        */s/ Martin J. Weis*

        Martin J. Weis

MJW:rg

cc:    All counsel receiving notice by ECF.

#125177215v2