# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Gerard S. Catalanello**                    Direct Dial: **+1 212 210 9509**          Email: **Gerard.Catalanello@alston.com**

September 12, 2025

<u>VIA ELECTRONIC FILING</u>

Honorable Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, New Jersey 08101

Re:      *In re Daryl Fred Heller (the "Debtor")*, Case No. 25-11354
         Status Letter and Request for the Immediate Appointment of a Chapter 11 Trustee

Dear Judge Poslusny,

As Your Honor is aware, this firm is counsel to Silverview Credit Partners, L.P. ("Silverview"), a significant creditor in the above-referenced chapter 11 case (the "Chapter 11 Case"). We write to provide the Court with an update regarding recent and deeply troubling developments concerning the Debtor which directly and materially impact the trajectory and stewardship of the Chapter 11 Case. These developments—which are not in dispute—warrant the immediate appointment of a chapter 11 trustee, without the need for further delay or additional proceedings.

Since the Court's entry of the *Order to Show Cause*, dated August 27, 2025 [D.I. 520] (the "Order to Show Cause"), which directs the Debtor to show cause why the Court should not appoint a chapter 11 trustee or convert the case to a liquidating proceeding under chapter 7, any prospect of the Debtor remaining in possession of his assets as fiduciary of this estate has entirely evaporated.

In this regard, on August 21, 2025, the Debtor was indicted in the Eastern District of Pennsylvania (*United States v. Daryl F. Heller*, Case 5:25-cr-00366-CH) on multiple counts of securities and wire fraud. The indictment, attached hereto as <u>Exhibit 1</u>, alleges a pattern of fraudulent conduct directly implicating the Debtor's management of assets and business affairs. In addition, on September 3, 2025, the Securities and Exchange Commission commenced a civil enforcement action against the Debtor (*SEC v. Daryl F. Heller, et al.*, Case 5:25-cv-05036, attached hereto as <u>Exhibit 2</u>), alleging multiple violations of the Securities Act arising from fraudulent conduct.

*In re Daryl Fred Heller*, Case No. 25-11354
Statement in Support of the Prestige Funds Request for the Immediate Appointment of a
Chapter 11 Trustee
September 12, 2025
Page 2

Accordingly, not only is the Debtor the subject of fifteen (15) complaints filed by creditors in this Court seeking non-dischargeability of millions of dollars of debt based upon the Debtor's fraudulent conduct, but the Debtor is now the subject of a serious criminal indictment and an action by the SEC embedded with multiple acts of fraud.

In addition, on September 3, 2025, an arrest warrant, attached hereto as <u>Exhibit 3</u>, was issued for the Debtor, and he was subsequently arrested and detained. According to local reporting,[1] the Debtor was released from federal custody on Friday, September 5, 2025, on $500,000.00 bail (the "Bail Amount").

Importantly, as a condition of the Debtor's release, the Eastern District imposed significant restrictions on both his personal and business financial resources. Most notably, the Debtor is now restricted from having sole access to his finances. According to the terms of the Debtor's Conditions of Release Order, attached hereto as <u>Exhibit 5</u>, a third-party financial services firm, Luma Financial Group ("Luma"), has been granted "coaccess to all personal and corporate accounts" with any and all expenditures or withdrawals requiring the signature of both the Debtor and Luma.[2] Put simply, by operation of his Conditions of Release, the Debtor is now incapable of managing his own finances, and by extension, incapable of administering this estate as an independent fiduciary. Indeed, the Debtor has relinquished such control to a third party who is ***not*** subject to the oversight of this Court—the very Court that has exclusive jurisdiction over the administration of the debts and assets of the Debtor.

Further underscoring these concerns is the matter of the Bail Amount itself, which was satisfied through means not fully disclosed on the record and/or publicly available. What is clear, however, is that such an obligation could not properly have been met with property of the bankruptcy estate, and the circumstances surrounding the payment only heighten questions regarding the Debtor's financial conduct and access to resources.

If ever a situation warranted the appointment of a chapter 11 trustee, this surely must be it. An independent chapter 11 trustee is required to unwind the gordian knot that this estate and the Debtor's holdings represent.

Based on the foregoing and the record before this Court, every minute that the Debtor remains in possession poses a significant risk to this estate. Each passing minute not only erodes confidence in the integrity of the process but also delays the ability to move this case forward in a meaningful way that serves the best interest of all stakeholders and the estate itself.[3] At the same time, administrative costs continue to mount for all parties,

---

[1] *See* <u>Exhibit 4</u>.

[2] *See* Exh. 5 p. 3.

[3] *See* 11 U.S.C. § 1104(a)(2) ([T]he court shall order the appointment of a trustee if such appoint is in the interests of creditors, any equity security holders, and other interests of the estate . . . ."). Indeed, for

*In re Daryl Fred Heller*, Case No. 25-11354
Statement in Support of the Prestige Funds Request for the Immediate Appointment of a
Chapter 11 Trustee
September 12, 2025
Page 3

creating a staggering and unnecessary burn on the estate.[4] While Silverview fully respects the Order to Show Cause and every party's right to be heard, the circumstances are dire. The Debtor must immediately be removed from control of this estate. Accordingly, Silverview respectfully urges the Court to appoint a chapter 11 trustee forthwith.

Thank you for your prompt attention to this critical matter.

Respectfully submitted,

Dated: September 12, 2025          **ALSTON & BIRD LLP**

By: */s/ Gerard S. Catalanello*

Gerard S. Catalanello, Esq.
James J. Vincequerra, Esq. *(admitted pro hac vice)*
Kimberly J. Schiffman, Esq. *(admitted pro hac vice)*
90 Park Avenue
15th Floor
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: Gerard.Catalanello@alston.com
          James.Vincequerra@alston.com
          Kimberly.Schiffman@alston.com

*Counsel to Silverview Credit Partners, L.P.*

cc: Counsel for the Debtor (Via Email)
    Counsel for the United States Trustee for Region 3 (Via Email)
    Counsel for Edward A. Phillips (Via Email)

---

example, each passing minute runs the clock on the statute of limitations on actions to recover value for the benefit of creditors.

[4]   The Debtor's bankruptcy counsel's, McManimon, Scotland & Baumann, LLC, fees from February 10, 2025 (the petition date) through May 31, 2025 total $309,741.50, *see* D.I. 366, while cash on hand as of July 31, 2025 was only $6,838. *See* Monthly Operating Report for the Reporting Period Ended: 07/31/2025 [D.I. 519].