**MS&B** McMANIMON • SCOTLAND • BAUMANN

75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Sari B. Placona**
**Direct Dial:  973-721-5030**
splacona@msbnj.com

Client No. 35420-001

September 15, 2025

<u>Via ECF</u>
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

  Re: **Daryl Fred Heller**
     **Chapter 11, Case No. 25-11354 (JNP)**
     **Response Letter to Silverview Credit Partners, L.P.'s Status Letter and Request for the Immediate Appointment of a Chapter 11 Trustee [ECF 549]**

Dear Judge Poslusny:

  As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), in the above captioned matter. Please accept this letter in response to the September 12, 2025 letter filed by Silverview Credit Partners, L.P. ("Silverview") entitled *Status Letter and Request for the Immediate Appointment of a Chapter 11 Trustee* (the "Letter") ECF 549. The purpose of Silverview's Letter is to inform the Court of (i) the recent August 21, 2025 indictment of the Debtor in the Eastern District of Pennsylvania (<u>United States v. Daryl Heller</u>, Case 5:25-cr-00366-CH) (the "Criminal Case"), and (ii) the September 2, 2025 civil enforcement action by the Securities and Exchange Commission ("SEC") against the Debtor (<u>SEC v. Daryl F. Heller</u>, et al., Case 5:25-cv-0536) (the "Civil Case"). <u>See</u> Letter, at pg. 1. The Letter was unnecessary and was meant solely to continue to disparage Mr. Heller.

  Silverview argues that in light of the Criminal Case and Civil Case, the Court's *Order to Show Cause* (the "OTSC") [ECF 520] must be granted immediately, which "warrant[s] the immediate appointment of a chapter 11 trustee, without the need for further delay or additional proceedings." <u>Id</u>. Silverview's position contradicts fundamental legal principles, including the presumption of innocence and the right to due process. Unless and until the government proves its case – in either the Criminal Case and/or the Civil Case – the allegations remain unproven and must not prejudice the Debtor in this bankruptcy case. Moreover, and most critical, nothing was presented by Silverview that slightly suggests that there is immediate or any harm to the estate. Indeed, the allegations relate to events that allegedly occurred a year ago. Further, even the

Honorable Jerrold N. Poslusny, Jr.
September 15, 2025
Page 2

Examiner's Report did not mention any untoward act or mismanagement by Mr. Heller since the filing of the petition, notwithstanding the Examiner's duty to investigate Mr. Heller's management duties.

As to Silverview, it mentions that, "the Debtor was released from federal custody on Friday, September 5, 2025, on $500,000 bail (the "Bail Amount")." Id., at pg. 2. The issue of the Bail Amount is a non-issue and a red herring concerning this bankruptcy case. The Debtor did not have to post the Bail Amount. The Bail Amount applies only if the Debtor flees the Eastern District of Pennsylvania or does not appear when required in the Criminal Case. The court in the Criminal Case did not require the posting of any money or property. To the contrary, the Bail Amount was 'unsecured' and is not traditional bail, in which the latter would require the full amount be paid to the court as a deposit of release. That is not the case here. The Bail Amount is the least restrictive bail condition that could have been imposed. Silverview seems to struggle with the truth or to provide all the facts.

As this Court is aware, the Debtor has complied with all administrative and court requirements concerning his bankruptcy case, which stellar track-record will continue during the administration of the Debtor's Criminal Case and Civil Case. The Debtor is confident the Bail Amount will never have to be posted and accordingly will not harm any creditors in this bankruptcy case. Indeed, no party in this case has provided any evidence, let alone competent evidence to suggest that the Debtor has done anything untoward since at least the filing of the petition to warrant the appointment of a trustee or that constitutes "cause" to appoint a trustee under Section 1104.

Next, Silverview mentions the Debtor's Conditions of Release Order which granted Luma Financial Group ("Luma"), "coaccess to all personal and corporate accounts" of the Debtor, requiring the signature of the Debtor and Luma on any and all of the Debtor's expenditures or withdrawals. See Letter, at pg. 2, Exhibit 5. Silverview extrapolates that because expenditures or withdrawals require Luma's consent, "the Debtor is now incapable of managing his own finances, and by extension incapable of administering this estate as an independent fiduciary." Id. In fact, the Debtor continues to maintain control over his finances with Luma's oversight.

Silverview further argues that because the Debtor has, "relinquished such control to [Luma] who is not subject to the oversight of this Court" that somehow the Debtor loses the ability of managing his own finances. Id. These arguments are baseless and beyond reason. The Debtor has not ceded control or power over his financial accounts. The criminal court simply required that the same financial services firm, Luma, which reports to this Court be responsible to the criminal court as well. The Debtor's Conditions of Release Order mandates co-access by Luma and the Debtor to his personal and corporate accounts. While Luma's signature is required for expenditures and withdrawals, the Debtor retains control over financial decisions and remains the Debtor-in-Possession in this bankruptcy case. Truth is not a concept; yet, Silverview seeks to create its own apocryphal set of facts.

Honorable Jerrold N. Poslusny, Jr.
September 15, 2025
Page 3

"The two subsections of 11 U.S.C. § 1104(a) authorize the appointment of a trustee (1) for cause, and (2) in the interest of creditors." In re Concord Coal Corp., 11 B.R. 552, 553 (Bankr. S.D.W. Va. 1981). "In this case, fraud and dishonesty have been *alleged* but not proven." Id. In fact, any "alleged" fraud occurred well before the case was filed. There are *no* allegations regarding any fraud post-petition of any threat, immediate or otherwise, to any creditors, to establish "cause" warranting the appointment of a trustee.

The Criminal Case and Civil Case consist of unproven allegations, which the Debtor maintains will ultimately result in either his acquittal or with a favorable judgment(s). In the case In re Piedmont Ctr. Investments, LLC, the debtor therein was indicted by a federal grand jury on fifteen (15) felony counts of bank fraud, false statements, and identity theft, in which the Piedmont court emphasized, "[a]lthough the indictments are primae facie evidence of fraud, *the court would not appoint a trustee on this basis alone*." In re Piedmont Ctr. Investments, LLC, 11-06178-8-JRL, 2011 WL 5903398 *4 (Bankr. E.D.N.C. Sept. 8, 2011) (emphasis added). Similarly, (i) the indictment in the Criminal Case, and (ii) the filing of the Civil Case, are insufficient to support a finding of cause under 11 U.S.C. 1104(a)(1), as an indictment is not evidence of guilt, nor is the filing of a civil action proof that any misconduct occurred. Furthermore, an indictment is simply the means by which criminal charges are brought against a defendant. The fact that a person has been indicted for a crime does not establish that the person has committed the crime. Unless or until the prosecution secures a conviction, or the SEC secures a civil judgment, the presumption of innocence remains, and the indictment and civil action carry no significant evidentiary weight. Moreover, as stated above, there is nothing in the record establishing any immediate harm to creditors to appoint a trustee.

In addition, given that the Bail Amount is 'unsecured' and will not prejudice creditors, the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a)(2) is unjustified. The resulting Chapter 11 trustee and her/his professional fees and expenses would impose additional financial burdens, ultimately harming creditors rather than serving their interests.

Edward A. Phillips (the "Examiner") was appointed as the Examiner in this matter pursuant to the *Order Directing the Appointment of an Examiner*. ECF 99. The Examiner has already accrued enormous fees in this matter, see *Order Allowing First Interim Application for Allowance of Fees and Reimbursement of Expenses to Edward A. Phillips, as Court Appointed Examiner, for the Period from March 18, 2025 Through May 31, 2025*. ECF 500. What Silverview argues for – appointment of a Chapter 11 trustee – will further harm its recovery efforts, which have already been diminished by the Examiner's fees. Indeed, appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(2) is clearly not in the best interests of creditors – including Silverview – who self-describes itself as, "a significant creditor in the [Debtor's] chapter 11 case. See Letter, at pg. 1. In essence, Silverview's argument for appointment of a Chapter 11 trustee is an argument for further depletion of estate funds, a result that runs directly counter to the best interests of creditors, including Silverview itself. Further, despite the Examiner's copious report and Silverview's allegations, there is nothing threatening immediate harm to the estate to remove Mr. Heller as a debtor in possession.

Honorable Jerrold N. Poslusny, Jr.
September 15, 2025
Page 4

Silverview seeks to use the Criminal Case and Civil Case as a sword to force the immediate appointment of a Chapter 11 trustee pursuant to the OTSC. While Silverview argues it, "fully respects the Order to Show Cause and every party's right to be heard[]," its Letter runs contrary to that principle. Id., at pg. 3. Due process requires the Debtor be heard on the OTSC, returnable on October 22, 2025, prior to entry of an Order granting the OTSC. The Debtor looks forward to submitting his response to the OTSC by the Court's October 3, 2025 deadline, and to argument on October 22, 2025.

The Debtor respectfully requests the Court to allow him the opportunity to have his day in court and not simply accept Silverview's comments without establishing cause.

We thank the Court for its courtesies.

Respectfully,

/s/ Sari B. Placona

Sari B. Placona

4926-8601-3288, v. 1