| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, Chapter 11 Debtor and Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>      Debtor. | Case No. 25-11354 (JNP)<br><br>Chapter 11 |

**SUPPLEMENTAL CERTIFICATION OF KENNETH J. DEGRAW IN FURTHER SUPPORT OF DEBTOR'S APPLICATION FOR RETENTION OF PROFESSIONAL**

**Kenneth J. DeGraw,** of full age, hereby certifies as follows:

1. I am a Partner of Withum Smith + Brown, PC ("WSB"), an accounting and advisory professional company. I am a Certified Public Accountant and hold the following certifications (i) Certified Fraud Examiner, Certified Financial Forensics, and Certified Financial Planner. I have served in various financial capacities in numerous bankruptcy proceedings. I have full knowledge of the facts and circumstances hereof. I submit this supplemental certification (the "Supplemental Certification") in further support of Daryl Fred Heller's (the "Debtor") Application for Retention of Professional (the "Application"). ECF 553.

2. The purpose of this Supplemental Certification is to address the concerns raised by the United States Trustee regarding the Application.

3. There are several factors for consideration in the context of a proposed post-petition retainer, as spelled-out in the case In re Jefferson Bus. Ctr. Assocs., 135 B.R. 676 (Bankr. D. Colo. 1992), which include, but are not necessarily limited to: (1) the retainer's economic impact on the

debtor's ongoing business operation; (2) the retainer's economic impact on the ability of the debtor to reorganize; (3) the amount and reasonableness of the retainer; (4) the reputation of debtor's counsel; and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the court determine that the fees paid to counsel are not justified. See Jefferson, 135 B.R. at 680. "[A]n applicant who requests a post-petition retainer or some other payment procedure, should demonstrate in its application papers that the Jefferson factors have been met." See In re Mac and Maryse Troung, 259 B.R. 264, 268-69 (Bankr. D.N.J. 2001).

4. Here, the Jefferson are satisfied. As demonstrated in the Application, WSB's hourly rates are reasonable and appropriate given the nature and scope of the services to be provided to the Debtor. ECF 553. The costs WSB are to accrue will not significantly impact the Debtor's current financial position or ability to reorganize. The Debtor seeks permission to fund WSB's retainer from the "beach house sale proceeds" being held by MSB (defined herein). The Debtor's bankruptcy counsel, McManimon, Scotland & Baumann, LLC ("MSB"), is a well-respected firm with a strong track record in handling bankruptcy matters in the district of New Jersey. MSB is prepared to work with WBC should the Court determine that such fees are not warranted.

5. Can Capital, Inc. ("CCI"), and Porzio, Bromberg & Newman PC ("PBN") are clients of WSB and also creditors of the Debtor. The total percentage of WSB's income related to CCI and PBN, over the last two (2) years, is less than four hundredths of a percent (.04%) of WSB's total revenue. WSB's representation of CCI and PBN, as well as the services provided to them, are entirely unrelated to the Debtor's bankruptcy case.

I hereby certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  September 17, 2025                          By: */s/ Kenneth J. DeGraw*
                                                                                    Kenneth J. DeGraw

4927-5752-8170, v. 1