| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Gerard Catalanello, Esq.<br>James J. Vincequerra, Esq. (admitted *pro hac vice*)<br>Seth M. Cohen, Esq. (admitted *pro hac vice*)<br>Kimberly Schiffman, Esq. (admitted *pro hac vice*)<br>Jonathan P. Wieder, Esq. (admitted *pro hac vice*)<br>**ALSTON & BIRD LLP**<br>90 Park Avenue<br>15th Floor<br>New York, New York 10016-1387<br>Telephone: (212) 210-9400<br>Facsimile: (212) 210-9444<br>Email:  Gerard.Catalanello@alston.com<br>          James.Vincequerra@alston.com<br>          Seth.Cohen@alston.com<br>          Kimberly.Schiffman@alston.com<br>          Jonathan.Wieder@alston.com<br><br>– and –<br><br>Enrique Chaljub Garcia, Esq. (admitted *pro hac vice*)<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777<br>Email: Enrique.Chaljub@alston.com<br><br>*Counsel to Silverview Credit Partners, L.P.* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>                                    Debtor. | Case No.: 25-11354-JNP<br><br>Hon. Jerrold N. Poslusny, Jr.<br><br>Chapter 11 |

**SILVERVIEW CREDIT PARTNERS, L.P.'S**
**PRELIMINARY OBJECTION TO APPLICATION FOR**
**RETENTION OF PROFESSIONAL (WITHUM SMITH + BROWN, PC) [D.I. 553]**

Silverview Credit Partners, L.P. ("Silverview"), by and through its undersigned counsel, hereby files this preliminary objection (the "Preliminary Objection") to the *Application for Retention of Professional* [D.I. 553], dated September 15, 2025 (the "Retention Application")[1],

---

[1] Capitalized terms used but not otherwise defined in this Preliminary Objection shall have the meanings ascribed to such terms in the Retention Application.

filed by the above-captioned debtor and debtor in possession (the "Debtor"). In support of this Preliminary Objection, Silverview respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Debtor's Retention Application to employ a financial advisor to "assist in preparing a response to the Examiner's Report"[2] is egregious and nothing short of a gross misuse of estate recourses. The Retention Application is objectionable on multiple grounds, but at its core represents a collateral, if not blatant, attack on the Court's prior order appointing an independent Examiner—[3] an appointment to which the Debtor expressly consented. The Debtor does not get to expend estate funds to shop for a second "independent" professional in hopes of obtaining a voice more to his liking and/or a different outcome because he dislikes the Examiner's findings. Such conduct is a waste of limited estate resources and underscores why a trustee, not the Debtor, should be appointed to control this estate.

## PRELIMINARY OBJECTION

### A. Retention is Improper Under Section 327(e) of the Bankruptcy Code.

1. The Retention Application relies on 11 U.S.C. § 327(e) as a basis for retention. That provision of 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") is expressly limited to the employment of an ***attorney*** that has represented the Debtor for a specified special purpose that does not conflict with the duties of the Debtor's counsel.[4] Here, the proposed retention is not for counsel at all—it is for a financial advisory firm. By its plain terms, section 327(e) of the

---

[2] Retention Application ¶ 3.
[3] *See Order Directing the Appointment of Examiner* [D.I. 99] the ("Examiner Order").
[4] *See* 11 U.S.C. § 327(e) (emphasis supplied).
  The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an ***attorney*** that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

2

Bankruptcy Code is inapplicable. Accordingly, the Retention Application is defective as a matter of law and must be denied.

2. Even if 11 U.S.C. § 327(e) could somehow be stretched to cover a financial advisor (which it cannot),[5] the Retention Application would still fail because the engagement is not truly tied to any discrete, narrowly defined special purpose. Rather, the Debtor seeks to employ the advisor for broad, general advisory services, including preparing responses to the Examiner's report and advising on the Debtor's overall strategy. Indeed, in his Retention Application, the Debtor provides that the professional services to be rendered are in regard to services that may be "necessary or appropriate."[6] Such sweeping functions are well outside the bounds of section 327(e) of the Bankruptcy Code. Accordingly, the Retention Application must be denied on this basis.

### B. The Application is Facially Deficient as to Withum Smith + Brown, PC's[7] Qualifications.

3. The Retention Application fails to identify, let alone establish, the qualifications of Withum Smith. While the Debtor goes out of his way to attack the Examiner's proficiency with the matter and business acumen,[8] the Debtor offers no meaningful disclosure whatsoever of what expertise Withum Smith possesses, what services it is equipped to render, or how those services are distinct from other professionals (*i.e.*, the Examiner) already in place. Instead, the Debtor merely asserts in conclusory fashion that Withum Smith has "considerable knowledge in the field of financial matters." Retention Application ¶ 4. Such a self-serving statement is no substitute for the detailed disclosures mandated by the applicable provisions of the Bankruptcy Code and Federal

---

[5] Courts have consistently held that 11 U.S.C. § 327(e) cannot be stretched to encompass non-attorney professionals. *See, e.g.*, *Century Indem. Co. v. Congoleum Corp. (In re Congoleum Corp.)*, 426 F.3d 675, 688-89 (3d Cir. 2005) (section 327(e) of the Bankruptcy Code does not extend beyond attorneys; the case stands for the proposition that section 327(e) of the Bankruptcy Code is narrowly construed).
[6] *See* Retention Application ¶ 5(b).
[7] Withum Smith + Brown, PC is hereinafter referred to as "Withum Smith."
[8] *See* D.I. 481 and 517.

3

Rules of Bankruptcy Procedure.[9] These omissions alone render the Retention Application defective under the Bankruptcy Code and Bankruptcy Rules, which require full disclosure of a professional's qualifications and disinterestedness. Silverview respectfully submits that approving retention on such a deficient record would be wholly improper. Accordingly, the Retention Application must be denied.

### C. Section 327(a) of the Bankruptcy Code also Offers No Support for Retention of Withum Smith.

4.  To the extent that the Debtor might attempt to recast the Retention Application under section 327(a) of the Bankruptcy Code, that provision fares no better. Section 327(a) of the Bankruptcy Code requires that professionals employed be disinterested and not hold or represent an adverse interest. *See* 11 U.S.C. § 327(a). Yet, as reflected above, the Retention Application is devoid of any meaningful disclosure of Withum Smith's qualifications, prior relationships or potential conflicts. This lack of transparency is fatal under section 327(a) of the Bankruptcy Code. *See also* FED. R. BANKR. P. 2014. Accordingly, the Retention Application must be denied under section 327(a) of the Bankruptcy Code.

### D. The Retention Application is an Attack on the Examiner's Appointment, and the Proposed Services to Be Provided by Withum Smith Are Duplicative and Wasteful.

5.  The Court appointed the independent Examiner with the Debtor's consent. The Examiner fulfilled, and continues to fulfill, his mandate and issued the Examiner's Report. The Debtor's proposed response—hiring another professional to assist in countering those findings—is nothing more than a flagrant attack on the Examiner Order and process already undertaken. The

---

[9] The Federal Rules of Bankruptcy Procedure are hereinafter referred to as the "Bankruptcy Rules."

Debtor cannot use estate resources to undermine the process he previously agreed to simply because he doesn't like the Examiner's findings.

6. In that regard, the Debtor's requested services of Withum Smith overlap with and are duplicative of the Examiner's work. Estate resources should not be squandered funding "shadow examiners" simply because the Debtor is unhappy with the outcome. Every dollar spent on duplicative services is a dollar diverted from creditors and the legitimate needs of the estate, which dollars are in scarce supply considering the Debtor's recent amended schedules.[10] The Bankruptcy Code requires that professional services provide an actual benefit to the estate, and services aimed solely at undermining a Court-appointed independent Examiner do not meet that standard. *See, e.g.*, *In re Roper and Twardowsky, LLC*, 556 B.R. 734, 752 (Bankr. D.N.J. 2017) (quoting *Hantman v. Alvarez (In re Engel)*, 124 F.3d 564, 575 (3d Cir. 1997)) ("[T]he Third Circuit requires that . . . 'employment must be in the best interest of the estate, which means property of the estate is threatened and the need for services is real. Employment cannot be based on some 'hypothetical or speculative benefit.'"); *see also, e.g.*, 11 U.S.C. § 330(4)(A)(i), (ii) ("[T]he court shall not allow compensation for unnecessary duplication of services; or services that were not reasonably likely to benefit the debtor's estate; or necessary to the administration of the case."); *In re ACT Mfg., Inc.*, 281 B.R. 468 (Bankr. D. Mass. 2002) (financial consultants who were retained to handle day-to-day management matters were required to explain what functions they performed that the debtor´s management could not and also explain potential duplication of efforts of debtor´s counsel).

7. Accordingly, Silverview expressly reserves all rights to object to any and all fees and expenses sought by Withum Smith, should it be retained, before such expenditures are paid

---

[10] *See* D.I. 552 (overall, there is a decrease in total asset value from $227,971,500.00 to $8,261,500.00).

5

from the estate, as such services confer no cognizable benefit whatsoever to creditors of this estate or otherwise. In that regard, Silverview objects to the Debtor's request to pay Withum Smith the "$20,000 post-petition retainer."[11]

8. For the Debtor to cycle through his rolodex until he finds someone willing to echo his preferred narrative—and then demand that the estate pay for that exercise, after filing schedules that already slash reported asset values to the detriment of creditors—is shocking. This is precisely the type of bad faith maneuvering that warrants denial of the Retention Application.

### E. The Proposed Retention Undermines Fair Process in Connection with the Order to Show Cause.

9. Moreover, the Debtor's effort to retain Withum Smith is not occurring in a vacuum. The Debtor is transparently seeking to use the proposed retention in support of his forthcoming opposition to the Court's *Order to Show Cause*, dated August 27, 2025, which directs the Debtor to show cause why the Court should not convert the Debtor's chapter 11 case to a liquidating proceeding under chapter 7 or appoint a chapter 11 trustee (the "Order to Show Cause"). Parties in interest must therefore have a meaningful opportunity to prepare in connection with the Order to Show Cause, including the ability to test any rebuttal Withum Smith may generate to the Examiner's Report. To allow the Debtor to inject this new professional into the record without affording creditors the chance to develop that discovery would be fundamentally unfair and contrary to due process.

---

[11] Retention Application ¶ 6; *see also* D.I. 553-2 ¶ 2 (proposed order authorizing the retention of Withum Smith); 11 U.S.C.§ 330.

**CONCLUSION**

10. For the foregoing reasons, and for reasons that will be presented at the hearing, the Retention Application should be denied.

Dated: September 17, 2025

By: */s/ Gerard Catalanello*
Gerard Catalanello, Esq.
James J. Vincequerra, Esq. (admitted *pro hac vice*)
Seth M. Cohen, Esq. (admitted *pro hac vice*)
Kimberly Schiffman, Esq. (admitted *pro hac vice*)
Jonathan P. Wieder, Esq. (admitted *pro hac vice*)
**ALSTON & BIRD LLP**
90 Park Avenue
15th Floor
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email:  Gerard.Catalanello@alston.com
            James.Vincequerra@alston.com
            Seth.Cohen@alston.com
            Kimberly.Schiffman@alston.com
            Jonathan.Wieder@alston.com

– and –

Enrique Chaljub Garcia, Esq. (admitted *pro hac vice*)
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Enrique.Chaljub@alston.com

*Counsel to Silverview Credit Partners, L.P.*

7