**MS&B**  McMANIMON • SCOTLAND • BAUMANN          427 Riverview Plaza, Trenton, NJ 08611  (609) 695-6070

**Sari B. Placona**
**Direct Dial: (973) 721-5030**
splacona@msbnj.com
35240-001

September 23, 2025

<u>Via ECF</u>
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

      Re:    **Daryl Fred Heller**
                 **Ch. 11; Case No. 25-11354 (JNP)**

                 **Deerfield Capital, LLC's Motion for an Order for Relief From the Automatic Stay to Execute its Pledge as to Heller Investment Holdings, LLC and GCC Investment Holdings, LLC [ECF 505].**

Dear Judge Poslusny:

      As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 debtor and debtor-in-possession (the "Debtor"), in the above referenced matter. This letter is in connection to the hearing held today, September 23, 2025, on Deerfield Capital, LLC's ("Deerfield") Motion for an Order for Relief From the Automatic Stay to Execute its Pledge as to Heller Investment Holdings, LLC ("HIH") and GCC Investment Holdings, LLC ("GCC") (the "Motion"). ECF 505. The Debtor wanted to ensure Your Honor has an accurate understanding of the current situation regarding HIH and the GCC asset.

      Upon information and belief, the receiver of GCC has stated GCC is the most profitable cannabis entity he has evaluated and anticipates multiple bids beyond the stalking horse. Given the size of GCC and the limited number of cannabis companies capable of purchasing the entire company, the Debtor believes it is essential for GCC, the receiver, and the investment banker to consider separating the GCC assets by license, state, and category or vertical. This approach would create more bidders by offering smaller, more affordable pieces and attract buyers focused on specific states or verticals. For example, dividing assets by state, Massachusetts and Michigan, and category, cultivation and product manufacturing, would significantly increase the pool of potential buyers for portions of the GCC entity, which is valued at approximately $275,000,000, in summer of 2024, and is consistent with customary practices in this industry.

      The $80,000,000 referenced by Mr. Ciardi as necessary to cover existing debt includes at least $6,500,000 of the $23,000,000 owed to HIH. Accordingly, it is reasonable to expect that HIH would receive $6,500,000 which will be allocated to Deerfield.

Honorable Jerrold N. Poslusny, Jr.
September 23, 2025
Page 2 of 2

    Finally, the Debtor is willing to provide a carve-out for Deerfield, granting them full control of all GCC membership interests immediately, as well as full control of the $23,000,000 in debt notes. This will enable Deerfield to act in a manner that ensures the best possible outcome for their interests in GCC.

    Thank you for the Court's attention to this matter, and for its courtesies.

                        Respectfully submitted,

                        */s/ Sari B. Placona*

                        Sari B. Placona

4917-0585-6619, v. 1