**EXHIBIT B**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ New Jersey _____

In re **DARYL FRED HELLER**
        Debtor

Case No. **25-11354-JNP**

Chapter **11**

*(Complete if issued in an adversary proceeding)*

_____
        Plaintiff
        v.

Adv. Proc. No. _____

_____
        Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Withum Smith + Brown, PC**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE APPENDIX A.**

| PLACE | DATE AND TIME |
|---|---|
| Reedd Smith LLP (Attn: Kut F. Gwynne); 1201 N. Market Street, Suite 1500, Wilmington, DE 19801 | **October 10, 2025 @ 10:00 a.m. (Eastern)** |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **September 26, 2025**

        CLERK OF COURT

                        OR

_____     */s/ Kurt F. Gwynne*
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Edward A. Phillips (Examiner)**, who issues or requests this subpoena, are: **Kurt F. Gwynne, Esquire; Reed Smith LLP 1201 N. Market Street, Suite 1500, Wilmington, DE 19801; Email: kgwynne@reedsmith.com; Phone: (302) 778-7500.**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 25-11354-JNP    Doc 580-2    Filed 09/26/25    Entered 09/26/25 13:34:47    Desc
Exhibit B    Page 3 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 25-11354-JNP    Doc 580-2    Filed 09/26/25    Entered 09/26/25 13:34:47    Desc
Exhibit B    Page 4 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

   *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
      (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
      (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
         (i) is a party or a party's officer; or
         (ii) is commanded to attend a trial and would not incur substantial expense.

   *(2) For Other Discovery.* A subpoena may command:
      (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
      (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
      *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
      *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
      *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Case 25-11354-JNP    Doc 580-2    Filed 09/26/25    Entered 09/26/25 13:34:47    Desc
Exhibit B    Page 5 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# APPENDIX A

## DEFINITIONS

1. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

2. ATM means automated teller machine (or other kiosk) as that term is used in the Second Interim Report <u>or</u> as used in the AUGUST 15 LETTER or the AUGUST 26 LETTER, as applicable.

3. AUGUST 15 LETTER means the letter filed with the court by Debtor's counsel on August 15, 2025 [Docket No. 481].

4. AUGUST 26 LETTER means the letter filed with the court by Debtor's counsel on August 26, 2025 [Docket No. 517].

5. CHAPTER 11 CASE means bankruptcy proceeding *In re Daryl Fred Heller*, Case No. 25-11354-JNP pending before the Bankruptcy Court for the District of New Jersey.

6. COMMUNICATION(S) means any written or oral correspondence, contact, discussion, or exchange, including, without limitation, documents, writings, notes, oral conversations, conversations or discussions by telephone or by computer, or other exchange of information in any form as well as any notes or recordings thereof. Both terms, "Communication" and "Communications," include all "Documents" as defined herein.

7. The terms CONCERN or CONCERNING shall include, together with their full meaning, containing, constituting, showing, relating to, or referring to, in any way, directly or indirectly, and are meant to include, among other things, the DOCUMENT or COMMUNICATION itself and any underlying or supporting DOCUMENTS or COMMUNICATIONS, whether now or previously attached or appended to or used in the preparation of the DOCUMENT or COMMUNICATION.

8. DEBTOR means Daryl Fred Heller.

Case 25-11354-JNP    Doc 580-2    Filed 09/26/25    Entered 09/26/25 13:34:47    Desc
Exhibit B    Page 6 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

9. DOCUMENT(S) means original and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, whether for internal or external use, including without limitation, the following: emails, text messages, instant messages, voicemails, correspondence, letters, memoranda, notes, diaries, calendars, reports, contracts, agreements, directives, instructions, court papers, lists of persons or things, blueprints, sketches, graphic representations, maps, books, pamphlets, canceled checks, mechanical and electrical sound recordings, charts, catalogs, tapes, indices, data sheets, statistical tables and diagrams, memoranda or records of telephone or personal conversations or conferences, inter-office communications, electronic data processing inputs and memories of all kinds, including tapes and discs, active files, duplicate files, back-up files, printouts and electronic mail messages including active and deleted data. The term specifically includes any drafts, whether or not used, of the foregoing, and any altered or annotated copies of the foregoing.

10. EXAMINER means Edward A. Phillips in his capacity as examiner.

11. FIRST INTERIM REPORT means the *First Interim Report of Examiner, Edward A. Phillips (Regarding Multiple Sales of the Same Automatic Teller Machines to the Same or Multiple Purchasers)* filed by the Examiner on June 9, 2025 [Docket No. 329].

12. FNB means First National Bank.

13. FUNDS means Prestige Fund A, LLC; Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A IX, LLC; Prestige Fund B, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B BTM I, LLC; Prestige Fund D, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; Prestige Fund D BTM I, LLC; WF Velocity I, LLC; WF Velocity Fund IV, LLC; WF Velocity Fund V, LLC; WF Velocity Fund VI, LLC; and WF Velocity Fund VII, LLC.

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

Case 25-11354-JNP    Doc 580-2    Filed 09/26/25    Entered 09/26/25 13:34:47    Desc
Exhibit B    Page 7 of 10

14. HEARING means the hearing scheduled for October 22, 2025 at 10:00 a.m. (or as it may be rescheduled) on the Court's *Order to Show Cause*, entered August 27, 2025 [Docket No. 520].

15. PMG means Paramount Management Group, LLC.

16. SECOND INTERIM REPORT means the *Second Interim Report of Examiner, Edward A. Phillips (Regarding Ponzi Allegation)* filed by the Examiner on August 13, 2025 [Docket No. 473-1].

17. TID means the terminal identification number of an ATM.

18. YOU OR YOUR means Withum Smith + Brown, PC, and YOUR agents, representatives, advisors, attorneys, shareholders, or anyone acting on YOUR behalf.

Each of the foregoing definitions shall be fully applicable to each Question notwithstanding that a definition above may, in whole or in part, be reiterated in a particular Question, or that a particular Question may incorporate supplemental definitions.

The singular includes the plural and the plural includes the singular. The terms "and" and "or" as used herein have both conjunctive and disjunctive meanings, and shall be construed to bring within the scope of these Questions all information that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

1. If production of any DOCUMENT covered by this request is refused on the grounds of any claim of privilege, including, without limitation, a claim of "work-product," a list is to be furnished identifying each DOCUMENT for which the privilege is claimed, together with the following information stated separately with respect to each DOCUMENT identified: (i) the date of the DOCUMENT; (ii) the name, address and relationship to YOU of each person who authored, prepared or signed the DOCUMENT; (iii) the name, address and relationship to the party claiming the applicable privilege of each person who was sent or furnished with the DOCUMENT; (iv) the present location of the DOCUMENT; (v) a brief description of the DOCUMENT; and (vi) a

Case 25-11354-JNP    Doc 580-2    Filed 09/26/25    Entered 09/26/25 13:34:47    Desc
Exhibit B    Page 8 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

statement of the basis for the claim of privilege. In the case of any DOCUMENT relating in any way to a meeting or other conversation, all persons involved in the meeting or conversation are to be identified.

2. Unless otherwise indicated, YOU shall produce all responsive DOCUMENTS that are in YOUR possession, custody, or control, which shall include both any DOCUMENTS YOU have actual possession or custody of, and shall also include any DOCUMENT that YOU have the right to obtain the DOCUMENT (whether an original or a copy thereof) upon request or demand from any entity or person. This includes any DOCUMENTS contained on or in any computer, mobile device, server, mainframe, or other storage device (including: (i) DOCUMENTS on or in computer memory; (ii) DOCUMENTS on or in computer or network backup files; and (iii) DOCUMENTS that have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within our possession, custody, or control. For the avoidance of doubt, this also includes any DOCUMENTS contained on any personal computer, mobile device, server, mainframe, or other storage device within YOUR possession, regardless of whether YOU owns such device.

3. The DOCUMENTS produced pursuant to these requests shall be either: (a) segregated and identified by the number of the request below to which they are responsive; or (b) produced as they are maintained in the ordinary course of business.

4. DOCUMENTS shall be produced with sufficient information to identify the files or repositories in which such responsive DOCUMENTS are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced DOCUMENTS.

5. DOCUMENTS shall be provided in .PDF or CSV (comma-separated values) format, except that **electronically stored information must be produced in both native and a searchable format**.

6. Any DOCUMENTS attached to each other shall not be separated.

Case 25-11354-JNP    Doc 580-2    Filed 09/26/25    Entered 09/26/25 13:34:47    Desc
Exhibit B    Page 9 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

7. Any DOCUMENTS with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

8. Each requested DOCUMENTS shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other DOCUMENTS at any time affixed thereto. If a DOCUMENT is responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

9. If YOU maintain that any responsive DOCUMENT has been destroyed, YOU shall set forth the contents of the DOCUMENT, the date of its destruction, and the name of the person(s) who authorized its destruction.

10. If a request is only partly objectionable, YOU shall respond to the remainder of the Request that is not objectionable.

11. If an objection or request for relief is made with respect to any request or portion thereof, the objection or request for relief shall state all grounds on which it is based with specificity. Any ground not stated in a timely objection shall be deemed waived.

12. These requests shall be deemed continuing requests so as to require supplemental responses if YOU obtain or discover additional information or DOCUMENTS between the time of initial response or production and the time of judgment. Such supplemental information and DOCUMENTS must be produced promptly upon discovery.

**REQUEST(S) FOR PRODUCTION**

1. A copy of the curriculum vitae of Kenneth J. DeGraw or any other representative of YOURS that intends to offer a report or provided testimony during the HEARING.

2. A list of the articles written (in whole or in part) by Kenneth J. DeGraw, or any other representative of YOURS that intends to offer a report or testimony during the HEARING, during the last five (5) years.

3. A list of cases in which Kenneth J. DeGraw, or any other representative of YOURS that intends to offer a report or testimony during the HEARING, has provided expert testimony in Court during the last five (5) years.

4. A copy of any report or other DOCUMENT that YOU provided to or for the benefit of the DEBTOR in connection with the HEARING.

5. DOCUMENTS and COMMUNICATIONS that (i) YOU relied upon in connection with any report made in connection with the HEARING or (ii) provide the basis of, or support, YOUR intended or anticipated testimony at the HEARING.

6. DOCUMENTS sufficient to show YOUR involvement (in any capacity) with any case(s) involving an alleged Ponzi scheme.