| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, Chapter 11 Debtor and Debtor-in-Possession* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>    Debtor. | Case No. 25-11354 (JNP)<br><br>Chapter 11 |

### CERTIFICATION OF SARI B. PLACONA, ESQ. IN FURTHER SUPPORT OF DEBTOR'S AMENDED APPLICATION FOR RETENTION OF PROFESSIONAL

**SARI B. PLACONA, Esq.** of full age, pursuant to 28 U.S.C. § 1746, hereby certifies and declares as follows:

1. I am an attorney duly admitted to practice law in the courts of the State of New Jersey and the District of New Jersey.

2. I am a Partner in the law firm McManimon, Scotland & Baumann, LLC ("MSB"), counsel to Daryl Fred Heller, the Chapter 11 debtor and debtor-in-possession (the "Debtor") in the above captioned matter.

3. I submit this Certification in Further Support of Debtor's Amended Application for Retention of Professional (the "Amended Application").[1] ECF 563.

---

[1] For sake of completeness, on September 15, 2025, the Debtor filed the initial Application for Retention of Professional, seeking to retain Withum Smith + Brown, PC, as financial advisors to the Debtor. ECF 553. On September 17, 2025, the Debtor filed the Amended Application. ECF 563. On September 17, 2025, the Debtor filed the Supplemental Certification of Kenneth J. DeGraw in Further Support of Debtor's Application of Professional. ECF 559.

4. Pursuant to the Amended Application, the Debtor sought to retain Withum Smith + Brown, PC ("WSB") as financial advisors to the Debtor. For clarity, it is MSB, not the Debtor, retaining WSB under the "Kovel" doctrine.

5. As a general matter, disclosing attorney-client communications to a third party waives the attorney-client privilege. There are exceptions, however, to this general rule.

6. The seminal case United States v. Kovel, 296 F.2d 918 (2d Cir. 1961), sets forth the attorney-client privilege can be extended to professionals. In Kovel, the law firm employed an accountant, who was held in criminal contempt for refusing to testify about his conversations with the law firm's client. Id., 296 F.2d at 920. The Kovel court explained, "where the lawyer needs outside help," and the professional assists in the, "effective consultation between the client and the lawyer which the privilege is designed to permit," the privilege should protect the communications. Id., 296 F.2d at 922. The Kovel court expounded on this principle, explaining:

> What is vital to the privilege is that the communication be made *in confidence for the purpose of obtaining legal advice from the lawyer*. If what is sought is not legal advice but only accounting service, . . . or if the advice sought is the accountant's rather than the lawyer's, no privilege exists.

Id. (internal citations omitted, emphasis added).

7. Regarding the Amended Application and retention of WSB, WSB's advice and communications with MSB and the Debtor will be (i) to help MSB facilitate legal advice to the Debtor pertaining to the Examiner's Report, and (ii) assist the Debtor with a response to the Court's Order to Show Cause scheduling briefing due October 3, 2025, and subsequent hearing on October 22, 2025. Indeed, "inclusion of a third party in attorney-client communications does not destroy the privilege if the purpose of the third party's participation is to improve the comprehension of the communications between attorney and client." United States v. Ackert, 169 F.3d 136, 140 (2d Cir. 1999) (referencing Kovel, 296 F.2d 918).

8. WSB will analyze and interpret the complex financial information contained in the Examiner's Report to enhance the Debtor's and MSB's understanding of its concepts. The sole purpose of this Certification is to clarify the Amended Application that it is MSB, not the Debtor, is retaining WSB. Moreover, it enables WSB to assist MSB in advancing the Debtor's legal position.

9. The extension of the attorney-client privilege to third-party professionals is more relevant and essential now more than ever before, when considering:

> The complexities of modern existence prevent attorneys from effectively handling clients' affairs without the help of others; few lawyers could practice without assistance of [professionals] . . . 'The assistance of these agents . . . [and the extension of the attorney client privilege] must include all the persons who act as the attorney's agents.

Kovel, 296 F.2d at 921 (quoting Wigmore, Evidence, § 2301; Annot., 53 A.L.R. 369 (1928).

10. Thus, the Debtor respectfully submits the Court recognize that MSB, not the Debtor, as retaining WSB under the Kovel doctrine, and all non-disclosed communications between WSB, MSB, and the Debtor are subject to the attorney-client privilege. Id., 296 F.2d at 918, 920, 922.

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct.

                                                */s/ Sari B. Placona*
                                                  Sari B. Placona

Dated: September 30, 2025