| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, NJ 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, Chapter 11 Debtor and Debtor-in-Possession* | Order Filed on September 30, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>DARYL FRED HELLER,<br><br>      Debtor. | Case No. 25-11354 (JNP)<br><br>Chapter 11 |

Recommended Local Form:  ☐ Followed  ☒ Modified

# ORDER AUTHORIZING RETENTION OF WITHUM SMITH + BROWN, PC AS FINANCIAL ADVISORS FOR DEBTOR

The relief set forth on the following pages two (2) through five (5) is **ORDERED**.

**DATED: September 30, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Upon the applicant's request for authorization to retain Withum Smith + Brown PC ("Withum"), as financial advisors for the Debtor, Daryl Fred Heller, and upon the amended application and DeGraw Certification; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Withum does not represent any adverse interest in connection with this case; and it appearing that there is due cause; it is hereby ORDERED that:

1. The Application is approved to the extent set forth herein.

2. In accordance with Bankruptcy Code section 327, the Debtor is authorized to employ and retain Withum as financial advisors effective as of September 15, 2025, as modified by this Order.

3. Withum shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1(a), the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Dkt. 170], and such other procedures as may be fixed by order of this Court. Withum shall keep its time in one-tenth (1/10) hour increments.

4. Withum shall provide ten (10) business days' notice of any rate increases to the United States Trustee and the Debtor before any increases in the rates set forth in the Application are implemented, and shall file a Supplemental Certification with the Court setting forth any such increases. The Debtor, the United States Trustee, and all parties-in-interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any

4918-0828-8621, v. 1

rate increase pursuant to section 330 of the Bankruptcy Code.

5. Notwithstanding anything in the Application or the DeGraw Certification to the contrary, Withum shall, to the extent that Withum uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in the Chapter 11 Case, (i) pass through the cost of such Contractors at the same rate that Withum pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors (to the extent they are attorneys, accountants, or other agents) (A) are subject to the same conflict checks and disclosures as required by Withum and (B) file with the Court such disclosures required by Bankruptcy Rule 2014; and (iv) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.

6. In the event that, during the pendency of the Chapter 11 Case, Withum seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth hour increments and shall be included in Withum's fee applications, both interim and final, and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to the U.S. Trustee Guidelines and approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code. Notwithstanding the foregoing, Withum shall only be reimbursed for any legal fees incurred in connection with this Chapter 11 Case to the extent permitted under applicable law. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to, any request for the reimbursement of legal fees of Withum's independent legal counsel.

7. Withum shall (i) comply with the requirements of Local Rule 2016-1; (ii) not seek reimbursement of any fees or costs including attorney fees and costs arising from the defense of

any objections to any of Withum's fee applications in this Chapter 11 Case; (iii) use billing and expense categories that are substantially similar to those set forth in the U.S. Trustee Guidelines; (iv) only bill fifty percent (50%) for non-working travel; and (v) provide any and all monthly fee statements, interim fee applications and final fee applications in "LEDES" or Excel format to the U.S. Trustee.

8. None of the fees payable to Withum shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

9. To avoid any duplication of effort and provide services to the Debtor in the most efficient and cost-effective manner, Withum shall coordinate with any additional professionals the Debtor retains regarding their respective responsibilities in the Chapter 11 Case. As such, Withum shall use its best efforts to avoid any duplication of services provided by any of the Debtor's professionals in this Chapter 11 Case

10. Any material changes to the scope of services being provided by Withum, as outlined in the Application, shall require further Court approval.

11. In the event Withum seeks to use any of its affiliates to perform services for the Debtor, the Debtor shall seek the separate retention of any such affiliates.

12. To the extent that there may be any inconsistency among the terms of the Application, the Certification and this Order, the terms of this Order shall govern.

13. Notwithstanding anything in the Application or the DeGraw Certification to the contrary, Withum shall seek reimbursement from the Debtor's estate for its engagement related expenses at Withum's actual cost paid.

14. For the avoidance of doubt, nothing in this Order shall be deemed to waive or prejudice the rights of the U.S. Trustee, any creditor or any party in interest to object to any interim

4

or final fee application filed by Withum, including any objections to fees and reimbursement of expenses.

15. For clarification, Withum has been paid $6,000 from Heller Capital Group and will be paid $14,000 from IEmployee Services.

16. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Order.

4918-0828-8621, v. 1