**MS&B**  McMANIMON • SCOTLAND • BAUMANN      75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Sari B. Placona**
**Direct Dial: 973-721-5030**
**splacona@msbnj.com**
Client No. 35420-001

October 9, 2025

<u>**Via ECF**</u>
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

> Re:  **Daryl Fred Heller**
> **Chapter 11, Case No. 25-11354 (JNP)**
>
> **Letter Objecting to Silverview Credit Partners, L.P.'s (I) Reply to Debtor's Brief in Support of why the Court Should not Appoint a Trustee or Convert the Case Pursuant to 11 U.S.C. §§ 11-4(a)(1), (2), 1112(b)(1) [ECF 588]; and (II) Memorandum of Law in Support of an Order Converting Chapter 11 Case to Liquidating Proceeding Under Chapter 7 or, in the Alternative, Appointing a Chapter 11 Trustee [ECF 596] and Debtor's Request to file a Response to the Silverview Reply**

Dear Judge Poslusny:

     As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession (the "Debtor"), in the above captioned matter. Please accept this letter objecting to Silverview Credit Partners, L.P.'s (I) Reply to Debtor's Brief in Support of Why the Court Should Not Appoint a Trustee or Convert the Case Pursuant to 11 U.S.C. §§ 11-4(a)(1), (2), 1112(b)(1) [ECF 588]; and (II) Memorandum of Law in Support of an Order Converting Chapter 11 Case to Liquidating Proceeding Under Chapter 7 or, in the Alternative, Appointing a Chapter 11 Trustee ("Silverview Reply").[1] ECF 596.

---

[1] Also on October 8, 2025, Claudia Z. Springer, solely in her capacity as the chapter 7 trustee of the bankruptcy estates of Blackford ATM Ventures Fund D, LLC, Blackford ATM Ventures Fund M II, LLC, Blackford ATM Ventures Fund M IV, LLC, Blackford ATM Ventures Fund M, LLC, Blackford ATM Ventures Fund M V, LLC, and Blackford ATM Ventures, LLC (collectively, the "Blackford ATM Entities"), filed the Joinder of Claudia Z. Springer, Chapter 7 Trustee of Blackford ATM Entities to the Silverview Reply ("Blackford Joinder"). ECF 597. The Debtor respectfully submits that the arguments set forth in this letter should govern the Court's consideration of the Blackford Joinder.

Honorable Jerrold N. Poslusny, Jr.
October 9, 2025
Page 2

Silverview filed the Silverview Reply yesterday, October 8, 2025, in connection with the Court's Order to Show Cause (the "OSC"). ECF 520. The OSC specifically ordered that "**[r]esponses** to this [OSC] ***shall be filed by 10/3/25***[] ***[r]eplies may be filed by 10/8/25***." Id. (emphasis added). Silverview did not comply with the OSC. The purpose of the dates imposed by the Court allowed parties to reply on October 8, 2025 *if responses were filed by October 3, 2025.*

Intentionally or otherwise, Silverview has misinterpreted the Court's direction, yet it will not consent to the Debtor responding to its latest missive. This letter, in part, respectfully requests permission from Your Honor to file a reply. As a threshold matter, Silverview's Reply should be considered as non-compliant with the Court's instruction. If, however, the Court does consider Silverview's recent position, the Debtor respectfully requests an opportunity to reply by Monday, October 13, 2025.

To allow Silverview's Reply to be considered by the Court without allowing the Debtor to respond prejudices the Debtor. The Court carefully crafted the OSC's briefing schedule to give all parties the opportunity to file a response by October 3, 2025, and have until October 8, 2025, to review and file a reply. This was all done with the backdrop of all parties having ample time to review all arguments and prepare for the October 22, 2025, hearing on the OSC. With the October 22, 2025, OSC hearing date quickly approaching, Silverview's late filing handicaps the Debtor.

On October 3, 2025, the Debtor timely filed the Debtor's Brief in Support of Why the Court Should Not Appoint a Trustee or Convert the Case Pursuant to 11 U.S.C. §§ 1104(a)(1), (2), 112(b)(1) ("Debtor's OSC Brief"). ECF 588. Silverview had the advantage of reviewing the Debtor's OSC Brief in full before crafting its response, a practice that undermines fundamental principles of fairness and due process. Silverview should not be rewarded for disregarding the Court's OSC and failing to file its response brief by the October 3, 2025 deadline and then, brazenly, objecting to the Debtor filing a reply.

Silverview's failure to timely file a response by the October 3, 2025 deadline should preclude it from having the authority to file a reply to the Debtor's OSC Brief. Debtor's counsel and Silverview's counsel exchanged emails, in which Silverview asserted that the OSC response deadline was unequivocally directed at the Debtor, arguing only the Debtor's response to the OSC was due October 3, 2025, and all others' replies to the Debtor's OSC Brief were due October 8, 2025. Silverview's interpretation of the OSC is wrong and disregards the plain meaning of the words written in the OSC. The OSC explicitly ordered **"*[r]esponses* to this [OSC] shall be filed by 10/3/25.*"** ECF 520 (emphasis added). It did not limit responses to the Debtor only. Specifically, to support this argument and understanding of the OSC, Prestige Funds filed its "response" timely – on October 3, 2025.

How could "responses" mean solely the Debtor, when the Court deliberately used the pluralized word 'responses' for all interested parties to comply. This is evermore clear when considering, on October 3, 2025, creditor Prestige Funds filed a letter with the Court that it would not be submitting a brief or legal memorandum pursuant to the OSC briefing schedule. ECF 586.

4938-2015-2945, v. 1

Honorable Jerrold N. Poslusny, Jr.
October 9, 2025
Page 3

 

The Court intentionally set October 8, 2025, as the date for *replies* to any OSC responses to be filed. Silverview's failure to comply has prejudiced the Debtor from the benefit of receiving the Silverview Reply by October 3, 2025, and having until yesterday, October 8, 2025 to review and file a reply. This unfairly prejudiced the Debtor – and the Court – as the Court will have less time to review the Silverview Reply and the Debtor's forthcoming reply, prior to the October 22, 2025, OSC hearing.

To add insult to injury, the undersigned asked Silverview to consent to the Debtor filing a reply to the Silver Reply. Silverview **would not** consent prompting this long-winded letter to Your Honor. Should the Court be inclined to consider the Silverview Reply– which is 939 pages – the Debtor respectfully requests that the Court must grant the Debtor additional time to file a reply.

We thank the Court for its courtesies.

            Respectfully,

            /s/ Sari B. Placona

            Sari B. Placona

4938-2015-2945, v. 1