| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-2(c)* | |
| Ciardi Ciardi & Astin<br>Albert A. Ciardi, III, Esquire<br>Daniel S. Siedman, Esquire<br>1905 Spruce Street,<br>Philadelphia, PA 19103<br>Telephone: 215-557-3550<br>Facsimile: 215-557-3551<br>aciardi@ciardilaw.com<br>dsiedman@ciardilaw.com | |
| *In re:*<br><br>Daryl Fred Heller<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

This Stipulation and Protective Order (the "Stipulation" or "Protective Order") is entered into by and among the undersigned counsel, acting for and on behalf of their respective clients: (a) Deerfield Capital Group, LLC ("Deerfield"); and (b) GCC Investment Holdings, LLC ("GCC" and together with Deerfield, each a "Party" and collectively, the "Parties");

WHEREAS, on September 17, 2025, Deerfield issued a Notice of Deposition ("Deposition of Debtor") and Request for Production of Documents directed GCC (the "Production Request of Debtor") under Bankruptcy Rule 9014;

WHEREAS, the Parties have agreed that certain materials and documents be subject to a protective order, pursuant to Federal Rule of Bankruptcy Procedure 7026, Federal Rule of Civil Procedure 26 incorporated therein, and 11 USCA § 107(b)(1); and

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms;

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL, IT IS ORDERED THAT:

1. This Protective Order shall govern the request, production, maintenance, copying, use, disclosure, disposal, transmittal, and handling of any materials including, but not limited to, any documents and/or other information, obtained or produced by the Parties in the above referenced Chapter 11 proceeding (the "Chapter 11 Case").

2. "Material" and "document" as used in this Protective Order mean any written or electronic document, data, material, videotapes, and other tangible items, and all information contained therein or that can be derived therefrom including, but not limited to, all responses to discovery requests in the Chapter 11 Case.

3. The term "Confidential Material" as used in this Protective Order shall refer to any material produced by the Parties or non-parties during discovery that is of a confidential or private nature that the Producing Party believes, in good faith, constitutes, contains, or reflects confidential information; and that has been designated Confidential Material in accordance with this Protective Order.

4. The term "Highly Confidential Material" as used in this Protective Order shall refer to any Confidential Information which a Producing Party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on the Confidential Information in this Protective Order, would potentially compromise and/or jeopardize the Producing Party's competitive business interests and that has been designated Highly Confidential Material in accordance with this Protective Order.

5. This Protective Order shall not apply to any materials that are or during this Chapter 11 Case become:

    (a) Public record, other than through inadvertent production;

(b) Filed as a public record with the clerk of any federal or state court in any other litigation;

(c) Filed with any federal or state agency, copies of which are required by the agency to be freely available in their entirety to the public;

(d) Published; or

(e) Available to the receiving Party from sources independent of the receiving Party, provided that those sources legally obtained such materials and have no obligation to keep them confidential.

6. Any Party or non-party may designate any material produced by that Party or non-party (the "Producing Party") in this Chapter 11 Case (including, but not limited to, documents produced, interrogatory responses, deposition transcripts, and audio and/or video recordings of depositions) as Confidential or Highly Confidential Material.

7. If material is designated Confidential or Highly Confidential Material, the Parties shall treat all portions, sections, and parts of that material, and all information contained therein, as subject to this Protective Order. If a Party wishes to designate only portions of certain material, or the information contained therein, Confidential or Highly Confidential Material, such intent shall be expressed clearly at the time of designation.

8. Any and all copies of Confidential or Highly Confidential Material shall be treated in all respects as Confidential or Highly Confidential Material in accordance with this Protective Order.

9. A Party may designate material Confidential Material or Highly Confidential (1) by a stamped legend if it is a document; (2) through written correspondence wherein the material is clearly identified by "Bates number" or by other unique identification, such as by date of

3

creation, title and author; or (3) by counsel's statement on the record that information is "confidential" or "highly confidential" if the information is elicited orally.

10. The court reporter for a deposition that in whole or in part is designated Confidential or Highly Confidential Material shall be requested to mark the face of any corresponding pages of the deposition transcript with the words "Confidential Pursuant to Court Protective Order" or "Highly Confidential Pursuant to Court Protective Order." The portions of the transcripts so designated and/or marked shall be treated as Confidential or Highly Confidential Material.

11. If a Party fails at the time of its production or disclosure to designate material as Confidential or Highly Confidential Material, that Party may later designate such material as Confidential or Highly Confidential Material by notifying the other Parties of such designation in writing. A Party that receives any material that at the time of its receipt was not designated Confidential or Highly Confidential Material, but which the Producing Party thereafter designates Confidential or Highly Confidential Material, shall not be liable for its disclosure, distribution, or other communication or use contrary to the terms of this Protective Order prior to its designation as Confidential or Highly Confidential Material.

12. Confidential Material shall be maintained in confidence by the receiving Party and shall not be given, shown, disclosed, made available, or communicated in any way to anyone other than the following persons and/or entities: (a) attorneys of record in this Chapter 11 Case and their staff and agents, including outside or third party support staff or vendors such as court reporters and copying professionals; (b) experts consulted or retained for purposes of this Chapter 11 Case; (c) the Court (as defined herein), with respect to motions, in a manner described herein; (d) at any hearing before the Court, to witnesses, and court reporters in a manner described herein; (e) the Court in a manner described herein; (f) the Parties and their agents; (g) the author(s) of the

4

document; (h) the named recipient(s) of the documents; (i) any person or entity to whom the material has already been produced or disclosed prior to its production or disclosure in this Chapter 11 Case; and (j) witnesses whom a Party reasonably expects may provide testimony in this Chapter 11 Case, but only in preparation for such testimony. The Parties and counsel of record shall inform any of their employees, consultants, vendors, or other agents who receive Confidential Material of their obligations pursuant to this Protective Order.

13. Highly Confidential Material shall be maintained in confidence by the receiving Party's attorney(s) and shall not be given, shown, disclosed, made available, or communicated in any way to the receiving Party. Highly Confidential Material shall not be given, shown, disclosed, made available, or communicated to anyone, other than the following persons and/or entities: (a) attorneys of record in this Chapter 11 Case and their staff and agents, including outside or third party support staff or vendors such as court reporters and copying professionals; (b) experts consulted or retained for purposes of this Chapter 11 Case; (c) the Court, with respect to motions, in a manner described herein; (d) at any hearing before the Court, to witnesses, and court reporters in a manner described herein; (e) the Court in a manner described herein; (f) the author(s) of the document; (g) the named recipient(s) of the documents; (h) any person or entity to whom the material has already been produced or disclosed prior to its production or disclosure in this Chapter 11 Case; and (i) witnesses whom a Party reasonably expects may provide testimony in this Chapter 11 Case, but only in preparation for such testimony. The counsel of record shall inform any of their employees, consultants, vendors, or other agents who receive Highly Confidential Material of their obligations pursuant to this Protective Order.

14. Confidential or Highly Confidential Material may be used as exhibits in the deposition of a nonparty deponent only on the condition that such nonparty deponent (including the deponent's counsel) shall not be allowed to retain a copy of said material unless such deponent

5

certifies on the record or in a signed writing that the deponent has read and agrees to be bound by the terms of this Protective Order.

15. If a specific request for the return of inadvertently produced or disclosed material, or for the opportunity to designate such Confidential or Highly Confidential Material, is denied, or if necessary to prevent the use of any inadvertently produced or disclosed material, the Producing Party may petition the Court for an appropriate order.

16. If a Party other than the Party that designates material Confidential or Highly Confidential Material disagrees with that designation, that Party shall notify all counsel in writing of the objection and its basis. If the Parties cannot in good faith resolve the dispute within five (5) business days of such notification, the Party objecting to the designation may move for an order that the designation is improper. During the pendency of such motion, the Parties shall treat the material in accordance with its designation. The burden of justifying the designation shall be on the party seeking confidential treatment.

17. Confidential or Highly Confidential Material may only be filed with the Court (a) pursuant to leave under 11 U.S.C. § 107(b), or other relevant statute or rule, to file such material under seal or (ii) if there has been a prior judicial determination that such material should not be treated confidentially. The Parties shall file jointly any motion seeking leave under 11 U.S.C. § 107(b) unless a Party has previously objected to the designation of that Confidential or Highly Confidential Material and such objection has not been resolved by the Parties or Court in accordance with this Protective Order. Absent an order allowing the motion to file under seal, if a Party wishes to include Confidential or Highly Confidential Material in any submission to the Court, that Party shall file a redacted version of such materials with the Court deleting all of the Confidential or Highly Confidential Material and, where practical (such as where there is a delay between service and filing), the Party making the filing shall attempt to reach agreement with the

Producing Party concerning the particular redactions prior to such filing. The filing with the clerk of any Confidential or Highly Confidential Material not under seal, under any circumstances, shall not be deemed to waive or limit any restriction contained in this Protective Order as to that Confidential or Highly Confidential Material or as to any other Confidential or Highly Confidential Material.

18. If any court other than the Court in this Chapter 11 Case, or any other tribunal or any administrative or government agency or entity, requests, demands, subpoenas, or orders production of Confidential or Highly Confidential Material from a Party, person, or entity that has obtained that Confidential or Highly Confidential Material under the terms of this Protective Order, that Party, person, or entity shall, before turning over such Confidential or Highly Confidential Material, promptly notify the Party that designated the material Confidential or Highly Confidential Material of the request, demand, subpoena, or order and afford five (5) business days for the Producing Party to oppose the request, demand, subpoena, or order, unless it would violate the terms of the request, demand, subpoena, or order to provide such notice, in which case the greatest notice feasible shall be provided.

19. Neither the designation by a Party of any material as Confidential or Highly Confidential Material, nor its receipt by any other Party, shall constitute a concession by the Party that receives it that the material has been properly designated Confidential or Highly Confidential Material.

20. Nothing herein shall prevent any Party from objecting to any discovery request on any basis including, but not limited to, objections pertaining to confidentiality, privilege, and/or the protection of privacy rights, insofar as such objections are proper under applicable rules and law. The Parties retain the right to question, challenge, and object on any grounds to the

admissibility of any Confidential or Highly Confidential Material at any proceeding in connection with this Chapter 11 Case.

21. Nothing herein shall be deemed a waiver of any obligation to preserve the attorney-client privilege or any other applicable privilege or protection. This Protective Order does not apply to documents and information protected by the attorney-client privilege or any other applicable privilege or protection.

22. Nothing herein shall impose any restriction on the use or disclosure by a Party of material obtained by such Party independent of discovery in this Chapter 11 Case, whether or not such material is also obtained by discovery in this Chapter 11 Case, or from disclosing or using as it deems appropriate any material that the Party has itself designated Confidential or Highly Confidential Material.

23. This Protective Order shall be binding throughout and after the conclusion of the Chapter 11 Case upon the Parties hereto, any future party to this Chapter 11 Case and upon non-parties who agree to be bound by the terms of this Protective Order, and upon their respective counsel of record, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, and independent contractors.

24. The Parties agree that the United States Bankruptcy Court for the District of New Jersey (the "Court") shall retain jurisdiction to enforce this Protective Order notwithstanding confirmation of a plan, any settlement, discontinuance, dismissal, judgment, or other disposition of this Chapter 11 Case.

25. The terms of this Protective Order may be modified only by further order of the Court.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| DEERFIELD CAPITAL GROUP, LLC | GCC INVESTMENT HOLDINGS, LLC |
| By its attorneys, | By its attorneys |
| **CIARDI CIARDI & ASTIN** | **GENOVA BURNS** |
| By: _/s/_____ | By: _/s/_____ |
| ALBERT A. CIARDI, III | DON CLARKE, ESQ. |
| DANIEL S. SIEDMAN | 494 Broad Street, |
| 1905 Spruce Street | Newark, NJ 07102 |
| Philadelphia, PA 19103 | 973-387-7804 |
| (215) 557-3550 | dclarke@genovaburns.com |
| aciardi@ciardilaw.com | |
| dsiedman@ciardilaw.com | |

DATED: ~~September ___, 2025~~ October 13, 2025

**IT IS SO ORDERED AND ENTERED:**

This _____ day of _____, 2025

_____
J.