| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession* |
| In re:<br><br>DARYL FRED HELLER,<br><br>                  Debtor. |

Chapter 11

Case No. 25-11354 (JNP)

**DEBTOR'S REPLY TO RESPONSE OF THE UNITED STATES TRUSTEE TO THE COURT'S ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT APPOINT A TRUSTEE OR CONVERT THE CASE**

Daryl Fred Heller, the Chapter 11 debtor and debtor-in-possession (the "Debtor"), by and through his counsel, McManimon, Scotland & Baumann, LLC, respectfully submits his reply ("Reply") to the Office of the United States Trustee ("UST") Response to the Court's Order to Show Cause why the Court Should not Appoint a Trustee or Convert the Case (the "OSC") [ECF 520] ("UST OSC Response"). ECF 601. The Debtor respectfully submits as follows:

**I.    The UST OSC Response Offers Nothing Beyond the Existing Record, Which Remains Insufficient to Justify Appointment of a Trustee or Conversion Under 11 U.S.C. §§ 1104(a)(1), (2), or 1112(b)(1)**

In its Preliminary Statement, the UST contends that the following points support either the appointment of a trustee or conversion of this case under 11 U.S.C. §§ 1104(a)(1), (2), or 1112(b)(1): (i) the Second Interim Report of Examiner, Edwards a Phillips (Regarding Ponzi Allegation) (the "Second Examiner Report") [ECF 473] which alleges ponzi-activity by the Debtor's business entity Paramount Management Group, LLC ("Paramount"), (ii) the August 21,

1

2025, indictment of the Debtor in the Eastern District of Pennsylvania (*United States v. Daryl Heller*, Case 5:25-cr-00366-CH) (the "Criminal Case"), and (iii) the September 2, 2025, a civil enforcement action filed by the Securities and Exchange Commission ("SEC") against the Debtor (*SEC v. Daryl F. Heller, et al.*, Case 5:25-cv-0536) (the "Civil Case"). See UST OSC Response, at pgs. 1-3.

What the Debtor has already pointed out in his Brief in Support of Why the Court Should not Appoint a Trustee or Convert the Case Pursuant to 11 U.S.C. §§ 1104(a)(1), (2), 1112(b)(1) ("Debtor's OSC Brief") [ECF 588], neither the Second Examiner Report nor filing of the Criminal Action and Civil Action support appointment of a trustee or conversion. First, The Debtor submitted the independent report of Withum Smith + Brown, PC, financial advisor, in support of the Debtor's OSC Brief which refutes the accusations in the Second Examiner Report and demands further analysis. ECF 588. Secondly, the mere filing of the Criminal Action and Civil Action are not sufficient to support a finding of "cause" under 11 U.S.C. §§ 1104(a)(1), (2), 1112(b)(1) nor conversion. There has been no finding of malfeasance or criminal liability by the Debtor pursuant to any evidentiary standard. Thus, the Debtor submits the UST is mistaken that the Second Examiner Report and filing of the Criminal Action and Civil Action, "taken separately or together" is sufficient to satisfy "cause" to appoint a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a)(1). See UST OSC Response, at ¶ 24.

The UST argues if the Court is not inclined to appoint a trustee, in the alternative it should convert the case pursuant to 11 U.S.C. § 1112(b)(1). Id., at ¶¶ 25-37. In support thereof, the UST argues the Debtor's has $18,797 held in cash at the commencement of the case, and but for a $89,698.79 tax refund, would be operating in the negative during this case. Id., at ¶ 33. The UST effectively asks this Court to ignore the clear reality that the Debtor is not running a net negative balance during this bankruptcy case, and instead rely on two (2) selectively chosen facts to support

a misleading conclusion. Id. The fact of the matter is, the Debtor is net positive during the pendency of this action and will continue to operate in a fiscally responsible manner to ensure that remains true.

The UST lastly argues the Debtor does not have a reasonable likelihood of rehabilitation, and thus the case should be converted. Id., at ¶¶ 35-36. Again, this is untrue. On August 1, 2025, the Debtor timely filed the (i) Debtor's Chapter 11 Plan (the "Plan"), and (ii) Debtor's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing Debtor's Chapter 11 Plan. ECF 433, 434. Creditors will receive significantly greater recovery under the Debtor's proposed Plan than they would in a Chapter 7 liquidation, and conversion would substantially reduce the amounts available for distribution to creditors. The Debtor will amend his plan, if necessary.

The UST OSC Response does not present any new or material information beyond what is already before the Court. The Debtor has demonstrated competence as a debtor-in-possession, as detailed in the Debtor's OSC Brief. ECF 588. The UST's submission relies on the existing record, which remains insufficient to support (i) a finding of "cause" under 11 U.S.C. § 1104(a)(1) for appointment of a trustee, (ii) a finding of "cause" under 11 U.S.C. § 1112(b) to warrant conversion of the case, or (iii) a determination under 11 U.S.C. § 1104(a)(2) that appointment of a trustee is in the best interests of creditors.

Accordingly, in the absence of such proof, the case should remain in Chapter 11, and the Debtor as debtor-in-possession.

Dated: October 13, 2025              **McMANIMON, SCOTLAND & BAUMANN, LLC**
*Counsel for Daryl Fred Heller, the Chapter 11 Debtor and Debtor-in-Possession*

By: */s/ Sari B. Placona*
    Sari B. Placona

3