**MS&B** McMANIMON · SCOTLAND · BAUMANN    75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Sari B. Placona**
**Direct Dial: 973-721-5030**
splacona@msbnj.com
Client No. 35420-001

October 20, 2025

**Via ECF**
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Camden, New Jersey 08101

      Re:    **Daryl Fred Heller**
              **Chapter 11, Case No. 25-11354 (JNP)**
              **Debtor's Letter Regarding Order to Show Cause [ECF 520]**

Dear Judge Poslusny:

      As Your Honor is aware, this firm represents Daryl Fred Heller, the Chapter 11 debtor and debtor-in-possession (the "Debtor" or "Mr. Heller"), in the above-captioned matter. The Debtor submits this letter regarding the Court's Order to Show Cause (the "OSC"), currently scheduled for hearing on October 22, 2025. ECF 520. On August 27, 2025, the Court *sua sponte* entered the OSC directing the Debtor to show cause why (i) a trustee should not be appointed, or (ii) the case should not be converted. Id.

      By way of this letter, the Debtor respectfully consents to the appointment of a trustee and looks forward to working with the trustee to maximize his estate for the benefit of creditors. The Debtor believes that such appointment will serve the best interests of creditors and the estate and will promote further transparency in his bankruptcy case as well as the related matters in other courts and jurisdictions.

      Since the commencement of this case on February 10, 2025 (the "Petition Date"), the Debtor has fully complied with all obligations under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"). ECF 1. The Debtor's compliance with the Bankruptcy Code includes, but is not limited to, (i) timely filed monthly operating reports and paying quarterly United States Trustee's fees, (ii) participation in the 341(a) Meeting of Creditors, wherein, Mr. Heller testified under oath for several hours, (iii) filed amended schedules and financial affairs statement [ECF 122, 552], (iv) timely filed his Plan [ECF 433] and Disclosure Statement [ECF 434], and (v) cooperated with the Examiner, Edward A. Phillips (the "Examiner"), by producing thousands of documents and engaging in numerous discussions.[1] At no point has the Examiner, or

---

[1] On March 18, 2025, the Court entered an Order Approving the Appointment of a Chapter 11 Examiner by United States Trustee. ECF 131.

Honorable Jerrold N. Poslusny, Jr.
October 20, 2025
Page 2

any party, suggested that the Debtor engaged in any improper conduct since the Petition Date. Moreover, despite the Examiner Order requiring inquiry into "transfers," there have been no allegations of anything untoward. As Your Honor is aware, allegations by Paramount Management Group, LLC, or any other creditor against Mr. Heller are more than two (2) years old and merely remain allegations. There has been no proof that Mr. Heller has done anything improper. In fact, although Mr. Heller is consenting to the appointment of a trustee to show transparency and to benefit creditors of the estate, there has been no finding of "cause" to appoint a trustee.

Moreover, there has been absolutely nothing untoward since the Petition Date concerning the Debtor. In fact, the opposite is true. As further evidence of the Debtor's good-faith administration of this case, the Debtor has advanced multiple settlement proposals to the following creditors: (i) Deerfield Capital, LLC ("Deerfield"), (ii) Orrstown Bank, (iii) Prestige Funds,[2] (iv) Silverview Credit Partners, L.P. ("Silverview"), and (v) Steward Capital Holdings, LP.

On October 15, 2025, Deerfield issued its Notification of Public Disposition of Collateral, i.e., Mr. Heller's membership interests in Heller Investment Holdings LLC ("HIH"), under Uniform Commercial Code § 9-611 ("UCC Collateral Notice"). Pursuant to the UCC Collateral Notice, Deerfield is to sell the membership interests of the Debtor in HIH. Deerfield will conduct the sale sometime after October 21, 2025. These efforts underscore the Debtor's commitment to achieving equitable resolutions for creditors.

The Debtor believes Chapter 11 is the most efficient way to maximize the estate. The Debtor respectfully requests the trustee consider his participation under the trustee's supervision to preserve and enhance value for creditors. The Debtor's involvement is critical because of his long-standing operational relationships with certain key partners, his understanding of the infrastructure of his business entities and his ability to enhance monetizing assets for the benefit of creditors. These critical relationships, built over many years provide trust, institutional knowledge, specific key resources, and strategic alignment that cannot be replicated quickly by a trustee.

Maintaining continuity will safeguard operations, prevent value erosion, and ensure assets are marketed under conditions that ensure a maximum return for creditors compared to being sold for deep discounts at liquidation. Since the Debtor holds minority interests in many of these businesses, removing his involvement would create a significant risk of predatory pricing by other owners and reduce cooperation from long-standing partners, outcomes that could diminish recoveries by tens of millions of dollars. By contrast, retaining the Debtor's institutional knowledge and established relationships under trustee oversight will accelerate transactions, unlock strategic opportunities, and materially enhance distributions to creditors.

---

[2] Prestige consists of the following entities: Prestige Fund A II, LLC; Prestige Fund A IV, LLC; Prestige Fund A IX, LLC; Prestige Fund A V, LLC; Prestige Fund A VI, LLC; Prestige Fund A VII, LLC; Prestige Fund A, LLC; Prestige Fund B BTMI, LLC; Prestige Fund B II, LLC; Prestige Fund B IV, LLC; Prestige Fund B V, LLC; Prestige Fund B VI, LLC; Prestige Fund B VII, LLC; Prestige Fund B, LLC; Prestige Fund D BTM I, LLC; Prestige Fund D III, LLC; Prestige Fund D IV, LLC; Prestige Fund D V, LLC; Prestige Fund D VI, LLC; and Prestige Fund D, LLC, WF Velocity I,LLC, WF Velocity IV, LLC, WF Velocity V, LLC, WF Velocity VI, LLC, and WF Velocity VII, LLC.

Honorable Jerrold N. Poslusny, Jr.
October 20, 2025
Page 3

      As the Court is aware, there was a bail order (the "Bail Order") entered against the Debtor in the case captioned *United States v. Daryl Heller*, Case 5:25-cr-00366-CH. To comply with the Bail Order, which requires the Debtor to maintain current employment, and to ensure continuity that supports a trustee in maximizing estate value, the Debtor respectfully requests he continue his salary as currently authorized and thereafter until the trustee fully understands the Debtor's business interests and his "value added."

      The Debtor's continued employment will generate significant revenue and maximize the sale of assets, which the Debtor fears will be materially diminished without his involvement. This arrangement reflects the Debtor's good-faith effort to minimize administrative costs while maintaining the continuity and operational expertise necessary to protect and enhance creditor recoveries.

      The Debtor remains committed to transparency, cooperation, and achieving the best possible outcome for all creditors and stakeholders. Mr. Heller welcomes the opportunity to work with the trustee. We thank the Court for its courtesies.

      Respectfully,

      /s/ Sari B. Placona

      Sari B. Placona