# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

| | | |
|---|---|---|
| **Gerard S. Catalanello** | Direct Dial: **+1 212 210 9509** | Email: **Gerard.Catalanello@alston.com** |

October 20, 2025

<u>VIA ELECTRONIC FILING</u>

Honorable Jerrold N. Poslusny, Jr.
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4C
Camden, New Jersey 08101

Re: *In re Daryl Fred Heller*, Case No. 25-11354 (the "Debtor")
Silverview Credit Partners, LP's Position Letter

Dear Judge Poslusny,

In advance of the upcoming hearing on October 22, 2025 in connection with the Court's *Order to Show Cause*, dated August 27, 2025 [D.I. 520] (the "Order to Show Cause"), Silverview Credit Partners, LP ("Silverview") respectfully submits this position statement, pursuant to the Court's directive, dated October 16, 2025 [D.I. 608], for all interested parties to submit a (i) proposed order of trial, (ii) list of witnesses, and to (iii) address the applicable burden of proof in connection with the Order to Show Cause.[1]

## I. Order of Trial

Because the Order to Show Cause was directed at the Debtor, the Debtor should present his evidence, if any, first. The Examiner should be called upon second to present.

With that understanding, Silverview submits the following proposed order of trial.

a) Opening Arguments (up to 10 minutes each)

    a. Debtor's Opening
    b. Examiner's Opening
    c. Silverview's Opening

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in *Silverview Credit Partners, LP's (I) Reply to Debtor's Brief in Support of Why The Court Should Not Appoint a Trustee or Convert the Case Pursuant to 11 U.S.C. §§ 1104(a)(1), (2), 1112(b)(1) [D.I. 588]; and (II) Memorandum of Law in Support of an Order Converting Chapter 11 Case to Liquidating Proceeding Under Chapter 7 or, in the Alternative, Appointing a Chapter 11 Trustee* [D.I. 596].

    b) Debtor's Affirmative Presentation of Evidence and Witnesses, if any

        a. Direct Examination by Debtor's Counsel (if any)
        b. Cross Examination by Examiner
        c. Cross examination by Silverview
        d. Redirect

    c) Examiner's Affirmative Presentation of Evidence and Witnesses, if any

        a. Direct Examination by Examiner's Counsel (if any)
        b. Cross Examination by Debtor
        c. Cross Examination by Silverview
        d. Redirect

    d) Silverview's Affirmative Presentation of Evidence and Witnesses, if any

        a. Direct Examination by Silverview's Counsel (if any)
        b. Cross Examination by Debtor
        c. Cross Examination by Examiner
        d. Redirect

    e) Closing Arguments (up to 1 hour each)

        a. Debtor's Closing
        b. Examiner's Closing
        c. Silverview's Closing

The parties have been conferring regarding potential opportunities to expedite or dispense with portions of the hearing and will advise the Court in advance if they are able to reach agreement.

**II.    List of Witnesses**

At this time, Silverview expects that the following witnesses will be called to testify.

a. Examiner
b. Kenneth J. DeGraw (Withum)
c. Daryl F. Heller

### III.     Burden of Proof

In accordance with the Order to Show Cause, it is the Debtor's burden to demonstrate why the relief contemplated by the Court—conversion or the appointment of a trustee—should not be granted.

If this were a case in which a *movant* was moving for conversion to a liquidating proceeding under chapter 7, pursuant to section 1112(b) of the Bankruptcy Code, or for the appointment of a trustee, pursuant to section 1104(a) of the Bankruptcy Code, it is well-settled law that the movant would bear the initial burden of establishing "cause" for conversion[2] or for appointment of a trustee,[3] respectively. In such a case, once the initial burden was met, the burden would then shift to the opposing party (here, the Debtor) to "specifically identify unusual circumstances that show conversion would not be in the best interest of the estate and its creditors and that there is a reasonable likelihood that a plan will be confirmed." *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013), *aff'd sub nom. Grasso v. Madison Cap. Co.*, No. CIV.A. 13-4308, 2014 WL 1281123 (E.D. Pa. Mar. 31, 2014); *see also* 11 U.S.C. § 1112(b)(2); *In re Am. Cap. Equip., LLC,* 688 F.3d 145, 163 (3d Cir. 2012); *In re Dr. R.C. Samanta Roy Inst. of Sci. Tech. Inc.,* 465 Fed. App'x. 93, 97 (3d Cir. 2011); *In re Riverbend Cmty., LLC,* Bky. No. 11–11771, 2012 WL 1030340, *3 (Bankr. D. Del. Mar. 23, 2012); *Fidelity Deposit & Discount Bank v. Domiano (In re Domiano),* 442 B.R. 97, 107 (Bankr. M.D. Pa. 2010).

In this case, however, the Court's decision to issue the Order to Show Cause already reflects a preliminary finding that "cause" exists under sections 1112(a) and 1104(b) Bankruptcy Code.[4] Based on the record before the Court, including Silverview's request that the Court, *sua sponte*, appoint a chapter 11 trustee, the Court appropriately exercised its authority, under sections 105(a), 1112(b) and 1104(a), and issued the Order to Show Cause, which "ordered that Debtor, Daryl Fred Heller . . . [to] show cause why the Court should not appoint a trustee or convert the case."[5]

---

[2] *See Nester v. Gateway Access Sols., Inc. (In re Gateway Access Sols., Inc.)*, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007) ("Pursuant to § 1112(b)(1), the initial burden lies with the Movants to establish 'cause' for conversion."); *Tarquinio v. Tarquinio (In re Tarquinio)*, Civil Action No.: 17-cv-01917 (PGS), 2017 U.S. Dist. LEXIS 194421, at *5 (D.N.J. Nov. 27, 2017) ("The party seeking to demonstrate cause, under 1112(b)(4)(A), has the initial burden of demonstrating: (1) 'substantial or continuing loss'; and (2) 'the absence of a reasonable likelihood of rehabilitation.'") (quoting 11 U.S.C. § 1112(b)(4)(A)). The movant must show such cause by a preponderance of the evidence. See *In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994).

[3] Similarly, the party moving for the appointment of a trustee under section 1104(a) of the Bankruptcy Code must prove the need for a trustee under either subsection. *See In re Marvel Entm't Grp.*, 140 F.3d. 463, 471 (3d. Cir. 1998) (clear and convincing evidence standard); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir.1989) (clear and convincing evidence standard); *Off. Comm. of Asbestos Claimants v. G–I Holdings, Inc.*, 385 F.3d 313, 317 (3d. Cir. 2004). "This burden does not shrink or shift." In re G-I Holdings, Inc., 385 F.3d at 320.

[4] *See infra* p. 4 (discussion on *In In re Dr. R. C. Samantha Roy Inst. of Sci. Tech. Inc.*).

[5] Order to Show Cause p. 2.

*In re Daryl Fred Heller*, Case No. 25-11354
October 20, 2025
Page 4

Following entry of the Order to Show Cause, therefore, the burden appropriately shifted to the Debtor as the party opposing conversion or the appointment of a trustee—as it does in every case—to come forward with evidence demonstrating why conversion or the appointment of a trustee is unwarranted. To the extent that reflects burden shifting, such shifting is entirely appropriate. *See In re Symka, Inc.*, 518 B.R. 888, 889 (Bankr. D. Colo. 2014) ("[A] court's entry of an order to show cause has the effect of shifting the burden of going forward from the applicant to the target of the show cause order.").

An order to show cause serves as a procedural device through which a court calls upon a party to explain its conduct before the court takes particular action—effectively functioning as a mechanism for the court to demand justification before taking a serious step. *See generally* 60 C.J.S. Motions and Orders § 22 ("An order or rule to show cause is an order requiring a party to appear and show cause why a certain thing should not be done or permitted."). The order to show cause preserves both due process—by giving the party (*e.g.*, the Debtor) an opportunity to be heard—and enables judicial efficiency: it allows the court to test whether the relief is warranted on the record before entering a final order. *See generally* 11 U.S.C. § 105 ("The court may issue any order . . . that is necessary or appropriate . . . to prevent an abuse of process."); *U.S. Mineral Products Co. v. Off. Comm. of Asbestos Bodily Injury and Property Damage Claimants (In re U.S. Mineral Products Co.)*, 105 Fed. App'x 428 (3d Cir. 2004) (*sua sponte* appointment of a trustee permitted and recognized under the Bankruptcy Code); *Fukutomi v. United States Trustee (In re Bibo, Inc.)*, 76 F.3d 256 (9th Cir. 1996) (The Ninth Circuit affirmed the bankruptcy court's appointment of a chapter 11 trustee, even though the appointment was made by the court, *sua sponte*, and the "notice" was provided during the course of the hearing); *In re Dr. R.C. Samanta Roy Inst. of Sci. Tech. Inc.*, 465 Fed. App'x. at 98 (finding that six days' notice of the issues to be addressed through a show cause order satisfied due process in the context of a section 1112(b) dismissal proceeding); *In re Gonic Realty Tr.*, 909 F.2d 624, 626 n.1 (1st Cir. 1990) (11 U.S.C. § 105 allows discretionary *sua sponte* dismissals). Because orders to show cause are interlocutory in nature, they strike a balance between the court's need to act swiftly in protecting, for example, creditor and estate interests, and the party's right to defend against drastic relief.

The Third Circuit's decision in *In re Dr. R. C. Samantha Roy Inst. of Sci. Tech. Inc.*, 465 Fed. App'x. 93 (3d Cir. June 15, 2011) (Ambro, J.) is instructive. There, the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), *sua sponte*, issued an order to show cause "at which the Debtors must show cause why the Court should not dismiss the cases or appoint a Chapter 11 Trustee." *Id.* at 95 (internal quotation and citation omitted). The Delaware Bankruptcy Court issued the order to show cause after identifying specific concerns—both independently and those raised by creditors. *See id.* at 95, 98. The Third Circuit held that "[t]he Bankruptcy Court . . . provided Debtors sufficient notice of the areas they needed to address at the show-cause hearing,"[6]

---

[6] "The [Delaware] Bankruptcy Court gave six days notice to the parties." *Id.* at 98. Here, there are fifty-six (56) days between the Court's entry of the Order to Show Cause, on August 27, 2025, and its return date of October 22, 2025.

*In re Daryl Fred Heller*, Case No. 25-11354
October 20, 2025
Page 5

*id.* at 99, and subsequently affirmed dismissal of the bankruptcy cases after finding that the Debtors had not satisfied their burden. *See id.* at 100.

In these circumstances, therefore, the Debtor bears the burden of proof to make the required showing that the case should not be converted or a chapter 11 trustee appointed. *See Ie Dr. R. C. Samantha Roy Inst. of Sci. Tech. Inc.*, 465 Fed. App'x. at 98.

Nevertheless, assuming, *arguendo*, that the burden did not shift to the Debtor following the Court's issuance of the Order to Show Cause, the record independently satisfies the statutory standard for relief under sections 1112(b) and 1104(a) of the Bankruptcy Code. Both the existing evidentiary record—and the further facts that will be adduced at trial—demonstrate ample cause for conversion, in the first instance, or the appointment of a trustee, in the alternative. Thus, regardless of where the burden lies, "cause" is present.

Respectfully submitted,

Dated: October 20, 2025                **ALSTON & BIRD LLP**

By: */s/ Gerard S. Catalanello*
Gerard S. Catalanello, Esq.
James J. Vincequerra, Esq. *(admitted pro hac vice)*
Seth M. Cohen (admitted *pro hac vice*)
Kimberly J. Schiffman, Esq. *(admitted pro hac vice)*
Jonathan P. Wieder (admitted *pro hac vice*)
90 Park Avenue
15th Floor
New York, New York 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Email: Gerard.Catalanello@alston.com
         James.Vincequerra@alston.com
         Seth.Cohen@alston.com
         Kimberly.Schiffman@alston.com
         Jonathan.Wieder@alston.com
– *and* –

Enrique Chaljub Garcia, Esq. *(admitted pro hac vice)*
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: Enrique.Chaljub@alston.com

*Counsel to Silverview Credit Partners, LP*