| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>OFFICE OF THE UNITED STATES TRUSTEE<br>ANDREW R. VARA<br>UNITED STATES TRUSTEE, REGIONS 3 AND 9<br>Jeffrey M. Sponder, Esquire<br>One Newark Center, Suite 2100<br>Newark, NJ 07102<br>Telephone: (973) 645-3014<br>Email:  jeffrey.m.sponder@usdoj.gov | Order Filed on October 22, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Daryl Fred Heller,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br>Hearing Date:<br><br>Honorable Judge Jerrold N. Poslusny Jr. |

**ORDER PURSUANT TO 11 U.S.C. § 1104 DIRECTING THE APPOINTMENT
OF A CHAPTER 11 TRUSTEE**

The relief set forth on the following page(s) numbered two (2) is hereby **ORDERED**.

**DATED: October 22, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**(Page 2)**
Daryl Heller
Chapter 11 Case No.: 25-11354 (JNP)
**Order Pursuant to 11 U.S.C. § 1104 Directing the Appointment of a Chapter 11 Trustee**

---

Upon consideration of the Court's Order to Show Cause Why the Court Should Not Appoint a Trustee or Convert the Case (the "OTSC") (Dkt. 520), and responses having been filed by the Debtor (Dkts. 551, 588, 598, 606, 607 and 614), Silverview Credit Partners LP (Dkts. 549, 596, 603), Prestige Fund A II, LLC, et als., (Dkt. 586), and the United States Trustee (Dkt. 601), and the Debtor having consented to the appointment of a chapter 11 trustee (Dkt. 614), and the Court having found that the entry of the within order is in the best interests of creditors and the bankruptcy estate, and for the reasons set forth on the record at the pre-trial hearing conducted on October 20, 2025, it is hereby:

**ORDERED** that pursuant to 11 U.S.C. § 1104, and pursuant to the Debtor's consent, the Court hereby directs the United States Trustee for Region 3, after consultation with parties-in-interest, to appoint a chapter 11 trustee in the above-referenced case.