| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Sean C. Southard<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*Proposed General Counsel to Fred Stevens, in his capacity as Chapter 11 Trustee.* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>                                 Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

**TRUSTEE'S OMNIBUS OBJECTION TO PENDING FEE
APPLICATIONS AND/OR MONTHLY FEE STATEMENTS
BY PRE-TRUSTEE ESTATE PROFESSIONALS**

Fred Stevens (the "Trustee"), in his capacity as chapter 11 trustee of the estate (the "Estate") of Daryl Fred Heller (the "Debtor"), by and through his undersigned counsel, hereby submits his omnibus objection (the "Objection") to the pending monthly fee statements and applications for interim and/or final approval and allowance of fees and expenses by professionals previously retained by the Estate, including (i) McManimon, Scotland & Baumann, LLC ("MSB") [Dkt. Nos. 622 and 671], (ii) The DMC Group CPA's & Advisors, LLC ("DMC") [Dkt. No.661], (iii) Reed Smith LLP ("Reed Smith") [Dkt. Nos. 635 and 655], (iv) Getzler Henrich & Associates, LLC ("GH&A") [Dkt. Nos. 636 and 654], and (v) Edward A. Phillips, as examiner (and together

with MSB, DMC, Reed Smith and GH&A, the "Pre-Trustee Estate Professionals") [Dkt. Nos. 637 and 653] and respectfully states as follows:

## BACKGROUND

1. The Debtor commenced this bankruptcy case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 10, 2025 (the "Petition Date"). To date, no official committee of creditors has been organized in the Case.

2. The Debtor retained MSB as counsel and DMC as accountant to assist the Debtor in the Case.

3. Shortly thereafter on March 7, 2025, this Court entered and Order directing the appointment of an examiner (the "Examiner") to investigate and report on various alleged financial improprieties asserted by parties in interest against the Debtor [Dkt. No. 99]. Notice of the appointment of Edward A. Phillips as Examiner was filed by the Office of the U.S. Trustee (the "UST") on March 14, 2025 [Dkt. No. 118] and such appointment was approved by Order of this Court on March 18, 2025 [Dkt. No. 131].

4. The Examiner subsequently retained both GH&A as financial advisor and Reed Smith as counsel to assist him in the work he was charged with performing.

5. The Examiner, with the assistance of Reed Smith and GH&A, performed an investigation and then prepared and filed two interim reports with this Court. Following consideration by the Court and parties in interest of the findings and conclusions set forth in the second interim report by the Examiner on August 21, 2025 [Dkt. No. 496], this Court entered an order to show cause why the Court should not appoint a trustee or convert the Case on August 27, 2025 [Dkt. No. 520].

6. On October 22, 2025, this Court entered an Order directing the appointment of a chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Dkt. No. 616]. The UST provided notice of Fred Stevens' appointment as Trustee on October 24, 2025 [Dkt. No. 625] and this Court entered an Order approving the Trustee's appointment on October 28, 2025 [Dkt. No. 629].

**OBJECTIONS**

7. Both before and after the Trustee's appointment, the Pre-Trustee Estate Professionals provided services and incurred expenses that they have indicated were to or for the benefit of the Estate and thereafter filed various monthly fee statements (collectively, the "Monthly Fee Statements") and interim or final fee applications (collectively, the "Fee Applications") associated with such services.

8. Prior to the Trustee's appointment, parties in interest seemingly contemplated that adequate funds would be available to the Estate to fund interim payments of fees and reimbursement of expenses to professionals retained for the Estate. The Trustee believes that no further payments of fees or expenses should be made to Estate professionals pursuant to the Interim Comp Procedures without further Order of this Court and he has recently moved this Court [Dkt. No. 673] ("Motion to Suspend") for an Order suspending monthly interim compensation procedures ("Interim Comp Procedures") for Estate professionals in accordance with that certain *Administrative Order Establishing Procedures For the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*, dated April 3, 2025 [Dkt. No. 170] (the "Administrative Fee Order").

9. In support of that Motion to Suspend, the Trustee noted that through October 2025, at least $430,000 was asserted in the aggregate by MSB and DCA and over $1 million asserted in

3

the aggregate by the Examiner, GH&A and Reed Smith in accrued and unpaid administrative expenses. Further, the only liquid assets of the Estate seem to be the remaining proceeds of sale of the property that was majority owned by the Debtor in Sea Isle, New Jersey totaling approximately $960,000 ("Sale Proceeds") which Sale Proceeds were transferred from MSB to the Trustee on or about October 30, 2025. Those same Sale Proceeds are subject to title and/or collateral claims by Orrstown Bank, Deerfield Capital LLC, and Randall Leaman, such that without further litigation and/or settlement, the Sale Proceeds are not available for distribution on even a pro rata basis to satisfy administrative claims that have and continue to accrue.

10. In light of these facts and circumstances, the Trustee must object to any pending Monthly Fee Statements and/or Fee Applications to the extent that such filings request immediate payment be made by the Debtor, the Estate or the Trustee concerning any award of such fees or expenses.

11. For the avoidance of doubt, the Trustee has not had sufficient time to fully review and understand the scope of services provided by the Pre-Trustee Estate Professionals or consider the relative benefit to the Estate on account of such services. As such, the Trustee must expressly reserve his right to further review and object to any allowance of fees on a final basis.

12. This general limited objection is intended to apply specifically to the identified pending Monthly Fee Statements and Fee Applications of (i) MSB [Dkt. Nos. 622 and 671], (ii) DMC [Dkt. No.661], (iii) Reed Smith [Dkt. Nos. 635 and 655], (iv) GH&A [Dkt. Nos. 636 and 654], and (v) the Examiner [Dkt. Nos. 637 and 653] as well as any other pending request that has been or might be made between now and this Court's consideration of the Trustee's position on this matter of Estate economics.

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that the Court limit any relief associated with any pending Monthly Fee Statement and/or Fee Applications such that no payment of such fees or expenses be shall be paid by the Estate absent a further Order of this Court and for such other and further relief as is just, necessary or appropriate.

Dated: New York, New York
November 26, 2025

FRED STEVENS, as Chapter 11 Trustee of the Estate of Daryl Fred Heller

By: */s/ Fred Stevens*
Fred Stevens, as Trustee

Proposed Counsel:

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: */s/ Sean C. Southard*
Sean C. Southard
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
creilly@klestadt.com

*Proposed Counsel to the Trustee*