Case 25-11354-JNP    Doc 684-10    Filed 12/02/25    Entered 12/02/25 16:31:19    Desc
Exhibit 7 to Dec - Consent Order re sale of Prince Street    Page 1 of 5

Case 25-11354-JNP    Doc 530    Filed 09/03/25    Entered 09/03/25 14:51:19    Desc Main
Document    Page 1 of 5

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>MacElree Harvey, Ltd.<br>17 W. Miner Street, P.O. Box 660<br>West Chester, PA 19381-0660<br>(610) 436-0100<br>Natalie R. Young, Esquire (nyoung@macelree.com)<br>Leo M. Gibbons, Esquire (lgibbons@macelree.com)<br>  (Admitted Pro Hac Vice)<br>Counsel to Accordo Limited Partnership |
|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>                          Debtor. |

Order Filed on September 3, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No. 25-11354 (JNP)

Chapter 11

## CONSENT ORDER AUTHORIZING
## SALE OF REAL PROPERTY (PRINCE STREET)

The relief set forth on the following pages numbered two through five is **ORDERED**.

**DATED: September 3, 2025**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

6438869v1
081844.79803

Case 25-11354-JNP    Doc 684-10    Filed 09/02/25    Entered 09/02/25 16:31:19    Desc
Exhibit 7 to Dec - Consent Order re sale of Prince Street    Page 2 of 5

Case 25-11354-JNP    Doc 580-1    Filed 08/02/25    Entered 08/02/25 14:55:16    Desc Main
Document    Page 2 of 5

After review of the Motion to Sell Real Property known as 415 Prince Street, Units 2, 3, 4/6, and 5/7, Lancaster, Pennsylvania (the "Real Property"):

**IT IS** hereby **ORDERED** as follows:

1. All objections to the Motion (ECF #381) are resolved and/or have otherwise been withdrawn.

2. The Motion is GRANTED as stated herein.

3. Accordo Limited Partnership ("Accordo" or "Movant") is authorized to sell the Real Property on the terms and conditions of the contract of sale between Premier Prince Street, LLC ("Seller") and 415 Prince Street, LLC ("Buyer").

4. The proceeds of sale of the Real Property ("Sales Proceeds") must be used to satisfy the valid liens on the Real Property, including the mortgage of Orrstown Bank ("Orrstown"). The sale and conveyance of the Real Property to Buyer, as of the closing, will be a legal, valid and effective transfer of the Real Property.

5. Seller shall promptly deliver to Movant, Orrstown and Deerfield Capital, LLC ("Deerfield") (Orrstown and Deerfield shall at times collectively be referred to herein as "Objecting Creditors") the HUD-1 for the Real Property for review and approval. At closing on the sale of the Real Property, the settlement agent is authorized to pay, disburse and/or otherwise apply a portion of the gross sale proceeds to Seller's costs of closing that are reasonable and customary and required to effectuate and complete closing on the Property, including but not limited to, transfer tax, realtor sale commission, realtor leasing commission, prorated taxes and expenses, and transfer of security deposit for existing tenant to Buyer (collectively the "Closing Costs").

6. Closing Costs will also include any additional payments or disbursements that are agreed and approved by Movant and Objecting Creditors, which may include those items identified by

2

Seller as part of the Written Consent attached to the Motion as Exhibit C. Any proposed closing payments or disbursements that are not approved by Movant and Objecting Creditors shall be escrowed as provided herein ("Disputed Closing Payments").

7. The net proceeds of the sale, after deduction of the Closing Costs, and escrow of the Disputed Closing Payments, if any, shall be paid at the time of closing by the settlement agent as follows:

(a) 50% of the net sale proceeds shall be paid to "Robert Z. Horst" (the "Horst Proceeds") c/o David M. Burkholder, Esquire, Wisler Pearlstine, LLP, 45 Liberty Boulevard, Suite 230, Malvern, PA 19355-1419. The Horst Proceeds are not subject to any restriction and are not subject to any further jurisdiction of this Court or claims of creditors in the above captioned matter.

(b) 50% of the net sale proceeds shall be paid to Accordo (the "Accordo Proceeds") as follows:

(1) The sum of $77,915.00 (representing three months of Accordo operating expenses for the months of September, October, and November, 2025)[1] (the "Accordo Operating Expenses") shall be payable to "Accordo Limited Partnership" c/o Leo M. Gibbons, Esquire, MacElree Harvey, Ltd, 17 West Miner Street, West Chester, Pa 19382. The Accordo Operating Expenses may be used by Accordo to pay its ordinary course operating and business expenses in accordance with the Budget filed with the Court at ECF 518.

---

[1] $65,915 is the approximate amount required for operating expenses for September, October and November. Thus, on average each month is approximately $21,971. The first month requires an additional $12,000 to pay the accountant to complete the 2023 and 2024 tax returns. The Debtor was required to retain a new accountant. Accordingly, the first month will require $33,971 and shall be paid immediately upon execution of this Consent Order. Out of the remaining Sales Proceeds being escrowed (referred to as the "Accordo Proceeds") for October and November of $43,942, such funds shall immediately be released upon Accordo providing the deliverables pursuant to Section 8 herein. All expense amounts are subject to a ten (10%) variance.

3

6438869v1
081844.79803

(2) The remaining balance of the Accordo Proceeds ("Accordo Escrowed Proceeds") shall be paid to and held in escrow by "MacElree Harvey, Ltd as escrow agent for Accordo Limited Partnership" c/o Leo M. Gibbons, Esquire, MacElree Harvey, Ltd, 17 West Miner Street, West Chester, Pa 19382. The Accordo Escrowed Proceeds shall be held in escrow pending further Order of Court, provided, however, that if Deerfield and Orrstown settlements are approved and Accordo provides a full and complete accounting of assets, liabilities, income and expense, including the information set forth above, then the Accordo Escrowed Proceeds shall be immediately released and paid over to Accordo and may be utilized by Accordo in accordance with the Status Quo Order or further Order of Court.

(c) The Disputed Closing Payments, if any, shall be separately paid to and held in escrow by "MacElree Harvey, Ltd as escrow agent for Accordo Limited Partnership" c/o Leo M. Gibbons, Esquire, MacElree Harvey, Ltd, 17 West Miner Street, West Chester, Pa 19382. The Disputed Closing Payments shall be held in escrow and paid only upon (a) written consent of Movant and Objecting Creditors; or (b) further Order of this Court.

8. Within thirty (30) days of the date of this Order, Accordo shall deliver to Objecting Creditors (i) copies of all real estate deeds as to which Accordo is an owner, (ii) copies of its tax returns filed for the years 2021 and 2022, (iii) tax returns for 2023 and 2024, which are being prepared and such other financials as Objecting Creditors may reasonably request, (iv) a list of Accordo's assets. (collectively the "Asset Information"), and (v) K-1's issued by Accordo for 2021 to 2024. Once items (i) – (iii) and (v) are delivered, the proceeds in the amount of $43,915, in accordance with paragraph 7(b)(1) above shall be released.

6438869v1
081844.79803

(a) If Objecting Creditors have questions regarding the Asset Information, they shall deliver written questions to Accordo legal counsel, and Accordo shall provide written answers to Objecting Creditors within 15 days, subject to any appropriate objection under applicable discovery rules.

(b) If Objecting Creditors, in the exercise of reasonable judgment, do not receive adequate responses to these written questions, then either the general partner of Accordo or such other person with knowledge of Accordo sufficient to adequately and competently answer the questions of Objecting Creditors, subject to any appropriate objection under applicable discovery rules, shall appear for a deposition to be conducted by Objecting Creditors pursuant to Rule 30(b)(6) within 30 days of the written request of Objecting Creditors.

9. This Order constitutes a final and appealable order within the meaning of 28 U.S,C. s.158(a). The parties may consummate the sale of the Real Property immediately upon entry of this Order and there is no just reason for delay in the implementation of this Order and any applicable stay of this Order is waived and not applicable to the sale of the Real Property to Buyer.

/s/ Leo M. Gibbons, Esq.                                    /s/ Martin J. Weis, Esq.
Counsel for Accordo Limited Partnership          Counsel for Orrstown Bank

/s/ Albert A. Ciardi III, Esq.
Counsel for Deerfield Capital LLC

5

6438869v1
081844.79803