| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Sean C. Southard<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*Proposed General Counsel to Fred Stevens, in his capacity as Chapter 11 Trustee.* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br><br><br>                              Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

**TRUSTEE'S RESPONSE AND RESERVATION OF RIGHTS CONCERNING ACCORDO, L.P.'S MOTION (i) AUTHORIZING PAYMENT OF ACCOUNTING FEES; AND (ii) APPROVING A REVISED OPERATING BUDGET AND RELATED DISBURSEMENTS**

Fred Stevens (the "Trustee"), in his capacity as chapter 11 trustee of the estate (the "Estate") of Daryl Fred Heller (the "Debtor"), by and through his undersigned counsel, hereby submits his response and reservation of rights (the "Response") to the motion by Accordo, L.P. ("Accordo") for entry of an Order (i) authorizing the disbursement of $26,250 to James F. McNulty, CPA ("McNulty") for payment of the 2023 and 2024 tax returns of Accordo; and (ii) approving a revised operating budget for Accordo and directing disbursement of $99,159 to Accordo from funds held in escrow [Dkt. No. 649] (the "Accordo Payment Motion") and

respectfully states as follows:

## BACKGROUND

1.  The Debtor commenced this bankruptcy case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 10, 2025 (the "Petition Date"). To date, no official committee of creditors has been organized in the Case.

2.  Shortly thereafter on March 7, 2025, this Court entered and Order (the "Examiner Order") directing the appointment of an examiner (the "Examiner") to investigate and report on various alleged financial improprieties asserted by parties in interest against the Debtor [Dkt. No. 99]. Notice of the appointment of Edward A. Phillips as Examiner was filed by the Office of the U.S. Trustee (the "UST") on March 14, 2025 [Dkt. No. 118] and such appointment was approved by Order of this Court on March 18, 2025 [Dkt. No. 131].

3.  The Examiner Order specifically directed the Examiner to:

    - "investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity, if any, in the management of the affairs of the Debtor or in any entity or entities owned or controlled by the Debtor, either directly or indirectly, or through any intermediate entity including but not limited to Heller Capital Group, LLC, Heller Investment Holdings, LLC, Accordo Limited Partnership, Brookfield LP, Brigantine Group, L.P., DHRC, LLC, I Employee Services, LLC, and RAW Ventures, LLC, Golden Gate Investment Company, LLC, or Paramount Management Group, LLC, (collectively "Debtor Entities"),"

    - "**investigate any and all transfers by the Debtor and any Debtor Entities** including, but not limited to, all transfers or allegations referenced in the Removed Litigation,"

    - "investigate the accuracy and completeness of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, including, but not limited to, the stated value of assets included therein," and

    - "otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code."

Examiner Order, ¶ 3 (emphasis added).

4. At about the same time, in resolution of a then pending motion to appoint a trustee, this Court entered a Consent Order Preserving Status Quo, which Order was subsequently amended on March 15, 2024 [Dkt. No. 119] (the "Amended Status Quo Order"). The Amended Status Quo Order defined the "Heller Entities"[1] and the "Heller Individuals"[2] and provided that no transfers, sale or encumbrance of any of their assets should occur without prior approval of this Court.

5. The Examiner performed an investigation and then prepared and filed two interim reports with this Court. Following consideration by the Court and parties in interest of the findings and conclusions set forth in the second interim report by the Examiner on August 21, 2025 [Dkt. No. 496], this Court entered an order to show cause why the Court should not appoint a trustee or convert the Case on August 27, 2025 [Dkt. No. 520].

6. On October 22, 2025, this Court entered an Order directing the appointment of a chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Dkt. No. 616]. The UST provided notice of Fred Stevens' appointment as Trustee on October 24, 2025 [Dkt. No. 625] and this Court entered an Order approving the Trustee's appointment on October 28, 2025 [Dkt. No. 629].

7. To date, the Trustee has only begun his investigation of the Debtor and his financial affairs.

---

[1] The Heller Entities are defined in the Amended Status Quo Order to include Accordo, Brookfield, L.P., Brigantine Group, L.P., and RAW Ventures, LLC. The same further provides that if Heller Capital Group, LLC and Heller Investment Holdings, LLC do not file their own individual Chapter 11 or 7 petition within 14 days of the entry of the Amended Status Quo Order, Heller Capital Group, LLC and Heller Investment Holdings, LLC shall be included in the definition of Heller Entities.

[2] The Heller Individuals included the Debtor's spouse, Charlene Heller, and his two children, Ethan Heller and Taite Heller.

3

**REQUESTED RELIEF**

8. The Accordo Payment Motion seeks access to and use of net proceeds of the sale of the Prince Street property that are currently being held in escrow (with Accordo's former counsel) (the "Escrowed Funds") in order to pay for certain expenditures of Accordo. The first requested payment from the Escrowed Funds relates to tax accounting already performed by McNulty that is necessary to secure the release of work product from McNulty and avoid further penalties being assessed by taxing authorities against Accordo for failure to file. The second request relates to a larger draw from the Escrowed Funds to fund previous and future operating expenses, including payments to certain of the Heller Individuals.

9. The interim reports of the Examiner did not seemingly focus upon potential avoidable transfers to or for the benefit of the Heller Entities or the Heller Individuals, though it seems like such an investigation was specifically within the scope of the Examiner's retention. Accordo and its counsel have suggested that the Amended Status Quo Order by its terms expired 60 days after the second report of the Examiner was filed with this Court. Although the Trustee was admittedly not party to the negotiations which led to the imposition of the Amended Status Quo Order, there seems to be some ambiguity in the intended meaning of the undefined, but capitalized term "Examiner Report" in the Amended Status Quo Order, particularly when considering the scope of the investigation required by the Examiner Order and the more limited matters that were investigated and reported upon to that point in the Examiner's two interim reports. Regardless of its continuing applicability, the Accordo Payment Motion wisely seeks this Court's approval of these proposed releases from the Escrowed Funds and so the Trustee has sought to diligence the same.

10. To date, the Trustee has held an initial meet and confer session to understand the relief requested with new counsel for Accordo and its principal representative Ethan Heller. The Trustee and Accordo are presently in good faith discussions concerning the relief requested and certain potential resolutions and further agreements among the parties.

### RESPONSE AND RESERVATION OF RIGHTS

11. The premise underlying the Accordo Payment Motion is that the Debtor does not have any current interest in Accordo and therefore his bankruptcy estate will not be financially affected by the proposed use of funds. But upon information and belief, the Debtor did control a majority interest in Accordo before causing the same to be transferred to an irrevocable trust he settled. That trust then transferred its remaining interests in Accordo to the Heller Individuals within the year prior to the Petition Date. As such, it does appear to the Trustee that avoidance claims likely exist in relation to these transactions for the benefit of the Debtor's estate.

12. In light of these facts and circumstances, the Trustee has expressed to the movant his preference that for the time being Accordo and the Heller Individuals only engage in transactions that maximize the value of their current holdings and avoid the dissipation of value which might be recoverable by the Debtor's bankruptcy estate.

13. As such, the Trustee is generally supportive of the proposed payment to McNulty to cause the release of tax related work product for Accordo (with a copy to the Trustee). However, the Trustee must object to any further payments being made to the Heller Individuals from the Escrowed Funds at this time pending further diligence by the Trustee. At this time, the Trustee does not feel that he has sufficient information to either support or object to the proposed modified operating budget of Accordo and has therefore requested that the movant adjourn consideration of that portion of the Accordo Payment Motion.

14. For the avoidance of doubt, the Trustee has not had sufficient time to fully review and understand the scope of transfers to or for the benefit of the Heller Individuals or the Heller Entities. This is true both with respect to those which are relevant to the Accordo Payment Motion and otherwise. As such, the Trustee must expressly reserve his right to further review and potentially object.

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that the Court limit any relief associated with the Accordo Payment Motion to the McNulty tax work, but adjourn consideration of the revised Accordo operating budget until at least mid-January, 2026, and for such other and further relief as is just, necessary or appropriate.

Dated: New York, New York
December 2, 2025

FRED STEVENS, as Chapter 11 Trustee of the Estate of Daryl Fred Heller

By: */s/ Fred Stevens*
Fred Stevens, as Trustee

Proposed Counsel:

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: */s/ Sean C. Southard*
Sean C. Southard
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
creilly@klestadt.com

*Proposed Counsel to the Trustee*