| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Sean C. Southard<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*Proposed General Counsel to Fred Stevens, in his capacity as Chapter 11 Trustee.* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

### TRUSTEE'S RESPONSE AND RESERVATION OF RIGHTS CONCERNING ACCORDO, L.P.'S MOTION FOR COMFORT ORDER APPROVING CERTAIN TRANSACTIONS INVOLVING INTERESTS OF ACCORDO, L.P.

Fred Stevens (the "Trustee"), in his capacity as chapter 11 trustee of the estate (the "Estate") of Daryl Fred Heller (the "Debtor"), by and through his undersigned counsel, hereby submits his response and reservation of rights (the "Response") to the motion by Accordo, L.P. ("Accordo") seeking a comfort order for (i) approval of certain land swap transactions by DHQM Properties LLC ("DHQM") to allocate and distribute interests in certain properties to Accordo and QDM Properties, LLC ("QDM"); (ii) approval of sale of certain condominium property located in Myrtle Beach, SC (the "Condominium") wherein Accordo holds an indirect minority interest [Dkt. No. 650] (the "Comfort Order Motion") and respectfully states as follows:

## BACKGROUND

1. The Debtor commenced this bankruptcy case (the "Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 10, 2025 (the "Petition Date"). To date, no official committee of creditors has been organized in the Case.

2. Shortly thereafter on March 7, 2025, this Court entered and Order (the "Examiner Order") directing the appointment of an examiner (the "Examiner") to investigate and report on various alleged financial improprieties asserted by parties in interest against the Debtor [Dkt. No. 99]. Notice of the appointment of Edward A. Phillips as Examiner was filed by the Office of the U.S. Trustee (the "UST") on March 14, 2025 [Dkt. No. 118] and such appointment was approved by Order of this Court on March 18, 2025 [Dkt. No. 131].

3. The Examiner Order specifically directed the Examiner to:

- "investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity, if any, in the management of the affairs of the Debtor or in any entity or entities owned or controlled by the Debtor, either directly or indirectly, or through any intermediate entity including but not limited to Heller Capital Group, LLC, Heller Investment Holdings, LLC, Accordo Limited Partnership, Brookfield LP, Brigantine Group, L.P., DHRC, LLC, I Employee Services, LLC, and RAW Ventures, LLC, Golden Gate Investment Company, LLC, or Paramount Management Group, LLC, (collectively "Debtor Entities"),"

- "**investigate any and all transfers by the Debtor and any Debtor Entities** including, but not limited to, all transfers or allegations referenced in the Removed Litigation,"

- "investigate the accuracy and completeness of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, including, but not limited to, the stated value of assets included therein," and

- "otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code."

Examiner Order, ¶ 3 (emphasis added).

4. At about the same time, in resolution of a then pending motion to appoint a trustee, this Court entered a Consent Order Preserving Status Quo, which Order was subsequently amended on March 15, 2024 [Dkt. No. 119] (the "Amended Status Quo Order"). The Amended Status Quo Order defined the "Heller Entities"[1] and the "Heller Individuals"[2] and provided that no transfers, sale or encumbrance of any of their assets should occur without prior approval of this Court.

5. The Examiner performed an investigation and then prepared and filed two interim reports with this Court. Following consideration by the Court and parties in interest of the findings and conclusions set forth in the second interim report by the Examiner on August 21, 2025 [Dkt. No. 496], this Court entered an order to show cause why the Court should not appoint a trustee or convert the Case on August 27, 2025 [Dkt. No. 520].

6. On October 22, 2025, this Court entered an Order directing the appointment of a chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Dkt. No. 616]. The UST provided notice of Fred Stevens' appointment as Trustee on October 24, 2025 [Dkt. No. 625] and this Court entered an Order approving the Trustee's appointment on October 28, 2025 [Dkt. No. 629].

7. To date, the Trustee has only begun his investigation of the Debtor and his financial affairs.

---

[1] The Heller Entities are defined in the Amended Status Quo Order to include Accordo, Brookfield, L.P., Brigantine Group, L.P., and RAW Ventures, LLC. The same further provides that if Heller Capital Group, LLC and Heller Investment Holdings, LLC do not file their own individual Chapter 11 or 7 petition within 14 days of the entry of the Amended Status Quo Order, Heller Capital Group, LLC and Heller Investment Holdings, LLC shall be included in the definition of Heller Entities.

[2] The Heller Individuals included the Debtor's spouse, Charlene Heller, and his two children, Ethan Heller and Taite Heller.

3

**REQUESTED COMFORT ORDER**

8. The Comfort Order Motion seeks approval of two series of transactions involving Accordo and is supported by a certification from the Debtor's son, Ethan Heller. First, the motion seeks to approve distributions by DHQM of certain specified properties (the "Property Distributions")[3] that it currently owns to each of its 50% equity members, Accordo and QDM.[4] Second, it seeks to approve the disposition of the Condominium owned by Apex Investment Holdings LLC ("Apex") (which entity is owned by Accordo, Ethan Heller and his friend) and certain related distributions from the proceeds of sale.

9. The interim reports of the Examiner did not seemingly focus upon potential avoidable transfers to or for the benefit of the Heller Entities or the Heller Individuals, though it seems like such an investigation was specifically within the scope of the Examiner's retention. Accordo and its counsel have suggested that the Amended Status Quo Order by its terms expired 60 days after the second report of the Examiner was filed with this Court. Although the Trustee was admittedly not party to the negotiations which led to the imposition of the Amended Status Quo Order, there seems to be some ambiguity in the intended meaning of the undefined, but capitalized term "Examiner Report" in the Amended Status Quo Order, particularly when considering the scope of the investigation required by the Examiner Order and the more limited matters that were investigated and reported upon to that point in the Examiner's two interim

---

[3] The Trustee understands that DHQM owns approximately 760 acres of mostly vacant land along the border of New York State and Pennsylvania which is suitable for hunting and certain agriculture.

[4] At the time of their organization, this arrangement resulted in the Debtor indirectly controlling 50% of the value in the underlying property of DHQM through Accordo and Quentin Miller controlling the other 50% through QDM. The Trustee has been advised that Mr. Miller is a long-time friend of the Debtor and God-parent to the Debtor's son Ethan Heller. The Trustee understands that Mr. Miller desires to legally separate his financial interests from that of the Debtor in light of the allegations and charges pending against the Debtor and that desire is the genesis of the requested Property Distributions. However, Orrstown Bank has identified other business and property ownership relationships that continue between the Miller and Heller families involving Accordo, calling into question this offered justification.

reports. Regardless of its continuing applicability, the Comfort Order Motion wisely seeks this Court's approval of these transactions involving Accordo and so the Trustee has sought to diligence the same.

10. To date, the Trustee has held an initial meet and confer session to understand the relief requested with new counsel for Accordo and its principal representative Ethan Heller. The Trustee and Accordo are presently in good faith discussions concerning the relief requested and certain potential resolutions and further agreements among the parties.

## **RESPONSE AND RESERVATION OF RIGHTS**

11. The premise underlying the Comfort Order Motion is that the Debtor does not have any current interest in Accordo and therefore his bankruptcy estate will not be financially affected by the Property Distributions or the disposition of the Condominium. But upon information and belief, the Debtor did control a majority interest in Accordo before causing the same to be transferred to an irrevocable trust he settled. That trust then transferred its remaining interests in Accordo to the Heller Individuals within the year prior to the Petition Date. Upon further information and belief, the capital used to acquire the Condominium was derived from the Debtor's assets which he caused to be transferred for no consideration within the year before the Petition Date for the benefit of Apex, an entity owned by Accordo, Ethan Heller and his good friend Dakota Enck. As such, it does appear to the Trustee that avoidance claims likely exist in relation to these transactions for the benefit of the Debtor's estate.

12. In light of these facts and circumstances, the Trustee has expressed to the movant his preference that for the time being Accordo and the Heller Individuals only engage in transactions that maximize the value of their current holdings and avoid the dissipation of value which might be recoverable by the Debtor's bankruptcy estate.

13. As such, the Trustee is generally supportive of the disposition of the Condominium for reasonable value, provided that all of the proceeds, net of necessary closing costs, are escrowed with counsel. Further and at this time, the Trustee does not feel that he has sufficient information to either support or object to the proposed Property Distributions and has therefore requested that the movant adjourn consideration of this portion of the relief requested.[5]

14. For the avoidance of doubt, the Trustee has not had sufficient time to fully review and understand the scope of transfers to or for the benefit of the Heller Individuals or the Heller Entities. This is true both with respect to those which are relevant to the Comfort Order Motion and otherwise. As such, the Trustee must expressly reserve his right to further review and potentially object.

*[Continued on next page]*

---

[5] Among other concerns, the Trustee has requested information concerning the tax implications, if any, of the proposed Property Distributions. Orrstown bank has also raised certain questions about the justification offered for the proposed Property Distributions which the Trustee would time to further diligence.

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that the Court limit any relief associated with the Comfort Order Motion to value maximizing authority, including a sale of the Condominium, but adjourn consideration of the Property Disposition until at least mid-January, 2026, and for such other and further relief as is just, necessary or appropriate.

Dated: New York, New York
December 2, 2025

FRED STEVENS, as Chapter 11 Trustee of the Estate of Daryl Fred Heller

By: */s/ Fred Stevens*
Fred Stevens, as Trustee

Proposed Counsel:

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By: */s/ Sean C. Southard*
Sean C. Southard
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
creilly@klestadt.com

*Proposed Counsel to the Trustee*