| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC** <br> 75 Livingston Avenue, Second Floor <br> Roseland, New Jersey 07068 <br> (973) 622-1800 <br> Anthony Sodono, III (asodono@msbnj.com) <br> Sari B. Placona (splacona@msbnj.com) <br> *Counsel for Daryl Fred Heller, the Chapter 11 Debtor* |

| | |
|---|---|
| In re: <br><br> DARYL FRED HELLER, <br><br> Debtor. | Chapter 11 <br><br> Case No. 25-11354 (JNP) |

**MCMANIMON, SCOTLAND & BAUMANN, LLC'S REPLY TO TRUSTEE'S OMNIBUS OBJECTION TO PENDING FEE APPLICATIONS AND/OR MONTHLY FEE STATEMENTS BY PRE-TRUSTEE ESTATE PROFESSIONALS**

McManimon, Scotland & Baumann, LLC ("MSB"), counsel to Daryl Fred Heller, the Chapter 11 debtor (the "Debtor"), respectfully submits its reply ("Reply") to Fred Stevens' (the "Trustee") Omnibus Objection to Pending Fee Applications and/or Monthly Fee Statements by Pre-Trustee Estate Professionals (the "Objection").[1] ECF 674. MSB respectfully submits as follows:

**Administrative Priority Requires Approval and Payment of MSB's Earned and Reasonable Professional Fees from Estate Funds, Including Sale Proceeds**

Under the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), professional fees incurred by estate counsel qualify as administrative expenses under 11 U.S.C. § 503(b)(2). These administrative expenses receive second priority under 11 U.S.C. § 507(a)(2), after first-priority domestic support obligations under 11 U.S.C. § 507(a)(1)(A), but ahead of other

---

[1] Undefined capitalized terms used herein shall have the same meaning as ascribed in the Objection.

priority claims, such as taxes under 11 U.S.C. § 507(a)(8). Pursuant to the Objection, the Trustee submits "no further payments of fees or expenses should be made to Estate professionals pursuant to the Interim Comp Procedures without further Order of this Court" in which the Trustee has moved to suspend monthly interim compensation procedures [ECF 673] which were granted pursuant to the Administrative Order Establishing Procedures For the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court [ECF 170]. See Objection, at ¶ 8.

Furthermore, the Trustee submits "the only liquid assets of the Estate seem to be the remaining proceeds of sale of the property that was majority owned by the Debtor in Sea Isle, New Jersey totaling approximately $960,000 ("Sale Proceeds")". Id., at ¶ 9. Moreover, the Trustee argues that the "Sale Proceeds are subject to title and/or collateral claims by Orrstown Bank, Deerfield Capital LLC, and Randall Leaman, such that without further litigation and/or settlement, the Sale Proceeds are not available for distribution on even a pro rata basis to satisfy administrative claims that have and continue to accrue." Id.

In the case In re ICL Holding Co., Inc., that court explains sale proceeds are generally estate property under 11 U.S.C. § 541(a)(6). In re ICL Holding Co., Inc., 802 F.3d 547, 555 (3d Cir. 2015). Pursuant to the Motion for an Order Authorizing the Debtor to Sell the Real Property Located at 7605 Pleasure Avenue, Sea Isle City, NJ to Brett and Gail Levin and/or Their Assignee or Designee Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b), (f), and (m); and for Related Relief (the "Sale Motion") [ECF 73], "[t]he balance of the net proceeds, approximately $1,578,000, will be turned over the Debtor's estate." See Sale Motion, at pg. 6. On April 4, 2025, the Sale Motion was approved by Order of the Court. ECF 169.

MSB's fees[2] were earned in connection with necessary services rendered for the Debtor and the estate and are entitled to approval and priority payment from the Sale Proceeds as administrative expenses. Accordingly, the Sale Proceeds -- or any funds held by the estate -- should be available for distribution to satisfy allowed administrative expenses under 11 U.S.C. § 503(b)(2). Professional fees earned for necessary services in administering the estate are expressly included within this statutory framework. Once the Court determines that such fees are reasonable under 11 U.S.C. § 330(a), they become administrative expenses entitled to priority payment under 11 U.S.C. § 507(a)(2).

This statutory priority reflects Congress's intent to ensure that professionals who have already rendered essential services to preserve and liquidate estate assets are timely compensated ahead of other claims. These services, among other legal services performed for the Debtor, were completed for the benefit of the Debtor's estate and its creditors, and the corresponding fees have been earned and are reasonable. Failure to pay these allowed administrative expenses would undermine the administration of the estate and jeopardize the rights of all creditors. Therefore, MSB's fees -- having been earned and reasonable -- must be paid from available funds including the Sale Proceeds.

Dated: December 3, 2025

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Counsel for Daryl Fred Heller, the Chapter 11 Debtor*

By: */s/ Sari B. Placona*
    Sari B. Placona

---

[2] MSB's Fee Application was filed on October 24, 2025 [ECF 622] which is further supported by its Ninth Monthly Fee Statement of MSB, Counsel for Chapter 11 Debtor, for the Period From October 1, 2025 Through October 21, 2025 [ECF 671].