Order Filed on December 4, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Sean C. Southard<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*Proposed General Counsel to Fred Stevens, in his capacity as Chapter 11 Trustee.* | |
| In re:<br><br>DARYL FRED HELLER,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

### ORDER AUTHORIZING THE TRUSTEE'S RETENTION OF
### <u>RK CONSULTANTS, LLC, EFFECTIVE AS OF OCTOBER 24, 2025</u>

The relief set forth on the following page is **ORDERED**.

**DATED: December 4, 2025**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No: | 25-11354 (JNP) |
| Caption of Order: | Order Authorzing the Trustee's Retention of RK Consultants, LLC, Effective as of October 24, 2025 |

Upon consideration of the Application for Retention of Professional (the "Application")[1], pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), authorizing and approving the employment of RK Consultants, LLC ("RKC") as accountants to the Chapter 11 Trustee Fred Stevens (the "Trustee"); and the Certification of Brian Ryniker in support of the Application annexed thereto (the "Ryniker Certification"); and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Trustee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is granted as set forth herein.

2. The Trustee is authorized pursuant to section 327(a) of the Bankruptcy Code to retain and employ RKC as accountants to the Trustee effective as of October 24, 2025. RKC maintains an address at 1178 Broadway 3rd Floor #1505, New York, New York 10001.

3. RKC shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of this Court. RKC shall keep its time in one-tenth (1/10) hour increments in accordance with the U.S Trustee Guidelines.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term as in the Application.

(Page 3)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No: | 25-11354 (JNP) |
| Caption of Order: | Order Authorzing the Trustee's Retention of RK Consultants, LLC, Effective as of October 24, 2025 |

4. At least ten (10) business days before implementing any increases in RKC's rates for professionals in this Chapter 11 Case, RKC shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the United States Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

5. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, RKC shall, to the extent that RKC uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in the Chapter 11 Case, (i) pass through the cost of such Contractors at the same rate that RKC pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors (to the extent they are attorneys, accountants, or other agents) (A) are subject to the same conflict checks and disclosures as required by RKC and (B) file with the Court such disclosures required by Bankruptcy Rule 2014; and (iv) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.

6. In the event that, during the pendency of this chapter 11 case, RKC requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth hour increments and shall be included in RKC's fee applications, both interim and final, and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines, and the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, RKC shall only be reimbursed for any legal fees incurred in connection with this chapter 11 case to the extent permitted under applicable law.

(Page 4)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No: | 25-11354 (JNP) |
| Caption of Order: | Order Authorzing the Trustee's Retention of RK Consultants, LLC, Effective as of October 24, 2025 |

7. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, RKC shall provide all monthly fee statements, interim fee applications, and final fee applications in searchable electronic format ("LEDES" or "Excel") to the United States Trustee.

8. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, RKC shall seek reimbursement from the Debtor's estate for its engagement-related expenses at RKC's actual cost paid.

9. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, none of the fees payable to RKC shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

10. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, RKC will only bill fifty percent (50%) of its professionals' hourly rate for nonworking travel.

11. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, and for the avoidance of doubt, RKC will not be entitled to recover attorneys' fees or expenses for defending its fee applications in this Chapter 11 Case.

12. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, termination of RKC's retention shall only commence upon entry of an order by this Court terminating RKC's retention.

13. During the pendency of this Chapter 11 Case, section 8 of the engagement agreement requiring claims or disputes to be brought in the District Court for the Southern District of New York shall

Debtor: Daryl Fred Heller

Case No: 25-11354 (JNP)

Caption of Order: Order Authorzing the Trustee's Retention of RK Consultants, LLC, Effective as of October 24, 2025

not be applicable. This Court shall have exclusive jurisdiction over RKC's engagement during the pendency of this Chapter 11 Case.

14. To the extent the Application, the Ryniker Certification, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

15. Notwithstanding anything to the contrary in the Application, the Ryniker Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, the Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Order.