Hearing Date: January 13, 2026
Hearing Time: 11:00 a.m. (EST)

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Sean C. Southard<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*General Counsel to Fred Stevens, in his capacity as Chapter 11 Trustee.* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br><br>Debtor. | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

**NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C §1112(b) CONVERTING THE DEBTOR'S CASE TO CHAPTER 7**

TO: THE UNITED STATES TRUSTEE, THE DEBTOR, ALL CREDITORS AND INDENTURED TRUSTEES:

**PLEASE TAKE NOTICE** that Fred Stevens (the "Trustee"), in his capacity as chapter 11 trustee of the estate (the "Estate") of Daryl Fred Heller (the "Debtor"), by and through his undersigned proposed counsel, will move before the Honorable Jerrold N. Poslusny, Jr., United States Bankruptcy Judge on **January 13, 2026 at 11:00 a.m. (ET)**, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court, Mitchell H. Cohen U.S. Courthouse, 400 Cooper Street, Courtroom 4C, Camden, New Jersey 08101 (the "Bankruptcy Court") for the entry of an Order converting the Debtor's case to Chapter 7 pursuant to 11 U.S.C. § 1112(b) (the

"Motion").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must be filed no later than **January 6, 2026** and shall (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the Bankruptcy Court in accordance with D.N.J. LBR 9013-2.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served, the Motion will be deemed uncontested in accordance with D.N.J. LBR 9013-3, and the relief may be granted without a hearing.

**PLEASE TAKE FURTHER NOTICE** that a proposed Order granting the relief requested herein is submitted herewith and made part of the Motion herein

Dated:   New York, New York
         December 17, 2025

           **KLESTADT WINTERS JURELLER**
           **SOUTHARD & STEVENS, LLP**

By: */s/ Christopher J. Reilly*
    Sean C. Southard
    Fred Stevens
    Christopher J. Reilly
    200 West 41st Street, 17th Floor
    New York, New York 10036-7203
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email:  ssouthard@klestadt.com
             fstevens@klestadt.com
             creilly@klestadt.com

*Counsel to Fred Stevens, Chapter 11 Trustee*

|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Sean C. Southard<br>Fred Stevens<br>Christopher J. Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*General Counsel to Fred Stevens, in his capacity as Chapter 11 Trustee* | |
| In re:<br><br>DARYL FRED HELLER,<br><br><div align="center">Debtor.</div> | Chapter 11<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

<div align="center">

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 11 U.S.C. § 1112(b) CONVERTING THE DEBTOR'S
CASE TO CHAPTER 7**

</div>

**TO THE HONORABLE JERROLD N. POSLUSNY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens, Chapter 11 trustee (the "Trustee") of the estate of Daryl Fred Heller (the "Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his motion (the "Motion") seeking entry of an order in substantially the same form as that annexed hereto as Exhibit A, converting the Debtor's case to Chapter 7 pursuant to 11 U.S.C. § 1112(b), respectfully sets forth as follows:

## PRELIMINARY STATEMENT

The Debtor's case is administratively insolvent on a cash basis with only around $960,000 in liquid assets (which is still subject to at least two competing claims and may be subject to $5 million federal tax lien) against over $1.5 million in administrative professional fee claims that were incurred prior to the Trustee's appointment. In addition, the Trustee and his professionals have already performed significant investigatory work in the case and will continue to do so for the duration of the Trustee's appointment only adding to the estate's significant administrative burden. The Trustee has also identified potential administrative tax obligations in connection with the liquidation of property and the Debtor's post-petition earnings. While the Trustee's investigation is ongoing, it is not yet readily apparent whether the estate will recover assets sufficient to satisfy the costs of administration, much less make a distribution on account of the estate's very significant pre-petition indebtedness.

For these reasons and those set forth below, the Debtor's case is better suited for the streamlined liquidation process available in Chapter 7. Accordingly, the Trustee respectfully requests that this case be converted.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral entered by the United States District Court for the District of New Jersey, dated Sept. 18, 2012 (Jerome B. Simandle, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this case is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein is section 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A. Bankruptcy Case Generally**

4. On February 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the or this "Court").

5. On February 18, 2025, Deerfield Capital, LLC filed a motion for the appointment of a Chapter 11 trustee [Docket No. 30].

6. On March 14, 2025, Edward A. Phillips was appointed as an examiner in the Debtor's case (the "Examiner") [Docket No. 118; approved at Docket No. 131].

7. Deerfield Capital, LLC's request for the appointment of a Chapter 11 trustee was soon followed by joinder or independent requests from Steven Mitnick, as Receiver, the "Prestige Funds", Silverview Credit Partners LP, the United States Trustee, and ultimately the Debtor himself (despite aggressively contesting the requests at first), [Docket Nos. 80, 265, 598, 601, and 614, respectively].

8. On October 22, 2025, the Court entered an order directing the United States Trustee (the "U.S. Trustee") to appoint a Chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 616].

9. On October 24, 2025, the U.S. Trustee appointed Fred Stevens to serve as Trustee and on October 28, 2025, the Court approved the appointment [Docket Nos. 625 and 630, respectively].

3

## B. The Economics of the Debtor's Estate

10. A total of ninety-one (91) claims were filed against the Debtor's estate asserting claims totaling over $825 million. While the Debtor disputes this amount, he scheduled total claims of nearly $150 million [*see* Third Amended Schedules at Docket No. 552]. The Debtor's assets also appear to be subject to a $5 million federal tax lien.

11. Sixteen (16) of the Debtor's creditors commenced adversary proceedings seeking, among possibly other things, to have their debts declared nondischargeable pursuant to section 523 of the Bankruptcy Code. Those cases are ongoing. Also, it is highly likely that additional discharge related litigation will be commenced once a deadline is established for filing objections to the Debtor's discharge under sections 727 and/or 1141 of the Bankruptcy Code.

12. On the other hand, the Debtor's scheduled assets appear to be minimal in comparison to the staggering amount of claims against the estate. Further, in many cases, liquidating the Debtor's assets is incredibly complicated and speculative in nature. For example, the Debtor valued his interest in Heller Capital Group LLC ("HCG") at $160 million in his first and second amended schedules [Docket Nos. 72 and 122] before down grading such value to "unknown" in his third amended schedules [Docket No. 552]. At this point, the Trustee is still without any clear understanding as to which of HCG's portfolio companies have net asset value (if any). The realization of such equity value will involve, liquidating those companies and/or their assets, satisfying the associated entity level liabilities, then distributing the net proceeds to HCG, satisfying HCG level liabilities, and then distributing any residual value to the Debtor's bankruptcy estate. At present, it is unclear whether such an effort would ever lead to a net positive result for the Debtor's bankruptcy estate even if the current estate had the ability to pay for it.

4

13. The only liquid asset in the Debtor's estate is approximately $960,000 generated from the sale of his interest in certain real property located in Sea Isle, NJ. Those funds are subject to competing claims by Deerfield Capital, LLC, Orrstown Bank, and a federal tax lien. There are also preexisting unpaid administrative professional fees of the Debtor's professionals and the Examiner and his professionals of at least $1.5 million. Suffice to say, the Debtor's estate is, at present, administratively insolvent.

C. **Criminal Case Against the Debtor**

14. On August 21, 2025, the government filed an indictment returned by the grand jury against the Debtor commencing *United States of America v. Daryl F. Heller*, Case No. 25-cr-366 (CH) (E.D.P.A. Aug. 21, 2025). In the detailed indictment that spans 28 pages, the Debtor is charged with one count of securities fraud in violation of 15 U.S.C. § 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, and four counts of wire fraud in violation of 18 U.S.C. § 1343. The charges relate to the Debtor's alleged frauds in connection with the operation of various companies operating ATM machines under the HCG umbrella, and related fundraising efforts.

15. While the Debtor is innocent until proven guilty and is entitled to his day in court on the criminal charges, the existence of such serious pending charges, together with cost of defense, suggest to the Trustee that it is highly unlikely that the Debtor will be able materially contribute to the rehabilitation and reorganization of his individual bankruptcy estate.

16. Moreover, through the indictment, the government is seeking the criminal forfeiture of at least $770,106,400 in assets of the Debtor. The pending forfeiture claim necessarily competes for title to any assets that the Trustee may target in litigation, thereby further frustrating the Trustee's recovery effort for this estate.

**RELIEF REQUESTED**

17. Section 1112(b)(1) of the Bankruptcy Code states that:

> [T]he court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1). Bankruptcy courts "have wide latitude in determining whether cause exists to convert or dismiss" a Chapter 11 case. *In re NuGelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992).

18. Subsection (b)(4) contains a list of 16 examples of events that may constitute cause for conversion or dismissal of a case. This list, however, is "illustrative, not exhaustive" and courts are free to consider other factors. In re C-TC 9th Ave., 113 F.3d 1304, 1311 (2d Cir. 1997).

19. Here, as set forth above, there is a substantial and continuing loss to the estate by virtue of the accrued and continuing accrual of professional fee claims that already surpass the value of the liquid assets in the Debtor's estate. The Debtor's lack of consistent and predictable employment plus his ongoing criminal and civil litigation render the rehabilitation of his bankruptcy estate almost impossible.

20. Moreover, confirmation of a plan would require at least $16 million based upon the existing amount of administrative professional fee claims, contemplated additional professional fees to be incurred through any plan formulation and confirmation process, and the existence of approximately $13 million in priority tax claims that would have to be satisfied to confirm a plan. *See* 11 U.S.C. § 1129(a)(9)(A) and (C). At the very least, the Trustee would have to be incredibly successful in locating and recovering significant yet unidentified assets before confirming a plan could be a legal possibility.

21. The Trustee has further compared the potential advantages of proceeding under either chapter and has determined that the benefits of proceeding under Chapter 7 far outweigh those of proceeding under Chapter 11 as follows:

    A. Advantages of Remaining in Chapter 11:

        (i) All post-petition earnings of the Debtor (if any) become property of the estate;

        (ii) The Chapter 11 plan process offers greater flexibility than Chapter 7;

    B. Advantages of Proceeding under Chapter 7:

        (i) Any tax exposure on account of the Debtor's activities pre-conversion will be isolated and captured at the Chapter 11 administrative level;

        (ii) Elimination of statutory fees to the United States Trustee under 28 U.S.C. § 1930;

        (iii) Elimination of the requirement to prepare and file monthly operating reports;

        (iv) Elimination of the need to employ any costly plan formulation, solicitation, and confirmation process; and

        (v) Employment of simpler, streamlined procedures designed and well-suited for the liquidation of an individual's bankruptcy estate.

22. The Trustee respectfully submits that the case for conversion is clear. The Trustee has discussed his intention to convert the case with most of the major case constituents and has not heard any disagreement or compelling reason for the case to remain in Chapter 11.

## NOTICE

23. Bankruptcy Rule 2002(a)(4) similarly requires that notice of a proposed dismissal or conversion of a Chapter 11 case be given to "the debtor, the trustee, all creditors and indenture trustees". Fed. R. Bankr. P. 2002(a)(4).

24. Based upon the foregoing, the Trustee intends to serve this Motion and notice of hearing thereon to: (i) the Debtor and his counsel; (ii) the UST; (iii) all parties in interest who

requested notice pursuant to Bankruptcy Rule 2002; (iv) the federal, state and local taxing and regulatory authorities; and (v) all creditors of the Debtor who are listed on the Debtor's Schedules of Assets and Liabilities [Docket No. 1], or who filed proofs of claim against the Debtor's estate.

## NO PRIOR RELIEF

25. Except as set forth above, no previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Trustee requests that the Court enter an order in substantially the same form as that annexed hereto as Exhibit A, converting the Debtor's case to one under Chapter 7, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 17, 2025

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Fred Stevens
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
fstevens@klestadt.com
creilly@klestadt.com

*Counsel to Fred Stevens, Chapter 11 Trustee*

8