UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Chapter 11 :  |
| Daryl Fred Heller, | : Case No. 25-11354 (JNP) : |
| Debtor. | : Hearing Date: January 20, 2026 at 11:00 a.m. : |
| | : The Honorable Jerrold N. Poslusny, Jr. |

**LIMITED OBJECTION OF THE UNITED STATES TRUSTEE
TO THE CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. § 1112(b) CONVERTING THE
DEBTOR'S CASE TO CHAPTER 7**

Andrew R. Vara, United States Trustee for Regions Three and Nine (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), respectfully submits this Limited Objection (the "Objection") to the Chapter 11 Trustee's Motion For Entry of an Order Pursuant to 11 U.S.C. § 1112(b) Converting the Debtor's Case to Chapter 7 (the "Motion"). In support thereof, the U.S. Trustee respectfully represents as follows:

**JURISDICTION AND STANDING**

1. Under 28 U.S.C. § 586, the U.S. Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the UST has "public interest standing" under section 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re*

*Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog"); H.R. REP. NO. 95-595, at 88 (1977), *reprinted in* 1977 U.S.C.C.A.N. 5787, 5963, 6049 ("Some of the supervisory functions removed from the judge will be transferred to a new system of United States Trustees who will act as bankruptcy watchdogs . . . ."). Specifically, the U.S. Trustee is charged with "monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress." 28 U.S.C. § 586(a)(3)(G).

2. The U.S. Trustee has standing to be heard with respect to the Motion pursuant to 11 U.S.C. § 307.

## BACKGROUND AND RELEVANT FACTS

3. On February 10, 2025 ("Petition Date"), Daryl Fred Heller (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. *See* Dkt. 1.

4. On August 27, 2025, the Court entered an Order to Show Cause why the Court should not appoint a trustee or convert the case (the "OTSC"). *See* Dkt. 520.

5. On October 22, 2025, the Court entered an Order Pursuant to 11 U.S.C. § 1104 Directing the Appointment of a Chapter 11 Trustee. *See* Dkt. 616.

6. On October 24, 2025, the U.S. Trustee filed a Notice of Appointment of Fred Stevens as Trustee (the "Trustee"). *See* Dkt. 625.

7. On October 28, 2025, the Court entered an Order Approving the Appointment of a Chapter 11 Trustee by United States Trustee. *See* Dkt. 629.

8. On December 17, 2025, the Trustee filed the Motion seeking to convert the case to chapter 7. *See* Dkt. 707.

9. On January 13, 2025, the Debtor filed a letter with the Court in support of conversion and requested that the Court appoint the Trustee as the chapter 7 trustee (the "Debtor's Letter"). *See* Dkt. 727.

## ARGUMENT

10. The U.S. Trustee does not object to the Motion seeking to convert the case to chapter 7 other than requesting certain relief in the order. A proposed order is attached hereto as Exhibit A.

11. However, the U.S. Trustee does object to the Debtor's request in the Debtor's Letter that the Court appoint the Trustee as chapter 7 trustee. 11 U.S.C. § 701(a)(1) provides: "[p]romptly after the order for relief under this chapter, the United States Trustee shall appoint one disinterested person that is a member of the panel of private trustees established under section 586(a)(1) of title 28 or that is serving as trustee in the case immediately before the order for relief under this chapter to serve as interim trustee in the case." *See* 11 U.S.C. § 701(a)(1).

12. As the order for relief in this case will be the conversion order when it is entered, pursuant to section 701(a)(1) of the Bankruptcy Code, the U.S. Trustee is tasked with the appointment of a chapter 7 trustee in this case. To the extent Debtor's counsel objects to the U.S. Trustee's appointment of a chapter 7 trustee in this case, Debtor's counsel may seek relief at that time.

**CONCLUSION**

For the reasons set forth above, and to the extent the Court grants the Motion, the U.S. Trustee respectfully requests that this Court enter the proposed order attached as Exhibit A, which includes a provision that the U.S. Trustee shall immediately appoint the chapter 7 trustee in this case.

                                                     Respectfully submitted,

                                                     ANDREW R. VARA
                                                     UNITED STATES TRUSTEE
                                                     REGIONS 3 & 9

                                                   */s/ Jeffrey M. Sponder*
                                                   Jeffrey M. Sponder
                                                   Trial Attorney

DATED: January 13, 2026