NANCY ISAACSON, ESQ.
**GREENBAUM ROWE SMITH & DAVIS LLP**
75 LIVINGSTON Avenue
Roseland, New Jersey 07068
973-577-1930
nisaacson@greenbaumlaw.com
*Counsel for Randall Leaman*

<u>UNITED STATES BANKRUPTCY COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

| | |
|---|---|
| In re:<br><br>**DARYL FRED HELLER**<br><br>          Debtor. | Chapter 7 Proceeding<br><br>**Case No.:  25-11359 JNP** |
| **RANDALL LEAMAN,**<br><br>          Plaintiff,<br><br>vs.<br><br>**DARYL FRED HELLER and THE CHAPTER 7 TRUSTEE TO BE APPONTED TO ADMINISTER THE BANKRUPTCY ESTATE OF DARYL FRED HELLER,**<br><br>          Defendants. | **Adv. Pro. No.:** |

<u>**COMPLAINT FOR DECLARATORY JUDGEMENT AND TURNOVER**</u>

Randall Leaman ("Plaintiff") by and through his undersigned counsel, files this Complaint

against Daryl Fred Heller (the "Debtor" or "Defendant") and any Chapter 7 Trustee appointed by

the Office of the United States Trustee for the District of New Jersey for declaratory judgment

determining that Plaintiff was a 30% owner of certain property located at 605 Pleasure Avenue,

Sea Isle City, NJ, ("Property") and is due $125,000 in payment for his ownership interest which

sum is presently in an escrow account maintained by Debtor's bankruptcy counsel McManimon,

Scotland & Baumann, LLC ("MSB") from the proceeds of the sale of the Property, and

respectfully states as follows:

1. Plaintiff is an individual residing at 44 Pintail Turn, Lititz, PA 17543 and the former Chief

   Executive Officer of Paramount Management Group, LLC, a Pennsylvania limited liability

   company.

2. Debtor, Daryl Heller, is an adult individual and businessman who resides and conducted

   business in Lancaster County, Pennsylvania. Debtor is the CEO of Heller Capital Group,

   LLC, a limited liability company and the manager of Heller Investment Holdings, LLC.

   These entities maintain offices at 415 North Prince Street, Lancaster, PA 17603.

3. Chapter 7 Trustee to be appointed to administer Debtor's converted bankruptcy case is

   presently unknown and will be added as Defendant upon his/her appointment.

4. On February 10, 2025, Defendant filed a voluntary petition (the "Chapter 11 Petition") for

   relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Case") in

   the United States District Court for the District of New Jersey (the "Court").

5. Plaintiff is a creditor of the Debtor as reflected in the duly filed proof of claim filed in

   Debtor's bankruptcy case.

6. On or about January 15, 2026, Debtor's Chapter 11 case converted to one under Chapter

   7 (Doc. No, 730).  As of this date, a chapter 7 trustee has not been appointed.

### JURISDICTION AND VENUE

7. Paragraphs 1-5 of the preceding paragraphs are fully incorporated herein by reference as if

   set forth herein.

8. This is an adversary proceeding commenced pursuant to Rules 7001(a) and (i) and 7003 of

   the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to determine

Plaintiff's percentage of ownership of the Property and for turnover of the $125,000 held

in escrow by Debtor's bankruptcy counsel McManimon, Scotland & Baumann, LLC

("MSB") pending a determination of the claims set forth herein..

9.  This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(I).

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334(b) and 28

    U.S.C. Section 157.

11. This matter is brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-

    2202 which allows U.S. federal courts to declare legal rights and relationships in "cases of

    actual controversy."

12. Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

**FACTUAL BACKGROUND**

13. Paragraphs 1-11 of the preceding paragraphs are incorporated herein by reference as if set

    forth herein.

14. Plaintiff and Defendant commenced a business relations known as Paramount Management

    Group, LLC, a Pennsylvania limited liability company ("Paramount").

15. Plaintiff was employed by Paramount as its Chief Economic Officer.

16. Defendant at all times relevant was the majority owner of Paramount and its Chairman of

    the Board.

17. Plaintiff, as an employee of Paramount and Paramount as the Employer are parties to an

    Employment Agreement effective July 1, 2019.

18. Plaintiff and Heller purchased the Property as an investment. When the Property was

    purchased, title was taken by Plaintiff and Heller as tenants in common with Plaintiff

    owning 24% and Heller owning 76%.

19. Plaintiff and Heller agreed that Plaintiff's ownership interest should be increased to 30%.

20. To effectuate this increase in ownership, Debtor instructed the attorney who represented Debtor and Plaintiff in the acquisition of the Property prepare and file a Corrective Deed to reflect Plaintiff's increased ownership.

21. Plaintiff paid the fee charged by Debtor's attorney to prepare and record the Corrective Deed.

22. It became known to Plaintiff that the Corrective Deed was not recorded and that Plaintiff's interest remained of record at 24%.

23. For reasons unknown to Plaintiff, Heller's counsel failed to record the Corrective Deed increasing Plaintiff's ownership interest to 30%.

24. The Property was sold during the pendency of the underlying bankruptcy proceeding to an Order Approving the Sale ("Sale Order") that generated the funds in the Escrow Account [D.I. 169].

25. Pursuant to the Sale Order, Plaintiff received an amount reflecting his original 24% ownership interest. The amount to satisfy Plaintiff's additional 6% ownership interest, $125,000, was to be held in trust by MSB. See Sale Order, p. 89.

26. The $125,000 remains in the MSB trust account subject to the resolution of the issues set forth herein.

27. Debtor agrees that Plaintiff's ownership interest in the Property should have been increased 6% to 30%.

28. At all times relevant, Plaintiff and Debtor understood that the Property was owned 30% by Plaintiff and 70% by Debtor.

## COUNT ONE
## DECLARATORY JUDGEMNT

29. Paragraphs 1-28 of the preceding paragraphs are incorporated herein by reference as if set

forth herein.

30. 28 U.S.C. § 2201 provides:

> (a) In a case of actual controversy within its jurisdiction, except with respect to
> Federal taxes other than actions brought under section 7428 of the Internal
> Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or
> in any civil action involving an antidumping or countervailing duty
> proceeding regarding a class or kind of merchandise of a free trade area
> country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as
> determined by the administering authority, any court of the United States,
> upon the filing of an appropriate pleading, may declare the rights and other
> legal relations of any interested party seeking such declaration, whether or not
> further relief is or could be sought. Any such declaration shall have the force
> and effect of a final judgment or decree and shall be reviewable as such.

31. The Corrective Deed provided a clear intent of Plaintiff and Debtor to increase Plaintiff's

ownership interest in the Property to 30%.

32. Debtor acknowledges and agrees that the Plaintiff's ownership interest in the Property

should have been 30%.

33. Plaintiff and Debtor do not dispute the co-ownership interests in the Property.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment (i) declaring

that the Plaintiff possessed a 30% ownership of the Property at the time of its sale and that

$125,000 of the trust account holding the proceeds of sale of the Property belongs to Plaintiff and

shall be turned over to Plaintiff; and (ii) granting such other and further relief as may be just and

proper.

## COUNT TWO
## TURNOVER

34. Paragraphs 1-33 of the preceding paragraphs are incorporated herein by reference as if set forth herein.

35. Pursuant to 11 U.S.C. § 550, Plaintiff has a right to recover the funds determined to be payments from the sale of the Property which reflect his increased 6% interest in the Property.

36. As set forth in Count One above, Plaintiff's interest in the Property at the time of sale was 30%. From the sale proceeds, Plaintiff only received funds to compensate him for a 24% interest. Payment for Plaintiff's remaining 6% balance is due and owing to Plaintiff and Must be turned over from the MSB Trust Account.

WHEREFORE, Plaintiff respectfully requests entry of a judgment (i) awarding monetary damages against the Defendants in the amount of $125,000, plus pre-judgment interest since the date of the sale of the Property; and (ii) granting such other and further relief as may be just and proper.

Dated: January 19, 2026

Respectfully submitted,
GREENBAUM ROWE SMITH & DAVIS LLP
75 Livingston Avenue, Suite 301
Roseland, new Jersey 07068
Telephone: (973) 577-1930
Facsimile: 973) 577-1931
nisaacson@greenbaumlaw.com

By: /s/ Nancy Isaacson
        Nancy Isaacson