| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| KLESTADT WINTERS JURELLER<br>SOUTHARD & STEVENS, LLP<br>Sean C. Southard<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*Proposed General Counsel to Fred Stevens, in his capacity as Chapter 7 Trustee.* |

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br>                               Debtor. | Chapter 7<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

**CHAPTER 7 TRUSTEE'S OMNIBUS RESPONSE, REQUEST FOR ADJOURNMENT AND RESERVATION OF RIGHTS CONCERNING ACCORDO, L.P.'S MOTIONS SEEKING APPROVAL OF PROPOSED DISBURSEMENTS AND TRANSACTIONS**

Fred Stevens (the "Chapter 7 Trustee"), in his capacity as chapter 7 trustee of the estate (the "Estate") of Daryl Fred Heller (the "Debtor"), by and through his undersigned counsel, hereby submits his response, request for adjournment and reservation of rights (the "Response") to those certain motions by Accordo, L.P. ("Accordo") [Dkt. Nos. 649 & 650] seeking approval of certain budgets and disbursements by Accordo and a comfort order approving certain land swap transactions (collectively, the "Accordo Motions") and respectfully states as follows:

**BACKGROUND**

1.      The Debtor commenced this bankruptcy case (the "Case") by filing a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 10, 2025 (the "Petition Date"). No official committee of creditors was organized in the Case.

2. Shortly thereafter on March 7, 2025, this Court entered and Order (the "Examiner Order") directing the appointment of an examiner (the "Examiner") to investigate and report on various alleged financial improprieties asserted by parties in interest against the Debtor [Dkt. No. 99]. Notice of the appointment of Edward A. Phillips as Examiner was filed by the Office of the U.S. Trustee (the "UST") on March 14, 2025 [Dkt. No. 118] and such appointment was approved by Order of this Court on March 18, 2025 [Dkt. No. 131].

3. The Examiner Order specifically directed the Examiner to:

- "investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity, if any, in the management of the affairs of the Debtor or in any entity or entities owned or controlled by the Debtor, either directly or indirectly, or through any intermediate entity including but not limited to Heller Capital Group, LLC, Heller Investment Holdings, LLC, Accordo Limited Partnership, Brookfield LP, Brigantine Group, L.P., DHRC, LLC, I Employee Services, LLC, and RAW Ventures, LLC, Golden Gate Investment Company, LLC, or Paramount Management Group, LLC, (collectively "Debtor Entities"),"

- "**investigate any and all transfers by the Debtor and any Debtor Entities** including, but not limited to, all transfers or allegations referenced in the Removed Litigation,"

- "investigate the accuracy and completeness of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, including, but not limited to, the stated value of assets included therein," and

- "otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code."

Examiner Order, ¶ 3 (emphasis added).

4. At about the same time, in resolution of a then pending motion to appoint a trustee, this Court entered a Consent Order Preserving Status Quo, which Order was subsequently

2

amended on March 15, 2024 [Dkt. No. 119] (the "Amended Status Quo Order"). The Amended Status Quo Order defined the "Heller Entities"[1] and the "Heller Individuals"[2] and provided that no transfers, sale or encumbrance of any of their assets should occur without prior approval of this Court.

5. The Examiner performed an investigation and then prepared and filed two interim reports with this Court. Following consideration by the Court and parties in interest of the findings and conclusions set forth in the second interim report by the Examiner on August 21, 2025 [Dkt. No. 496], this Court entered an order to show cause why the Court should not appoint a trustee or convert the Case on August 27, 2025 [Dkt. No. 520].

6. On October 22, 2025, this Court entered an Order directing the appointment of a chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Dkt. No. 616]. The UST provided notice of Fred Stevens' appointment as chapter 11 trustee ("Chapter 11 Trustee") on October 24, 2025 [Dkt. No. 625] and this Court entered an Order approving Mr. Stevens' appointment on October 28, 2025 [Dkt. No. 629].

7. The Chapter 11 Trustee reviewed the Accordo Motions and sought certain information and responses from Accordo through counsel and its principal representative Ethan Heller, then filed two separate, but similar responses to the Accordo Motions (Dkt. Nos. 685 & 686] on December 2, 2025 (the "Chapter 11 Trustee Accordo Responses").

8. Following the filing of the Chapter 11 Trustee Accordo Responses and further

---

[1] The Heller Entities are defined in the Amended Status Quo Order to include Accordo, Brookfield, L.P., Brigantine Group, L.P., and RAW Ventures, LLC. The same further provides that if Heller Capital Group, LLC and Heller Investment Holdings, LLC do not file their own individual Chapter 11 or 7 petition within 14 days of the entry of the Amended Status Quo Order, Heller Capital Group, LLC and Heller Investment Holdings, LLC shall be included in the definition of Heller Entities.

[2] The Heller Individuals included the Debtor's spouse, Charlene Heller, and his two children, Ethan Heller and Taite Heller.

3

discussions and negotiations with counsel to Accordo, Ethan Heller and counsel to Orrstown Bank, the parties reached agreement on the form of an interim order ultimately entered by this Court on December 10, 2025 [Dkt. No. 698] (the "December 2025 Accordo Consent Order").

9. The December 2025 Accordo Consent Order permitted and authorized: a) prior counsel to Accordo to transfer escrow funds to successor counsel, b) a proposed closing to proceed in relation to the sale of a certain condominium located in Myrtle Beach, SC (the "Condo"), and c) certain disbursements to be released from escrow, including for tax work to be shared with the Chapter 11 Trustee. The balance of relief requested in the Accordo Motions was adjourned for further review by the Chapter 11 Trustee and consideration by this Court on January 27, 2026 (the "Adjourned Hearing").

10. Shortly thereafter on or about December 17, 2025, the Chapter 11 Trustee moved this Court to convert the Debtor's Case to chapter 7 (the "Conversion Motion") Dkt. No. 707].

11. Responses were filed to the Conversion Motion by the Debtor and the UST on or about January 13, 2026. Based upon the record, this Court approved the Conversion Motion without hearing and entered an Order converting the Case to chapter 7 on January 15, 2026 [Dkt. No. 730] (the "Conversion Order").

12. Just earlier today, the appointment of Mr. Stevens as Chapter 7 Trustee was docketed by the UST confirming that Mr. Stevens (and presumably his prior Chapter 11 Trustee professionals) would stay in place as the fiduciary in charge of this Case [Dkt. No. 734].

13. During the period between entry of the December 2025 Accordo Consent Order and the filing of this Response, Accordo has circulated certain reporting to the Chapter 11 Trustee and counsel to Orrstown Bank.

14. In or about year end 2025, Accordo provided access to certain Quickbooks

accounting records on a rolling basis.  The review of these records by the Chapter 7 Trustee's professionals is important and will take some time to complete. Access to Accordo-specific Quickbooks records was only received within the last couple of weeks (a point at which the Conversion Motion was clearly pending).

### **RESPONSE, REQUEST FOR ADJOURNMENT AND RESERVATION OF RIGHTS**

15. The premise underlying the Accordo Motions is that the Debtor does not have any current interest in Accordo and therefore his bankruptcy estate will not be financially affected by the proposed utilization of value at or available to Accordo.  But upon information and belief, the Debtor did control a majority interest in Accordo before causing the same to be transferred to an irrevocable trust he settled.  That trust then transferred its remaining interests in Accordo to the Heller Individuals within the year prior to the Petition Date.  These and other facts set forth in the Chapter 11 Trustee Accordo Response led the Chapter 11 Trustee to conclude that avoidance claims likely exist in relation to Accordo for the benefit of the Debtor's estate.

16. The interim reports of the Examiner did not seemingly focus upon potential avoidable transfers to or for the benefit of the Heller Entities or the Heller Individuals.  However, focus on such transfers related to Accordo is appropriate in that such Heller Entity was once owned by the Debtor and is currently owned and operated by the Heller Individuals.  Presumably in light of these circumstances and despite certain technical arguments as to expiration of the Amended Status Quo Order, the Accordo Motions wisely seek this Court's approval of what are essentially insider transactions. The Chapter 7 Trustee seeks to further diligence the same.

17. Until very recently and in light of the pending Conversion Motion (and potential changing of the guard) the late access to the Quickbooks records, the Chapter 11 Trustee and his professionals did not fully complete the investigation with Accordo nor adequately advance

5

settlement discussions with Accordo and/or Orrstown Bank. The Chapter 7 Trustee for this now chapter 7 estate would like some additional time to see if litigation costs and related estate value can be saved in the form of a negotiated outcome with Accordo.

18. Now that the Conversion Order has been entered and the Chapter 7 Trustee is firmly planted as fiduciary and his professionals will remain in place, the Chapter 7 Trustee is ready to advance diligence and discussions surrounding Accordo and the potential interests and claims of the Debtor's estate in the same.

19. The Chapter 7 Trustee is requesting an approximately two (2) week adjournment of response deadlines and a hearing on the pending matters.

20. Based upon the lack of meaningful progress by Accordo concerning either the completion of tax returns, release of related tax information and/or closing on the Condo sale, it would appear there is little prejudice to Accordo in relation to a further short adjournment.

21. For the avoidance of doubt, the Chapter 7 Trustee does not feel that he has had sufficient time to fully review and understand the scope of transfers to or for the benefit of the Heller Individuals or the Heller Entities. As such, the Chapter Trustee must expressly reserve his right to further review and potentially object to or bring causes of action based upon or related to Accordo and any prior transactions with the Debtor.

*[Continued on next page]*

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that the Court adjourn the hearing to further consider the Accordo Motions (as otherwise set by the December 2025 Accordo Consent Order) for approximately 2 weeks' time (subject to further adjournment), and for such other and further relief as is just, necessary or appropriate.

Dated:   New York, New York
         January 21, 2026

FRED STEVENS, as Chapter 7 Trustee of the Estate of Daryl Fred Heller

By:   */s/ Fred Stevens*
      Fred Stevens, as Trustee

Proposed Counsel:

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP


By:   */s/ Sean C. Southard*
      Sean C. Southard
      Christopher J. Reilly
      200 West 41st Street, 17th Floor
      New York, New York 10036-7203
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
             creilly@klestadt.com

      *Proposed Counsel to the Chapter 7
       Trustee*