| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | Order Filed on February 18, 2026<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**<br>Sean C. Southard<br>Christopher Reilly<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Fax: (212) 972-2245<br><br>*Proposed General Counsel to Fred Stevens, in his capacity as Chapter 7 Trustee.* | |
| In re:<br><br>DARYL FRED HELLER,<br><br><div style="text-align:center">Debtor.</div> | Chapter 7<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

# ORDER AUTHORIZING TRUSTEE'S RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS GENERAL COUNSEL TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF JANUARY 15, 2026

The relief set forth on the following page

**DATED: February 18, 2026**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No: | 25-11354 (JNP) |
| Caption of Order: | Order Authorizing Trustee's Retention of Klestadt Winters Jureller Southard & Stevens, LLP as General Counsel to the Chapter 7 Trustee, Effective as of January 15, 2026 |

Upon the application (the "Application")[1] of Fred Stevens (the "Trustee"), in his capacity as chapter 7 trustee of the estate of Daryl Fred Heller (the "Debtor"), for entry of an order authorizing the employment and retention of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJSS") as general counsel to the Trustee; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Application having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held, if necessary, to consider the relief requested in the Application (the "Hearing"); and upon consideration of the Certification of Sean C. Southard (the "Southard Certification") attached to the Application, and the record of the Hearing, if any, and all proceedings had before the Court; and the Court having found and determined that KWJSS does not represent or hold any interest adverse under section 327 of the Bankruptcy Code, and is (to the extent applicable) a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Application is GRANTED as set forth herein.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

(Page 3)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No: | 25-11354 (JNP) |
| Caption of Order: | Order Authorizing Trustee's Retention of Klestadt Winters Jureller Southard & Stevens, LLP as General Counsel to the Chapter 7 Trustee, Effective as of January 15, 2026 |

2. The Trustee is authorized pursuant to section 327(a) of the Bankruptcy Code to retain and employ KWJSS as general counsel to the Trustee effective as of January 15, 2026. KWJSS maintains an address at 200 West 41st Street, 17th Floor, New York, NY 10036.

3. In accordance with section 327(a) of the Bankruptcy Code, the Trustee is authorized and empowered to employ and retain KWJSS as its counsel, effective as of January 15, 2026 to represent him in the Chapter 7 Case on the terms set forth in the Application and accompanying certification, except as modified by this Order.

4. KWJSS shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 7 Case in compliance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331, Bankruptcy Rule 2016, Local Rule 2016-1(a), and such other procedures as may be fixed by order of this Court.

5. At least ten (10) business days before implementing any increases in KWJSS' rates for professionals in this Chapter 7 Case, KWJSS shall file a supplemental affidavit with the Court explaining the basis for the rate increases in accordance with section 330 of the Bankruptcy Code. All parties in interest, including the United States Trustee, retain all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in the Application, the Southard Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, KWJSS shall, to the extent that KWJSS uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in the Chapter 7 Case, (i) pass through the cost of such Contractors at the same rate that KWJSS pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors (to the extent they are attorneys, accountants, or other agents) (A) are subject to the same conflict checks and disclosures as required by KWJSS and (B) file with the Court such disclosures required

(Page 4)

Debtor: Daryl Fred Heller

Case No: 25-11354 (JNP)

Caption of Order: Order Authorizing Trustee's Retention of Klestadt Winters Jureller Southard & Stevens, LLP as General Counsel to the Chapter 7 Trustee, Effective as of January 15, 2026

by Bankruptcy Rule 2014; and (iv) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in this case.

7. Notwithstanding anything to the contrary in the Application, the Southard Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, KWJSS shall provide all monthly fee statements, interim fee applications, and final fee applications in searchable electronic format ("LEDES" or "Excel") to the United States Trustee.

8. Notwithstanding anything to the contrary in the Application, the Southard Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, KWJSS shall seek reimbursement from the Debtor's estate for its engagement-related expenses at KWJSS' actual cost paid.

9. Notwithstanding anything to the contrary in the Application, the Southard Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, KWJSS will only bill fifty percent (50%) of its professionals' hourly rate for nonworking travel.

10. Notwithstanding anything to the contrary in the Application, the Southard Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, and for the avoidance of doubt, KWJSS will not be entitled to recover attorneys' fees or expenses for defending its fee applications in this Chapter 7 Case.

11. Notwithstanding anything to the contrary in the Application, the Southard Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, termination of KWJSS' retention shall only commence upon entry of an order by this Court terminating KWJSS' retention.

12. To the extent the Application, the Southard Certification, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

(Page 5)

| | |
|---|---|
| Debtor: | Daryl Fred Heller |
| Case No: | 25-11354 (JNP) |
| Caption of Order: | Order Authorizing Trustee's Retention of Klestadt Winters Jureller Southard & Stevens, LLP as General Counsel to the Chapter 7 Trustee, Effective as of January 15, 2026 |

13. Notwithstanding anything to the contrary in the Application, the Southard Certification, any engagement agreement pertaining to this retention, or any other provision in this Order, the Court shall retain exclusive jurisdiction to hear and determine all matters arising from the implementation, interpretation, and enforcement of this Order.