UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Sean C. Southard
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*Proposed General Counsel to Fred Stevens, in his capacity as Chapter 7 Trustee.*

| | |
|---|---|
| In re: | Chapter 7 |
| DARYL FRED HELLER, | Case No. 25-11354 (JNP) |
| | Judge: Jerrold N. Poslusny, Jr. |
| Debtor. | |

### CHAPTER 7 TRUSTEE'S SECOND OMNIBUS RESPONSE AND RESERVATION OF RIGHTS CONCERNING ACCORDO, L.P.'S MOTIONS SEEKING APPROVAL OF PROPOSED DISBURSEMENTS AND TRANSACTIONS

Fred Stevens (the "Chapter 7 Trustee"), in his capacity as chapter 7 trustee of the estate (the "Estate") of Daryl Fred Heller (the "Debtor"), by and through his undersigned counsel, hereby submits his second omnibus response and reservation of rights (the "Response") to those certain motions by Accordo, L.P. ("Accordo") [Dkt. Nos. 649 & 650] seeking approval of certain budgets and disbursements by Accordo and a comfort order approving certain land swap transactions (collectively, the "Accordo Motions") and respectfully states as follows:

### BACKGROUND

1.      The Debtor commenced this bankruptcy case (the "Case") by filing a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

on February 10, 2025 (the "Petition Date").  No official committee of creditors was organized in

the Case.

2.      Shortly thereafter on March 7, 2025, this Court entered and Order (the "Examiner

Order") directing the appointment of an examiner (the "Examiner") to investigate and report on

various alleged financial improprieties asserted by parties in interest against the Debtor [Dkt. No.

99].  Notice of the appointment of Edward A. Phillips as Examiner was filed by the Office of the

U.S. Trustee (the "UST") on March 14, 2025 [Dkt. No. 118] and such appointment was approved

by Order of this Court on March 18, 2025 [Dkt. No. 131].

3.      The Examiner Order specifically directed the Examiner to:

- "investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity, if any, in the management of the affairs of the Debtor or in any entity or entities owned or controlled by the Debtor, either directly or indirectly, or through any intermediate entity including but not limited to Heller Capital Group, LLC, Heller Investment Holdings, LLC, Accordo Limited Partnership, Brookfield LP, Brigantine Group, L.P., DHRC, LLC, I Employee Services, LLC, and RAW Ventures, LLC, Golden Gate Investment Company, LLC, or Paramount Management Group, LLC, (collectively "Debtor Entities"),"

- "**investigate any and all transfers by the Debtor and any Debtor Entities** including, but not limited to, all transfers or allegations referenced in the Removed Litigation,"

- "investigate the accuracy and completeness of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs, including, but not limited to, the stated value of assets included therein," and

- "otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code."

Examiner Order, ¶ 3 (emphasis added).

4.      At about the same time, in resolution of a then pending motion to appoint a trustee,

this Court entered a Consent Order Preserving Status Quo, which Order was subsequently

amended on March 15, 2025 [Dkt. No. 119] (the "Amended Status Quo Order").  The Amended

Status Quo Order defined the "Heller Entities"[1] and the "Heller Individuals"[2] and provided that

no transfers, sale or encumbrance of any of their assets should occur without prior approval of this

Court.

5.      The Examiner performed an investigation and then prepared and filed two interim

reports with this Court.  Following consideration by the Court and parties in interest of the findings

and conclusions set forth in the second interim report by the Examiner on August 21, 2025 [Dkt.

No. 496], this Court entered an order to show cause why the Court should not appoint a trustee or

convert the Case on August 27, 2025 [Dkt. No. 520].

6.      On October 22, 2025, this Court entered an Order directing the appointment of a

chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Dkt. No. 616].  The UST

provided notice of Fred Stevens' appointment as chapter 11 trustee ("Chapter 11 Trustee") on

October 24, 2025 [Dkt. No. 625] and this Court entered an Order approving Mr. Stevens'

appointment on October 28, 2025 [Dkt. No. 629].

7.      The Chapter 11 Trustee reviewed the Accordo Motions and sought certain

information and responses from Accordo through counsel and its principal representative Ethan

Heller, then filed two separate, but similar responses to the Accordo Motions (Dkt. Nos. 685 &

686] on December 2, 2025 (the "Chapter 11 Trustee Accordo Responses").

8.      Following the filing of the Chapter 11 Trustee Accordo Responses and further

---

[1] The Heller Entities are defined in the Amended Status Quo Order to include Accordo, Brookfield, L.P., Brigantine Group, L.P., and RAW Ventures, LLC. The same further provides that if Heller Capital Group, LLC and Heller Investment Holdings, LLC do not file their own individual Chapter 11 or 7 petition within 14 days of the entry of the Amended Status Quo Order, Heller Capital Group, LLC and Heller Investment Holdings, LLC shall be included in the definition of Heller Entities.

[2] The Heller Individuals included the Debtor's spouse, Charlene Heller, and his two children, Ethan Heller and Taite Heller.

3

discussions and negotiations with counsel to Accordo, Ethan Heller and counsel to Orrstown Bank, the parties reached agreement on the form of an interim order ultimately entered by this Court on December 10, 2025 [Dkt. No. 698] (the "December 2025 Accordo Consent Order").

9.     The December 2025 Accordo Consent Order permitted and authorized: a) prior counsel to Accordo to transfer escrow funds to successor counsel, b) a proposed closing to proceed in relation to the sale of a certain condominium located in Myrtle Beach, SC (the "Condo"), and c) certain disbursements to be released from escrow, including for tax work to be shared with the Chapter 11 Trustee.  The balance of relief requested in the Accordo Motions was adjourned for further review by the Chapter 11 Trustee and consideration by this Court on January 27, 2026 (the "Adjourned Hearing").

10.     Shortly thereafter on or about December 17, 2025, the Chapter 11 Trustee moved this Court to convert the Debtor's Case to chapter 7 (the "Conversion Motion") Dkt. No. 707].

11.     Responses were filed to the Conversion Motion by the Debtor and the UST on or about January 13, 2026.  Based upon the record, this Court approved the Conversion Motion without hearing and entered an Order converting the Case to chapter 7 on January 15, 2026 [Dkt. No. 730] (the "Conversion Order").

12.     On January 21, 2026, the appointment of Mr. Stevens as Chapter 7 Trustee was docketed by the UST confirming that Mr. Stevens would stay in place as the fiduciary (the "Chapter 7 Trustee") in charge of this Case [Dkt. No. 734].

13.     During the period between entry of the December 2025 Accordo Consent Order and the filing of this Response, Accordo has continued to circulate certain reporting to the Chapter 7 Trustee and counsel to Orrstown Bank.

14.     At the end of 2025, Accordo provided access to certain Quickbooks accounting

records on a rolling basis.  The review of these records by the Chapter 7 Trustee's professionals is important and will take some additional time to complete. Access to Accordo-specific Quickbooks records was received during January and the Chapter 7 Trustee's professionals continue to review the same and seek supplemental information from parties in interest.

15.     Even though it has not been withdrawn, the Chapter 7 Trustee understands from Accordo's counsel that Accordo no longer intends to proceed with that certain land swap transaction previously proposed by DHQM Properties LLC ("DHQM") to allocate and distribute interests in certain properties to Accordo and QDM Properties, LLC ("QDM") (the "Land Swap Transaction").  The Condo has been sold and proceeds of sale have been escrowed.  In light of these developments, the only portion of the Accordo Motions which are still relevant for discussion or consideration is whether the oversight of this Court and the Chapter 7 Trustee should continue with regard to Accordo and any proposed disbursements of value.

16.     Counsel to Accordo, also represents the interests of the Heller Individuals and at least certain of the Heller Entities other than Accordo.  The Chapter 7 Trustee and representatives of the Heller Individuals, together with counsel, have discussed the mutual desire for a settlement scope that is broader than just the Accordo Motions and the specific transactions associated therewith.

17.     The Chapter 7 Trustee has identified what he believes are substantial transfers of value made to or for the benefit of the Heller Individuals and the Heller Entities that they own or control during the prepetition period (collectively, the "Heller Family Value Transfers").  The investigation into these Heller Family Value Transfers is not yet complete and the Chapter 7 Trustee may need to seek formal discovery to complete his investigation in this regard.

18.     The Chapter 7 Trustee is moving as quickly as his professionals are able, but would

appreciate some additional time and information in order to fully assess the scope of Heller Family Value Transfers.  That said, the Chapter 7 Trustee appreciates that perfect information is unlikely to be obtained given the circumstances which the Chapter 7 Trustee has inherited here with this Debtor's estate.

19.     The Chapter 7 Trustee has attempted to discuss status with counsel for the Heller Individuals during the last several days, but has not connected.  As such, the Chapter 7 Trustee offers this Response to inform the Court and parties in interest as to status.

**RESPONSE, REQUEST FOR ADJOURNMENT AND RESERVATION OF RIGHTS**

20.     As previously stated, the premise underlying the Accordo Motions is that the Debtor does not have any current interest in Accordo and therefore his bankruptcy estate will not be financially affected by the proposed utilization of value at or available to Accordo.  However, the Debtor was the general partner of Accordo owning 1% and his wife owned the remaining 99% interest in Accordo before she caused the same to be transferred to an irrevocable trust that the Debtor settled.  That trust (which the Heller Individuals are beneficiaries of) then transferred its remaining interests in Accordo directly to the Heller Individuals within the year prior to the Petition Date.  These facts, along with the discovery of the Heller Family Value Transfers, leads the Chapter 7 Trustee to conclude that recovery claims likely exist in relation to the Heller Family Value Transfers for the benefit of the Debtor's estate.

21.     The interim reports of the Examiner did not focus upon potential recoverable value to or for the benefit of the Heller Entities or the Heller Individuals.  Despite certain technical arguments as to expiration of the Amended Status Quo Order, the Accordo Motions wisely seek this Court's approval of what are essentially insider transactions. That status quo arrangement and oversight by the Debtor's estate has continued through today and for good reason.

22.     The Chapter 7 Trustee would like some additional time to see if litigation costs can be avoided and estate value can be enhanced in the form of a negotiated outcome with the Heller Individuals and the Heller Entities.  As such, the Chapter 7 Trustee is requesting an approximately four (4) week adjournment of the status quo.

23.     The alternative approach will be to reserve any and all litigation rights, including to avoid and recover any further transfers of value away from the Heller Individuals or Heller Entities if the status quo is to end before formal litigation is commenced or settlement is achieved here.

*[Continued on next page]*

WHEREFORE, for the reasons set forth above, the Trustee respectfully requests that the Court adjourn the hearing to further consider the Accordo Motions and maintain the status quo for approximately 4 weeks' time (subject to further adjournment), and for such other and further relief as is just, necessary or appropriate.

Dated:   New York, New York
April 21, 2026

FRED STEVENS, as Chapter 7 Trustee of the Estate of Daryl Fred Heller

By:   */s/ Fred Stevens*
Fred Stevens, as Trustee

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

By:   */s/ Sean C. Southard*
Sean C. Southard
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
          creilly@klestadt.com

*Counsel to the Chapter 7 Trustee*