UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Sean C. Southard
Fred Stevens
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*General Counsel to Fred Stevens, in his capacity
as Chapter 7 Trustee*

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

## CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF CERTAIN PERSONAL PROPERTY OF THE DEBTOR

**TO THE HONORABLE JERROLD N. POSLUSNY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

Fred Stevens, Chapter 7 trustee (the "Trustee") of the estate of Daryl Fred Heller (the

"Debtor"), by and through his counsel, Klestadt Winters Jureller Southard & Stevens, LLP, submit

this motion (the "Motion") pursuant to Sections 105(a) and 363 of title 11 of the United States

Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 6004-5 of the Local Rules

of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") for entry

of an order substantially in the form submitted herewith (the "Sale Order") (i) authorizing and

approving the private sale of certain personal property owned by the Debtor free and clear of liens,

claims and encumbrances, and (ii) granting related relief. In support of the Motion, the Trustee has

offered his declaration (the "Stevens Declaration") filed as an **Exhibit "A"** hereto. In further

support of the Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334

and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States

District Court for the District of New Jersey, entered on July 23, 1984, and amended on September

18, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The legal

predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code,

Bankruptcy Rules 2002, 6004, and 6006 and Local Rule 6004-1

### BACKGROUND

1.      On February 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of New Jersey ("Court").

2.      On February 18, 2025, Deerfield Capital, LLC filed a motion for the appointment

of a Chapter 11 trustee [Docket No. 30].

3.      On March 14, 2025, Edward A. Phillips was appointed as an examiner in the

Debtor's case (the "Examiner") [Docket No. 118; approved at Docket No. 131].

4.      Deerfield Capital, LLC's request for the appointment of a Chapter 11 trustee was

soon followed by joinder or independent requests from Steven Mitnick, as Receiver, the "Prestige

2

Funds", Silverview Credit Partners LP, the United States Trustee, and ultimately the Debtor himself (despite aggressively contesting the requests at first), [Docket Nos. 80, 265, 598, 601, and 614, respectively].

5.      On October 22, 2025, the Court entered an order directing the United States Trustee (the "U.S. Trustee") to appoint a Chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code [Docket No. 616].

6.      On October 24, 2025, the U.S. Trustee appointed Fred Stevens to serve as chapter 11 trustee and on October 28, 2025, the Court approved the appointment [Docket Nos. 625 and 630, respectively].

7.      On or about December 17, 2025, as chapter 11 trustee, Mr. Stevens moved this Court to convert the Debtor's Case to chapter 7 (the "Conversion Motion") [Docket. No. 707].

8.      Responses were filed to the Conversion Motion by the Debtor and the U.S. Trustee on or about January 13, 2026. Based upon the record, this Court approved the Conversion Motion without hearing and entered an Order converting the Case to chapter 7 on January 15, 2026 [Docket No. 730] (the "Conversion Order").

9.      On January 21, 2026, the appointment of Mr. Stevens as Chapter 7 Trustee was docketed by the U.S. Trustee confirming that Mr. Stevens would stay in place as the fiduciary in charge of this Case [Docket No. 734].

A.      **Personal Property**

10.     As of the Petition Date, the Debtor is the owner of three used snowmobiles (one of which is non-operational) and one used trailer (the "Property") located in Pennsylvania.  The Property includes the following:

| Item | VIN AND SPECS |
|---|---|
| **2018 Ski-Doo MXZ X 850 E-TEC**<br>**Trim: MXZ X (AJS quote)**<br>**Stock #40490** | **2BPSUUJA7JV000023**<br>**2018 \| MXZ X \| 850 E-TEC** |
| **2018 Ski-Doo Renegade Backcountry X**<br>**850 E-TEC**<br>**Trim: Backcountry X**<br>**Stock #40489** | **2BPSUXJB3JV000028**<br>**2018 BCX 850** |
| **2003 Yamaha SX Viper (non-operable)** | **JYE8FE0044A001922** |
| **2021 Legend 8.5×26 V-Nose Enclosed**<br>**Trailer** | **1L9BE262XM1317745**<br>**2021 \| Legend Industries**<br>**Tandem axle \| Enclosed** |

11.     The Debtor did not identify or list the Property as assets on the first three versions of the schedules of assets and liabilities (collectively, the "Schedules") that he filed in this case. However, the Debtor's diligence apparently revealed that such Property was titled in his name and he thereafter included three of these assets in his third amended version of Schedules [Docket No. 552]. Specifically, the Schedules list "Skidoo" vehicles with year 2018 valued at a total of $14,000 and a "Trailer" year 2021 valued at $8,000 for a total of $22,000.

12.     Recently, the Debtor advised the Trustee (through his financial advisor) that his brother, Daniel C. Heller ("Buyer"), had expressed interest in purchasing the Property. The Trustee, with the assistance of his financial advisor, performed certain financial diligence concerning the value of the Property and then negotiated with Buyer in connection with a potential private sale of the Property.

B.      **Summary of Proposed Sale**

13.     Buyer desires to acquire from Trustee, all of the Debtor's right, title and interest in the Property pursuant to the terms and conditions of that certain term sheet dated April 27, 2026 (the "Term Sheet").  A copy of the Term Sheet is annexed hereto as **Exhibit "B"**.

14.     Pursuant to the terms of the Term Sheet, the Buyer will acquire all of the Debtor's interest in the Property, free and clear of liens, claims and encumbrances, if any, for the total purchase price of $15,500 (the "Purchase Price").

15.     The Term Sheet clarifies that the Sale is without any representations and warranties by the Trustee and is intended to be "as is" and "where is" and with all faults.  The closing is conditioned upon, among other things, an Order of this Court authorizing the same.

**RELIEF REQUESTED**

16.     By this Motion, the Trustee seeks entry of the Sale Order, substantially in the form submitted herewith (i) approving the sale of the Property as set forth in the Term Sheet to the Buyer, and (ii) granting related relief.

**DESCRIPTION OF THE PROPOSED SALE**

A.  **Material Terms of the Proposed Sale[1]**

17.     In accordance with Local Rule 6004-1(a)(3), the material terms of the proposed sale to the Buyer are as follows:

1)      **Seller:** Trustee, for the chapter 7 estate of Daryl Fred Heller

---

[1] To the extent any inconsistency or conflict arises between the terms set forth in the Term Sheet and this description of the Term Sheet contained herein, the Term Sheet shall govern. Capitalized terms used, but herein defined in this section shall have the meanings ascribed to them in the Term Sheet.

5

2)  **Property to be Sold**. The Debtor's right title and interest in and to the Property.

3)  **Date, Time and Place of Sale.** The consummation of the transaction contemplated by the Term Sheet (the "Closing") shall take place at a mutually agreed date and time no later than five (5) business days after the Court enters an Order authorizing the Sale and such Order thereafter becomes final and non-appealable.

4)  **Purchase Price**. The Purchase Price under the Term Sheet is $15,500.

5)  **Conditions of the Sale.** The closing of the transaction contemplated by the Term Sheet is expressly contingent upon this Court's prior approval.

6)  **Deposit**. A deposit of $5,000 shall be paid by the Buyer and will be held in the escrow account of Trustee's counsel until the Closing.

7)  **Retention/Access to Books and Records**. The Term Sheet does not provide for the sale of any books or records of the Debtor.

8)  **Assumption and Assignment of Executory Contracts and Unexpired Leases**. The Term Sheet does not provide for the assumption and assignment of any lease.

9)  **Credit Bidding.** The Sale to the Buyer does not involve a credit bid.

10) **Broker or Sale Agent's Anticipated Fee or Commission**. No agent or broker was utilized by the Trustee in connection with the Sale.

18.  In accordance with Local Rule 6004-1(b), the Term Sheet and/or the Sale Order, as applicable, include the following "special provisions."

1)  **Sale to Insider**. The proposed Sale is to an insider.  Buyer is the biological brother of the Debtor.

2)      **Agreements with Management or Key Employees**. There are no agreements with management or key employees regarding compensation or future employment in connection with the proposed Sale.

3)      **Waiver, Release or Satisfaction of Any Claim**. No waiver, release or satisfaction is included in the Term Sheet.

4)      **Agreement to Limit Marketing or Not Solicit Competing Offers**. The Term Sheet and Sale Order do not include any agreement to limit marketing of the Property although the Trustee does seek approval of this private sale without any further public auction process.

5)      **Interim Agreement with the Buyer**. There are no interim agreements in place with Buyer

6)      **Release or Allocation of Sale Proceeds Without Further Court Order**. The Term Sheet does not anticipate the release or allocation of sale proceeds without further Court order.

7)      **Sale or Limitation of Right to Pursue Avoidance Actions**. The Term Sheet and Sale Order do not include a sale or limitation of the right to pursue avoidance claims under chapter 5 of the Bankruptcy Code.

8)      **Limitation on Successor Liability**. The Term Sheet and Sale Order do not include any limitation on the Buyer's successor liability.

9)      **Sale Free and Clear**. The Term Sheet provides the Property shall be sold to Buyer free and clear of all liens, claims and encumbrances. The Sale Order provides that as of the Closing, the Property shall have been transferred to the Buyer free and clear of all liens, claims and encumbrances.

B. **Notice of Sale Hearing**

19.    The Trustee seeks a hearing to consider approval of the Sale at the Court's earliest convenience (the "Sale Hearing"). The Trustee submits that the Sale offers the most value for the Property.

20.    Bankruptcy Rule 2002(a)(2) provides that not less than twenty-one (21) days' notice by mail shall be given of a proposed sale of property of the estate other than in the ordinary course of business. Bankruptcy Rule 2002(c)(1) governs the contents of the notice of a proposed sale and requires that the notice include the terms and conditions of any private sale and the time fixed for filing objections. A general description of the property to be sold is also required. Section 363(f) of the Bankruptcy Code, Bankruptcy Rule 2002 and Local Bankruptcy Rule 6004-1(h) set forth further requirements for a notice of the sale. Contemporaneously herewith, the Trustee has filed and served a sale notice (the "Sale Notice") setting forth, among other information, the required information in the Local Form Notice of Proposed Private Sale.

21.    The Debtor has provided the Sale Notice, a copy of which is filed contemporaneously herewith, this Motion, and the proposed Sale Order by first class mail, postage prepaid or electronic mail to: (a) the Office of The United States Trustee for the District of New Jersey; (b) counsel to the Debtor; (c) any secured creditor with a lien on the Property; (d) all known creditors of the Debtor; and (e) all notice of appearance parties (collectively, the "Notice Parties").

22.    The Trustee seeks to proceed immediately to the Sale Hearing to approve the Term Sheet with the Buyer to close promptly after entry of the Sale Order or at such other date as may be agreed upon by the parties hereto or their respective counsel.  The proposed deadline for filing objections, if any, to the proposed sale of the Property (the "Sale Objection Deadline") is set for seven (7) days prior to the date of the Sale Hearing. To the extent any objections are received by

8

the Sale Objection Deadline and not resolved by the parties, such objections will be considered at the Sale Hearing.

## BASIS FOR RELIEF

### A. The Sale of the Property Pursuant to the Term Sheet is Authorized by §§ 105, 363 of the Bankruptcy Code as a Sound Exercise of the Trustee's Business Judgment

23.     While the Bankruptcy Code does not specify the appropriate standard for approving the sale of property under section 363(b), courts uniformly agree that the business judgment standard applies. See, e.g., Meyers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing In re Schipper, 933 F.2d 513 (7th Cir. 1991)); In re Chateaugay Corp., 973 F.2d 141, 143 (2d Cir.1992); Stephen Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983). Courts typically apply four factors in determining whether a section 363 sale is appropriate under the business judgment standard—namely, whether: (a) a sound business justification exists for the sale; (b) adequate and reasonable notice of the sale was provided to interested parties; (c) the sale will produce a fair and reasonable price for the property; and (d) the parties have acted in good faith. Id. at 1070 (setting forth the "sound business" purpose standard for the sale of the debtor's assets under section 363 of the Bankruptcy Code); In re Decora Indus., Inc., Case No. 00-4459, 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (adopting Lionel factors) (citing Guilford Transportation Industries, Inc. v. Delaware & Hudson Ry. Co. (In re Delaware & Hudson Ry. Co.), 124 B.R. 169, 176 (D. Del. 1991) (listing nonexclusive factors that may be considered by a court in determining whether there is a sound business purpose for an asset sale)). When a debtor (or trustee) demonstrates a valid business justification for a decision, the presumption is that the business decision was made "on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." Official Comm. of Subordinated

9

Bondholders v. Integrated Res. Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y.

1990) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

24.     As long as a valid business justification exists – as it does under the present

circumstances – the decision to sell estate property is entitled to a strong presumption that "in

making a business decision the directors of a corporation acted on an informed basis, in good faith

and in the honest belief that the action taken was in the best interest of the company." In re

Integrated Res., Inc., at 656 (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). This

presumption results in courts giving substantial deference to the business decisions of trustees and

debtors. See In re Global Crossing, Ltd., 295 B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003) ("[T]he

Court does not believe that it is appropriate for a bankruptcy court to substitute its own business

judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements

articulated in the caselaw.")

25.     As part of this analysis, courts may also consider (a) whether fair and reasonable

consideration is provided, (b) whether the transaction has been proposed and negotiated in good

faith, and (c) whether reasonable notice has been provided. See In re Condere, 228 B.R. 615, 626

(Bankr. S.D. Miss. 1998); In re Nicole Energy Servs., Inc., 385 B.R. 201, 210 (Bankr. S.D. Ohio

2008) (citations omitted).

26.     These factors are satisfied in this case. First, the sale consideration is fair and

reasonable under the circumstances. The Sale will generate the best value for the Debtor's interest

in the Property, therefore, it is crucial to maximizing the value of the Debtor's estate. The Purchase

Price represents fair value for the Property. In the Trustee's estimation, the costs associated with

further marketing or sale of this Property will likely be greater than any conceivable additional

value that might be obtained as compared to the current Purchase Price offered by Buyer.

10

According to the diligence performed by the Trustee's financial advisor, the Purchase Price is substantially equivalent to the current low end estimated retail value of the Property and exceeds the trade-in value for the same.

27.     Second, the transaction is proposed in good faith. The Term Sheet is the result of arm's length negotiations between the Trustee and the Buyer which were conducted in good faith. The Trustee is represented by sophisticated counsel with extensive experience in similar transactions. Although the Buyer is an insider of the Debtor, there is no evidence of fraud or collusion in the terms of the proposed Sale.

28.     Third, reasonable notice of the Sale, under the circumstances, will have been provided, as discussed above. Under Bankruptcy Rules 2002(a) and (c)(1), the Trustee is required to notify the Debtor's creditors of any proposed sale of estate assets, including a disclosure of the terms and conditions of any private sale, and the deadline for filing any objections to such sale. This Motion, and the notice hereof, fully complies with Bankruptcy Rule 2002 and is reasonably calculated to provide timely and adequate notice of the terms and conditions of the Sale to Debtor's creditors and other parties in interest. As discussed above, the Trustee has provided notice of this Motion, including the Sale Notice, to the Notice Parties.

29.     As each factor demonstrates, the Sale satisfies the "sound business judgment" test and presents the best opportunity to realize the maximum value of the Property for the benefit of creditors and other parties in interest. Furthermore, the Sale will provide the Trustee with funds to administer the Debtor's estate and thereby benefit of the Debtor's estate, creditors and all parties in interest. For the foregoing reasons, the Trustee submits that the Sale should be approved pursuant to section 363 of the Bankruptcy Code.

### B. **An Auction of the Property is Not Required**

30.     In accordance with Bankruptcy Rule 6004(f)(1), asset sales outside of the ordinary course of business may be by private or public sale. Fed. R. Bankr. P. 6004(f)(1). A trustee has broad discretion in determining the manner in which its assets are sold. Berg v. Scanlon (In re Alisa P'ship), 15 B.R. 802, 802 (Bankr. D. Del. 1981) ("[T]he manner of [a] sale is within the discretion of the trustee . . ."); In re Bakalis, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (noting that a trustee has "ample discretion to administer the estate, including authority to conduct public or private sales of estate property.") (internal quotations and citations omitted). As long as a trustee maximizes the return to the estate, a court should defer to a trustee's business judgment of how to conduct a sale of its assets. Id. at 532 (recognizing that although a trustee's business judgment enjoys great judicial deference, a duty is imposed on the trustee to maximize the value obtained from a sale); In re Nepsco, Inc., 36 B.R. 25, 26 (Bankr. D. Me. 1983) ("Clearly, the thrust of th[e] statutory scheme [governing 363 sales] is to provide maximum flexibility to the trustee, subject to the oversight of those for whose benefit he acts, i.e., the creditors of the estate."). Accordingly, if a trustee concludes that conducting a private sale, as opposed to a public auction, is in the best interest of the estate, the trustee should be permitted to do so. Penn Mut. Life Ins. Co. v. Woodscape Ltd. P'ship (In re Woodscape Ltd. P'ship), 134 B.R. 165, 174 (Bankr. D. Md. 1991) (noting that, with respect sales of estate property, "[t]here is no prohibition against a private sale . . . and there is no requirement that the sale be by public auction.").

31.     The Trustee is unaware of any other parties that would submit a higher offer than that of Buyer for the Property. Further, the delay and costs associated with further marketing the Property may negate any benefit to be derived through a public sale of the same. Accordingly, the

12

Trustee submits that a private sale of the Property is appropriate under the circumstances, is in the best interest of the Debtor's estates and should be approved.

**C. The Sale of the Property Should be Free and Clear of Liens, Claims and Encumbrances**

32.    The Trustee requests that the sale and transfer of the Debtor's interest in the Property be approved free and clear of all liens, claims, encumbrances and other interests, whether arising pre- or post- petition, with any such liens or interests attaching to the proceeds of the Sale. The Debtor does not believe that his interest in the Property are subject to any liens, claims or encumbrances. However, such relief is consistent with the provisions of Section 363(f), which authorizes a debtor to sell assets free and clear of interests in property of an entity other than the estate if:

> (i)  applicable non-bankruptcy law permits a sale of such property free and clear of such interest;
>
> (ii) such entity consents;
>
> (iii) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
>
> (iv) such interest is in bona fide dispute; or
>
> (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11  U.S.C. §363(f).

33.    Because section 363(f) of the Bankruptcy Code is stated in the disjunctive, satisfaction of any one of its five requirements will suffice to warrant approval of the proposed sale. See id.; Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (holding that court may approve sale "free and

13

clear" provided at least one of the subsections of section 363(f) is met); In re Zeigler, 320 B.R. 362, 381 (Bankr. N.D.Ill. 2005); In re Dundee Equity Corp., No. 89-B-10233 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. Mar. 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of §363(f) have been met"); In re Bygaph, Inc., 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986) (same).

34.     The Court also may authorize the sale of a debtor's assets free and clear of any liens pursuant to Section 105 of the Bankruptcy Code, even if Section 363(f) of the Bankruptcy Code did not apply. See In re Trans World Airlines. Inc., No. 01-0056, 2001 WL 1820325, at *3 (Bankr. D. Del. Mar. 27, 2001) ("Bankruptcy courts have long had the authority to authorize the sale of estate assets free and clear even in the absence of § 363(f)."); see also Volvo White Truck Corp.v. Chambersberg Beverage, Inc. (In re White Motor Credit Corp.), 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987) ("Authority to conduct such sales [free and clear of liens] is within the court's equitable powers when necessary to carry out the provisions of Title 11.").

35.     The Trustee believes that one or more of the tests of section 363(f) are satisfied with respect to the Sale of the Property pursuant to the Term Sheet. All parties known to have asserted a lien or other encumbrance on the Property will receive notice of the Sale. To the extent they have not objected by the Sale Objection Deadline, they will be deemed to have consented to the Sale free and clear of all liens, claims and encumbrances pursuant to section 363(f)(2). Further, where consent is not obtained, a sale free and clear can proceed pursuant to section 363(f)(5) of the Bankruptcy Code because the relevant lien or other encumbrances will attach to the proceeds of the Sale with the same validity, priority, and force and effect as such lien or encumbrance had immediately prior to the closing of the Sale, and the Trustee will establish at the Sale Hearing that the relevant creditors can be compelled to accept a monetary satisfaction of their respective claims.

14

36.    Accordingly, section 363(f) authorizes the Sale of the Debtor's interest in the Property free and clear of all liens, claims and encumbrances.

## WAIVER OF MEMORANDUM OF LAW

37.    The Trustee respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Trustee relies is incorporated herein and this Motion does not raise any novel issues of law.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an order, substantially in the form submitted herewith as **Exhibit "C"**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   New York, New York
         May 7,  2026

                                                  KLESTADT WINTERS JURELLER
                                                  SOUTHARD & STEVENS, LLP


                                        By:   */s/ Sean C. Southard*
                                              Sean C. Southard
                                              Christopher J. Reilly
                                              200 West 41st Street, 17th Floor
                                              New York, New York 10036-7203
                                              Tel: (212) 972-3000
                                              Fax: (212) 972-2245
                                              Email: ssouthard@klestadt.com
                                                      creilly@klestadt.com

                                              *Attorneys for the Fred Stevens as Chapter 7
                                              Trustee*

15