# <u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Sean C. Southard
Fred Stevens
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*General Counsel to Fred Stevens, in his capacity
as Chapter 7 Trustee*

| | |
|---|---|
| In re: | Chapter 7 |
| DARYL FRED HELLER, | Case No. 25-11354 (JNP) |
| | Judge: Jerrold N. Poslusny, Jr. |
| Debtor. | |

**DECLARATION OF FRED STEVENS IN SUPPORT OF MOTION FOR
ENTRY OF AN ORDER AUTHORIZING AND APPROVING PRIVATE
SALE OF CERTAIN PERSONAL PROPERTY OF THE DEBTOR**

I, Fred Stevens declare, under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1.      I am the duly appointed chapter 7 trustee ("Trustee") for the bankruptcy estate of
Daryl Fred Heller (the "Debtor"). I submit this declaration in support of the motion (the "Motion")
pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"),
Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy
Rules"), and Rules 6004-1 and 6004-5 of the Local Rules of the United States Bankruptcy Court
for the District of New Jersey (the "Local Rules") for entry of an order substantially in the form

submitted attached to the Motion (the "Sale Order") (i) authorizing and approving the private sale

of certain personal property owned by the Debtor free and clear of liens, claims and encumbrances,

and (ii) granting related relief.

2.      As of the Petition Date, the Debtor is the owner of three used snowmobiles (one of

which is non-operational) and one used trailer (the "Property") located in Pennsylvania.  The

Property includes the following:

| Item | VIN AND SPECS |
| --- | --- |
| **2018 Ski-Doo MXZ X 850 E-TEC**<br>**Trim: MXZ X (AJS quote)**<br>**Stock #40490** | **2BPSUUJA7JV000023**<br>**2018 \| MXZ X \| 850 E-TEC** |
| **2018 Ski-Doo Renegade Backcountry**<br>**X 850 E-TEC**<br>**Trim: Backcountry X**<br>**Stock #40489** | **2BPSUXJB3JV000028**<br>**2018 BCX 850** |
| **2003 Yamaha SX Viper (non-operable)** | **JYE8FE0044A001922** |
| **2021 Legend 8.5×26 V-Nose Enclosed Trailer** | **1L9BE262XM1317745**<br>**2021 \| Legend Industries**<br>**Tandem axle \| Enclosed** |

3.      Based upon my diligence, performed with the assistance of my counsel and

financial advisor, the estimated resale value for a private sale of the Property ranges between

approximately $15,500 and $20,000 and the estimated trade-in value is approximately $14,500.

4.      Together with my advisors, I was introduced to Buyer by the Debtor and was

informed that Buyer had an interest in potentially purchasing the Debtor's interest in the Property.

5.      Through my advisors, I negotiated with Buyer for a private sale of the Property as

further described in the Motion.

6.      I'm proposing to sell the Property to Buyer pursuant to the terms and conditions of

that certain term sheet dated as of April 27, 2026 (the "Term Sheet").  A copy of the Term Sheet

is annexed to the Motion as Exhibit "A".

7.      Pursuant to the terms of the Term Sheet, the Buyer[1] will acquire all of the Debtor's

interest in the Property free and clear of liens, claims and encumbrances, if any, for the total

purchase price of $15,500 (the "Purchase Price").

8.      I have reviewed the Motion and believe it to fairly and accurately reflect the terms

of the Sale under the Term Sheet and the requested relief.

9.      My counsel is simultaneously serving the Sale Notice broadly as will be evidenced

by certain later filed certificates of service.  I'm assured by my counsel that the notice should be

deemed sufficient and appropriate under the circumstances.

10.     I do not believe that further marketing or an auction process will bring greater value

to the Debtor's estate and that is why I have determined to proceed with a private sale to the Buyer.

11.     I am unaware of any other parties that would submit a higher offer than that of

Buyer for the Membership Interests. Further, I believe that the delay and costs associated with

further marketing the Property may negate any benefit to be derived through a public sale of the

same. Accordingly, I submit that a private sale of the Property is appropriate under the

circumstances, is in the best interest of the Debtor's estates and should be approved.

12.     I request that the Court to authorize the Sale after the Sale Hearing pursuant to

Bankruptcy Code section 363(b)(1) because it represents my sound business judgment and is

appropriate in light of the facts and circumstances because (1) the Sale will result in the best value

received for the Property and (2) the terms of the sale were negotiated at arm's length between my

advisors and Buyer.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3

13.   I believe that the terms of the Term Sheet and the consummation of the Sale are in the best interests of the Debtor's estate, his creditors and other parties in interest.  The Buyer is an "insider" of the Debtor, as that term is defined in Bankruptcy Code section 101(31). The Term Sheet was not entered into for the purpose of hindering, delaying or defrauding creditors of the Debtor or with any fraudulent or improper purpose.

14.   The transfer of the Property should be found to be a legal, valid, and effective transfer of the Property, and should vest the Buyer with all right, title, and interest of the Trustee in and to the Property, pursuant to Bankruptcy Code sections 105(a) and 363(f), free and clear, to the fullest extent available under the Bankruptcy Code or any other applicable law, of all liens, claims and encumbrances affecting the Property (the "Encumbrances"), because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) have been satisfied.

15.   I certify under penalty of perjury that the above information is true.


Date: May 7, 2026                                    /s/ Fred Stevens
                                                     Fred Stevens, as Chapter 7 Trustee

4