# <u>Exhibit B</u>

## <u>TERM SHEET</u>

This Term Sheet is not intended to be, and shall not be binding unless and until approved by the United States Bankruptcy Court for the District of New Jersey (the **"Bankruptcy Court"**).

| | **Parties** | |
|---|---|---|
| 1. | Fred Stevens, solely as chapter 7 trustee (**"Trustee"**) | The Trustee, as seller and on behalf of the bankruptcy estate (the **"Estate"**) of Daryl Fred Heller (**"Debtor"**), Case No. 25-11354 currently pending before the |
| | | |
| 2. | Daniel C. Heller (**"Buyer"** and collectively with the Trustee, the **"Parties"**) | Buyer, acting as an individual |
| | | |
| 3. | **Purchase and Sale** | |
| | | |
| 4. | Terms of Sale | Buyer agrees to purchase and Trustee agrees to sell to Buyer all of the Estate's right, title and interest in certain personal property titled in the Debtor's name and identified on **Schedule A** hereto (the "Purchased Assets") for the total sum of $15,500 (the **"Purchase Price"**) pursuant to Section 363 of the United States Bankruptcy Code (the "Sale"). Upon execution of this Term Sheet, the Buyer will deposit the sum of $5,000 with the Trustee's counsel (the **"Deposit"**). Thereafter, the Trustee will promptly seek authority from the Bankruptcy Court by motion to approve the Sale and proceed to closing in accordance with the terms stated herein. The Trustee makes no representations or warranties, whether express or implied, concerning the condition of the Purchased Assets whatsoever. The Buyer acknowledges that the terms of Sale are intended to be "as is" and "where is" and with all faults understood and accepted by Buyer. *Deposit to be returned if sale not approved. DH.* The Buyer acknowledges that he has had reasonable opportunity to inspect and consider the condition of the |

1

|   |   | Purchased Assets prior to executing this term sheet and does not require any further diligence concerning the Purchased Assets or the Sale as proposed herein. |
|---|---|---|
|   |   |   |
| 5. | Closing Deliveries | At closing, Buyer shall release the Deposit to the Trustee and pay the balance of the Purchase Price to the Trustee in certified funds or by wire transfer to the account designated by the Trustee in advance of closing.<br><br>At closing, the Trustee will provide:<br>a) bill of sale in a form reasonably acceptable to Buyer; and<br><br>b) either Debtor or Trustee will execute and assign titles (if available) to the Purchased Assets in favor of Buyer. |
|   |   |   |
| 6. | Closing Timing and Conditions | Closing shall take place at a mutually agreed date and time no later than five (5) business days after the Bankruptcy Court enters an Order authorizing the Sale and such Order thereafter becomes final and non-appealable. |
|   |   |   |

**WHEREAS,** the Parties below have executed this Term Sheet as of April __, 2026.

| FRED STEVENS, AS TRUSTEE AND SELLER | DANIEL C. HELLER, AS BUYER |
|---|---|
| *Fred Stevens* | *[signature]* |

<u>Schedule A</u>
<u>"Purchased Assets"</u>

| | | |
|---|---|---|
| 1 | 2018 Ski-Doo MXZ X 850 E-TEC<br>Trim: MXZ X<br>Stock #40490 | 2BPSUUJA7JV000023<br>2018 \| MXZ X \| 850 E-TEC |
| 2 | 2018 Ski-Doo Renegade Backcountry X 850 E-TEC<br>Trim: Backcountry X<br>Stock #40489 | 2BPSUXJB3JV000028<br>2018 BCX 850 |
| 3 | 2003 Yamaha SX Viper (non-running)<br>Not included in AJS dealer quote | JYE8FE0044A001922 |
| 4 | 2021 Legend 8.5×26 V-Nose Enclosed Trailer | 1L9BE262XM1317745<br>2021 \| Legend Industries<br>Tandem axle \| Enclosed |
| | **TOTAL** | **$15,500** |

2

4848-6635-2822.19