UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Sean C. Southard
Fred Stevens
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245

*General Counsel to Fred Stevens, in his capacity as Chapter 7 Trustee*

| | |
|---|---|
| In re:<br><br>DARYL FRED HELLER,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 25-11354 (JNP)<br><br>Judge: Jerrold N. Poslusny, Jr. |

**Order Filed on June 10, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF DEBTOR'S
MEMBERSHIP INTEREST IN DHTC, LLC FREE AND CLEAR OF LIENS,
<u>CLAIMS AND ENCUMBRANCES</u>**

The relief set forth on the following page is **ORDERED**

**DATED: June 10, 2026**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Upon the motion (the "<u>Motion</u>")[1] of the Fred Stevens, Chapter 7 trustee (the "<u>Trustee</u>") of the estate of Daryl Fred Heller (the "<u>Debtor</u>") pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 6004, 6006, and 9014 of the <u>Federal Rules of Bankruptcy Procedure (the</u> "<u>Bankruptcy Rules</u>"), and Rules 6004-1 and 6004-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>") for entry of an order (i) authorizing and approving the private sale of certain membership interests of the Debtor in DHTC, LLC free and clear of liens, claims and encumbrances, and (ii) granting related relief; and the Court having jurisdiction over this matter pursuant to <u>28 U.S.C. §§ 157</u> and <u>1334</u> and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012; and venue being proper in this Court pursuant to <u>28 U.S.C. §§ 1408</u> and <u>1409</u>; and this matter being a core proceeding pursuant to <u>28 U.S.C. § 157(b)(2)</u>; and it appearing that due notice of the Motion, the Sale Hearing (defined below), the MIP Agreement, and the Sale has been provided; and it appearing that no other or further notice need be provided; and the Court having conducted a hearing on the Motion (the "<u>Sale Hearing</u>") on June 9, 2026, it is hereby **FOUND AND DETERMINED THAT**:

A.  <u>Jurisdiction and Venue</u>. This Court has jurisdiction to consider the Motion and the Sale, including the transaction contemplated by the MIP Agreement, pursuant to <u>28 U.S.C. §§ 157(b)(1)</u> and <u>1334(a)</u> and the Standing Order of Reference to the Bankruptcy Court Under Title 11 dated as of September 18, 2012 (Simandle, C.J.). This is a core proceeding

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of these case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Statutory Predicates. The statutory and other legal predicates for the relief sought in the Motion are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Rules 6004-1 and 6004-5.

C.  Final Order. This Order (the "Sale Order") constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h) or any other applicable Bankruptcy Rule, and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and the terms and conditions of this Sale Order should be immediately effective and enforceable upon its entry, and expressly directs entry of judgment as set forth herein.

D.  Notice. As evidenced by declarations and/or affidavits of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, and all related transactions collectively described in the MIP Agreement (collectively referred to as the "Sale") has been provided in accordance with sections 102(1) and 363  of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007 and 9014. The Trustee has complied with all obligations to provide notice of the Motion, the Sale Hearing, the MIP Agreement, and the Sale.  The foregoing notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Sale Hearing, the MIP Agreement, or the Sale is required.

3

E. <u>Opportunity to Object</u>. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested persons and entities.

F. <u>The Sale is Appropriate</u>. The Sale is authorized pursuant to Bankruptcy Code section 363(b)(1). The Sale represents the sound business judgment of the Trustee and is appropriate in light of the facts and circumstances surrounding the Sale because (1) the Sale will result in the best value received for the Membership Interests and (2) the terms of the sale were negotiated at arm's length between the Trustee and Buyer. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

G. <u>Business Justification</u>. The Trustee has (1) articulated good, sufficient and sound business reasons for consummating the Sale; (2) appropriately exercised his business judgment by entering into the Sale; and (3) demonstrated compelling circumstances for entry into the Sale pursuant to Bankruptcy Code section 363(b)(1), in that, among other things, the immediate approval by the Court of the Sale with the Buyer is necessary and appropriate to maximize the value of the Debtor's estate.

H. <u>Best Interests</u>. Approval of the MIP Agreement and the consummation of the Sale are in the best interests of the Debtor's estate, his creditors and other parties in interest.

I. <u>Arm's Length Transaction and Buyer's Good Faith</u>. The MIP Agreement was negotiated, proposed and entered into by Trustee and Buyer from arm's-length bargaining positions, without collusion, in good faith within the meaning of Bankruptcy Code section 363(m). The Buyer is not an "insider" of the Debtor, as that term is defined in Bankruptcy Code section 101(31). The MIP Agreement was not entered into, and neither the Trustee nor the

4

Buyer have entered into the MIP Agreement, or propose to consummate the Sale, for the purpose of hindering, delaying or defrauding creditors of the Debtor. Neither the Trustee nor the Buyer have entered into the MIP Agreement or is consummating the Sale with any fraudulent or improper purpose.

J. <u>No Liability Under Section 363(n)</u>. Neither the Trustee nor the Buyer has engaged in any conduct that would cause or permit the MIP Agreement to be avoided under Bankruptcy Code section 363(n). Specifically, the Buyer has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement with unrelated third parties.

K. <u>Free and Clear</u>. The transfer of the Membership Interests will be a legal, valid, and effective transfer of the Membership Interests, and will vest the Buyer with all right, title, and interest of the Trustee in and to the Membership Interests, pursuant to Bankruptcy Code sections 105(a) and 363(f), free and clear, to the fullest extent available under the Bankruptcy Code or any other applicable law, of all liens, claims and encumbrances affecting the Membership Interests (the "<u>Encumbrances</u>"), because, in each case, one or more of the standards set forth in Bankruptcy Code section 363(f)(1)-(5) have been satisfied. All persons and entities asserting or holding any Encumbrances in or with respect to the Membership Interests (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), howsoever arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Encumbrances against the Buyer.

L. <u>Legal and Factual Bases</u>. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

M. <u>Validity of Transfer</u>. As of the Closing, the transfer of the Membership Interests to the Buyer will be a legal, valid and effective transfer of the Membership Interests, and will vest the Buyer with all right, title and interest of the Trustee in and to the Membership Interests, free and clear of all Encumbrances on the Membership Interests.

N. <u>Incorporation of Sale Hearing</u>. All findings of fact and conclusions of law made or announced by the Court at the Sale Hearing are incorporated herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. <u>Findings of Fact and Conclusions of Law</u>. The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed so ordered.

3. <u>Notice</u>. As evidenced by the affidavits and/or certificates of service previously filed with the Court and the representations of counsel at the Sale Hearing: (1) proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, and the Sale has been provided by the Trustee to parties entitled to notice; (2) such notice, and the form and manner thereof, including the Sale Notice, was good sufficient and appropriate under the circumstances; and (3) no other or further notice of the Motion, the MIP Agreement, the Sale or the Sale Hearing shall be required.

4. <u>Objections</u>. All objections and responses, if any, to the Motion or the relief requested therein, that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court or pursuant to the terms of this Sale Order, and all reservations of rights included therein, are hereby overruled on the merits, with prejudice. All persons and entities given notice of the Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

5. <u>Approval of the Sale Order and the MIP Agreement</u>. The MIP Agreement, the Sale and all of the terms and conditions and the Sale contemplated in connection with the MIP Agreement are hereby authorized and approved pursuant to, inter alia, Bankruptcy Code sections 105(a) and 363(b). Pursuant to Bankruptcy Code section 363(b),the Trustee is authorized to consummate the Sale pursuant to and in accordance with the terms and conditions in the MIP Agreement and this Sale Order. The Trustee is authorized to execute

and deliver, and authorized to perform under, consummate and implement, the MIP Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the MIP Agreement, and to take all further actions as may be (a) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession, the Membership Interests; or (b) necessary or appropriate to the performance of the obligations contemplated by the MIP Agreement, all without further order of the Court.

6. <u>Good Faith</u>. The Sale has been undertaken by the Buyer without collusion and in good faith. The Buyer satisfies the good faith requirement of Bankruptcy Code section 363(m) and, accordingly, the Buyer and the Sale are entitled to all of the protections afforded by Bankruptcy Code section 363(m). Pursuant to Bankruptcy Code section 363(m), if any or all of the provisions of this Sale Order are hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under the MIP Agreement or obligation or right granted pursuant to the terms of this Sale Order, and notwithstanding any reversal, modification or vacatur, shall be governed in all respects by the original provisions of this Sale Order or the MIP Agreement, as the case may be, unless such authorization and consummation of such Sale are duly and properly stayed pending such appeal. The Sale approved by this Sale Order is not subject to avoidance and no damages may be awarded pursuant to Bankruptcy Code section 363(n).

7. <u>Transfer of Membership Interests Free and Clear</u>.
A. Pursuant to Bankruptcy Code sections 105(a), 363(b) and 363(f), the Trustee is authorized to transfer the Membership Interests in accordance with the terms of the MIP Agreement. The Membership Interests shall be transferred to the Buyer, and upon the occurrence of the Closing, such transfer shall (1) be valid, legal, binding and effective and (2) vest Buyer with all right, title and interest of the Debtor's estate in the Membership Interests, free and clear of all Encumbrances on the Membership Interests, with all Encumbrances on the Membership Interests that represent interests in property to attach to the remaining proceeds of the Sale, if any, in the order of their priority and with the same validity, force and effect that they now have against the Membership Interests, subject to any rights, claims and defenses the Debtor's estate, as applicable, may possess with respect thereto. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Trustee to transfer the Membership Interests to Buyer in accordance with the MIP Agreement and this Sale Order.

B. Following the Closing of the Sale, no holder of any Claim with respect to the Membership Interests shall interfere with the Buyer's title to or use and enjoyment of the Membership Interests based on or related to any such Claim or based on any actions the Debtor may take in his chapter 7 case.

8. <u>Enforcement</u>. The terms and provisions of the MIP Agreement and this Sale Order, and the transactions contemplated thereby and hereby, shall, as applicable, be specifically enforceable against and be binding in all respects upon, or shall inure to the benefit of, the Trustee, the Debtor's estate, and his creditors, the Buyer, and their respective affiliates,

successors and assigns, and any affected third parties, including all entities asserting Encumbrances against the Membership Interests, notwithstanding any subsequent appointment of any trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law.

9. <u>Jurisdiction</u>. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.